UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| UNITED STATES OF AMERICA | **Protective Order** |
| v. | 19 Cr. 869 (ER) |
| NEIL COLE, | |
| *Defendant.* | |

Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendant having requested discovery under Fed. R. Crim. P. 16(a), the Court hereby finds and orders as follows:

1. **Disclosure Material.** The Government will make disclosure to the defendant of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, *Brady v. Maryland*; 18 U.S.C. § 3500, and *Giglio v. United States*, all of which will be referred to herein as "disclosure material." The Government's disclosure material may include material that (i) affects the privacy, confidentiality and business interests of individuals and entities, including the defendant; (ii) contains personal identifying information, including but not limited to dates of birth, social security numbers, home addresses, and bank account information, including personal identification information of the defendant; (iii) would risk prejudicial pretrial publicity if publicly disseminated; and (iv) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2. **Sensitive Disclosure Material.** Certain of the Government's disclosure material, referred to herein as "sensitive disclosure material," contains information that identifies, or could lead to the identification of, witnesses who may be subject to intimidation or obstruction. The Government's designation of material as sensitive disclosure material will be controlling absent contrary order of the Court.

3. **Facilitation of Discovery.** The entry of a protective order in this case will permit the Government to produce expeditiously the disclosure material without further litigation or the need for redaction. It will also afford the defense prompt access to those materials, in unredacted form, which will facilitate the preparation of the defense.

4. **Good Cause.** There is good cause for entry of the protective order set forth herein.

**Accordingly it is hereby Ordered:**

5. Disclosure material shall not be disclosed by the defendant or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any disclosure material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any disclosure material to the media or any third party except as set forth below.

6. Disclosure material may be disclosed by counsel only to the following persons (hereinafter "designated persons"):

    (a) The defendant;

    (b) Personnel employed by or retained by defense counsel, as needed for purposes of defending this action; and

    (c) Prospective witnesses and their counsel for purposes of defending this action.

7. The Government may authorize, in writing, disclosure of disclosure material beyond that otherwise permitted by this Order without further Order of this Court.

8. The defense shall provide a copy of this Order to designated persons to whom they provide disclosure material pursuant to paragraphs 6(a)-(c). Designated persons shall be subject to the terms of this Order and, if they are given possession of any disclosure material, shall sign an acknowledgment, to be retained by defense counsel, indicating that they have received and reviewed the terms of this

Order and understand that they are bound by it before being provided with any disclosure material. The signed acknowledgments required pursuant to this paragraph shall not be disclosed by the defense except pursuant to an order of the Court for the purpose of enforcing this Order.

9. This Order does not prevent the disclosure of any disclosure material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. However, sensitive disclosure material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or Order of the Court. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1. This Order does not prevent or otherwise limit the disclosure of any material obtained by the defense from any source other than the Government.

**Return or Destruction of Material**

10. Except for disclosure material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all disclosure material, including the seized ESI disclosure material, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the conclusion of any collateral attack; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later. If disclosure material is provided to any designated persons, those designated persons shall make reasonable efforts to return or destroy such materials. This provision does not apply to any disclosure material or ESI that belongs to the defendant or is obtained by the defense from any source other than the Government.

**Retention of Jurisdiction**

11. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
United States Attorney

by: _Edward Imperatore_ (signature)   Date: 12/11/19
Edward Imperatore/Scott Hartman/
Jared Lenow
Assistant United States Attorneys

_Richard Tarlowe_ (signature)   Date: 12-11-2019
Lorin Reisner, Esq.
Richard Tarlowe, Esq.
Andrew Reich, Esq.
Counsel for NEIL COLE

SO ORDERED:

Dated: New York, New York
      January 3, 2020

_____
THE HONORABLE EDGARDO RAMOS
UNITED STATES DISTRICT JUDGE