

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #_____
DATE FILED: \_\_2/20/2020\_\_

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

February 19, 2020

BY ECF

**MEMO ENDORSED**

Mr. Cole is directed to respond by Monday, February 24, 2020.
SO ORDERED.

_____
Edgardo Ramos, U.S.D.J
Dated: \_\_\_2/20/2020\_\_\_\_
New York, New York

The Honorable Edgardo Ramos
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re: *United States* v. *Neil Cole*, **19 Cr. 869 (ER)**

Dear Judge Ramos:

Pursuant to the Court's January 2, 2020 Order (Docket 14), the Government respectfully requests that the Court advance the trial date by two weeks in the above-referenced case, from May 11, 2020 to April 27, 2020.

By way of background, on December 20 and 21, 2019, the parties submitted letters to the Court outlining their respective positions on the trial date. In its December 20 letter, the Government indicated that it is prepared to try this case as soon as the Court and defense counsel are able, and requested that trial be scheduled for February, March or April of 2020 or, in the alternative, the fall of 2020. The Government, however, represented that it is not available from May through September 2020 because the two most senior AUSAs on this case will try a complex, multi-defendant accounting fraud case before Judge Rakoff in early July that may last up to six weeks. The Government explained that lengthy back-to-back trials in May and July would make it difficult for the Government to discharge its obligations in both cases. Among other things, the Government expects that the July trial will require the assigned AUSAs to prepare witnesses, brief motions, and prepare pretrial disclosures throughout the month of May, and thus a May trial date in this case will impede the Government's preparations of both cases. Counsel in the case before Judge Rakoff have advised the Government that the case will proceed to trial as scheduled in July.

Defense counsel have insisted on a trial date of May 11. They nevertheless stated, in their December 21, 2019 letter reply to the Court, that "[i]f the Court is available for a trial commencing on April 13, we are open to exploring that possibility with the Court and the government." (Dec. 20, 2019 Ltr. (Dkt. 12), at 2). On January 2, 2020, the Court granted the defense's request for a May 11 trial date but observed: "The Court will set a trial date in May 2020, but it will promptly inform the parties should the criminal trial before it scheduled in April 2020 be canceled. Should that trial be cancelled, the Court will entertain rescheduling the trial and related deadlines in this matter to April 2020." (Dkt. 14). Although the criminal case

scheduled for trial before the Court for April 13, 2020 remains pending, the Government expects that any trial in that matter would last less than two weeks and is thus expected to conclude before April 27.

Although the Court's April 13 trial is not resolved, the Government respectively requests that the Court advance trial in this matter to April 27, 2020, a date that is only two weeks earlier than the current trial date. An April 27 date is consistent with (1) the Court's January 2 Order notifying the parties that trial could be advanced to April and (2) defense counsel's December 21 representations to the Court about their availability and desire to proceed expeditiously to trial. The defendant, who is represented by sophisticated counsel, has ample time to prepare for an April 27 trial, a date that is two weeks *later* than the April 13 date that counsel represented they were "open to exploring." (Dkt. 12, at 2). As defense counsel noted at the initial conference, they have been familiar with the allegations and many of the key documents since 2015, when they began representing the defendant. The Government produced the vast majority of the Rule 16 material in this case shortly after the initial conference, on or about December 13, 18, and 30, 2019.[1] It made a prompt *Brady* disclosure and rolling productions of additional discovery material to the defense as that material has come into the Government's possession. The Government has also conferred productively with the defense about the discovery productions and reached an agreement with defense counsel on a schedule for pretrial motions and disclosures, which the parties submitted to the Court on February 17, 2020. (Dkt. 22).

The Government has conferred with defense counsel in an effort to reach an agreement on a date earlier than May 11, but has been unsuccessful.

In the event the Court declines the Government's request to order an April 27 trial, the Government respectfully requests that the Court advance the trial date to no later than May 4. A trial date earlier than May 11 would help mitigate the scheduling burdens imposed on the Government by the existing schedule and facilitate the assigned AUSAs' discharge of their responsibilities in this case and the case pending before Judge Rakoff.

    Respectfully submitted,

    GEOFFREY S. BERMAN
    United States Attorney

by: _____/s/_____
    Edward Imperatore/Scott Hartman/Jared Lenow
    Assistant United States Attorneys
    (212) 637-2327/2527/1068

cc: Counsel of Record (via ECF)

---

[1] An additional production on or about January 6, 2020 consisted primarily of material that is not required by Rule 16 and is beyond the scope of the charges set forth in the Indictment.