PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064

TELEPHONE (212) 373-3000

LLOYD K. GARRISON    (1946-1991)
RANDOLPH E. PAUL     (1946-1956)
SIMON H. RIFKIND     (1950-1995)
LOUIS S. WEISS       (1927-1950)
JOHN F. WHARTON      (1927-1977)

WRITER'S DIRECT DIAL NUMBER

(212) 373-3250

WRITER'S DIRECT FACSIMILE

(212) 492-0250

WRITER'S DIRECT E-MAIL ADDRESS

lreisner@paulweiss.com

UNIT 3601, OFFICE TOWER A, BEIJING FORTUNE PLAZA
NO. 7 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT
BEIJING 100020
PEOPLE'S REPUBLIC OF CHINA
TELEPHONE (86-10) 5828-6300

12TH FLOOR, HONG KONG CLUB BUILDING
3A CHATER ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, U.K.
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

MATTHEW W. ABBOTT
EDWARD T. ACKERMAN
JACOB A. ADLERSTEIN
ALLAN J. ARFFA
ROBERT A. ATKINS
DAVID J. BALL
SCOTT A. BARSHAY
PAUL M. BASTA
JOHN F. BAUGHMAN
J. STEVEN BAUGHMAN
LYNN B. BAYARD
CRAIG A. BENSON
MITCHELL L. BERG
MARK S. BERGMAN
DAVID M. BERNICK
JOSEPH J. BIAL
BRUCE BIRENBOIM
H. CHRISTOPHER BOEHNING
ANGELO BONVINO
DAVID W. BROWN
SUSANNA M. BUERGEL
PATRICK S. CAMPBELL*
JESSICA S. CAREY
JEANETTE K. CHAN
GEOFFREY R. CHEPIGA
ELLEN N. CHING
WILLIAM A. CLAREMAN
LEWIS R. CLAYTON
YAHONNES CLEARY
JAY COHEN
KELLEY A. CORNISH
CHRISTOPHER J. CUMMINGS
THOMAS V. DE LA BASTIDE III
ARIEL J. DECKELBAUM
ALICE BELISLE EATON
ANDREW J. EHRLICH
GREGORY A. EZRING
LESLIE GORDON FAGEN
ROSS A. FIELDSTON
BRAD J. FINKELSTEIN
BRIAN P. FINNEGAN
ROBERTO FINZI
PETER E. FISCH
ROBERT C. FLEDER
MARTIN FLUMENBAUM
ANDREW J. FOLEY
ANDREW J. FORMAN*
HARRIS B. FREIDUS
MANUEL S. FREY
ANDREW L. GAINES
KENNETH A. GALLO
MICHAEL E. GERTZMAN
ADAM M. GIVERTZ
SALVATORE GOGLIORMELLA
NEIL GOLDMAN
ROBERTO J. GONZALEZ*
CATHERINE L. GOODALL
ERIC GOODISON
CHARLES H. GOOGE, JR.
ANDREW G. GORDON
BRIAN S. GRIEVE
UDI GROFMAN
NICHOLAS GROOMBRIDGE
BRUCE A. GUTENPLAN
ALAN S. HALPERIN
JUSTIN G. HAMILL
CLAUDIA HAMMERMAN
BRIAN S. HERMANN
MICHELE HIRSHMAN
DAVID S. HUNTINGTON
AMRAN HUSSEIN
LORETTA A. IPPOLITO
JAREN JANGHORBANI
BRIAN M. JANSON
JEH C. JOHNSON
MEREDITH J. KANE

JONATHAN S. KANTER
BRAD S. KARP
PATRICK N. KARSNITZ
JOHN C. KENNEDY
BRIAN KIM
KYLE J. KIMPLER
DAVID M. KLEIN
ALAN W. KORNBERG
DANIEL J. KRAMER
DAVID K. LAKHDHIR
STEPHEN P. LAMB*
JOHN E. LANGE
GREGORY F. LAUFER
BRIAN C. LAVIN
XIAOYU GREG LIU
JEFFREY D. MARELL
MARCO V. MASOTTI
EDWIN S. MAYNARD
DAVID W. MAYO
ELIZABETH R. McCOLM
ALVARO MEMBRILLERA
MARK F. MENDELSOHN
CLAUDINE MEREDITH-GOUJON
WILLIAM B. MICHAEL
JUDIE NG SHORTELL*
CATHERINE NYARADY
JANE B. O'BRIEN
ALEX YOUNG K. OH
BRAD R. OKUN
KELLEY D. PARKER
LINDSAY B. PARKS
VALERIE E. RADWANER
CARL L. REISNER
LORIN L. REISNER
WALTER G. RICCIARDI
WALTER RIEMAN
RICHARD A. ROSEN
ANDREW N. ROSENBERG
JACQUELINE P. RUBIN
CHARLES F. "RICK" RULE*
RAPHAEL M. RUSSO
ELIZABETH M. SACKSTEDER
JEFFREY D. SAFERSTEIN
JEFFREY B. SAMUELS
DALE M. SARRO
TERRY E. SCHIMEK
KENNETH M. SCHNEIDER
ROBERT B. SCHUMER
JOHN M. SCOTT
DAVID R. SICULAR
MOSES SILVERMAN
AUDRA J. SOLOWAY
SCOTT M. SONTAG
TARUN M. STEWART
ERIC ALAN STONE
AIDAN SYNNOTT
RICHARD C. TARLOWE
MONICA K. THURMOND
DANIEL J. TOAL
LIZA M. VELAZQUEZ
RAMY J. WAHBEH
LAWRENCE G. WEE
THEODORE V. WELLS, JR.
STEVEN J. WILLIAMS
LAWRENCE I. WITDORCHIC
MARK B. WLAZLO
JULIA MASON WOOD
JENNIFER H. WU
BETTY YAP*
JORDAN E. YARETT
KAYE N. YOSHINO
TONG YU
TRACEY A. ZACCONE
TAURIE M. ZEITZER
T. ROBERT ZOCHOWSKI, JR.

*NOT ADMITTED TO THE NEW YORK BAR

January 4, 2021

**By ECF**

Honorable Edgardo Ramos
United States District Judge
United States Courthouse
40 Foley Square
New York, NY 10007

    Re:  *United States* v. *Neil Cole,*
        19 Cr. 869 (ER)

Dear Judge Ramos:

    We respectfully submit this letter to bring to the Court's attention additional information relevant to the Court's consideration of Mr. Cole's pending pretrial motions.

    There are two defense pretrial motions pending before the Court: (1) motion to compel the government to provide certain discovery regarding its instructions to witnesses and coordination between the U.S. Attorney's Office and the SEC, including the suspicious circumstances surrounding the acceleration of Mr. Cole's SEC testimony in November 2018 (ECF No. 28), and (2) motion to compel the government to produce underlying electronic data and related information necessary to understand and evaluate certain summary Excel spreadsheets the government apparently intends to rely on at trial (ECF No. 33). To date, the government has refused to provide any of the requested information.

    As a result of the government's refusal to disclose the requested information concerning its coordination with the SEC and the circumstances surrounding the acceleration of Mr. Cole's SEC testimony, counsel for Mr. Cole submitted a

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Honorable Edgardo Ramos 2

narrowly-tailored FOIA request to the SEC, seeking emails and other documents from a limited, two-month time period (September 7, 2018 through November 9, 2018—the date of Mr. Cole's SEC testimony) that could shed light on the circumstances surrounding the accelerated scheduling of Mr. Cole's SEC testimony. In opposing Mr. Cole's motion, the government previously had represented that a criminal investigation "did not exist" at the time the SEC requested to advance Mr. Cole's testimony. The SEC declined to provide any documents responsive to the FOIA request, asserting that the requested documents fall within a statutory FOIA exemption for records compiled for law enforcement purposes. As part of its response, the SEC claimed that documents requested "were generated during the Government's criminal proceedings." As described below, it is difficult to reconcile the government's contention that a criminal investigation "did not exist" when the SEC sought to accelerate Mr. Cole's testimony with the SEC's claim that requested documents were generated during "criminal proceedings" in order to withhold the materials. These inconsistencies cast further doubt on the purported reasons offered for accelerating Mr. Cole's testimony and support Mr. Cole's motion seeking additional disclosure.

## Mr. Cole's Motion and the Government's Response

As set forth in Mr. Cole's memorandum of law in support of his motion to compel discovery (ECF No. 29), it appears that Mr. Cole's SEC testimony may have been secured through false and misleading statements intended to conceal the existence of a criminal investigation until after his testimony took place.

On or about September 7, 2018, Mr. Cole received a subpoena from the SEC requiring him to provide two days of testimony on November 29 and 30, 2018. At that time, the existence of an SEC investigation already had been known for nearly three years, but there was no indication of any criminal investigation. On September 13, 2018, approximately one week after Mr. Cole received the SEC subpoena for testimony, and unprompted by Mr. Cole or his counsel, the SEC Staff Attorney responsible for the investigation contacted counsel for Mr. Cole and represented that the SEC needed to accelerate the date of Mr. Cole's testimony from November 29 and 30 to a date in early November due to scheduling issues. The Staff Attorney offered to limit Mr. Cole's testimony to one day if Mr. Cole agreed to accelerate the timing of his testimony. Several days later, the Staff Attorney sent a follow-up email to Mr. Cole's counsel reiterating that, "As discussed, we will need to move Mr. Cole's testimony to an earlier day," and requesting a date between November 2 and November 9. Mr. Cole agreed, and provided sworn testimony to the SEC on November 9, 2018. Shortly thereafter, Iconix announced publicly that it had been contacted by the U.S. Attorney's Office for the Southern District of New York. That disclosure by Iconix provided the first indication of the involvement of criminal authorities.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Honorable Edgardo Ramos     3

        We understand that Seth Horowitz, now a cooperating witness for the government, also was scheduled to provide SEC testimony in late 2018, but that at or around the same time that Mr. Cole's testimony was rescheduled, Mr. Horowitz's testimony was canceled, likely at the request of the U.S. Attorney's Office, to prevent Mr. Horowitz from testifying and avoid creating a record that could be helpful to Mr. Cole. Based on disclosures by the government, Mr. Horowitz began meeting with the government in early December 2018.

        Based on these facts, Mr. Cole moved for an order requiring the government to submit an affidavit with appropriate supporting documentation and produce its communications with the SEC on this topic. In its opposition to Mr. Cole's motion, the government asserted that there could not have been any improper coordination between criminal authorities and the SEC "because the Government's investigation *did not exist* at the time the SEC requested to advance Cole's testimony date." (Gov't Mem. of Law in Opp'n, ECF No. 39, at 11, 12.) In addition, although the government did not specifically describe what prompted the SEC's purported "need" to accelerate Mr. Cole's testimony, the government represented that "the SEC sought to advance Cole's testimony to early November 2018 in light of *internal SEC timing considerations*." (*Id.* at 12 (emphasis added).)

The FOIA Request and Response from the SEC

        In July 2020, counsel for Mr. Cole submitted a FOIA request to the SEC for certain documents from the matter captioned *In the Matter of Iconix Brand Group*. The scope of the request was limited by subject matter and timeframe in an effort to identify documents relevant to the issues described in Mr. Cole's motion.

        The FOIA request sought documents from a two-month period, from September 7, 2018 (the date of the SEC subpoena) to November 9, 2018 (the date of Mr. Cole's rescheduled SEC testimony). Within that narrow timeframe, the FOIA request sought the following two categories of information:

1. Emails and other documents concerning the scheduling, rescheduling, postponement or cancellation of testimony of Neil Cole or Seth Horowitz; and

2. Emails and other communications between (a) the lead SEC Staff Attorney and (b) representatives of the U.S. Attorney's Office for the Southern District of New York.

        The SEC's FOIA Office denied the request, contending that any responsive records were exempt from public disclosure under a provision of FOIA that exempts from public disclosure records "compiled for law enforcement purposes," if the

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Honorable Edgardo Ramos                                                                                                                                           4

release of such records "could reasonably be expected to interfere with enforcement proceedings," 5 U.S.C. § 552(b)(7)(A). (Exhibit A at 1.)

We appealed that decision to the Office of the General Counsel of the SEC. On August 24, 2020, we received a letter from the Office of the General Counsel concurring in the decision reached by the FOIA Office. The justification provided by the SEC, however, is hard to reconcile with the government's representations, and casts further doubt on the purported explanation for the acceleration of Mr. Cole's testimony.

First, the SEC's letter states that "the emails and other documents you seek were generated during the SEC's aforementioned investigation and enforcement proceedings against Messrs. Cole and Horowitz, and *at least some were generated during the Government's criminal proceedings against these individuals*." (Exhibit B at 2 (emphasis added).) But the FOIA request was limited to documents from on or before November 9, 2018, and the government has relied on the claim that there was no criminal investigation at the time Mr. Cole's testimony was rescheduled. Moreover, the SEC's response suggests that communications do exist between the SEC and the U.S. Attorney's Office from the period between Mr. Cole's receipt of the subpoena on September 7 and his testimony on November 9. No such communications have been disclosed.

Second, the SEC's letter states that the Enforcement staff of the SEC confirmed "that the records you seek contain privileged information, including core work product." (Exhibit B at 3.) When the SEC requested that Mr. Cole accelerate the date of his testimony, however, it claimed that the request was based on scheduling issues, and the government similarly represented in its opposition to Mr. Cole's motion that "internal SEC timing considerations" created the purported need to accelerate Mr. Cole's testimony. If so, it is difficult to understand how the requested materials ("documents concerning the scheduling, rescheduling, postponement or cancellation of testimony") could constitute "core work product." Core work product is limited to the "mental impressions, conclusions, opinions, or legal theories of an attorney." *Schomburg* v. *New York City Police Dept.*, No. 12 Civ. 7161 (RWS), 298 F.R.D. 138, 143 (S.D.N.Y. Mar. 14, 2014). The SEC's recent representation that the requested records include core work product suggests that the decisions regarding the timing of the SEC testimony were based on tactical considerations and not merely the result of a scheduling issue. Likewise, if a scheduling issue were the real reason, it would be difficult to see how release of the limited documents sought through the FOIA request could possibly "harm the SEC's position in successfully litigating this case," as the SEC contends. (Exhibit B at 3.)

To be clear, we are not asking this Court for any relief with respect to the FOIA request. Rather, we bring this information to the Court's attention because we believe it is relevant to Mr. Cole's pending pretrial motion seeking discovery concerning coordination between the government and SEC, and provides further support for the disclosures requested in that motion.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Honorable Edgardo Ramos                                                                                          5

        Finally, the government's unwillingness to provide any of the information requested in Mr. Cole's other pretrial motions continues to prejudice Mr. Cole.  We continue to believe it is appropriate for the government to be instructed that it may not discourage witnesses or other third parties from cooperating with the defense.  Further, even while the government continues to produce additional Rule 16 materials (including recent productions on November 30, December 7 and December 21), it has not provided any of the underlying electronic data or other information needed to evaluate the summary Excel spreadsheets that the government apparently intends to use at trial as purported evidence of the deletion of emails.  The government should be required to produce this information, which we anticipate may be voluminous, sufficiently in advance of trial to allow for a meaningful review by the defense, including analysis by a forensic expert if necessary.

        Thank you for your consideration.

        Respectfully submitted,

        /s/ Lorin L. Reisner
        Lorin L. Reisner
        Richard C. Tarlowe

cc:    Counsel of Record (by ECF)