

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

# MEMO ENDORSED

June 2, 2021

BY ECF

The Honorable Edgardo Ramos
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re:  United States v. Neil Cole, 19 Cr. 869 (ER)

Dear Judge Ramos:

---

> The parties are directed to appear on June 11, 2021 at 11:00 a.m. for a telephonic hearing regarding the Government's request. The parties are directed to dial (877) 411-9748 at that time and enter access code 3029857, followed by the pound (#) sign. The Clerk of Court is respectfully directed to terminate the motion. Doc. 82.
>
> So ordered.
>
> Edgardo Ramos, U.S.D.J
> Dated: 6/7/2021
> New York, New York

---

Yesterday, the Court notified the parties that this case has been placed on the jury trial calendar for July 6, 2021 and is second on the list for jury trials that day. Trial previously had been adjourned *sine die* by the Court, and the July 6 trial date was not set at a prior scheduling conference. The Government writes to seek an adjournment of the trial to a date in August or September 2021,[1] in order to allow for continuity of Government counsel and to allow the Government the reasonable time necessary for effective preparation in this complex accounting fraud case. *See* 18 U.S.C. § 3161(h)(7)(B)(iv). The Government understands that the defense wishes to proceed to trial on the date currently scheduled.

The reasons for the Government's request are as follows:

First, as the Court is aware, two of the three Assistant United States Attorneys assigned to this matter are currently scheduled to begin a two-week insider trading and investment fraud case before this Court on June 14, 2021. *See United States v. Blakstad*, 19 Cr. 486 (ER). In late 2020, the Government had selected a date for the *Blakstad* trial that would not coincide with the *Cole* trial and would allow for continuity of counsel in both cases. Assuming that the *Blakstad* trial concludes as scheduled on or about June 25, 2021, the current schedule in this case would leave the two prosecutors in question just ten days to prepare for trial, including the July 4 holiday. As the Court is aware, this is a complex accounting fraud case, that implicates conduct that took place over several years. The Government anticipates that in addition to preparing witnesses and the disclosures and filings contemplated by the Court's current pretrial schedule, there will be a need to litigate a number of legal issues in advance of and during trial. It is not possible for the two prosecutors in question to effectively prepare for trial in the amount of time allotted by the current

---

[1] If the Court contemplates adjourning the trial beyond September 2021, the Government requests an opportunity to be heard regarding potential alternative dates.

schedule. They will not be able to discharge their professional obligations and try the *Cole* case as scheduled.

Nor is there sufficient time for new prosecutors to be assigned to this case. The Government attempts in every case to accommodate the Court's scheduling needs, and, with sufficient notice, would have made efforts to re-staff this matter or the *Blakstad* case. Because, however, we first received notice of the July 6 trial date yesterday without a prior scheduling conference, we do not believe sufficient time exists for new prosecutors to learn the intricacies of this case, to ensure that the Government meets its obligations to the defendant and to the Court, and to effectively prepare witnesses to testify. To require that here risks inviting error and will severely prejudice the Government and the public interest.

Second, it does not appear that the *Cole* trial can proceed on July 6 in any event. The Government understands from conferring with the assigned prosecutors that the trial with the primary position on July 6, 2021, *United States v. Torres*, No. 20 Cr. 608 (DLC), will likely proceed to trial on that date. There is therefore a very substantial risk that the parties and the Court will needlessly expend resources preparing for a trial that will be adjourned.

Finally, the Government understands that the Court's own trial schedule does not allow for sufficient time for this case to be tried on July 6. As we previously represented to the Court, the Government expects its case-in-chief to last up to four weeks. *See* 7/7/2020 Tr. at 4:18. The Government understands that the Clerk of Court has scheduled another trial before Your Honor to begin on July 21, 2021. *See United States v. Samuels*, No. 18 Cr. 306 (ER). That trial, which occupies the primary position, involves an in-custody defendant, who has been detained since his arrest in 2018. Should the *Cole* trial proceed on July 6, the Government expects it will last into early August. An adjournment would ensure that this Court is able to conduct the *Samuels* trial as scheduled, consistent with the Board of Judges' stated commitment to prioritize the trials of in-custody defendants.

Given that the Government's Jencks Act, *Giglio* material, and marked exhibits are due on Tuesday, June 8, the Government respectfully requests that the Court resolve this adjournment request at its earliest opportunity. The Government can be available for a scheduling conference tomorrow, June 3, should the Court wish to hold one.

The Government is mindful of the defendant's interest in a speedy trial and has consistently sought to accommodate as early a trial as possible. However, the current trial date threatens to

severely prejudice the Government and undermine the interests of justice. Accordingly, the Government requests a modest adjournment of the trial date.

        Respectfully submitted,

        AUDREY STRAUSS
        Acting United States Attorney


By:   /s/
        Edward Imperatore/Scott Hartman/Jared Lenow
        Assistant United States Attorneys
        (212) 637-2327/2527/1068