**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064

TELEPHONE (212) 373-3000

LLOYD K. GARRISON    (1946-1991)
RANDOLPH E. PAUL    (1946-1956)
SIMON H. RIFKIND    (1950-1995)
LOUIS S. WEISS    (1927-1950)
JOHN F. WHARTON    (1927-1977)

WRITER'S DIRECT DIAL NUMBER
(212) 373-3250

WRITER'S DIRECT FACSIMILE
(212) 492-0250

WRITER'S DIRECT E-MAIL ADDRESS
lreisner@paulweiss.com

UNIT 3601, OFFICE TOWER A, BEIJING FORTUNE PLAZA
NO. 7 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT
BEIJING 100020
PEOPLE'S REPUBLIC OF CHINA
TELEPHONE (86-10) 5828-6300

12TH FLOOR, HONG KONG CLUB BUILDING
3A CHATER ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, U.K.
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

June 8, 2021

**Via ECF**

Honorable Edgardo Ramos
United States District Judge
United States Courthouse
40 Foley Square
New York, NY 10007

      Re:    *United States* v. *Neil Cole,*
             19 Cr. 869 (ER)

Dear Judge Ramos:

      We respectfully request clarification from the Court as to whether the Scheduling Order dated February 18, 2020 remains in place, including the government's obligations to make *Giglio* disclosures and to produce 3500 material, a witness list and exhibits four weeks before trial. The Order entered by the Court earlier today stayed the "deadline for motions in limine and proposed voir dire, jury instructions, and verdict sheets," but did not address the deadlines set forth in the February 18, 2020 Scheduling Order. We respectfully submit that the government should be required to comply with those deadlines and that any failure to do so will unfairly prejudice Mr. Cole.

      On June 1, 2021, the Court advised the parties that this case had been placed on the trial calendar for July 6, and on June 2, the Court ordered the parties to be "trial ready" by July 6. That same day, the defense made its Rule 16 expert disclosures, which were among the pretrial disclosures covered by the Scheduling Order. The defense did so with the expectation and understanding that the government similarly would comply with its obligations under the same Scheduling Order.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Honorable Edgardo Ramos                                                                                          2

       The defense has been working diligently to ensure that it will be "trial ready" by July 6, as directed by the Court. That can only happen if the government adheres to the Scheduling Order agreed to by the parties and entered by the Court, including making its *Giglio* disclosures and producing its exhibits and 3500 material four weeks before the trial ready date. Moreover, as the Court is aware, this case was indicted more than 18 months ago and the charges involve events that took place in 2013 and 2014, approximately seven to eight years ago. Based on the length of time that has passed since those events, there is a serious risk that, as memories continue to fade and relevant documents become unavailable or inaccessible, the defense will lose any meaningful opportunity to make "effective use" of the *Giglio* disclosures and other materials. *United States* v. *Coppa*, 267 F.3d 132, 135 (2d Cir. 2001).

       Finally, there is no reason for the government to delay making its pretrial disclosures other than to gain a perceived tactical advantage at trial, which is not a proper basis for delay. Indeed, even when requesting that the Court "suspend" the government's obligations to produce *Giglio* material, 3500 material and exhibits, the government identified no reason other than potential "uncertainty" around the trial date. Given the length of time the government already has had to prepare for trial (more than 18 months since indictment), and that the parties have been on notice of the possibility of a third quarter trial date since March 1, 2021, there is no proper excuse for the government not to comply with the Scheduling Order.

       For all these reasons, and in particular to avoid further unfair prejudice to Mr. Cole, we respectfully request that the Court direct the government to comply with the February 18, 2020 Scheduling Order and to make its *Giglio* disclosures and produce 3500 material, exhibits and a witness list four weeks before the scheduled trial date. Thank you for your consideration.

       Respectfully submitted,

       /s/ Lorin L. Reisner
       Lorin L. Reisner
       Richard C. Tarlowe

cc:    Counsel of Record (by ECF)