

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

September 2, 2021

BY ECF and Email

The Honorable Edgardo Ramos
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    United States v. Neil Cole, 19 Cr. 869 (ER)

Dear Judge Ramos:

      The Government writes in response to the August 30, 2021 letter of Neil Cole seeking an order from the Court directing the Government to disclose the name of an individual (the "interviewee") who has provided information that was the subject of a July 3, 2021 disclosure by the Government. The motion should be denied.

      Cole's letter omits a crucial fact: ***almost one month ago, Cole's counsel obtained the very information that they seek directly from the interviewee's counsel***.  Although this fact is obviously pertinent to the issue upon which Cole seeks a ruling, the Government learned it not from Cole's counsel or from reviewing Cole's motion, but from speaking earlier this week with the Andrew Dalack, Esq., of the Federal Defenders, who represents the interviewee. Specifically, Mr. Dalack informed us that on or about August 6, 2021, he spoke with one of Cole's attorneys and at that time provided Cole's counsel with both the name of the interviewee on an "attorneys' eyes only" basis and explained the reasons for which the interviewee did not wish his/her identity to be made public or shared with anyone other than Cole's counsel. Notwithstanding that conversation, two weeks later, on August 20, 2021, Cole's counsel demanded the Government disclose the interviewee's name, asserting by email, "we need the witness's identity in order to investigate and make effective use of the exculpatory information in your letter." The defense demand and subsequent letter motion therefore aim to obtain from the Government what it has already learned from the interviewee.

      *Brady* does not require the Government to identify the interviewee to Cole, let alone to do so when Cole's counsel already knows it.  The Government has provided Cole with: (1) the substance of the interviewee's arguably exculpatory account of remarks made by          , (2)        name, and (3) contact information for the interviewee's counsel, from whom Cole's lawyers learned the interviewee's name.  The Government further understands that Cole has been in contact with lawyers for        .  Accordingly, Cole's counsel knows the names of both participants to the conversation that was the subject of the Government's July 3, 2021

disclosure, has been in contact with counsel for each participant, and is aware of the substance of what they discussed during the relevant conversation. Cole has more than enough information to make effective use of the information in his defense.[1]

Now Cole seeks to require the Government to disclose the interviewee's name, information Cole's lawyers already have, presumably so that Cole's counsel can share it with Cole himself or with            or his counsel, notwithstanding the interviewee's desire to remain anonymous. Because the name is protected by the informant privilege, Cole's request should be denied. "The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation." *Roviaro v. United States*, 353 U.S. 53, 59 (1957). "The government's strong and legitimate interest in protecting confidential sources from premature identification is undeniable. Identification not only compromises the government's ability to use such sources in other investigations, it may expose them to retaliation by those against whom they have cooperated." *United States v. Abuhamra*, 389 F.3d 309, 324 (2d Cir. 2004).

A defendant who seeks to overcome the privilege has the burden of showing that disclosure is justified based on the "balance" between "the public interest in protecting the flow of information" and "the defendant's right to prepare a defense." *Rovario*, 353 U.S. at 62. In considering whether disclosure is warranted, courts consider "the crime charged, the possible defenses, the possible significance of the informer's testimony," as well as any other relevant factors. *Id.*[2] "Speculation that disclosure of the informant's identity will be of assistance is not sufficient to meet the defendant's burden." *United States v. Fields*, 113 F.3d 313, 324 (2d Cir. 1997). Rather, "[d]isclosure of the identity . . . of a confidential informant is not required unless the informant's testimony is shown to be *material* to the defense." *United States v. Saa*, 859 F.2d 1067, 1073 (2d Cir. 1988) (emphasis added). Indeed, a district court has discretion to deny disclosure of an informant's identity unless the defendant can meet the "heavy burden of showing that disclosure is essential to the defense." *United States v. Jimenez*, 789 F.2d 167, 170 (2d Cir. 1986) (internal citation omitted).

Thus, while disclosure has been ordered where the informant is "a key witness or participant in the crime charged, someone whose testimony would be significant in determining guilt or innocence," *United States v. Russotti*, 746 F.2d 945, 950 (2d Cir. 1984), absent such a central role, the Second Circuit has recognized that even where the defendant can "show that the

---

[1] In addition to the name of the interviewee, Cole's motion seeks an order directing the Government to identify "any other witness present" when            made the statements recounted in the Government's July 3, 2021 letter. Cole has not previously posed this question to the Government. If he had, we would have informed him that it is our understanding that only the interviewee and            were present for the conversation.

[2] Although there is language in *Rovario* indicating that the informant privilege must give way "[w]here the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused," 353 U.S. at 628, the Second Circuit has clarified that "both reason and context demonstrate . . . that these words are not to be read with extreme literalness." *United States v. Soles*, 482 F.2d 105, 109 (2d Cir. 1973).

informant was a participant in and witness to the crime charged," that fact alone "is not sufficient" to overcome the privilege. *Saa*, 859 F.2d at 1073; *see also United States v. Flaharty*, 295 F.3d 182, 202 (2d Cir. 2002) (no disclosure required because value of informant's testimony would have been minimal despite witnessing some meetings between officer and defendant); *United States v. Soles*, 482 F.2d 105, 109–10 (2d Cir. 1973) (denial of informant's identity upheld where the district court concluded the request for disclosure "had no real possibility of affording a defense that could create a reasonable doubt in the mind of a reasonable juror."). Likewise, where an informant's account "would merely have cast doubt on the general credibility of one of the Government witnesses," "'[t]hat is normally an insufficient basis to overcome the informant's privilege.'" *Saa*, 859 F.2d at 1073 (quoting *Russotti,* 746 F.2d at 950).

Applying these principles here, it is clear that Cole cannot overcome the privilege. To begin with, the interviewee's account is in no way "essential to the defense," *Jimenez*, 789 F.2d at 170. The interviewee recounted to the Government a conversation that s/he had with ▬▬▬[3] after Cole was indicted in which ▬▬▬ made statements about the legality of the conduct at issue in this case and his own opinion of Cole's mental state. The interviewee was not "a key witness or participant in the crime charged," *Russotti*, 746 F.2d at 950, and the Government does not intend to call the interviewee as a witness at trial. Indeed, as the defense appears to acknowledge, the interviewee's account itself is inadmissible hearsay. It also appears, based on Cole's motion, that ▬▬▬ has refused to meet with the defense in advance of trial. Given that fact, there is no need, as the defense suggests, to "refresh" ▬▬▬ recollection or confront him with prior inconsistent statements. (In any event, as discussed, the desire to impeach a different witness is not a sufficient basis for overcoming the informant privilege. *Saa*, 859 F.2d at 1073.) Finally, although the defense could subpoena ▬▬▬ for trial, the views he expressed to the interviewee would be inadmissible for numerous reasons, including because they go to the ultimate issue of whether Cole's conduct violated the law and whether he acted with criminal intent.

In light of the limited relevance of the interviewee's account, the Government's refusal to reveal the interviewee's name does not meaningfully impact "the defendant's right to prepare a defense," *Rovario*, 353 U.S. at 62, particularly given that the Government has disclosed the substance of the interviewee's testimony, the fact that Cole has access to the interviewee's lawyer, and, perhaps most significantly, the fact that Cole's lawyers have already been given the name on an attorney's-eyes-only basis. On the other side of the ledger, the Government has a "strong and legitimate interest in protecting confidential sources" from retaliation, *Abuhamra*, 389 F.3d at 324, and, on the particular facts of this case, the interviewee has a well-founded concern in that regard. If the Court harbors any doubt about the latter point, the Government submits that that it may be

---

[3] Consistent with the Court's August 30, 2021 order (D.E. 96), the Government has redacted ▬▬▬'s name from the publicly filed version of this letter.

appropriate for the Court to receive additional information *in camera* from the Government and/or Mr. Dalack.

          Respectfully submitted,

          AUDREY STRAUSS
          United States Attorney

    By: \_\_\_/s/_____
          Scott Hartman/Andrew Thomas/Noah Solowiejczyk
          Assistant United States Attorneys
          (212) 637-2357

cc: Counsel for Neil Cole (by ECF and email)
    Andrew Dalack, Esq., Federal Defenders of New York (by email)