PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064
TELEPHONE (212) 373-3000

LLOYD K. GARRISON  (1946-1991)
RANDOLPH E. PAUL  (1946-1956)
SIMON H. RIFKIND  (1950-1995)
LOUIS S. WEISS  (1927-1950)
JOHN F. WHARTON  (1927-1977)

UNIT 5201, FORTUNE FINANCIAL CENTER
5 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT, BEIJING 100020, CHINA
TELEPHONE (86-10) 5828-6300

SUITES 3601 – 3606 & 3610
36/F, GLOUCESTER TOWER
THE LANDMARK
15 QUEEN'S ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, UNITED KINGDOM
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

WRITER'S DIRECT DIAL NUMBER
(212) 373-3035

WRITER'S DIRECT FACSIMILE
(212) 492-0035

WRITER'S DIRECT E-MAIL ADDRESS
rtarlowe@paulweiss.com

August 30, 2021

# MEMO ENDORSED

See last page.

**By ECF**

Honorable Edgardo Ramos
United States District Judge
United States Courthouse
40 Foley Square
New York, NY 10007

Re:   *United States* v. *Neil Cole*,
       19 Cr. 869 (ER)

Dear Judge Ramos:

We respectfully submit this letter on behalf of our client Neil Cole to request that the Court order the government to disclose the name of a witness who has provided the government with exculpatory evidence and who may have additional information helpful to the defense. For the reasons discussed below, the government's refusal to provide the defense with the identity of this anonymous witness is improper.

On July 3, 2021, the government notified the defense that, approximately two months earlier, the government interviewed an individual, referred to only as the "interviewee," who described a conversation that he or she had about the government's allegations with ███████, a former member of the Board of Directors of Iconix. (Exhibit A.) According to the interviewee, during that conversation, ███████ stated, in substance and in part, that ███████████████████████████████████ ███████████████████████████████████████████████████████ (*Id.*) ███████ also stated to the interviewee that ██████████████████████ ███████████████████ (*Id.*)

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Honorable Edgardo Ramos    2

After receiving the government's disclosure of ▮▮▮▮ exculpatory statements, we asked the government to provide the name of the "interviewee" who had witnessed those statements. The government refused, stating that "[t]he interviewee requested confidentiality." Although we attempted to accommodate the interviewee's request for confidentiality by contacting ▮▮▮▮ counsel directly, ▮▮▮▮ declined to speak with defense counsel.

On July 21, 2021, we informed the government that ▮▮▮▮ had declined to speak with us and requested again that the government provide the name of the interviewee. Instead, the government provided defense counsel with the name of counsel who had been appointed to represent the interviewee, and again declined to identify the interviewee. We understand that the government first arranged for counsel to be appointed for the interviewee earlier that same day, even though the government itself spoke to the interviewee without counsel more than two months earlier. Appointed counsel told us that the interviewee did not wish to have the interviewee's identity known to others.

The statements made by ▮▮▮▮, who served on the Iconix Board of Directors throughout the period relevant to the indictment and has more than 30 years of experience in the apparel industry, plainly are favorable and exculpatory as to Mr. Cole. The defense is entitled not only to the substance of ▮▮▮▮ statements, but also to the identities of individuals who witnessed those statements. In *United States* v. *Weigand*, for example, after the government disclosed to the defense potentially exculpatory statements, Judge Rakoff found that the government had failed to satisfy its disclosure obligations and therefore ordered the government to disclose, among other things, the identities of the individuals who witnessed the statements being made. 482 F. Supp. 3d 224, 248–49 (S.D.N.Y. 2020); *see also United States* v. *Ruiz*, 702 F. Supp. 1066, 1070 (S.D.N.Y. 1989) (ordering disclosure of "names and addresses of persons with relevant knowledge whom the government will not call as witnesses"), *aff'd*, 894 F.2d 501 (2d Cir. 1990).

The government's refusal to provide the identity of the interviewee is improper for similar reasons. It does not permit the defense to conduct its own investigation or make effective use of the exculpatory information, including by refreshing ▮▮▮▮ recollection, confronting him with prior inconsistent statements if necessary, and/or advancing our discussions with him on these issues by identifying the person with whom he had this exculpatory conversation.

Moreover, the interviewee's "request" for confidentiality is not a proper justification for withholding the interviewee's identity. This is not a circumstance, for example, where there is any plausible threat of violence to the interviewee. *Compare United States* v. *Urena*, 989 F. Supp. 2d 253, 263–64 (S.D.N.Y. 2013) (permitting government to keep witness's identity confidential because the witness reasonably feared retribution from defendants charged with violent crimes), *with United States* v.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Honorable Edgardo Ramos     3

*Avendano*, No. 02 CR. 1059 (LTS), 2003 WL 22454664, at *9 (S.D.N.Y. Oct. 29, 2003) (ordering disclosure of alleged co-conspirators' identities where "there is nothing in the record to indicate that disclosing the requested information to Avendano would put the alleged co-conspirators in danger"), *aff'd*, 211 F. App'x 76 (2d Cir. 2007). And, even if there were some law enforcement interest in keeping this information confidential—and we are aware of none—that interest would not outweigh Mr. Cole's need for the information. *See United States* v. *Jackson*, 345 F.3d 59, 69–70 (2d Cir. 2003) (explaining that law enforcement interest in protecting the identity of a confidential informant must yield to a defendant's need for information that is helpful to the defense). "Fundamental requirements of fairness require" that the interviewee's request for confidentiality "must give way" to Mr. Cole's right to information that is "relevant and helpful to the defense." *Id.* (quoting *Roviaro* v. *United States*, 353 U.S. 53, 59–62 (1957)).

For these reasons, we respectfully request that the Court order the government to disclose to the defense immediately the names of the "interviewee" and any other witness present when ▇▇▇▇▇▇ made the exculpatory statements described in the government's July 3, 2021 disclosure.

Thank you for your consideration.

Respectfully submitted,

/s/ Richard C. Tarlowe
Richard C. Tarlowe

---

Defendant's request is denied. The Clerk of Court is respectfully directed to terminate the motion. Doc. 92.

So ordered.

_____
Edgardo Ramos, U.S.D.J
Dated: 9/3/2021
New York, New York