UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>NEIL COLE,<br><br>      Defendant. | 19 Cr. 869 (ER) |

**MEMORANDUM OF LAW ON BEHALF OF NEIL COLE IN SUPPORT OF
MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF
FINANCIAL RESOURCES AND PERSONAL SPENDING**

                PAUL, WEISS, RIFKIND, WHARTON
                & GARRISON LLP
                Lorin L. Reisner
                Richard C. Tarlowe
                Andrew D. Reich
                1285 Avenue of the Americas
                New York, New York 10019-6064
                T:  212-373-3000

                *Attorneys for Neil Cole*

Dated:  September 10, 2021

## **TABLE OF CONTENTS**

                                                                          **Page**

PRELIMINARY STATEMENT .......................................................................................................1

ARGUMENT...................................................................................................................................2

    I.     EVIDENCE OF MR. COLE'S FINANCIAL RESOURCES AND SPENDING IS IRRELEVANT ........................................................................................2

    II.    EVIDENCE OF MR. COLE'S FINANCIAL RESOURCES AND SPENDING IS INADMISSIBLE UNDER RULE 403 ...........................................5

CONCLUSION................................................................................................................................7

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Abu Dhabi Com. Bank* v. *Morgan Stanley & Co.*,
   No. 08 Civ. 7508 (SAS), 2013 WL 1155420 (S.D.N.Y. Mar. 20, 2013) ..................2, 6

*United States* v. *Cassese*,
   290 F. Supp. 2d 443 (S.D.N.Y. 2003),
   *aff'd*, 428 F.3d 92 (2d Cir. 2005)......................................................................................5

*In re Centerline Holdings Co. Sec. Litig.*,
   613 F. Supp. 2d 394 (S.D.N.Y. 2009) ..........................................................................4

*United States* v. *Ferguson*,
   No. 06 Cr. 137 (CFD), 2007 WL 4240782 (D. Conn. Nov. 30, 2007).........................2

*United States* v. *Figueroa*,
   618 F.2d 934 (2d Cir. 1980) ..........................................................................................5

*United States* v. *Hatfield*,
   685 F. Supp. 2d 320 (E.D.N.Y. 2010) .......................................................................3–4

*United States* v. *Jackson-Randolph*,
   282 F.3d 369 (6th Cir. 2002) .........................................................................................3

*Kinsey* v. *Cendant Corp.*,
   588 F. Supp. 2d 516 (S.D.N.Y. 2008) ..........................................................................6

*L-3 Commc'ns Corp.* v. *OSI Sys.*,
   No. 02 Civ. 9144 (PAC), 2006 WL 988143 (S.D.N.Y. Apr. 13, 2006) ........................6

*United States* v. *Mitchell*,
   172 F.3d 1104 (9th Cir. 1999) ......................................................................................4

*United States* v. *Petit*,
   No. 19 Cr. 850 (JSR) (S.D.N.Y.)...............................................................................2, 5

*United States* v. *Quattrone*,
   441 F.3d 153 (2d Cir. 2006) ..........................................................................................5

*United States* v. *Socony-Vacuum Oil Co.*,
   310 U.S. 150 (1940)........................................................................................................5

*United States* v. *Stahl*,
   616 F.2d 30 (2d Cir. 1980) .......................................................................................4–6

**OTHER AUTHORITIES**

Federal Rule of Evidence 401................................................................................................1, 2

Federal Rule of Evidence 403................................................................................................1, 5

Defendant Neil Cole respectfully submits this memorandum of law in support of his motion *in limine* to exclude evidence of financial resources and personal spending.

## **PRELIMINARY STATEMENT**

The government's plan to introduce evidence of Mr. Cole's personal resources and spending should be rejected because it is wholly irrelevant and a blatant and unduly prejudicial appeal to class prejudice and bias.

The government has identified as proposed exhibits records reflecting the purchase of a summer home in the Hamptons in 2011, the lease of a luxury vehicle, the use of private planes, the purchase of an apartment in New York City, and multiple years' worth of bank and credit card account statements showing hundreds if not thousands of personal financial transactions. Most or all of these purchases either took place prior to the alleged misstatements of Iconix revenue in the fourth quarter of 2013 and second and third quarter of 2014 and/or involved the use of resources obtained long before the alleged misconduct.

The evidence is therefore irrelevant to the charges in this case. In addition, the evidence seems intended only to show that Mr. Cole is a person of means who has purchased certain expensive or luxury items. There is no legitimate purpose for the introduction of such evidence, and its admission can serve only to inflame the jury. Accordingly, the evidence should be excluded as irrelevant and inadmissible under Rule 401, as well as unfairly prejudicial and inadmissible under Rule 403.

## ARGUMENT

I.  **EVIDENCE OF MR. COLE'S FINANCIAL RESOURCES AND SPENDING IS IRRELEVANT**

Evidence of Mr. Cole's financial resources and how he chose to spend his money is completely irrelevant and should be excluded because it has no bearing on any "fact [that] is of consequence in determining the action." Fed. R. Evid. 401. Mr. Cole's net worth, and how he chose to spend his financial resources, is wholly unrelated to the corporate financial reporting issues that will be presented to the jury in this case.

Courts consistently recognize that generalized information about a defendant's wealth is irrelevant and should not be admitted. Indeed, "[g]eneral statements about the wealth of any party, or any witness, for that matter, [are] usually totally irrelevant and can be prejudicial." Transcript of Hearing at 3–4, *United States* v. *Petit*, No. 19 Cr. 850 (JSR) (S.D.N.Y. Oct. 23, 2020), ECF No. 115. In certain circumstances, courts have found that specific components of a defendant's compensation (as distinct from general wealth or spending patterns) may be relevant if that compensation bears a direct and logical relationship to the charged conduct.[1]  *See id.* (excluding references to defendant's general wealth as "totally improper" but permitting aspects of compensation directly tied to alleged conduct); *United States* v. *Ferguson*, No. 06 Cr. 137 (CFD), 2007 WL 4240782, at *1 (D. Conn. Nov. 30, 2007) (excluding evidence of defendant's salary and bonus compensation as "irrelevant to the charges" but permitting evidence of deferred compensation plan that was specifically tied to the alleged fraud); *see also Abu Dhabi Com. Bank* v. *Morgan Stanley & Co.*, No. 08 Civ. 7508 (SAS), 2013 WL 1155420, at *6–7 (S.D.N.Y. Mar. 20,

---

[1] Even in cases where the government might establish that a defendant's compensation was tied to the alleged conduct, how a defendant spent that compensation after it was earned is irrelevant.

2

2013) (excluding "generalized evidence of [defendant rating agencies'] profits" as irrelevant but allowing evidence of "how the fees and incentives for the [specific financial product at issue] differed from fees for ratings of other structures" as probative of motive). Here, there is no such relationship between the charged conduct and the evidence of Mr. Cole's financial assets or spending.

        The government seeks to offer documents, for example, showing how much Mr. Cole paid for a summer home in the town of Southampton, New York in 2011—at least two years before the earliest alleged conduct. There is no possible connection between the purchase of that home and the charged conduct. Nor are Mr. Cole's finances during the period of the charged conspiracy relevant. Mr. Cole had a long and highly successful career and accumulated substantial financial resources before the charged conduct, and those assets (and how they were spent) bear no relationship to the charged conduct. *See United States* v. *Jackson-Randolph*, 282 F.3d 369, 377–78 (6th Cir. 2002) (stating that "it is illogical and improper to equate financial success and affluence with greed and corruption" and reasoning that when wealth is obtained by legitimate means, introducing it into evidence "would appeal solely to class prejudice"); *United States* v. *Hatfield*, 685 F. Supp. 2d 320, 326 (E.D.N.Y. 2010) ("[E]ven before [the defendant]'s alleged illegal activities, it is undisputed that he was a very wealthy man. Thus it is entirely speculative whether [the defendant's] funding for his 'lavish' personal spending came from the alleged scheme or from his sizable pre-existing fortune.").

        To the extent the government seeks to argue that Mr. Cole's financial means provided a motive to commit securities fraud, that argument routinely is rejected. *See United States* v. *Stahl*, 616 F.2d 30, 32 (2d Cir. 1980) (finding improper the government's

3

argument that because the defendant's "life is geared to make . . . money, money, money," he had motive to engage in fraud); *Hatfield*, 685 F. Supp. 2d at 326 ("[E]vidence of a lavish lifestyle is not relevant to show motive . . . .") (quotation marks omitted). There is no basis to believe that a wealthy person has any more incentive than a poor person to break the law. *See United States* v. *Mitchell*, 172 F.3d 1104, 1108–09 (9th Cir. 1999) ("A rich man's greed is as much a motive to steal as a poor man's poverty. Proof of either, without more, is likely to amount to a great deal of unfair prejudice with little probative value."); *see also In re Centerline Holdings Co. Sec. Litig.*, 613 F. Supp. 2d 394, 401 (S.D.N.Y. 2009) (noting in the civil context that "motives of compensation . . . have been held not to be sufficient to give rise to an inference of fraudulent intent"). If wealth evidence were admissible in this case, then evidence of a defendant's net worth would be admissible in virtually every white-collar case, no matter the crime or the circumstances.

Any attempt by the government to argue that Mr. Cole's financial resources provided a motive is even more attenuated under the circumstances of this case. For one thing, as noted, Mr. Cole already had a substantial net worth before the start of the charged conduct. In addition, the alleged overstatement of revenue and EPS had no meaningful impact on Mr. Cole's compensation. The government alleges that, in 2013, revenue (on which no portion of Mr. Cole's compensation was based) was overstated by a total of 0.5%, while EPS was not impacted at all; and that, in 2014, revenue was overstated by a total of 2.4% and EPS by 3.0%. Indictment ¶ 38. Even if true, the alleged misstatements would not have impacted Mr. Cole's compensation.

## II.  EVIDENCE OF MR. COLE'S FINANCIAL RESOURCES AND SPENDING IS INADMISSIBLE UNDER RULE 403

Evidence of Mr. Cole's financial resources and spending also should be excluded under Rule 403 because it is unfairly prejudicial.  Evidence can be prejudicial if it has a "tendency . . . unfairly to excite emotions against the defendant." *United States* v. *Figueroa*, 618 F.2d 934, 943 (2d Cir. 1980).  Even in the most favorable economic and political climate, evidence of wealth carries a substantial risk of unfair prejudice and should be excluded on that basis.

The apparent purpose and inevitable result of introducing evidence of Mr. Cole's financial resources and spending is to excite class- and wealth-based prejudice in the jury.  The Supreme Court long has recognized that such "appeals to class prejudice are highly improper and cannot be condoned and trial courts should ever be alert to prevent them."  *United States* v. *Socony-Vacuum Oil Co.*, 310 U.S. 150, 239 (1940).  Similarly, the Second Circuit, in addressing a prosecutor's references to a defendant's wealth, held that "[b]ecause such appeals are improper and have no place in a court room, we are compelled to reverse."  *Stahl*, 616 F.2d at 33 (internal citations omitted); s*ee United States* v. *Quattrone*, 441 F.3d 153, 187 (2d Cir. 2006) (stating that "evidence of compensation, wealth, or lack thereof can unduly prejudice jury deliberations").

Not surprisingly, trial courts routinely exclude "prejudicial and inflammatory evidence and arguments in front of the jury regarding [a defendant's] wealth, salary, and stock holdings" because "[t]his evidence play[s] into a bias against people of wealth."  *United States* v. *Cassese*, 290 F. Supp. 2d 443, 457 (S.D.N.Y. 2003), *aff'd on other grounds*, 428 F.3d 92 (2d Cir. 2005); *see, e.g.*, *Petit*, No. 19 Cr. 850, at 4 (observing that a "statement . . . [that] Defendant X is a rich, rich man . . . would be totally improper");

5

*see also Abu Dhabi Com. Bank*, 2013 WL 1155420, at *7 ("The probative value of [defendant corporation's general revenues and executive compensation] to the question of motive is outweighed by the potential for prejudice and will not be admitted."); *Kinsey* v. *Cendant Corp.*, 588 F. Supp. 2d 516, 518–19 (S.D.N.Y. 2008) (excluding evidence of party's compensation package as unduly prejudicial); *L-3 Commc'ns Corp.* v. *OSI Sys.*, No. 02 Civ. 9144 (PAC), 2006 WL 988143, at *6 (S.D.N.Y. Apr. 13, 2006) (excluding evidence of witness's wealth and lifestyle because it was "clearly irrelevant, and its inclusion would be unfairly prejudicial") (internal citation and footnote omitted).

    The serious danger of unfair prejudice presented by evidence of Mr. Cole's financial resources substantially outweighs any conceivable probative value. The risk of unfair prejudice is further heightened as a result of the current economic and political climate, and the reality that many people in the New York region have faced unprecedented financial challenges over the past year and a half. Putting before the jury information about Mr. Cole's financial resources (including the purchase of a summer home and other luxury items and the use of private planes) would serve no proper purpose and undermine the fairness of the trial. Nor would limiting instructions be sufficient to cure the unfair prejudice resulting from this highly inflammatory evidence. *See Stahl*, 616 F.2d at 33 (holding that "curative instructions by the trial court were [not] sufficient to eliminate the taint" of impermissible wealth evidence) (citing *United States* v. *Berger*, 295 U.S. 78, 85 (1935)).

## CONCLUSION

For all of these reasons, the government should be precluded from introducing evidence of Mr. Cole's financial resources or personal spending.

Dated:  September 10, 2021

          PAUL, WEISS, RIFKIND, WHARTON
          & GARRISON LLP

          By: /s/ Lorin L. Reisner
               Lorin L. Reisner
               Richard C. Tarlowe
               Andrew D. Reich
               1285 Avenue of the Americas
               New York, New York 10019-6064
               T:  212-373-3000

               *Attorneys for Neil Cole*