# Exhibit C

| | |
|---|---|
| **From:** | Hartman, Scott (USANYS) <Scott.Hartman@usdoj.gov> |
| **Sent:** | Monday, December 7, 2020 10:06 PM |
| **To:** | Reisner, Lorin L; Tarlowe, Richard; Reich, Andrew D |
| **Cc:** | Imperatore, Edward (USANYS); Lenow, Jared (USANYS); Troy, Rachel (USANYS) [Contractor] |
| **Subject:** | United States v. Neil Cole, 19 Cr. 869 (ER) |
| **Attachments:** | 2020.12.07 United States v. Neil Cole - Discovery Letter.pdf; 2020.03.23 - Cole 404(b) Notice - Final.pdf |

Dear Lorin, Rich, and Andrew:

Enclosed is a cover letter providing additional discovery, including discovery related to the attached notice under Rule 404(b) that we sent to you on March 23, 2020. The production has been made available to you on USAFx, our file sharing site here: https://usafx.app.box.com/folder/.

As you'll remember, the evidence described in the March 23 letter relates to concerns about accounting improprieties that arose at Candie's in or about 1999, while Mr. Cole was CEO of that company. In the course of preparing for trial, we have firmed-up our intentions with respect to this evidence, which, as we previously informed you, we will offer both as direct evidence of the conduct charged in this case and under Rule 404(b).

Currently we do not intend to argue to the jury that Mr. Cole or anyone else engaged in wrongdoing at Candie's. Rather, we expect to prove-up the facts described in our Rule 404(b) notice, including the existence of the internal investigation and the concerns about round-trip transactions raised by auditors at Candie's, to establish Mr. Cole's knowledge and understanding of the relevant accounting rules and the types of issues that could be of concern to accountants, auditors, and regulators in transactions that involve money flowing in two directions.

We have obtained the SEC's records from the Candie's investigation, which are voluminous, as well as the archived records from the investigation by our Office. Based upon our review of these records, we have produced the discovery that we believe is required under Rule 16, *Brady*, and *Giglio*, given the limited scope and purpose of this proof. If you would still like to review the archives yourselves, we are willing to make them available. Please let us know.

Hope you are well.

Scott

Scott Hartman
Assistant United States Attorney
United States Attorney's Office
Southern District of New York
One St. Andrew's Plaza
New York, NY 10007
Tel: (212) 637-2357
Cell: (917) 836-3837



U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

December 7, 2020

By Email & USAFx

Lorin L. Reisner, Esq.
Richard C. Tarlowe, Esq.
Andrew D. Reich, Esq.
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019-6064

Re:   *United States* v. *Neil Cole,* 19 Cr. 869 (ER)

Dear Counsel:

This letter provides additional discovery. Specifically, the Government has attached the following materials, which are being produced pursuant to the Protective Order in this case.

| BATES RANGE | DESCRIPTION |
|---|---|
| BSNY0000001 - BSNY0001672<br><br>*also bear the control numbers:* SEC-SDNY-EPROD-000001042 – SEC-SDNY-EPROD-000002713 | Load files from provided by Bryan Snyderman |
| USAO-008-00000001-00000201 | Caporale SEC Testimony |
| USAO-008-00000202-00000320 | Caporale SEC Testimony Exhibits |
| USAO-008-00000321-00000345 | Photos of Iconix offices, provided by the Federal Bureau of Investigation |

Very truly yours,

AUDREY STRAUSS
Acting United States Attorney

by: _____/s_____
Edward Imperatore/Scott Hartman/Jared Lenow
Assistant United States Attorneys
(212) 637-2327 / 2357 / 1068



*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 23, 2020

**BY ELECTRONIC MAIL**

Lorin L. Reisner, Esq.
Richard C. Tarlowe, Esq.
Andrew D. Reich, Esq.
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, New York  10019

Re:   United States v. Neil Cole, 19 Cr. 869 (ER)

Dear Counsel:

Out of an abundance of caution, the Government writes to give the defendant notice that it may offer the evidence described below at the trial in this matter.  The Government intends to offer this evidence as direct proof of conduct charged in the Indictment.  The Government will also offer this evidence in the alternative pursuant to Rule 404(b) of the Federal Rules of Evidence.

First, the Government may offer evidence regarding an inquiry into potential accounting improprieties at Iconix's predecessor company, Candie's, in or about 1999, and the subsequent settlement that Candie's and Cole entered with the SEC.  In April 1999, Candie's auditors at Ernst & Young ("EY") questioned, among other things, certain transactions while auditing Candie's January 31, 1999 financial statements.  Specifically, EY raised concerns that approximately $1.65 million in expense credits that Candie's received from a sourcing agent, Redwood, at the end of the 1998 fiscal year, were improperly offset by a $1.6 million capital contribution that Candie's made to Redwood at the same time.  The expense credits had the effect of moving the company from loss to profitability, while the capital expenditures did not reduce earnings for the quarter.

In response to the concerns raised by EY, Cole and the company's assistant general counsel, Deborah Sorell, prepared a memorandum that summarized EY's concerns.  Candie's board of directors also conducted an internal investigation during which they interviewed Cole, among others.  The SEC also investigated the allegations and took Cole's testimony on two occasions.  During his interviews with the board of directors and in his testimony with the SEC, Cole admitted that he had backdated documents related to the Redwood transactions.  In 2003, Cole entered into settlements with the SEC personally and on behalf of Iconix in which he did not contest that Candie's earnings were improperly inflated due to the credits.

The Government may offer this evidence as direct proof of the offenses charged in the Indictment, including to establish Cole's understanding of the relevant accounting rules and issues and of scrutiny of revenue recognition rules and practices, and to provide context for (1) references made to the Candie's investigation during the course of the charged conspiracy and (2) Cole's and Horowitz's destruction of documents during the inquiry by the SEC's Division of Corporate Finance. In the alternative, the Government plans to introduce this evidence pursuant to Rule 404(b) to prove the defendant's motive, opportunity, intent, preparation, plan, knowledge, absence of mistake and/or lack of accident as to the offenses charged in the Indictment.

Second, the Government may offer evidence regarding the joint venture agreement between Iconix and GBG in December 2014 related to the exploitation of Iconix's brands in the Middle East and North Africa ("MENA"), including the negotiations of that transaction.

The Government may offer the MENA evidence as direct proof of the offenses charged in the Indictment, including to establish the means and methods of the securities fraud conspiracy charged in the Indictment, to provide context to the defendant's negotiations with GBG and his discussions and relationship with co-conspirators, and to complete the story of the charged offenses and the relationship between Iconix and GBG. In the alternative, the Government plans to introduce this evidence pursuant to Rule 404(b) to prove the defendant's motive, opportunity, intent, preparation, plan, knowledge, absence of mistake and/or lack of accident as to the offenses charged in the Indictment.

This letter constitutes notice within the meaning of Rule 404(b) and is submitted without prejudice to the Government's ability to adduce additional evidence pursuant to Rule 404(b).

> Very truly yours,
>
> GEOFFREY S. BERMAN
> United States Attorney
>
> By:     /S/
> Edward Imperatore
> Scott Hartman
> Jared Lenow
> Assistant United States Attorneys
> (212) 637-2327/2527/1068