UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

        v.

NEIL COLE,

              Defendant.

19 Cr. 869 (ER)

**PROPOSED *VOIR DIRE* ON BEHALF OF NEIL COLE**

PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
Lorin L. Reisner
Richard C. Tarlowe
Andrew D. Reich
1285 Avenue of the Americas
New York, New York 10019
T:  212-373-3000

*Attorneys for Neil Cole*

Defendant Neil Cole respectfully submits this proposed *voir dire* pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure and requests that the Court include the following questions in its examination of prospective jurors.  In the event a prospective juror's answers reveal that further questioning is appropriate, Mr. Cole respectfully requests that the Court pursue more detailed questioning to determine if the prospective juror is able to be fair and impartial in this particular case.  In addition, if a prospective juror has heard of or otherwise is familiar with any aspect of this case, Mr. Cole respectfully asks that the Court question the prospective juror outside the presence of the broader jury pool.

**Introduction**

We would like to thank all of you for your time and service.  You have been selected to potentially serve as a juror in the United States District Court for the Southern District of New York.  Together with the lawyers, it is my responsibility to determine whether you should serve as a juror in this specific case.  The questionnaire you received will help the Court make that decision.  We ask that you answer the questions before you accurately and truthfully.

**Description of the Case**

This is a criminal case.  The defendant, Neil Cole, is the founder and former Chief Executive Officer, or "CEO," of a public company called Iconix Brand Group, Inc. ("Iconix").  Iconix is a brand management company that, generally speaking, owns consumer brands and licenses those brands to companies that manufacture, design and distribute products, such as apparel, shoes, accessories and home goods that are sold under those brand names.

Mr. Cole denies all of the charges against him and asserts his innocence. Under the law, Mr. Cole is presumed innocent of all the charges. It is the government's burden to prove each charge beyond a reasonable doubt, and that burden never shifts to the defendant. Accordingly, Mr. Cole has no obligation whatsoever to present any defense, call any witnesses, offer any evidence or testify in his defense.

The charges against Mr. Cole are identified in an indictment. The indictment merely contains allegations. The indictment is not itself evidence and you may not consider it as evidence. It simply contains the charges that the government is required to prove to the satisfaction of the jury beyond a reasonable doubt. In this case, the charges identified in the indictment are: (i) conspiracy to commit securities fraud, to make false filings with the U.S. Securities and Exchange Commission, or "SEC," and to improperly influence the conduct of audits; (ii) securities fraud; (iii) making false filings with the SEC; (iv) improperly influencing the conduct of audits; and (v) conspiracy to destroy, alter or falsify records in an SEC investigation. You must not think of the indictment as any evidence of the guilt of the defendant, or draw any conclusions about the guilt of the defendant just because he has been indicted.

Mr. Cole maintains his innocence and has pled not guilty to each and every allegation. Mr. Cole contends that he acted in good faith at all times. It is the government's burden, as to each count, to prove guilt beyond a reasonable doubt. If the government fails to do so, the jury must find Mr. Cole not guilty.

**Background Information**

1. What is your name? How old are you?
2. Where were you born? Where do you live? How long have you lived there?

3. Have you lived in any other city in the last ten years? If yes, where?

4. What is the highest level of education you have obtained?

5. Are you currently employed? If yes:

    (a) Where do you work?

    (b) How long have you worked for that employer?

    (c) Briefly describe your duties in your job.

6. Have you worked for any other employers during the past five years? If yes, what was the nature of your employment?

7. Do you have legal training or have you worked in the legal profession?

8. Have you ever served in the military?

9. In your current or any former job, have you supervised other people? If yes, what is the largest number of employees you have supervised at one time?

10. In your current or any former job, have you ever been responsible for managing, negotiating, or arranging business transactions between two or more companies? If yes, what type of business transactions?

11. Are you married, in a civil union, or in a domestic partnership? If yes, for how long, and what does your spouse or partner do for a living?

12. Are there any other people living in your household? If yes, what do they do for a living?

13. If you have adult children, what do your children and their domestic partners, if any, do for a living?

14. What is your main source of news—newspaper, television, websites, or other sources?

15. What magazines or newspapers do you read? How many times a week do you read those sources?

16. What television shows do you watch?

17. What radio programs and/or podcasts do you listen to?

18. What social media do you use most frequently (*e.g.*, Facebook, Twitter, Instagram, etc.)?

19. How do you like to spend your free time?

20. Are you a member of any clubs, or social or political organizations? If yes, please list those organizations and any leadership positions you have held.

**Experience with the Legal System**

21. Do you have any opinions about lawyers, positive or negative, that would make it difficult for you to be fair and impartial?

22. Have you ever served on any jury or grand jury before? If yes:

    (a) What type of case was it?

    (b) Did the jury return a verdict (please do not state what the verdict was)?

    (c) Have you ever served as the foreperson on any jury or grand jury?

23. If you sat as a juror in a civil case, do you understand that the standard of proof in a criminal trial (such as this one) is different than the standard of proof in a civil trial?

24. Have you, or any relative or close friend, ever appeared as a witness in a criminal case? If yes, what was the case about?

25. Have you, or any relative or close friend, ever been involved in a government investigation, including by the SEC, FBI or any federal, state or local agency?

26. Have you, or any relative or close friend, ever been questioned by any law enforcement officer, whether federal, state or local?

27. Have you, or any relative or close friend, ever been the victim of a crime, whether it was reported or not? If yes, what was the crime?

28. Have you, or any relative or close friend, ever been arrested for, charged with or convicted of a crime?

29. Have you had any experience with law enforcement that would affect the way you would consider the evidence presented in this case – either positively or negatively?

30. Do you believe that the testimony of a law enforcement officer or official should be given either greater or lesser weight than other types of witnesses?

31. Do you believe that if a lawyer for the government or a law enforcement officer says that something is true, it must be true, or at least likely true?

32. Have you, or any relative or close friend, ever been a member of any group that lobbies or takes positions on law enforcement issues?

33. Do you know or have you had any association with any employee of any federal, state or local law enforcement agency?

34. Have you, or any relative or close friend, ever been employed by any prosecutor's office, whether local, state or federal?

35. Do you know or have you had any association with any employee of the United States Attorney's Office for the Southern District of New York?

36. Have you, or any relative or close friend, ever been employed by the United States government or by any of its offices, departments or agencies, such as the SEC or the Federal Bureau of Investigation, or "FBI"?

37. Do you have any family or friends who are judges, law clerks, court attendants, court clerks or any other type of court personnel?

38. Do you think the fact that the federal government is a party here might affect the way you would think about this case?

39. Have you, or any relative or close friend, ever been involved in a lawsuit or dispute with the federal government or any federal agency?

40. Have you, or any relative or close friend, been involved in a lawsuit of any kind before?

**Experience with the Subject Matter of the Case**

41. Have you, or any relative or close friend, worked in the brand management field? If yes, please describe the nature of the work.

42. Have you, or any relative or close friend, worked in the fashion or apparel industry in any capacity, such as design, marketing, advertising or sales? If yes, please describe the nature of the work.

43. Have you, or any relative or close friend, been involved directly or indirectly with the licensing of brands or of other intellectual property? If yes, please explain.

44. Have you, or any relative or close friend, ever worked at a public company (that is, a company that issues publicly traded stock or other securities)? If yes, in what capacity?

45. Have you, or any relative or close friend, ever worked in the finance, securities or accounting industries? If yes, did that role include any responsibilities with respect to financial reporting?

46. Have you, or any relative or close friend, ever worked at an accounting firm or in an accounting, auditing or bookkeeping position?

47. Have you, or any relative or close friend, taken any courses or had any training in business, finance, accounting or auditing?

48. Have you ever been involved in any type of audit at work, where you or your department was audited?

49. Have you, or any relative or close friend, invested in the stock market, whether through individual stocks, mutual funds, hedge funds or otherwise?

50. Have you, or any relative or close friend, ever worked as a stock broker or for an investment firm, such as a hedge fund, mutual fund or other asset management firm, that invested in stocks or other publicly traded securities?

51. Have you, or any relative or close friend, ever lost what you consider to be a significant amount of money in the stock market?

52. Do you receive annual reports or financial statements from corporations or mutual funds? If yes, do you read them?

53. Is there anything about your own investment experience, or views on the securities industry, that someone should know in considering whether you could be fair and impartial in this case?

54. Have you, or any relative or close friend, ever worked for, or invested in, a company where questions were raised about the accuracy of the company's accounting or financial reporting?

55. Have you, or any relative or close friend, been the subject of a tax audit?

56. Have you, or any relative or close friend, ever worked for, or invested in, a company where a senior executive was accused of wrongdoing?

57. How do you feel about senior-level corporate executives who have made large sums of money?

58. Do you think that there may be some relationship between how wealthy an individual is and how likely they are to break the law?

59. Do you believe that regardless of a person's personal wealth or lack of personal wealth they are entitled to a fair trial, including the presumption of innocence?

60. Do you feel that senior-level corporate executives deserve or are worth the amount that they earn?

61. Accounting decisions may involve the application of judgment as opposed to bright line rules. Would you have any difficulty applying this principle?

62. Do you have any significant feelings one way or the other about a case in which a CEO is charged with a crime?

63. Do you feel that if a person is accused of wrongdoing, he is likely guilty?

64. Does the fact that this case involves the securities industry or allegations of securities fraud potentially make it difficult for you to be a fair and impartial juror?

65. The government regulates and supervises the financial industry and the selling and trading of stocks. Do you have any opinions, positive or negative, about the government's regulation of the financial industry and securities that may impact your ability to be a fair and impartial juror?

66. Do you, or any relative or close friend, have experience in information technology, or "IT"?

**Knowledge of the Case, the Parties or Witnesses**

67. Have you read or heard anything about this case other than what I have told you? If yes:

    (a) What have you read/heard and from what source did you read/hear it?

    (b) Based on what you heard or read, have you formed any opinions or views one way or the other about Mr. Cole's innocence or guilt in this case?

68. Do you have any personal knowledge of or familiarity with Iconix? If yes, what do you know about Iconix and what is the source of that information?

69. Have you had any dealings, directly or indirectly, with Mr. Cole, or with any relative, friend or associate of Mr. Cole?

70. Mr. Cole is represented by Lorin Reisner, Richard Tarlowe and Andrew Reich of the law firm Paul, Weiss, Rifkind, Wharton & Garrison.

    (a) Do you know any of these attorneys or their law firm?

    (b) Have you, or any relative or friend, had any dealings, either directly or indirectly, with any of the individuals I just mentioned or with their law firm?

71. The government is represented by the United States Attorney for the Southern District of New York, Audrey Strauss. The trial of this matter is being handled by Assistant United States Attorneys [names to be provided by the government]. They will be assisted by Paralegal Specialist [name to be provided by the government] and Federal Bureau of Investigation Special Agent [name to be provided by the government].

    (a) Do you know any of these individuals?

    (b) Have you, or any relative or friend, had any dealings, either directly or indirectly, with any of these individuals or with the United States Attorney's Office?

    (c) Do you have any feelings—bias, sympathy or prejudice—for or against the government which would make it difficult for you to render a fair and impartial judgment based solely on the evidence presented at trial?

72. Do you know of, or have you had any dealings with any of the people identified in Schedule A, who may be mentioned or who may be witnesses in this case?

73. Have you had any dealings with any of the companies or entities identified in Schedule B that may be mentioned in the case?

**Duty as Jurors**

74. The indictment is not evidence itself. It simply contains the charges that the government is required to prove beyond a reasonable doubt. The fact that a defendant has been indicted is entitled to no weight in deciding whether a defendant is innocent or guilty. Do you have any concerns with this principle?

75. In this case, Mr. Cole is presumed to be innocent. He starts the trial with a clean slate. The presumption of innocence would require that you find Mr. Cole not guilty, unless you become satisfied that the government has proved guilt beyond a reasonable doubt. That burden of proof rests upon the prosecution at all times and never shifts to the defendant. The

        presumption of innocence means that Mr. Cole has no obligation or duty to prove his innocence or to offer any proof or evidence at all.

        Would you have any difficulty presuming Mr. Cole to be innocent of all charges and finding him not guilty unless the government proves to you—beyond a reasonable doubt—that he committed the offenses charged?

76. Do you think that because Mr. Cole has been charged by the government and is here on trial, he must have done something wrong, or there must be some reason for his being here?

77. Do you think that the number of charges in the indictment means Mr. Cole must have done something wrong?

78. If at the end of this case, you have a gut feeling that the defendant may have committed the crimes with which he is charged, but the government did not meet its burden of proving the defendant's guilt beyond a reasonable doubt, would you hesitate to find the defendant not guilty? How many of you would follow your "gut" feeling as opposed to the law?

79. You will hear evidence in this trial of criminal activity committed by people other than the defendant. Those other individuals are not on trial here. You may not draw any inference, favorable or unfavorable, towards the government or the defendant from that fact. You also may not speculate as to the reason why other persons are not on trial. Is there any juror who cannot follow this instruction or who for this reason would have difficulty rendering a fair and impartial verdict?

80. You may hear testimony in this case by expert witnesses. Let me advise you that the use of expert testimony is proper. Have any of you had any experiences with experts or do you have any general feelings about the use of experts that would make it difficult for you to render a wholly fair and impartial verdict?

81. Under the law, the defendant does not have to testify in his defense or present any witnesses or evidence. If the defendant does not testify, the jury cannot draw any unfavorable inferences against the defendant based on that decision. The fact that the defendant did not testify may not enter into the jury's deliberation. Would you have any difficulty following this principle?

82. If defense counsel does decide to put on a case on the defendant's behalf, that fact does not shift the burden of proof to the defendant, nor does it diminish the government's obligation to prove the defendant's guilt beyond a reasonable doubt. Would you have any difficulty following this principle?

83. Under the law, you may only use the evidence presented here in this Court to determine whether the government has met its burden in proving the defendant's guilt beyond a reasonable doubt. Would you have any difficulty accepting this legal proposition?

84. The facts are for the jury to determine and the law is for the Court to determine. The two areas are separate and distinct. At the beginning of the case and again at the end of the case, I will instruct you on the law and you are required to accept the law as I explain it to you. It will be your job to determine the facts pursuant to my explanation of the law. Do you have difficulty accepting this?

85. Do you have any opinion about Mr. Cole's innocence or guilt?

86. Do you know of any reason why you would be prejudiced for or against the United States or Mr. Cole that has not been addressed?

87. Do you have any religious, philosophical, moral or other belief that might make you unable to render a guilty or not guilty verdict for reasons unrelated to the law and the evidence?

88. Is there anything else that you have not specifically been asked but you think the parties and this Court should know because it may have some bearing on your ability to serve as a fair and impartial juror?

**Jury Service**

89. Do you have any special needs or require a reasonable accommodation to help you in listening, paying attention, reading printed materials, deliberating or otherwise participating as a juror, or that would make it difficult or impossible to serve as a juror?

90. Are you taking any medication, or do you have any medical condition, that would prevent you from giving your full attention to all of the evidence at this trial?

91. Do you have any difficulty reading, speaking or understanding the English language?

92. Do you have an unusual financial hardship that would prevent you from serving as a juror in this case?

93. If selected to participate as a juror, would you be able to reach a verdict based solely on the facts and documents in evidence and the law as the Court will instruct you, disregarding other ideas, notions or beliefs about the law that you may have encountered elsewhere?

## **SCHEDULE A**

Do you know or have any connection (personal, business or social) with any of the following individuals who may either be called as witnesses at trial or mentioned during trial?

[Names to be provided prior to the start of jury selection]

## **SCHEDULE B**

Do you know or have any connection (personal, business or social) with any of the following entities that may be mentioned during trial?

[Names to be provided prior to the start of jury selection]

Dated:  September 10, 2021

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

By: /s/ Lorin L. Reisner
    Lorin L. Reisner
    Richard C. Tarlowe
    Andrew D. Reich
    1285 Avenue of the Americas
    New York, New York 10019
    T:  212-373-3000

*Attorneys for Neil Cole*