UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

v.

NEIL COLE,

Defendant.

19 Cr. 869 (ER)

## PROPOSED REQUESTS TO CHARGE ON BEHALF OF NEIL COLE

PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
Lorin L. Reisner
Richard C. Tarlowe
Andrew D. Reich
1285 Avenue of the Americas
New York, New York 10019
T:  212-373-3000

*Attorneys for Neil Cole*

# TABLE OF CONTENTS

**Page**

Request No. 1 –   Introductory Remarks ................................................................. 1

Request No. 2 –   Role of Jury ............................................................................... 3

Request No. 3 –   Government Treated Like Any Other Party ............................... 4

Request No. 4 –   Burden of Proof ........................................................................ 5

Request No. 5 –   Reasonable Doubt ..................................................................... 6

Request No. 6 –   The Indictment .......................................................................... 7

Request No. 7 –   Conspiracy and Substantive Counts .......................................... 10

Request No. 8 –   Count Two—Securities Fraud:  The Nature and Elements of the Offense ..... 12

Request No. 9 –   Count Two—Securities Fraud:  Scheme or Artifice to Defraud (First Element) ................................................................................................. 14

Request No. 10 –  Count Two—Securities Fraud:  Knowledge, Willfulness, Intent (Second Element) .................................................................................. 17

Request No. 11 –  Count Two—Securities Fraud:  Instrumentality of Interstate Commerce (Third Element) .......................................................................... 20

Request No. 12 –  Counts Three through Eight—False Statements to the SEC:  The Nature and Elements of the Offense .............................................................. 22

Request No. 13 –  Counts Three through Eight—False Statements to the SEC:  Required Filings (First Element) ........................................................................ 24

Request No. 14 –  Counts Three through Eight—False Statements to the SEC:  False Statement (Second Element) .................................................................. 25

Request No. 15 –  Counts Three through Eight—False Statements to the SEC:  Materiality (Third Element) ........................................................................... 26

Request No. 16 –  Counts Three through Eight—False Statements to the SEC:  Made or Caused to Be Made (Fourth Element) ........................................................ 27

Request No. 17 –  Counts Three through Eight—False Statements to the SEC:  Knowledge, Willfulness, Intent (Fifth Element) .......................................... 28

Request No. 18 –  Count Nine—Improperly Influencing the Conduct of Audits:  The Nature and Elements of the Offense .............................................................. 29

Request No. 19 –  Count Nine—Improperly Influencing the Conduct of Audits:  Officer or Director of An Issuer (First Element) ............................................. 30

Request No. 20 –  Count Nine—Improperly Influencing the Conduct of Audits:  Materially False or Misleading Statement (Second Element) ................................. 31

Request No. 21 –  Count Nine—Improperly Influencing the Conduct of Audits:  Knowledge, Willfulness, Intent (Third Element) .............................................. 32

Request No. 22 –  Count One—Conspiracy:  The Nature and Elements of the Offense ............ 33

Request No. 23 –   Count One—Conspiracy:  Existence of the Conspiracy (First Element) ....... 34

Request No. 24 –   Count One—Conspiracy:  Membership in the Conspiracy (Second Element)36

Request No. 25 –   Count One—Conspiracy:  Overt Act Requirement (Third Element) ............ 38

Request No. 26 –   Count Ten—Conspiracy to Destroy, Alter And Falsify Records in Federal
Investigations:  The Nature and Elements of the Offense ............................. 40

Request No. 27 –   Count Ten—Conspiracy to Destroy, Alter And Falsify Records in Federal
Investigations:  Existence of the Conspiracy (First Element)........................ 41

Request No. 28 –   Count Ten—Conspiracy to Destroy, Alter And Falsify Records in Federal
Investigations:  Membership in the Conspiracy (Second Element)............... 42

Request No. 29 –   Count Ten—Conspiracy to Destroy, Alter And Falsify Records in Federal
Investigations:  Overt Act Requirement (Third Element).............................. 43

Request No. 30 –   Good Faith .............................................................................................. 44

Request No. 31 –   Venue ...................................................................................................... 45

Request No. 32 –   Particular Investigative Techniques [If Applicable] ............................... 46

Request No. 33 –   Guilty Plea By Government Witness ....................................................... 47

Request No. 34 –   Stipulations [If Applicable]..................................................................... 48

Request No. 35 –   Persons Not On Trial .............................................................................. 49

Request No. 36 –   Decision Not to Testify [If Applicable] .................................................. 50

Request No. 37 –   Decision to Testify [If Applicable] ......................................................... 51

Request No. 38 –   Types of Evidence ................................................................................... 52

Request No. 39 –   Direct And Circumstantial Evidence ...................................................... 54

Request No. 40 –   Inferences ................................................................................................ 56

Request No. 41 –   Charts And Summaries [If Applicable] ................................................... 57

Request No. 42 –   Credibility of Witnesses.......................................................................... 58

Request No. 43 –   Law Enforcement Testimony [If Applicable]................................. 61

Request No. 44 –   Accomplice or Cooperating Witness Testimony ........................................ 62

Request No. 45 –   Immunized Witness Testimony [If Applicable] ...................................... 64

Request No. 46 –   Expert Testimony [If Applicable]................................................... 65

Request No. 47 –   Character Evidence [If Applicable] ........................................................ 66

Request No. 48 –   Verdict Must be Based Solely on Trial Evidence ........................................ 67

Request No. 49 –   Theories of the Defense .......................................................................... 69

Request No. 50 –   Jury Deliberations ................................................................................... 70

## INTRODUCTORY REMARKS

### REQUEST NO. 1

Ladies and gentlemen, I am about to give you instructions on the law to be applied in this case.  The actual words, the letter of the law, are very important, and so it is the tradition and the practice in every court that the jury instructions, or charge, is read to the jury.

Each of you has a binder with two documents.  You have exactly what I'm going to read to you now—the charge.  I am providing this document to you for your convenience only.  You can read along with me if you'd like, or you can listen as I read—whatever makes you the most comfortable.  You will be allowed to take the charge with you as you deliberate.

Also in the binder is a verdict form, which at the end of deliberations your foreperson will sign and read here in court.  You only have to sign one verdict form but you each have a copy of it.

Members of the jury, we have almost reached that point where you are about to begin your final function as jurors which, as you all appreciate, is one of the most important duties of citizenship in this country.

My instructions to you will be in four parts.  First, I will give some introductory instructions about the role of the Court and of the jury and about the presumption of innocence and the government's burden of proof.  Second, I will describe the charges and the law governing those charges, which you will apply to the facts as you find them to be established by the evidence.  Third, I will give you instructions concerning the evaluation of evidence.  The fourth and final section of these instructions will relate to your deliberations.

Authority:  Adapted from the jury charges of the Hon. Edgardo Ramos in *United States* v. *Dawkins*, 17 Cr. 684 (ER) (S.D.N.Y. May 3, 2019) ("*Dawkins*"); *United States* v. *Moseley*, 16

Cr. 79 (ER) (S.D.N.Y. Dec. 4, 2017) ("*Moseley*"); and *United States* v. *Scott*, 17 Cr. 630 (ER) (S.D.N.Y. Nov. 20, 2019) ("*Scott*").

## ROLE OF JURY

### REQUEST NO. 2

I will first describe the role of the Court and of the jury.

It is my duty to instruct you as to the law, and it is your duty to accept these instructions of law and apply them to the facts as you determine them.  If an attorney stated a legal principle different from any that I state to you in my instructions, it is my instructions you must follow.  You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate.  You should not be concerned about the wisdom of any rule that I state.  Regardless of any opinion that you may have about what the law may be or ought to be, it would be a violation of your oath to base your verdict on any view of the law other than that which I give you.

You, the members of the jury, are the sole and exclusive judges of the facts.  You pass on the evidence, determine the credibility of witnesses, resolve such conflicts as there may be in the testimony, draw whatever reasonable inferences you decide to draw from the facts as you determine them and determine the weight of the evidence.  In doing so, remember that you took an oath to render judgment impartially and fairly, without prejudice, sympathy or fear, based solely on the evidence and the applicable law.


Authority:  Adapted from *Dawkins*; adapted from *Moseley*; adapted from *Scott*.

## <u>GOVERNMENT TREATED LIKE ANY OTHER PARTY</u>

### REQUEST NO. 3

The fact that the prosecution is brought in the name of the United States of America entitles the government to no greater consideration than that given to Mr. Cole.  By the same token, the government is entitled to no less consideration.

Authority:  Adapted from *Dawkins*; adapted from *Moseley*; adapted from *Scott*.

# BURDEN OF PROOF

## REQUEST NO. 4

The defendant, Neil Cole, has pleaded not guilty and has denied every charge against him.  That means the government has the burden of proving him guilty beyond a reasonable doubt.  That burden of proof never shifts to Mr. Cole.  A defendant in a criminal case never has the burden to call any witnesses or produce any evidence.  [Even though Mr. Cole has presented evidence in his defense, it is not his burden to prove himself not guilty.]  The burden at all times is on the government to prove each of the essential elements of the crimes charged beyond a reasonable doubt.

In other words, Mr. Cole starts with a clean slate.  He is presumed innocent of all the charges against him, and he must be presumed innocent by you throughout your deliberations until such time, if ever, that you as a jury unanimously find that the government has proven him guilty beyond a reasonable doubt.  The presumption of innocence alone requires you to find Mr. Cole not guilty if the government fails to prove him guilty beyond a reasonable doubt.

Authority:  Adapted from *Dawkins*; adapted from *Moseley*; adapted from *Scott*.

## REASONABLE DOUBT

### REQUEST NO. 5

Since, in order to convict Mr. Cole of a given charge, the government is required to prove each and every essential element of that charge beyond a reasonable doubt, the question is: what is a reasonable doubt? The words almost define themselves. It is a doubt based upon reason. It is doubt that a reasonable person has after carefully weighing all the evidence. It is a doubt that would cause a reasonable person to hesitate to act in a matter of importance in his or her personal life. Proof beyond a reasonable doubt must, therefore, be proof of a convincing character that a reasonable person would not hesitate to rely upon in making an important decision.

A reasonable doubt is not caprice or whim. It is not speculation or suspicion. It is not an excuse to avoid the performance of an unpleasant duty. The law does not require that the government prove guilt beyond all possible doubt. The law requires proof beyond a reasonable doubt.

If, after fair and impartial consideration of the evidence, you have a reasonable doubt as to Mr. Cole's guilt with respect to a particular charge against him, you must find Mr. Cole not guilty of that charge. On the other hand, if, after a fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of Mr. Cole's guilt with respect to a particular charge against him, you should find Mr. Cole guilty of that charge.

Authority: Adapted from *Dawkins*; adapted from *Moseley*; adapted from *Scott*.

**THE INDICTMENT**

**REQUEST NO. 6**

Turning to the specific charges in the Indictment, I remind you that the Indictment itself is simply a charging instrument and is not itself evidence, so it will not be presented to you.  The Indictment merely describes the charges made against Mr. Cole.  It is an accusation.  It may not be considered by you as any evidence of the guilt of Mr. Cole.  Each charge is called a "count." I will summarize the offenses charged in the Indictment and then explain in detail the elements of each offense.

The Indictment in this case contains ten counts.  Each count must be considered separately.  I will, for convenience, refer to each charge or count by its number as it appears in the Indictment.  The order of the counts is irrelevant.  Indeed, I will use a different order in instructing you as to the elements of each charge.

Count One charges that from at least in or about 2013 through at least in or about 2015, Mr. Cole conspired with others to commit securities fraud, to make false filings with the U.S. Securities and Exchange Commission, or "SEC," and to improperly influence the conduct of audits.

Counts Two charges that from at least in or about 2013 through at least in or about 2015, Mr. Cole committed securities fraud by engaging in a scheme to fraudulently inflate Iconix's publicly reported revenue and earnings per share, or "EPS."

Counts Three through Eight charge that Mr. Cole caused to be filed with the SEC certain filings that allegedly omitted material facts and allegedly contained materially misleading statements.

Count Nine charges that from at least in or about 2013 through at least in or about 2015, Mr. Cole improperly influenced the conduct of audits by making affirmative misrepresentations

to, and intentionally withholding information from, Iconix's auditor (BDO) relating to the Southeast Asia joint ventures, or "SEA JVs."

Count Ten charges that from 2014 through 2015, Mr. Cole conspired with others to destroy, alter and falsify records in an SEC investigation.

Mr. Cole has pleaded not guilty to each and every one of these charges.

A couple of observations are in order.  First, each of the ten counts charges Mr. Cole with a separate crime.  You must consider each count separately and determine whether the government has carried its burden of proof with respect to each count.  Your verdict on any single count should not control your decision on any other count.  I will provide you with a verdict form, and you will need to report the results of your deliberation on your verdict form.

In a few moments I will instruct you as to the elements of each of the charged offenses, and I will provide you with all the instructions you need to determine whether the government has proven beyond a reasonable doubt each of the elements of each charge.

Second, you will note that the Indictment alleges that certain acts occurred on or about various dates.  It is not necessary, however, for the government to prove that the alleged crimes were committed on exactly those dates.  The law requires only that the government prove beyond a reasonable doubt a substantial similarity between the dates alleged in the Indictment and the dates established by the evidence.

It also is not essential that the government prove that the charged crimes started and ended at those times specified in the Indictment.  It is sufficient if you find that the conspiracy and substantive crimes charged existed for some of the time within the period set forth in the Indictment.

Authority:  Adapted from *Moseley*; adapted from the jury charges of the Hon. Jed S. Rakoff in

*United States* v. *Petit*, 19 Cr. 850 (JSR) (S.D.N.Y. Nov. 16, 2020) ("*Petit*").

## CONSPIRACY AND SUBSTANTIVE COUNTS

### REQUEST NO. 7

As I just mentioned, Count One and Count Ten of the Indictment each charge Mr. Cole with conspiracy.  The other counts charge what we call substantive offenses.  Though I will provide you more detail later, let me briefly summarize the difference now.

A conspiracy count is different from a substantive count.  A conspiracy charge, generally speaking, alleges that two or more persons agreed to accomplish an unlawful objective.  The focus of a conspiracy count, therefore, is on whether there was an unlawful agreement.  There can be no conspiracy unless at least two people reached such an agreement.

A substantive count, on the other hand, charges a defendant with the actual commission, or with aiding and abetting or causing the actual commission, of an offense.  A substantive offense, therefore, may be committed by a single person, and it need not involve any agreement with anyone.  A conspiracy to commit a crime is an entirely separate and different offense from a substantive crime.  Since the essence of the crime of conspiracy is an agreement to commit a crime, it does not matter if the crime, the commission of which was an objective of the conspiracy, was ever committed.  In other words, if a conspiracy exists and certain other requirements are met, it is punishable as a crime even if its purpose is not accomplished.  Consequently, in a conspiracy charge, there is no need to prove that the crime or crimes that were the objective or objectives of the conspiracy actually were committed.  To give you a simple example, if two people agree to hold up a liquor store and take a substantial step to put the agreement into motion, they have committed the crime of conspiracy to commit robbery even if they never robbed the liquor store.

By contrast, conviction on a substantive count requires proof that the crime charged actually was committed or attempted, but does not require proof of an agreement.  To take the

liquor store example, there can be no substantive crime of robbery unless the liquor store actually is robbed.  Of course, if a defendant both participates in a conspiracy and commits the crime or crimes that were the object or objects of the conspiracy, that defendant may be guilty of both the conspiracy and a substantive crime or crimes.

Authority:  Adapted from *Dawkins*.

## COUNT TWO—SECURITIES FRAUD:  THE NATURE AND ELEMENTS OF THE OFFENSE

### REQUEST NO. 8

Let me turn first to the substantive counts, which are listed as Counts Two through Nine in the Indictment.  Then I will address the conspiracy counts.

Count Two of the Indictment alleges that Mr. Cole committed the substantive offense of securities fraud.  It alleges that from at least in or about 2013 through at least in or about 2015, in connection with the purchase or sale of Iconix stock, Mr. Cole knowingly and willfully engaged in a scheme to fraudulently inflate Iconix's publicly reported revenue and EPS.

In order to meet its burden of proof, the government must establish beyond a reasonable doubt each and every one of the following elements of the crime of securities fraud:

*First*, that in connection with the purchase or sale of Iconix securities, Mr. Cole did one or more of the following:  (a) employed a device, scheme or artifice to defraud; (b) made an untrue statement of a material fact, or omitted to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or (c) engaged in an act, practice, or course of business that operated, or would operate, as a fraud or deceit upon a purchaser or seller of Iconix securities;

*Second*, that Mr. Cole acted willfully, knowingly and with the specific intent to defraud; and

*Third*, that in furtherance of the fraudulent conduct, use was made of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange.

I will discuss each element in turn.

- 12 -

Authority:  Adapted from the jury charge of the Hon. J. Paul Oetken in *United States* v. *Block*, 16 Cr. 595 (JPO) (S.D.N.Y. June 29, 2017) ("*Block*"); adapted from Sand, *et al.*, Modern Federal Jury Instructions – Criminal ("Sand"), Instr. 57-20; adapted from *Petit.*

## COUNT TWO—SECURITIES FRAUD:  SCHEME OR ARTIFICE TO DEFRAUD (FIRST ELEMENT)

### REQUEST NO. 9

The first element that the government must prove beyond a reasonable doubt is that, in connection with the purchase or sale of Iconix securities, Mr. Cole did one or more of the following:  (a) employed a device, scheme or artifice to defraud; (b) made an untrue statement of material fact, or omitted to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or (c) engaged in an act, practice or course of business that operated, or would operate, as a fraud or deceit upon a purchaser or seller of Iconix securities.

It is not necessary for the government to establish all three types of fraudulent conduct. But to find that the government has proven the first element, you must be unanimous as to at least one type of unlawful conduct you find to have been proven beyond a reasonable doubt.

A "device, scheme or artifice to defraud" is merely a plan for the accomplishment of any fraudulent objective.

"Fraud" is a general term that embraces all efforts and means that individuals devise to deceive and take advantage of others.

A statement is false if it was untrue when made, and known at the time to be untrue by the person making it or causing it to be made.  A statement is misleading if it is either an untrue statement as to a material fact or if it omits to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

The Indictment alleges that Mr. Cole engaged in a scheme to fraudulently inflate Iconix's publicly reported revenue and EPS.  Therefore, in order to establish the first element of Count Two, the government must prove beyond a reasonable doubt that, from 2013 through 2015, Mr.

Cole participated in a scheme to defraud by causing Iconix to publicly report, at one or more times, revenue and EPS figures that were either materially false or that were materially misleading in that they failed to disclose material facts that were necessary to make the reported figures, in context, not misleading.

You cannot find that the government has proven the first element unless you find beyond a reasonable doubt that Mr. Cole engaged in fraudulent conduct and that such conduct was "in connection with" the purchase or sale of securities. The "in connection with" aspect of this element is satisfied if you find that there was some nexus or relation between the allegedly fraudulent conduct and the purchase or sale of Iconix stock.

If you find that the government has established beyond a reasonable doubt that a statement was false or omitted, you must next determine whether the fact misstated or omitted was "material" under the circumstances. A material fact is one that would have been significant to a reasonable investor's decision. That means that if you find a particular statement of fact or omission to have been untruthful or misleading, before you can find that statement or omission to be material, you must also find that the statement or omission was one that would have been significant to a reasonable person in making a decision whether to purchase or sell Iconix stock.

Any testimony that you may have heard from any witness with respect to whether a particular fact would or would not have been important to him or to investors in general reflects the witness's individual views. It is for you to determine whether a particular fact would have been significant to a reasonable investor in making an investment decision.

If you find that the government has not proven the first element beyond a reasonable doubt, then you must return a verdict of not guilty. If, on the other hand, you find that the

government has met its burden as to this element, you should consider the next element of the offense.

Authority:  Adapted from *Block*; adapted from Sand, Instr. 57-21; adapted from *Petit*.

## COUNT TWO—SECURITIES FRAUD:  KNOWLEDGE, WILLFULNESS, INTENT (SECOND ELEMENT)

### REQUEST NO. 10

The second element of the substantive offense charged in Count Two of the Indictment that the government must establish beyond a reasonable doubt is that Mr. Cole participated in a scheme to defraud knowingly, willfully and with a specific intent to defraud actual or potential investors in Iconix.

To "participate" in a scheme to defraud means to associate oneself with it with a view and intention to making it succeed.

An act is done "knowingly" if it is done consciously and deliberately, rather than inadvertently, and not because of ignorance, mistake, accident or carelessness.

An act is done "willfully" if it is done purposefully, with knowledge that one's conduct is unlawful, and with the knowledge that the act is something the law forbids, that is, with the purpose to disobey or disregard the law.  This includes, among other things, a requirement that a defendant had knowledge that he was engaged in a fraudulent scheme.

For a defendant to have acted with the specific intent to defraud means that he must have known of the fraudulent nature of the scheme and acted with the intent that it succeed.  In other words, to act with an "intent to defraud" means to act knowingly and with a specific intent to deceive, ordinarily—but not necessarily—for the purpose of causing some loss to another, or to bring some gain to oneself.

It is not required that the government show that Mr. Cole, in addition to knowing what he was doing and deliberately doing it, also knew that he was violating some *particular* federal statute.  But Mr. Cole must have acted with the intent to help carry out some essential step in the

execution of the scheme to defraud that is alleged in the Indictment, and he must have acted with the knowledge that his conduct was illegal.

The question of whether Mr. Cole acted knowingly, willfully and with a specific intent to defraud Iconix investors is a question of fact that you are called upon to decide, just as you determine any other fact at issue in this case.  This question involves the state of a person's mind and the purpose with which he acted at the time the acts in question occurred.

In this regard, let me advise you that Mr. Cole's good faith is a complete defense to the charges in this case.  If Mr. Cole believed in good faith that he was acting properly, even if he was mistaken in that belief, and even if others were injured by his conduct, there would be no crime. An honest mistake in judgment or an honest error in management or even carelessness does not rise to the level of criminal conduct.  Thus, just by way of example, if Mr. Cole honestly believed that Iconix's revenue and EPS figures were accurately reported, that would be a complete defense to the charge of securities fraud, even if that belief ultimately proved to be inaccurate.

While Mr. Cole has asserted that he acted in good faith, he has no burden to prove his good faith.  Rather, the government must prove bad faith and a specific intent to defraud beyond a reasonable doubt.  If the evidence in this case leaves you with a reasonable doubt as to whether Mr. Cole acted in bad faith, you must find him not guilty.

As a practical matter, then, in order to sustain the charges against Mr. Cole, the government must establish beyond a reasonable doubt that he knew that his conduct as a participant in the alleged scheme was calculated to deceive and, nonetheless, he associated himself with and took part in the alleged fraudulent scheme.

If you find that the government has not proven the second element beyond a reasonable doubt, then you must return a verdict of not guilty.  If, on the other hand, you find that the government has established beyond a reasonable doubt not only the first element, namely, the existence of a scheme to defraud, but also the second element, that Mr. Cole was a knowing participant and acted with intent to defraud, then you should consider whether the government has met its burden as to the third element of the offense of securities fraud.

Authority:  Adapted from *Block*; adapted from Sand, Instrs. 3A-1, 3A-3, 57-24; adapted from *Petit.*

## COUNT TWO—SECURITIES FRAUD:  INSTRUMENTALITY OF INTERSTATE COMMERCE
## (THIRD ELEMENT)

### REQUEST NO. 11

The third element that the government must prove beyond a reasonable doubt with respect to Count Two is that Mr. Cole knowingly used, or caused to be used, any means or instrumentality of interstate commerce, such as telephone or e-mails, or of the mails, or of any facility of any national securities exchange in furtherance of the fraudulent conduct.

It is not necessary that a defendant be directly or personally involved in any mailing or the use of the instrumentality of interstate commerce.  If Mr. Cole was an active participant in the alleged scheme and took steps or engaged in conduct that he knew or could reasonably foresee would naturally and probably result in the use of any mailing or use of instrumentality of interstate commerce, then this element would be satisfied.  When one does an act with the knowledge that the use of the mails or instrumentality of interstate commerce will follow in the ordinary course of business, or where such use can reasonably be foreseen, even though not actually intended, then he causes such means to be used.

Nor is it necessary that the items sent through any instrumentality of interstate commerce contain fraudulent material, or anything criminal or objectionable.  The matter sent may be entirely innocent.

The use of the instrumentality of interstate commerce need not be central to the execution of the scheme, and may even be incidental to it.  All that is required is that the use of instrumentality of interstate commerce bear some relation to the object of the scheme or fraudulent conduct.

Authority:  Adapted from *Block*; adapted from the jury charge of the Hon. Katherine Polk Failla in *United States* v. *Ahuja*, 18 Cr. 328 (KPF) (S.D.N.Y. July 10 2019) ("*Ahuja*"); adapted from Sand, Instrs. 57-18, 57-20, 57-25.

## COUNTS THREE THROUGH EIGHT—FALSE STATEMENTS TO THE SEC:  THE NATURE AND ELEMENTS OF THE OFFENSE

### REQUEST NO. 12

Each of Counts Three through Eight charge that Mr. Cole made or caused to be made false and misleading statements of material fact in reports and documents filed by Iconix as required by SEC rules and regulations.  The counts pertain to six different filings.  Count Three relates to Iconix's Form 8-K attaching a press release reporting Iconix's financial results for the second quarter of 2014, filed on or about July 30, 2014.  Count Four relates to Iconix's Form 10-Q for the second quarter of 2014, filed on or about August 6, 2014.  Count Five relates to Iconix's Form 8-K attaching a press release reporting Iconix's financial results for the third quarter of 2014, filed on or about October 29, 2014.  Count Six relates to Iconix's Form 10-Q for the third quarter of 2014, filed on or about November 7, 2014.  Count Seven relates to Iconix's Form 8-K attaching a press release reporting Iconix's financial results for the full year 2014, filed on or about February 27, 2015.  Count Eight relates to Iconix's Form 10-K for the full year 2014, filed on or about March 2, 2015.

In order to meet its burden of proof on Counts Three through Eight, the government must prove, as to each of the six counts, each and every one of the following five essential elements beyond a reasonable doubt:

*First*, that Iconix was required by the Securities Exchange Act of 1934 to file the document charged in that count;

*Second*, that the particular document at issue contained a false or misleading statement of fact;

*Third*, that the false or misleading statement of fact was material;

*Fourth*, that Mr. Cole made or caused to be made that false or misleading statement of material fact in the document; and

*Fifth*, that Mr. Cole acted knowingly, willfully and with an intent to defraud.


Authority:  Adapted from *Block*; adapted from *Petit.*

## COUNTS THREE THROUGH EIGHT—FALSE STATEMENTS TO THE SEC: REQUIRED FILINGS (FIRST ELEMENT)

### REQUEST NO. 13

With respect to each of Counts Three through Eight, the government must show first that Iconix was required by the Securities Exchange Act of 1934 to file the document charged in the particular count.  These reports include annual reports on Form 10-K, quarterly reports on Form 10-Q and current reports on Form 8-K.  If you find that Iconix was a public company, I instruct you that it was required to file these reports.


Authority:  Adapted from *Block*.

**COUNTS THREE THROUGH EIGHT—FALSE STATEMENTS TO THE SEC:  FALSE STATEMENT (SECOND ELEMENT)**

**REQUEST NO. 14**

The second element that the government must prove beyond a reasonable doubt as to Counts Three through Eight is that the SEC report at issue contained a false or misleading statement of fact.  As I have already instructed you, a statement is false if, at the time it was made, it was untrue, and known to be untrue by the person making it or causing it to be made; a statement is misleading if it is either an untrue statement as to a material fact or if it omits to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

## <u>COUNTS THREE THROUGH EIGHT—FALSE STATEMENTS TO THE SEC:</u> <u>MATERIALITY (THIRD ELEMENT)</u>

### REQUEST NO. 15

The third element that the government must prove beyond a reasonable doubt is that the alleged false or misleading statement of fact in the report you are considering was material.  I have already defined the term "material" for you earlier, and the same definition applies here.

## <u>COUNTS THREE THROUGH EIGHT—FALSE STATEMENTS TO THE SEC:  MADE OR CAUSED TO BE MADE (FOURTH ELEMENT)</u>

### REQUEST NO. 16

The fourth element that the government must prove beyond a reasonable doubt as to each of Counts Three through Eight is that Mr. Cole made or caused to be made the alleged false or misleading statement of material fact in the SEC report at issue.  In this regard, the government need not prove that Mr. Cole personally made or otherwise personally prepared the statement in question.  Rather, to establish this element of the offense, the government must prove beyond a reasonable doubt that Mr. Cole made, or caused to be made, the false or misleading statement of material fact in the SEC report at issue.

Authority:  Adapted from *Block*.

## COUNTS THREE THROUGH EIGHT—FALSE STATEMENTS TO THE SEC: KNOWLEDGE, WILLLFULNESS, INTENT (FIFTH ELEMENT)

### REQUEST NO. 17

The fifth element that the government must prove beyond a reasonable doubt is that Mr. Cole acted knowingly, willfully and with an intent to defraud.  I have already defined those terms, and the same definitions apply here.


Authority:  Adapted from *Petit;* adapted from *Block.*

## COUNT NINE—IMPROPERLY INFLUENCING THE CONDUCT OF AUDITS:  THE NATURE AND ELEMENTS OF THE OFFENSE

### REQUEST NO. 18

Count Nine charges Mr. Cole with improperly influencing the conduct of audits. Specifically, Count Nine charges that Mr. Cole made affirmative misrepresentations to, and intentionally withheld information from, Iconix's outside auditor (BDO) relating to the SEA JVs.

In order to find Mr. Cole guilty of Count Nine, the government must prove each and every one of the following elements beyond a reasonable doubt:

*First*, that, at the time of the alleged offense, Mr. Cole was an officer or director of an issuer;

*Second*, that Mr. Cole, directly or indirectly, made or caused to be made a materially false or misleading statement to an auditor in connection with (a) an audit or examination of the financial statements of the issuer required to be made or (b) the preparation or filing of any document or report required to be filed with the SEC.

*Third*, that Mr. Cole acted knowingly, willfully and with a specific intent to defraud the auditors.


Authority:  Adapted from *Petit;* adapted from the jury charge of the Hon. Paul A. Crotty in *United States* v. *Tomasetta*, 10 Cr. 1205 (PAC) (S.D.N.Y. Apr. 19, 2012) ("*Tomasetta*").   .

## <u>COUNT NINE—IMPROPERLY INFLUENCING THE CONDUCT OF AUDITS: OFFICER OR DIRECTOR OF AN ISSUER (FIRST ELEMENT)</u>

### REQUEST NO. 19

The first element of the offense that the government must establish beyond a reasonable doubt is that, at the time of the alleged offense, Mr. Cole was an officer or director of an issuer.

The term "issuer" as used in the statute means any person or entity that issues or proposes to issue any security.  If you find that Iconix was a public company, then it was an issuer.

The term "officer" includes a president, vice president, secretary, treasury or principal financial officer, comptroller or principal accounting officer, and any person routinely performing corresponding functions with respect to any organization whether incorporated or unincorporated.

The term "director" means any director of a corporation or any person performing similar functions with respect to any organization, whether incorporated or unincorporated.


Authority:  Adapted from *Tomasetta*; 17 C.F.R. § 240.3b–2.

## COUNT NINE—IMPROPERLY INFLUENCING THE CONDUCT OF AUDITS: MATERIALLY FALSE OR MISLEADING STATEMENT (SECOND ELEMENT)

### REQUEST NO. 20

The next element you must find beyond a reasonable doubt is that Mr. Cole directly or indirectly made or caused to be made to Iconix's auditor a materially false or misleading statement, in connection with an audit or examination of Iconix's financial statements.

I previously instructed you on the definitions of materiality and false and misleading statements, and those definitions apply here as well, except that you should consider whether the false or misleading statement would have been material to a reasonable auditor, instead of a reasonable investor.

The government must prove at least one materially false or misleading statement beyond a reasonable doubt, and in order to return a guilty verdict, all of you must agree on the same statement beyond a reasonable doubt.


Authority:  Adapted from *Petit;* adapted from *Tomasetta*.

## COUNT NINE—IMPROPERLY INFLUENCING THE CONDUCT OF AUDITS: KNOWLEDGE, WILLFULNESS, INTENT (THIRD ELEMENT)

### REQUEST NO. 21

The third element that you must find is that Mr. Cole acted knowingly, willfully and with a specific intent to defraud the company's auditors.  I previously provided you with instructions on the meaning of knowingly, willfully and intent to defraud.

Authority:  Adapted from *Petit*.

## COUNT ONE—CONSPIRACY:  THE NATURE AND ELEMENTS OF THE OFFENSE

### REQUEST NO. 22

Now that I have instructed you on the substantive counts, let me turn to the conspiracy counts.

Count One of the Indictment charges Mr. Cole with conspiracy to commit securities fraud, to make false filings with the SEC and to improperly influence the conduct of audits.

In order to satisfy its burden of proof as to Count One, the government must prove beyond a reasonable doubt each and every one of the following three elements:

*First*, that the conspiracy charged in the Indictment existed; that is, that there was an agreement or understanding between two or more people to commit the crime charged as the object of the conspiracy;

*Second*, that Mr. Cole knowingly and willfully became a member of the alleged conspiracy; and

*Third*, that one of the members of the alleged conspiracy knowingly and willfully committed at least one overt act in furtherance of the conspiracy during the life of the conspiracy.

Some of the words or phrases you have just heard have special meanings under the law.  I will now go through each of these elements in more detail to help explain what each element means, including the words with specialized meaning.  When you are applying the elements I just listed, you must use the definitions of words I instruct you to use.

Authority:  Adapted from *Scott*; adapted from *Moseley*; adapted from Sand, Instrs. 19-1, 19-2, 19-3.

## COUNT ONE—CONSPIRACY:  EXISTENCE OF THE CONSPIRACY (FIRST ELEMENT)

### REQUEST NO. 23

The first element that the government must prove beyond a reasonable doubt is the existence of the conspiracy.  Simply defined, a conspiracy is an agreement by two or more persons to violate the law.  The object of the conspiracy is the illegal goal the co-conspirators agree or hope to achieve.  In this case, the unlawful objects of the conspiracy charged in Count One are the objects of committing securities fraud, making false filings with the SEC, and improperly influencing the conduct of audits.

You should keep in mind that you need not find that the conspirators agreed to accomplish each one of these objects.  Although the finding of one unlawful objective is sufficient to satisfy the illegal purpose element, I instruct you that you, the jury, must unanimously agree on which object, if any, was the specific object or objects of the alleged conspiracy.  If the government fails to prove beyond a reasonable doubt that at least one of the unlawful objectives alleged in Count One was in fact an objective of the conspiracy, or if you cannot unanimously agree as to which of the unlawful objects alleged in the Indictment have been proven beyond a reasonable doubt, then you must find Mr. Cole not guilty as to the conspiracy charge.

Moreover, if you conclude that "an agreement" existed but that its purpose, even if unlawful, was not one of the specific unlawful objectives alleged in the Indictment, you must also find Mr. Cole not guilty as to Count One.

The first object of the conspiracy charged in the Indictment is to commit securities fraud. I have already instructed you on the substantive crime of securities fraud during my instructions on Count Two.  You should consider those instructions in determining whether the government

has proven that there was an unlawful agreement to commit securities fraud as an object of the alleged conspiracy.

The second object of the conspiracy charged in the Indictment is making, or causing to be made, false statements of material fact in reports and documents filed by Iconix as required by SEC rules and regulations.  I have already instructed you on the substantive crime of making false statements in filings with the SEC during my instructions on Counts Three through Eight. You should consider those instructions in determining whether the government has proven that there was an unlawful agreement to make false statements in SEC filings.

The third and final object of the conspiracy charged in the Indictment is improperly influencing the conduct of audits.  I have already instructed you on the substantive crime of improperly influencing the conduct of audits during my instructions on Count Nine.  You should consider those instructions in determining whether the government has proven that there was an unlawful agreement to improperly influence the conduct of audits.


Authority:  Adapted from *Dawkins*; adapted from *Scott*; adapted from *Block*; adapted from Sand, Instr. 19-4.

## COUNT ONE—CONSPIRACY:  MEMBERSHIP IN THE CONSPIRACY (SECOND ELEMENT)

### REQUEST NO. 24

If you find that the government has proven beyond a reasonable doubt that the conspiracy charged in Count One of the Indictment existed, then you must consider the second element of the crime.  The second element that the government must prove beyond a reasonable doubt is that Mr. Cole knowingly and willfully became a member of the conspiracy charged.

I have already defined the terms "knowingly" and "willfully" for you earlier, and the same definitions apply here.

In short, in deciding whether Mr. Cole became a member of the conspiracy, you must consider whether Mr. Cole intentionally and voluntarily joined a conspiracy knowing its unlawful purpose and with the intent of furthering the conspiracy's objective.

You must determine whether Mr. Cole had the required knowledge and willfulness based on the facts proved during the trial.  To knowingly and willfully become a member of the conspiracy, a defendant need not have known the identities of each and every other member, nor need he have been apprised of all of their activities.  Moreover, a defendant need not have been fully informed as to all the details or the scope of the conspiracy in order to justify an inference of knowledge on his part.  A defendant must, however, have agreed to participate in the alleged conspiracy with knowledge of its object or objects.  Here, as I stated, the objects of the alleged conspiracy were the objects of committing securities fraud, making false filings with the SEC, and improperly influencing the conduct of audits.

I want to caution you that a person's mere association with a member of the conspiracy does not make that person a member of the conspiracy, even when that association is coupled with knowledge that a conspiracy is occurring.  In other words, knowledge of or acquiescence in

the unlawful plan without agreement to participate in it is not sufficient.  Moreover, the fact that the acts of a defendant, without knowledge, merely happen to further the purposes or objectives of a conspiracy does not make him a member of the conspiracy.  A person may know, supervise, work with, or be friendly with a member of a conspiracy, without being a conspirator himself. Mere similarity of conduct or the fact that individuals may have worked together and discussed common aims and interests does not make them members of a conspiracy.  What is necessary is that a defendant participated in the conspiracy with knowledge of its unlawful purpose and with an intent to aid in the accomplishment of its unlawful purpose.

Authority:  Adapted from *Dawkins*; adapted from *Block*; adapted from Sand, Instr. 19-6.

## COUNT ONE—CONSPIRACY:  OVERT ACT REQUIREMENT (THIRD ELEMENT)

### REQUEST NO. 25

The third element is the requirement of an overt act.  To sustain its burden of proof with respect to the conspiracy charged in Count One of the Indictment, the government must prove beyond a reasonable doubt that one of the members of the alleged conspiracy knowingly and willfully performed at least one overt act in furtherance of the objects of the conspiracy, and that this overt act was performed during the existence or life of the conspiracy, and was done to somehow further the goal or goals of the conspiracy or agreement.

An "overt act" is any outward, objective action performed by one of the members of a conspiracy intended to help achieve the object of the conspiracy.  An overt act itself can be entirely innocent and legal on its own, but it must contribute to the goals of the conspiracy.

Count One of the Indictment contains a section entitled "Overt Acts."  These overt acts are examples of conduct alleged to have been undertaken by members of the conspiracy to promote the illegal objectives of the conspiracy.  In order for the government to satisfy this element, it is not required that all of the overt acts alleged in the Indictment or even any of the overt acts contained in the Indictment be proven; however, you must unanimously agree that the same overt act was committed.

Similarly, you need not find that Mr. Cole committed the overt act.  It is sufficient for the government to show that one of the alleged conspirators knowingly committed an overt act in furtherance of the conspiracy, since such an act becomes, in the eyes of the law, the act of all of the members of the conspiracy.

The overt act need not have been committed at precisely the times alleged in the Indictment.  It is sufficient if you are convinced beyond a reasonable doubt that it occurred at or about the time and place stated, as long as it occurred while the conspiracy was still in existence.

- 38 -

Authority:  Adapted from *Dawkins*; adapted from *Block*; adapted from Sand, Instrs. 19-7, 19-8.

## COUNT TEN—CONSPIRACY TO DESTROY, ALTER AND FALSIFY RECORDS IN FEDERAL INVESTIGATIONS:  THE NATURE AND ELEMENTS OF THE OFFENSE

### REQUEST NO. 26

Count Ten of the Indictment charges Mr. Cole with conspiracy to destroy, alter and falsify records in a federal investigation.

As I explained in reference to the conspiracy charged in Count One, in order to satisfy its burden of proof as to the conspiracy charged in Count Ten, the government must prove beyond a reasonable doubt each and every one of the following three elements:

*First*, that the conspiracy charged in the Indictment existed; that is, that there was an agreement or understanding between two or more people to commit the crime charged as the object of the conspiracy in the Indictment;

*Second*, that Mr. Cole knowingly and willfully became a member of the alleged conspiracy; and

*Third*, that one of the members of the alleged conspiracy knowingly and willfully committed at least one overt act in furtherance of the conspiracy during the life of the conspiracy.

Authority:  Adapted from *Scott*; adapted from *Moseley*; adapted from Sand, Instrs. 19-1, 19-2, 19-3.

- 40 -

## COUNT TEN—CONSPIRACY TO DESTROY, ALTER AND FALSIFY RECORDS IN FEDERAL INVESTIGATIONS:  EXISTENCE OF THE CONSPIRACY (FIRST ELEMENT)

### REQUEST NO. 27

The first element that the government must prove beyond a reasonable doubt is the existence of the conspiracy.  According to the Indictment, the object of the conspiracy alleged in Count Ten is the offense of destroying, altering and falsifying records in a federal investigation. That offense has three elements:

*First*, that two or more people agreed to destroy, alter or falsify any record, document, or object that can be used to record or preserve information;

*Second*, that they acted knowingly; and

*Third*, that they acted with the intent to impede, obstruct or influence an investigation of a matter within the jurisdiction of an agency of the United States, or in relation to or contemplation of such a matter.  I instruct you that the SEC is an agency of the federal government.


Authority:  Adapted from *Dawkins*; adapted from *Scott*; adapted from *Block*; adapted from the jury charge of the Hon. Ronnie Abrams in *United States* v. *Fitts*, 19 Cr. 341 (RA) (S.D.N.Y. Aug. 29, 2019); adapted from the jury charge of the Hon. Dora L. Irizarry in *United States* v. *Sampson*, 13 Cr. 269 (DLI) (E.D.N.Y. July 16, 2015); adapted from Sand, Instr. 19-4, 46-79.

## COUNT TEN—CONSPIRACY TO DESTROY, ALTER AND FALSIFY RECORDS IN FEDERAL INVESTIGATIONS:  MEMBERSHIP IN THE CONSPIRACY (SECOND ELEMENT)

### REQUEST NO. 28

If you find that the government has proven beyond a reasonable doubt that the conspiracy charged in Count Ten of the Indictment existed, then you must consider the second element of the crime.  The second element that the government must prove beyond a reasonable doubt is that Mr. Cole knowingly and willfully became a member of the conspiracy charged.  I have already explained the knowingly and willfully elements of a conspiracy, and you should apply that instruction here.

## <u>COUNT TEN—CONSPIRACY TO DESTROY, ALTER AND FALSIFY RECORDS IN FEDERAL INVESTIGATIONS:  OVERT ACT REQUIREMENT (THIRD ELEMENT)</u>

### REQUEST NO. 29

The third element is the requirement of an overt act.  To sustain its burden of proof with respect to the conspiracy charged in Count Ten of the Indictment, the government must show beyond a reasonable doubt that one of the members of the alleged conspiracy knowingly and willfully performed at least one overt act in furtherance of the objectives of the conspiracy, and that this overt act was performed during the existence or life of the conspiracy, and was done to somehow further the goal or goals of the conspiracy or agreement.  I have already explained this element of a conspiracy, and you should apply that instruction here.

## **GOOD FAITH**

### **REQUEST NO. 30**

Good faith on the part of Mr. Cole is a complete defense to each and every one of the charges in this case.  If Mr. Cole believed in good faith that he was acting properly, even if he was mistaken in that belief, and even if others were injured by his conduct, he cannot be found guilty.  An honest mistake in judgment or an honest error in management or even carelessness does not rise to the level of criminal conduct.  By way of example, if Mr. Cole honestly believed that Iconix's revenue and EPS figures were accurately reported, that would be a complete defense to the securities fraud charges, even if that belief ultimately proved to be inaccurate. Similarly, if Mr. Cole honestly believed the SEC filings referenced in Counts 3 through 8 were accurate, that would be a complete defense to those charges, even if that belief ultimately proved to be inaccurate.  I wish to remind you, however, that Mr. Cole has no burden to prove his good faith.  Rather, the government must prove bad faith and intent to defraud beyond a reasonable doubt.  If the evidence in this case leaves you with a reasonable doubt as to whether Mr. Cole acted in bad faith, or with an intent to defraud, then you must find him not guilty.


Authority:  Adapted from *Block*; adapted from *Scott*; adapted from Sand, Instr. 8-1.

## **VENUE**

## **REQUEST NO. 31**

Federal law provides rules that govern where – that is, in what district – a criminal prosecution may be brought by the government.  These are known as venue rules.  In addition to all of the elements I have described, you must also decide whether any act in furtherance of each of the charged crimes occurred within the Southern District of New York, which includes all of Manhattan, the Bronx, and Westchester, Rockland, Putnam, Dutchess, Orange, and Sullivan counties.   This means that, with regard to each count, you must decide whether the crime charged in a particular count or any act committed to further or promote the crime occurred within the Southern District of New York.

I note that on the issue of venue and this issue alone, the government need not establish that venue is proper beyond a reasonable doubt.  It is sufficient if the government proves venue by a preponderance of the evidence.  To prove something by a preponderance of the evidence means to prove that it is more likely true than not true.  It is determined by considering all of the evidence and deciding which evidence is more convincing.  Thus, the government has satisfied its venue obligations if you conclude that it is more likely than not that the crime charged or any act in furtherance of the crime you are considering for a particular count occurred in the Southern District of New York.

If you find that the government has failed to prove this venue requirement by preponderance of the evidence with respect to any one of the charges in the Indictment, then you must acquit Mr. Cole of that charge.


Authority: Adapted from *Scott*; adapted from *Moseley*.

## PARTICULAR INVESTIGATIVE TECHNIQUES [IF APPLICABLE]

## REQUEST NO. 32

You have heard reference in the arguments of defense counsel in this case to the fact that certain investigative techniques were or were not used by law enforcement authorities.  There is no legal requirement that law enforcement agents investigate crimes in a particular way or that the government prove its case through any particular means.  While you are to carefully consider the evidence presented, you are not to speculate as to why law enforcement used the techniques that they did, or why they did not use other techniques.  Your concern is to determine whether or not, based on the evidence or lack of evidence, the guilt of Mr. Cole has been proven beyond a reasonable doubt.


Authority:  Adapted from *Dawkins*; adapted from *Moseley*; adapted from *Scott*.

## <u>GUILTY PLEA BY GOVERNMENT WITNESS</u>

### REQUEST NO. 33

You have heard testimony from Seth Horowitz, a government witness who pled guilty to charges arising out of transactions and allegations at issue in this case.  You are instructed that you are to draw no conclusions or inferences of any kind about the guilt of Mr. Cole from the fact that a prosecution witness pled guilty to similar charges.  That witness's decision to plead guilty was a personal decision about his own guilt.  It may not be used by you in any way as evidence against or unfavorable to Mr. Cole.


Authority:  Adapted from *Dawkins*; adapted from *Scott*.

## STIPULATIONS [IF APPLICABLE]

### REQUEST NO. 34

In this case you have heard evidence in the form of stipulations of testimony.  A stipulation of testimony is an agreement between the parties that, if called as a witness, the person would have given certain testimony.  You must accept as true the fact that the witness would have given that testimony.  However, it is for you to determine the effect to be given to that testimony.

In this case, you have also heard evidence in the form of stipulations of fact.  A stipulation of fact is an agreement between the parties that a certain fact is true.  You must regard such agreed-upon facts as true.

Authority:  Adapted from *Dawkins*; adapted from *Scott*.

## **PERSONS NOT ON TRIAL**

### **REQUEST NO. 35**

You may not draw any inference, favorable or unfavorable, towards the government or Mr. Cole, from the fact that any person in addition to Mr. Cole is not on trial here.  You also may not speculate in any way as to the reason or reasons why other persons are not on trial.  Those matters are wholly outside your concern and have no bearing on your function as jurors.


Authority:  Adapted from *Dawkins*; adapted from *Scott*.

## DECISION NOT TO TESTIFY [IF APPLICABLE]

### REQUEST NO. 36

The defendant in a criminal case never has a duty to testify or to come forward with any evidence.  This is because, as I have told you, the burden of proof beyond a reasonable doubt remains on the government at all times, and Mr. Cole is presumed innocent.  In this case, Mr Cole did not testify.  Under our constitution, a defendant has no obligation to testify or to present any evidence, because it is the government's burden to prove Mr. Cole guilty beyond a reasonable doubt.  That burden remains with the government throughout the entire trial and never shifts to Mr. Cole.  A defendant is never required to prove that he is innocent.  You may not attach any significance to the fact that Mr. Cole did not testify.  No adverse inference against him may be drawn by you because he did not take the witness stand.  You may not consider this against Mr. Cole in any way in your deliberations in the jury room.


Authority:  Adapted from *Dawkins*; adapted from *Scott*.

## DECISION TO TESTIFY [IF APPLICABLE]

### REQUEST NO. 37

In a criminal case, a defendant cannot be required to testify.  But, if he chooses to testify, he is, of course, permitted to take the witness stand on his own behalf.  In this case, Mr. Cole decided to testify, and he was subject to cross-examination, like any other witness.  You should examine and evaluate Mr. Cole's testimony just as you would the testimony of any witness.  You should not disregard this testimony simply because he is charged as the defendant in this case.

The fact that Mr. Cole elected to testify does not shift the burden of proof to him.  The burden remains at all times on the government to prove the elements of each offense beyond a reasonable doubt.


Authority:  Adapted from *Dawkins*; adapted from *Moseley*; adapted from *Block*.

# TYPES OF EVIDENCE

## REQUEST NO. 38

You are to consider only the evidence in the case.  The evidence in this case is the sworn testimony of the witnesses, the exhibits received in evidence and stipulations to which the parties have agreed.  Anything that you may have seen or heard about this case outside the courtroom is not evidence and must be entirely disregarded.

Exhibits which have been marked for identification but not received into evidence may not be considered by you as evidence.  Only those exhibits received into evidence may be considered as evidence.

It is for you alone to decide the weight, if any, to be given to the testimony and stipulations you have heard and the exhibits you have seen.  Testimony that I have excluded or stricken is not evidence and may not be considered by you in rendering your verdict.

You are not to consider as evidence questions asked by the lawyers.  It is the witnesses' answers that are evidence, not the questions.  Arguments by the attorneys are not evidence because the attorneys are not witnesses.  What they have said to you in their opening statements and their summations is intended to help you understand the evidence to reach your verdict.  If, however, your recollection of the evidence differs from the statements made by the advocates in their opening statements or summations, it is your recollection that controls.

Finally, any statements or rulings that I may have made do not constitute evidence. Because you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to what the facts are or what the verdict should be.  The rulings I've made during the trial are not any indication of my views.  Also, you should not draw any inference from the fact that I may on occasion have asked certain questions of witnesses.  These questions were intended only to clarify or expedite, and are not any indication of my view of the evidence.  In short, if

anything I have said or done seemed to you to indicate an opinion related to any matter you need

to consider, you must disregard it.


Authority:  Adapted from *Dawkins*; adapted from *Moseley*; adapted from *Scott*.

## <u>DIRECT AND CIRCUMSTANTIAL EVIDENCE</u>

## REQUEST NO. 39

There are two types of evidence that you may properly use in reaching your verdict.  One type of evidence is called direct evidence.  One kind of direct evidence is a witness's testimony about something he knows by virtue of his own senses—something the witness has seen, felt, touched or heard.  Direct evidence may also be in the form of an exhibit.

The other type of evidence is circumstantial evidence.  Circumstantial evidence is evidence that tends to prove one fact indirectly by proof of other facts.  Here is a simple example of circumstantial evidence:

Assume that we came to the courthouse this morning, the sun was shining and it was a nice day.  Assume that the courtroom blinds are drawn and you cannot look outside.  As you're sitting here, someone walks in with an umbrella that is dripping wet.  Somebody else then walks in with a raincoat that is also dripping wet.  You cannot look outside the courtroom and you cannot see whether or not it is raining, so you have no direct evidence of that fact.  But on the combination of the facts that I've asked you to assume, it would be reasonable and logical for you to conclude that, between the time you arrived at the courthouse and the time that these people walked in, it had started to rain.

 That is all there is to circumstantial evidence.  You infer on the basis of reason and experience and common sense from an established fact the existence or nonexistence of some other fact.

Many facts, such as a person's state of mind, can only rarely be proved by direct evidence.  Circumstantial evidence is of no less value than direct evidence.  You are to consider both direct and circumstantial evidence.  The law makes no distinction between the two, but

simply requires that before convicting a defendant, you, the jury, must be satisfied of his guilt

beyond a reasonable doubt from all of the evidence in the case.


Authority:  Adapted from *Dawkins*; adapted from *Moseley*; adapted from *Scott*.

**<u>INFERENCES</u>**

**REQUEST NO. 40**

I have used the term "infer," and the lawyers in their arguments may have asked you to draw certain inferences. When you draw an inference, you conclude, from one or more established facts, that another fact exists, and you do so on the basis of your reason, experience and common sense. The process of drawing inferences from facts in evidence is not a matter of guess work, suspicion or speculation. An inference is a reasoned, logical deduction, or conclusion that you, the jury, may draw—but are not required to draw—from the facts which have been established by either direct or circumstantial evidence.

In considering inferences, you should use your common sense and draw from the facts which you find to be proven, whatever reasonable inferences you find to be justified in light of your experience.

Authority: Adapted from *Dawkins*; adapted from *Moseley*; adapted from *Scott*.

## <u>CHARTS AND SUMMARIES [IF APPLICABLE]</u>

## **REQUEST NO. 41**

Some of the exhibits that were admitted into evidence were in the form of charts and summaries.  I decided to admit these charts and summaries in place of, or in addition to, the underlying documents that they represent, in order to save time and avoid unnecessary inconvenience.  You should consider these charts and summaries as you would any other evidence.

There have also been summary charts and exhibits introduced merely as a summary and analysis of testimony and documents in the case.  These charts and exhibits act as visual aids for you.  They are not, however, evidence in themselves.  They are graphic demonstrations of underlying evidence.  It is the underlying evidence and the weight which you attribute to it that gives value and significance to these charts.  To the extent that the charts conform to what you determine the underlying facts to be, you should accept them.  To the extent the charts differ from what you determine the underlying evidence to be, you may reject them.

Authority:  Adapted from *Moseley*; adapted from *Scott*.

## CREDIBILITY OF WITNESSES

### REQUEST NO. 42

Now, for the important subject of evaluating testimony.  How do you evaluate the credibility or believability of the witnesses?  The answer is that you use your plain common sense.  There is no magic formula by which you can evaluate testimony.  You should use the same tests of truthfulness that you would use in determining matters of importance in your everyday lives.  You should ask yourselves:

Did the witness impress you as honest, open and candid, or was the witness evasive and edgy, as if hiding something?

How did he or she appear—that is, his or her bearing, behavior, manner and appearance—while testifying?

How responsive was the witness to the questions asked on direct examination and on cross-examination?

You should consider the opportunity the witness had to see, hear and know about the things about which he or she testified; the accuracy of his or her memory; his or her candor or lack of candor; his or her intelligence; the reasonableness and probability of his or her testimony; its consistency or lack of consistency with other credible evidence; and its corroboration by other credible evidence.

In short, in deciding credibility, you should size up the witness in light of his or her demeanor, the explanations given and all of the other evidence in the case.  Always remember to use your common sense, good judgment and life experience.

Few people recall every detail of every event in precisely the same way.  A witness may be inaccurate, contradictory or even untruthful in some respects and yet entirely believable and

truthful in other respects.  It is for you to determine whether such inconsistencies are significant or inconsequential.

If you find that a witness is intentionally telling a falsehood, that is always a matter of importance you should weigh carefully.  If you find that a witness has willfully testified falsely as to any material fact, that is, as to an important matter, the law permits you to disregard completely the entire testimony of that witness upon the principle that one who testifies falsely about one material fact is likely to testify falsely about everything.  You are not required, however, to consider such a witness as totally unbelievable.  You may accept his or her testimony that you deem true and disregard what you feel is false.

You are not required to accept testimony, even though the testimony is un-contradicted and the witness's testimony is not challenged.  You may decide, because of the witness's bearing or demeanor, or because of the inherent improbability of the testimony, or for other reasons sufficient to yourselves, that the testimony is not worthy of belief.  On the other hand, you may find because of a witness's bearing and demeanor, and based upon consideration of all the other evidence in the case, that the witness is truthful.

By the process which I have just described to you, you, as the sole judges of the facts, decide which of the witnesses you will believe, what portions of their testimony you accept and what weight you will give to it.

In deciding whether to believe a witness, you should also specifically note any evidence of bias, hostility or affection that the witness may have towards one of the parties.  Likewise, you should consider evidence of any other interest or motive that the witness may have in cooperating or not cooperating with a particular party.  If you find any such bias, hostility,

affection, interest or motive, you must then consider whether or not it affected or colored the witness's testimony.

You should also take into account any evidence that a witness may benefit or suffer in some way from the outcome of a case.  Such interest in the outcome may create a motive to testify falsely and may sway a witness to testify in a way that advances his or her own interests.  Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony, and accept it with great care.

Keep in mind, though, that it does not automatically follow that the testimony is to be disbelieved.  There are many people who, no matter what their interest in the outcome of the case may be, would not testify falsely.  It is for you to decide, based on your own perceptions and common sense, to what extent, if at all, the witness's bias or interest has affected his or her testimony.  You are not required to disbelieve an interested witness; you may accept as much as his or her testimony as you deem reliable, and reject as much as you deem unworthy of acceptance.

Authority:  Adapted from *Dawkins*; adapted from *Moseley*; adapted from *Scott*.

## LAW ENFORCEMENT TESTIMONY [IF APPLICABLE]

### REQUEST NO. 43

You've heard the witness testimony of (a) law enforcement official(s).  The fact that a witness is or was employed by the government does not mean that his or her testimony is deserving of more or less consideration or greater or lesser weight than that of any other witness. At the same time, it is quite legitimate for defense counsel to try to attack the credibility of law enforcement witnesses on the grounds that his testimony may be colored by a personal or professional interest in the outcome of the case.  It is your decision, after reviewing all the evidence, whether to accept or reject the testimony of the witness and to give that testimony whatever weight you find it deserves.

Authority:  Adapted from *Moseley*; adapted from *Scott*.

## <u>ACCOMPLICE OR COOPERATING WITNESS TESTIMONY</u>

## REQUEST NO. 44

You have heard a witness who testified that he was actually involved in the crimes charged in the Indictment.

Experience will tell you that the government must frequently rely on the testimony of witnesses who admit participating in the alleged crimes at issue. The government must take its witnesses as it finds them and frequently must use such testimony in criminal prosecutions because it would otherwise be difficult or impossible to detect and prosecute wrongdoers.

The testimony of such accomplices and cooperating witnesses is properly considered by the jury. If accomplices could not be used, there would be many cases in which there was real guilt and convictions should be had, but in which convictions would not be obtainable.

For these reasons, the law allows the use of accomplice testimony. Indeed, it is the law in federal court that the testimony of an accomplice may be enough in itself for a conviction, if the jury believes that the testimony establishes guilt beyond a reasonable doubt.

Because of the possible interest an accomplice may have in testifying, however, the accomplice's testimony should be scrutinized with special care and caution. The fact that a witness is an accomplice may be considered by you as bearing upon his credibility. However, it does not follow that simply because a person has admitted to participating in one or more crimes, that he is incapable of giving a truthful version of what happened.

Like the testimony of any other witness, an accomplice witness's testimony should be given such weight as it deserves in light of the facts and circumstances before you, taking into account the witness's demeanor, candor, the strength and accuracy of a witness's recollection, his background, and the extent to which his testimony is or is not corroborated by other evidence.

You may consider whether accomplice witnesses, like any other witnesses called in this case, have an interest in the outcome of the case, and if so, whether it has affected their testimony.

You heard testimony from a witness who has an agreement with the government.  I must caution you that it is of no concern of yours why the government made an agreement with a witness.  Your concern is whether a witness has given truthful testimony here in this courtroom before you.

In evaluating the testimony of an accomplice witness, you should ask yourselves whether the accomplice would benefit more by lying or by telling the truth.  Was his testimony made up in a way because he believed or hoped that he would somehow receive favorable treatment by testifying falsely?  Or did he believe that his interests would be served best served by testifying truthfully?  If you believe that the witness was motivated by hopes of personal gain, was the motivation one which would cause him to lie, or was it one which would cause him to tell the truth?  Did this motivation color his testimony?

If you have reasonable doubt with respect to the testimony or find it unreliable, you should reject it.  However, if, after cautious and careful examination of the accomplice witness's testimony and demeanor upon the witness stand, you are satisfied that the witness told the truth, you should accept it as credible and act upon it accordingly.

Authority:  Adapted from *Dawkins*; adapted from *Moseley*; adapted from *Scott*.

## IMMUNIZED WITNESS TESTIMONY [IF APPLICABLE]

## REQUEST NO. 45

You have also heard testimony from a witness who testified under a grant of immunity from the Court.  What this means is that this witness's testimony may not be used against him in any criminal case except a prosecution for perjury, giving a false statement, or otherwise failing to comply with the immediate order of this Court.

As with accomplice and cooperating witnesses, the testimony of an immunized witness is sufficient evidence in itself for conviction, if the jury finds that the testimony establishes guilt beyond a reasonable doubt.

But also as with accomplice and cooperating witnesses, testimony from an immunized witness must be scrutinized with great care using the standards I have just identified.

If you believe the witness's testimony to be true and determine to accept any or all of it, you may give it such weight, if any, as you believe it deserves.

Authority:  Adapted from *Ahuja*.

## EXPERT TESTIMONY [IF APPLICABLE]

## REQUEST NO. 46

In this case, I permitted a witness to express opinions about certain matters that are at issue.  Such testimony, which we refer to as "expert testimony," was presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding evidence or in reaching an independent decision on the facts.

In weighing expert testimony, you may consider that witness's qualifications, his opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony.  You may give the opinion testimony whatever weight, if any, you find it deserves in light of all of the evidence in the case.

You should not, however, credit the opinion testimony just because I allowed the witness to testify as an expert, nor should you substitute the expert's opinion for your own reason, judgment and common sense.  The determination of the facts in this case rests solely with you.

Authority:  Adapted from *Scott*.

## **CHARACTER EVIDENCE [IF APPLICABLE]**

### **REQUEST NO. 47**

During the course of this trial there has been testimony that Mr. Cole has a reputation for honesty and truthfulness in his community.  This testimony bears on Mr. Cole's character.  Character testimony should be considered together with all the other evidence in the case in determining the guilt or innocence of Mr. Cole.

Evidence of good character may in itself create a reasonable doubt where, without such evidence, no reasonable doubt would have existed.  But if, on all the evidence, including the character evidence, you are satisfied beyond a reasonable doubt that Mr. Cole is guilty, a showing that he previously enjoyed a reputation of good character does not justify or excuse the offense and you should not acquit Mr. Cole merely because you believe he is a person of good repute.

The testimony of a character witness is not to be taken by you as the witness's opinion as to the guilt or innocence of Mr. Cole.  The guilt or innocence of Mr. Cole is for you alone to determine, and that should be based on all of the evidence that you have heard in this case.

Authority:  Adapted from *Moseley*; adapted from *Scott*; adopted from Sand, Instr. 5.06.

## <u>VERDICT MUST BE BASED SOLELY ON TRIAL EVIDENCE</u>

### REQUEST NO. 48

Under your oath as jurors, you are to evaluate the evidence calmly and effectively, without sympathy or prejudice. You are to be completely fair and impartial. You are to be guided solely by the evidence in this case, and the crucial bottom-line question that you must ask yourselves as you sift through the evidence is: Has the government proven the elements of the crimes charged beyond a reasonable doubt?

It would be improper for you to consider, in deciding the facts of the case, any personal feelings you may have about the race, religion, national origin, sex, disability or age of any party or witness, or any other such irrelevant factor. It would be equally improper for you to allow any feelings you might have about the nature of the crimes charged to interfere with your decision-making process. All parties are entitled to the same fair trial. They stand equal before the law, and are to be dealt with as equals in this court. If you let fear or prejudice or bias or sympathy interfere with your thinking, then there is a risk that you will not arrive at a true and just verdict.

If you have a reasonable doubt as to Mr. Cole's guilt with respect to a particular count, you should not hesitate to render a verdict of not guilty on that charge. But, on the other hand, if you find that the government has met its burden of proving Mr. Cole's guilt beyond a reasonable doubt with respect to each and every element of a particular count, you should render a verdict of guilty on that charge.

In determining whether the government has proven the charges beyond a reasonable doubt, you should not consider the question of possible punishment. The duty of imposing a sentence rests exclusively upon the Court. Your function is to weigh the evidence in the case and to determine whether or not Mr. Cole is guilty beyond a reasonable doubt, solely upon the basis of such evidence.

Therefore, I instruct you that you cannot allow consideration of the punishment which may be imposed upon a defendant, if he is convicted, to influence your verdict in any way, or enter into your deliberations.

Authority:  Adapted from *Dawkins*; adapted from *Moseley*; adapted from *Scott*.

## THEORIES OF THE DEFENSE

### REQUEST NO. 49

[To be submitted at close of evidence.]

## JURY DELIBERATIONS

### REQUEST NO. 50

You will now retire to decide the case.  It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement.  Each of you must decide the case for yourself, and you should do so only after consideration of the case with your fellow jurors.  Your verdict and the answers to each question on the verdict form must be unanimous.  Discuss and weigh your respective opinions dispassionately, without sympathy, prejudice or favor toward either party, and adopt that conclusion which in your good conscience appears to be in accordance with the truth.

As you deliberate, please listen to the opinions of your fellow jurors and ask for an opportunity to express your own views.  Every juror should be heard.  No one juror should hold center stage in the jury room, and no one juror should control or monopolize the deliberations.  You should all listen to one another with courtesy and respect.  If, after stating your own view and after listening to your fellow jurors, you become convinced that your view is wrong, do not hesitate, because of stubbornness or pride, to change your view.  On the other hand, do not surrender your honest convictions and beliefs concerning the weight or effect of the evidence solely because of the opinions of your fellow jurors or because you are outnumbered or for the mere purpose of returning a verdict.  Your final vote must reflect your conscientious belief as to how the issues should be decided.  Your verdict must be unanimous.

You are not to discuss the case until all jurors are present.  Nine or ten or even eleven jurors together is only a gathering of individuals.  Only when all jurors are present do you constitute a jury and only then may you deliberate.

If any of you took notes during the course of the trial, those notes are to be used solely to aid your memory and are not a substitute for the transcript of the testimony, which has been

taken down verbatim by the court reporters.  The fact that a particular juror has taken notes entitles that juror's views to no greater weight than those of any other juror.  Any difference between a juror's recollections and another juror's notes should be settled by asking to have the court reporter read back the transcript, for it is the court record rather than any juror's notes upon which the jury must base its determination of the facts and its verdict.

The documentary exhibits will be sent to you in the jury room.  If you want any of the testimony read back to you, that can be arranged, but please appreciate that it is not always easy to locate the testimony that you might want, so be as specific as you possibly can as to what witness and what portion of that witness's testimony you would like to hear.

Any communication with the Court should be made in writing, signed by your foreperson, and given to the Marshal, who will be outside the jury room while you deliberate.  I will respond to any questions or requests you may have as promptly as possible, either in writing or by having you return to the courtroom so that I can speak with you in person.  In any event, do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached.  So do not ever indicate, in a note or otherwise, what the vote is or which way the majority is leaning or anything of that nature.

Your first task when you retire to deliberate is to select, by your own vote, one of you to sit as your foreperson.  You are free to select any foreperson you like.  The foreperson does not have any more power or authority than any other juror, and his or her vote or opinion does not count for any more than any other juror's vote or opinion.  The foreperson is merely your spokesperson to the Court.  The foreperson will preside over your deliberations and will be your spokesperson here in court.  He or she will send out any notes, and when the jury has reached a verdict, he or she will notify the Marshal that the jury has reached a verdict and he or she will

come into open court and give the verdict.  During your deliberations, please communicate with the Court only in writing and only through your foreperson.

The foreperson will have a verdict form on which to record your verdict.  It lists the questions that you must resolve based on the evidence and the instructions I have given you. When the foreperson has completed the form, he or she must sign his or her name, and the form will be marked as an exhibit.

Now the most important part of this case, members of the jury, is the part that you are about to play as you deliberate on the issues of fact.  It is for you and you alone to decide whether the government has proved beyond a reasonable doubt each of the essential elements of the crimes with which Mr. Cole is charged.  If the government has met its burden with respect to each and every element of a particular count with regard to Mr. Cole, your verdict should be guilty as to that count.  If the government has not met its burden as to each and every element of a count, your verdict should be not guilty.  I know you will try the issues that have been presented to you according to the oath that you have taken as jurors.  In that oath, you promised that you would well and truly try the issues in this case and render a true verdict according to the law and the evidence, impartially and fairly, without prejudice or sympathy.  Your function is to weigh the evidence in the case and determine whether the government has proved beyond a reasonable doubt the guilt of Mr. Cole of the crimes charged in the Indictment.

As I previously stated, your verdict must be unanimous.  Again, if at any time you are not in agreement, you are not to reveal the standing of the jurors—that is, the split of the vote—to anyone, including me, at any time during your deliberations.

Authority:  Adapted from *Moseley*; adapted from *Scott*.

Dated:  September 10, 2021

PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP

By: /s/ Lorin L. Reisner
    Lorin L. Reisner
    Richard C. Tarlowe
    Andrew D. Reich
    1285 Avenue of the Americas
    New York, New York 10019
    T:  212-373-3000

    *Attorneys for Neil Cole*