```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA,              :
                                       :
            - v.-                      :    19 Cr. 869 (ER)
                                       :
                                       :
NEIL COLE,                             :
                                       :
            Defendant.                 :
------------------------------------------------------------x
```

# GOVERNMENT'S PROPOSED EXAMINATION OF PROSPECTIVE JURORS

AUDREY STRAUSS
United States Attorney for the
Southern District of New York
Attorney for the United States of America

Scott Hartman
Noah Solowiejczyk
Andrew Thomas
Assistant United States Attorneys
    - Of Counsel -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA,                :
                                         :
           - v.-                         :     19 Cr. 869 (ER)
                                         :
                                         :
NEIL COLE,                               :
                                         :
           Defendant.                    :
------------------------------------------------------------x

## THE GOVERNMENT'S PROPOSED EXAMINATION OF PROSPECTIVE JURORS

The Government respectfully requests the Court to include the following questions in its examination of prospective jurors pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure.

The Court is requested to pursue more detailed questioning at the sidebar or in the robing room if a particular juror's answer reveals that further inquiry is appropriate and, in such an instance, to conclude with an inquiry as to whether the particular fact or circumstance would influence the juror in favor of or against either the Government or the defendant, or otherwise affect the juror's ability to serve as a fair and impartial juror in this case.

## INTRODUCTION

This is a criminal case. The defendant on trial, NEIL COLE, has been charged with the commission of federal crimes in an Indictment filed by a Grand Jury sitting in this District.

The Indictment is not evidence itself. It simply contains the charges that the Government is required to prove to the satisfaction of the trial jury beyond a reasonable doubt.

2

Those of you selected to sit on this jury will receive a detailed explanation of the charges at the conclusion of the case, but I would like to give you a brief summary of the charges so that we can determine whether there is anything about the charges that would make it impossible or difficult for you to sit as a fair and impartial juror.

The Indictment contains ten counts or "charges." Specifically, Count One of the Indictment charges that, from at least in or about 2013 through in or about 2015, COLE participated in a conspiracy with three objects: first, to commit securities fraud; second, to make false filings with the United States Securities and Exchange Commission, or "SEC" in SEC filings regarding Iconix Brand Group, Inc. ("Iconix"), a publicly-traded company of which Cole was the chief executive officer; and, third, to make or cause others to make false statements to Iconix's auditors.

Count Two of the Indictment charges that, from at least in or about 2013 through in or about August 2015, COLE committed securities fraud. We call this a substantive count, as opposed to the conspiracy to commit various offenses alleged in Count One. At the end of the trial, I will provide you with more detailed instructions on the difference between conspiracies and substantive charges.

Counts Three through Eight of the Indictment each charge that the defendant made false statements in documents that Iconix filed with the SEC. Count Three relates to Iconix's second quarter 2014 press release on Form 8-K. Count Four relates to Iconix's second quarter 2014 quarterly report on Form 10-Q. Count Five relates to Iconix's third quarter 2014 press release on Form 8-K. Count Six relates to Iconix's third quarter 2014 quarterly report on Form 10-Q. Count Seven relates to Iconix's 2014 year-end press release on Form 8-K. Count Eight relates to Iconix's 2014 annual report on Form 10-K.

Count Nine of the Indictment charges that, from at least in or about 2013 through at least in or about 2015, the defendant misled the conduct of audits.

Count Ten of the Indictment alleges that, from at least in or about 2014 through at least in or about 2015, the defendant conspired to destroy, alter, and falsify records in a federal inquiry conducted by the Securities and Exchange Commission Division of Corporate Finance.

The Indictment alleges that the conspiracy charged in Count One, the substantive securities fraud offense charged in Count Two, the false statements in SEC filings charged in Counts Three through Eight, the misleading the conduct of audits charged in Count Nine, and the conspiracy charged in Count Ten relate to an alleged fraud scheme in which the defendant and others caused Iconix to report, in public filings with the SEC and to the investing public, falsely inflated revenue and earnings per share figures to the investing public.

Does any juror have any personal knowledge of the charges in the Indictment in this case? Has any juror read or heard anything about this case? If so, is there anything such a juror has read or heard that would cause him or her to feel that he or she cannot decide the fact issues of this case fairly and impartially?

## NATURE OF CHARGES

1. You will hear evidence in this case regarding a fashion company called Iconix Brand Group, Inc. Do any of you have familiarity with that entity? Do any of you work in, or have any close relatives or friends who work in, the fashion industry? Will anything about your knowledge of Iconix or your exposure to the fashion industry affect your ability to be fair and impartial in this case?

2. You will also hear evidence about shares of stock and the rules that govern the information that companies such as Iconix must provide to the SEC about their business operations and financial performance. Is there anything about your own investment experience, or your views on the securities industry more broadly, that will affect your ability to be fair and impartial in this case?

3. Have any of you lost money from your investments due not to market forces or other innocuous reasons, but instead due to fraudulent conduct? Will your past investment experience affect your ability to be fair and impartial in this case?

4. Have any of you worked in the securities industry? Will your experience in the securities industry affect your ability to be fair and impartial in this case?

5. Have any of you worked in accounting or a company's finance, compliance or accounting departments? Or had responsibilities that included financial reporting? Would your experience in those positions affect your ability to be fair and impartial in this case?

6. Do any of you feel that you have strong policy views on the crimes charged in the Indictment that would make it difficult for you to follow my instructions on the law and to base your verdict solely on the evidence in this case?

7. Do you have an opinion that conspiracy should not be a crime? Do you have an opinion that securities fraud or making false and misleading filings with the SEC or making false statements to auditors should not be crimes? Do any of you have any opinion about the enforcement of federal criminal laws relating to conspiracy, securities fraud, or false and misleading SEC filings that might prevent you from being fair and impartial in this case?

**ABILITY TO BE FAIR AND IMPARTIAL**

8. Do you or does a relative or close friend work for or with any federal, state or local law enforcement agency, such as the Federal Bureau of Investigation ("FBI"), the police or sheriff's department, district attorney's office, the United States Attorney's Office or the SEC?

9. Do you or any of your relatives or close friends work for a criminal defense lawyer or private investigator?

10. Are you or do you have any close relatives or friends who are judges, law clerks, court attendants, court clerks, other types of court personnel, probation officers, or persons connected with any correctional institution, jail or penitentiary?

11. Have you ever been involved, or do you expect to become involved, in any legal action or dispute with the United States or any agency, officer, or employee of the United States, including the FBI or the SEC, or have you had any financial interest in such a dispute?

12. Have you – either through any experience that you have had, or anything that you have seen or read – developed any bias or prejudice, either for or against, the SEC or the United States Attorney's Office?  Any other federal, state, or local law enforcement agency?

**EXPERIENCE AS A WITNESS, DEFENDANT OR CRIME VICTIM**

13. Have any of you, or any of your relatives or close friends, ever been involved or appeared as a witness in any investigation by a federal or state grand jury, or by a Congressional or state legislative committee, licensing authority, or governmental agency?

14. Have you, or any of those close to you, ever been questioned in any matter by a federal, state, or local law enforcement agency?

15. Have you ever been a witness or a complainant in any federal or state prosecution?

16. Are you, or is any member of your family, any associate or close friend, now under subpoena or, to your knowledge, about to be subpoenaed in any criminal case?

17. Have you, or has any member of your family, any associate or close friend, ever been charged with a crime?  [*As to any prospective juror who answers affirmatively, the Court is respectfully requested to inquire into the circumstances of each crime.*]

18. Have you, or have any of your relatives, associates, or close friends ever been the subject of any investigation or accusation by any federal or state grand jury, or by any congressional committee?  [*As to any prospective juror who answers affirmatively, the Court is respectfully requested to inquire into the circumstances of each investigation or accusation.*]

19. Have you, or any of your close friends or relatives, ever been a victim of a crime?  [*As to any prospective juror who answers affirmatively, the Court is respectfully requested to inquire into the circumstances of each crime.*]

20. Have you, or any of your close friends or relatives, ever been questioned or interrogated by a member of the United States Attorney's Office for the Southern District of New York, the FBI or any other law enforcement agency?  [*As to any prospective juror who answers affirmatively, the Court is respectfully requested to inquire into the circumstances of each incident and that prospective juror's reaction to how he or she was treated by the respective agency.*]

## KNOWLEDGE OF TRIAL PARTICIPANTS

21. The Government is represented here, as in all cases where it is a party before the Court, by the United States Attorney for the Southern District of New York – who is Audrey Strauss. The conduct of the trial will be in the immediate charge of Assistant United States Attorneys Scott Hartman, Andrew Thomas, and Noah Solowiejczyk. [*Please ask counsel to stand*.] Do any of you know Ms. Strauss, Mr. Hartman, Mr. Thomas or Mr. Solowiejczyk? Joining the Assistant United States Attorneys in the courtroom are Micah Gill and Peter Charalambous, paralegals with the U.S. Attorney's Office, and Robert Hupcher, Special Agent with the FBI. Have you had any dealings either directly or indirectly with any of these individuals?

22. The defendant in this case is NEIL COLE [*Please ask the defendant to stand*.] Do any of you know, or have you had any dealings, directly or indirectly, with Mr. COLE, or with any relative, friend or associate of his? To your knowledge, do any of your relatives, friends, associates, or employers know Mr. COLE?

23. COLE is represented at this trial by Lorin Reisner, Richard Tarlowe, and Andrew Reich of the law firm Paul, Weiss, Rifkind, Wharton & Garrison [*Please ask counsel to stand.*] Do any of you know Mr. Reisner, Mr. Tarlowe, or Mr. Reich?

24. If you have seen, heard or read about any of the prosecutors, lawyers, law enforcement officers, or the defendant, is there anything about that would prevent you from rendering a fair and impartial verdict in this case?

25. Does any juror know or has he or she had any dealings, either directly or indirectly, with any of the following individuals or companies whose names may come up during the trial, or who may be witnesses in this case:

*[The Government will provide the Court with a list of its prospective witnesses and other names that may be mentioned during the trial.  The Court also is requested to read the names of witnesses included on any lists provided by the defendant.]*

26. Certain conduct at issue in this case took place at the following locations:

*[The Government will provide the Court with a list of relevant places that may be mentioned during the trial.]*

Are any of you familiar with these specific locations?  What do you know about these areas?  Do you think that your familiarity with these areas will affect your ability to render a fair verdict?

## PRIOR JURY SERVICE AND LAWSUITS

27. Have you ever been a juror in a civil or criminal case or served on a grand jury, state or federal?  If yes, what type of case was it?  When was it?  Did you deliberate, and did the jury reach a verdict (without stating what the verdict was)?

28. Have you ever been a plaintiff in a lawsuit, meaning have you ever sued someone?  Have you ever been a defendant in a lawsuit, meaning have you ever been sued?  If so, what was the nature of the allegations?

## VIEWS ON WITNESSES AND EVIDENCE

29. <u>Law Enforcement Personnel</u>:  The witnesses in this case may include, among others, special agents with the Federal Bureau of Investigation.  Do you have any strong feelings, impressions, or opinions that would prevent you from evaluating the testimony of a

9

law enforcement officer fairly and impartially? Would you be more likely to believe or disbelieve a witness merely because he or she is a law enforcement officer?

30. <u>Investigative Techniques</u>: Does anyone have any expectations about the types of evidence that the Government might present in criminal trials? Would any of you be unable to follow the Court's instructions that the Government is not required to use any particular techniques when investigating and presenting evidence of a crime?

31. <u>Cooperating Witnesses</u>: Some of the witnesses called by the Government may have been involved in some of the crimes charged in the indictment. These witnesses have pled guilty and are testifying pursuant to lawful cooperation agreements with the Government. Some of these witnesses may be hoping that their cooperation will result in a reduced sentence or some other benefit. There is nothing unlawful about the Government's use of such witnesses. Do any of you have problems with this type of witness such that you may be unable to be fair and impartial? Would you have any bias for or against the Government because of testimony obtained in this manner? I will also instruct you that it is no concern of yours why the Government has chosen to offer witnesses cooperation agreements, and you are not to speculate about the reasons. Would you have any difficulty following my instructions on the law in this regard?

32. <u>Immunized Witnesses</u>. You will also hear testimony in this case from witnesses who are testifying pursuant to a grant of immunity. At the end of the case, I will give you more detailed instructions on this matter. For now, it is enough for you to know that an immunity order compels a witness's testimony and prevents the Government from using the witness's statements to prosecute the witness, but an immunity order does not protect the witness from a prosecution for perjury, making false statements, and obstruction of justice if the

witness lies on the stand.  The use of such a witness is also perfectly legal and is often a necessary law enforcement tool.  Do any of you have any experience with or feelings about the use of witnesses who are testifying under orders of immunity, or the use of evidence or information obtained from these types of witnesses, which would make it difficult for you to render a fair and impartial verdict?  Would you have any bias for or against the Government because of evidence obtained in this manner?

   33. <u>Expert Witnesses</u>.  You also may hear testimony from expert witnesses.  Have any of you had any experiences with experts, or do you have any general feelings about the use of experts, that would make it difficult for you to render a wholly fair and impartial verdict?

   34. <u>Persons Not On Trial</u>:  You might hear evidence in this trial of criminal activity committed by people other than the defendant.  Those other individuals are not on trial here.  You may not draw any inference, favorable or unfavorable, towards the Government or the trial defendant from that fact.  You also may not speculate as to the reason why other persons are not on trial.  Is there any juror who cannot follow this instruction or who for this reason would have difficulty rendering a fair and impartial verdict?

### **FUNCTION OF THE COURT AND JURY**

   35. The function of the jury is to decide questions of fact.  As a juror, you are the sole judge of the facts and nothing that the Court or the attorneys say or do may intrude in any way on your role as the exclusive fact finder.  However, when it comes to the law, you are to take your instructions from the Court and you are bound by those instructions.  You may not substitute your ideas of what the law is or what you may think the law should be.  At the conclusion of this case, your job will be to determine whether or not a defendant is guilty as

charged in the Indictment.  Does any juror have any difficulty with that principle, or any problem in accepting and following the instruction of the law that I will give you in this case?

36. Will each of you accept the proposition that the question of punishment is for the Court alone to decide and that the possible punishment must not enter into your deliberations as to whether the defendants on trial here are guilty?

37. Will each of you accept the proposition of law that sympathy must not enter into the deliberations of the jurors as to whether a defendant is guilty or not guilty, and that only the evidence produced here in Court may be used by you to determine whether a defendant is guilty or not guilty of the crimes charged?

38. It is not a particularly pleasant duty to find another individual guilty of committing a crime.  Is there any juror who feels that even if the evidence established a defendant's guilt beyond a reasonable doubt, he or she might not be able to render a guilty verdict for reasons unrelated to the law and the evidence?

39. Do any of you have any religious, philosophical or other beliefs that would make you unable to render a guilty verdict for reasons unrelated to the law and the evidence?

40. In these questions, I have tried to direct your attention to possible reasons why you might not be able to serve as a fair and impartial juror.  Aside from the previous questions I have asked, does any juror have the slightest doubt in his or her own mind, for any reason whatsoever, about his/her ability to conscientiously, fairly, and impartially serve in this case and to render a true and just verdict without fear, favor, sympathy, or prejudice, and according to the law as it would be explained to you?

**GENERAL QUESTIONS FOR THE PANEL**

41. Does any juror have a problem with his or her hearing or vision that would prevent him or her from giving full attention to all of the evidence at this trial?

42. Is any juror taking any medication that would prevent him or her from giving full attention to all of the evidence at this trial?

43. Does any juror have any difficulty in reading or understanding English?

44. This courthouse has implemented a number of safety protocols in response to the COVID-19 pandemic. Among these protocols is a questionnaire that all persons entering the courthouse must answer before entering. The questions include: (1) Have you experienced any COVID-19 symptoms within the last 14 days that are not explained by allergies or an underlying condition?; (2) Have you had close contact within the past 14 days with anyone experiencing any COVID-19 symptoms that are not explained by allergies or an underlying condition; (3) Within the past 14 days, have you tested positive for COVID-19, or been told by a health care provider to assume you have COVID-19 due to symptoms?; (4) Within the past 14 days, have you had close contact with a person with COVID-19, during the period starting 48 hours before the onset of their symptoms or their positive COVID-19 test?; (5) Have you returned from international travel, or a cruise ship or river voyage within the past 14 days?; (6) Within the past 14 days, have you returned from travel to a state that has a significant degree of community-wide spread of COVID-19?; and (7) Within the past 14 days, have you attended a large gathering (more than 100 people) where people within 6 feet of you were forcefully exhaling (e.g., singing, shouting, chanting) and either you or the people around you were not wearing masks? An affirmative response to any of these questions will result in denial of entry

13

into the courthouse. Do any of you anticipate being denied entry to the courthouse as a result of an affirmative response to any of these questions over the next 5 weeks?

### INDIVIDUAL JUROR'S BACKGROUND

45. The Government respectfully requests that the Court ask each juror to state the following information:

    a.    the juror's age;

    b.    the juror's family status (including whether the juror has any children or grandchildren and, if so, the ages of the children);

    c.    the area in which the juror resides;

    d.    where the juror was born;

    e.    the juror's educational background, including the highest degree obtained;

    f.    whether the juror has served in the military;

    g.    the juror's occupation;

    h.    the name and general location of the juror's employer, and the period of employment with that employer;

    I.    the same information concerning other employment within the last five years;

    j.    the same information with respect to the juror's spouse and any working children (only current employer);

    k.    what newspapers and magazines the juror reads and how often;

    l.    the websites that the juror reads regularly and/or posts comments or information on;

    l.    what television programs the juror regularly watches; and

    m.    the juror's hobbies and leisure-time activities.

## **INSTRUCTIONS FOLLOWING IMPANELING JURY**

46. From this point on until you retire to deliberate on your verdict, it is your duty not to discuss this case and not to remain in the presence of other persons who may be discussing this case. This rule about not discussing the case with others includes discussions even with members of your own family and your friends.

47. If at any time during the course of this trial, any person attempts to talk to you or to communicate with you about this case, either in or out of the courthouse, you should immediately report such an attempt to me through my deputy clerk. In this regard, let me explain to you that the attorneys and the defendants in a case are not supposed to talk to jurors, even to offer a friendly greeting. So if you happen to see any of them outside this courtroom they will, and should, ignore you. Please do not take offense. They will only be acting properly by doing so.

48. Just as you must not have any in-person communications about this case, you must not communicate with anyone about the case by cellphone, through email, Blackberry, iPhone, text messaging or Twitter, through any blog or website, through any internet chat room, or by way of any other social networking websites, including Facebook, My Space, LinkedIn, or YouTube. Similarly, you must not use these tools to post any information about the case on the internet. Do not do any research or make any investigation on your own about any matters relating to this case or this type of case. This means, for example, that you must not consult reference works or dictionaries, search the internet, websites, blogs, or use any other electronic tools to obtain information about this case, this type of case, the parties in this case, or anyone else involved in this case. You must decide this case based only on the evidence

                                           16
presented in the courtroom and my instructions about the law. It would be improper for you

supplement that information on your own.


Dated:      New York, New York
            September 10, 2021

                                    Respectfully submitted,

                                    AUDREY STRAUSS
                                    Acting United States Attorney for the
                                    Southern District of New York


                          By:       /s/_____
                                    Scott Hartman
                                    Noah Solowiejczyk
                                    Andrew Thomas
                                    Assistant United States Attorneys