UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

UNITED STATES OF AMERICA     :

     :

     - v.-     :     19 Cr. 869 (ER)

     :

NEIL COLE,     :

     :

     Defendant.     :

------------------------------------------------------------x


## GOVERNMENT'S REQUESTS TO CHARGE


AUDREY STRAUSS
United States Attorney for the
Southern District of New York
Attorney for the United States of America


Scott Hartman
Noah Solowiejczyk
Andrew Thomas
Assistant United States Attorneys
     - Of Counsel -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
UNITED STATES OF AMERICA                          :
                                                                          :
            - v.–                                       :        19 Cr. 859 (ER)
                                                                          :
NEIL COLE,                                                     :
                                                                          :
            Defendant.                          :
-----------------------------------------------------------------x


## <u>GOVERNMENT'S REQUESTS TO CHARGE</u>

      Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the Government

respectfully requests the Court to include the following in its charge to the jury.

# **TABLE OF CONTENTS**

**Page**

General Requests .................................................................................................................. 1

The Indictment .................................................................................................................... 2

Summary of Indictment ...................................................................................................... 3

Count Two: Securities Fraud – The Indictment and the Statute .......................................... 5

Count Two: Securities Fraud – Statutory Purpose............................................................... 7

Count Two: Securities Fraud – Elements of the Offense .................................................... 9

Count Two: First Element – Fraudulent Act ...................................................................... 10

Count Two: Second Element – Knowledge, Intent and Willfulness ................................... 16

Count Two: Third Element – Instrumentality of Interstate Commerce ................................ 19

Counts Three Through Eight: False Statements in Filings with the SEC – The Statute and the Indictment ....................................................................................................................... 21

Counts Three Through Eight: False Statements in SEC Filings – Elements of the Offense ........ 23

Counts Three Through Eight: False Statements in SEC Filings First Element – Required Filings ......................................................................................................................................... 24

Counts Three Through Eight: False Statements in SEC Filings Second Element – Material Falsity................................................................................................................................. 25

Count Nine: Misleading Conduct of Audits ...................................................................... 26

Aiding and Abetting............................................................................................................ 28

Willfully Causing a Crime ................................................................................................. 31

Count One: The Indictment and the Statute........................................................................ 33

Count One: Conspiracy – Elements of the Conspiracy ...................................................... 35

Count One: Conspiracy – First Element – Existence of the Conspiracy ..................................... 36

Count One: Conspiracy – Objects of the Conspiracy ........................................................ 38

First Object – Securities Fraud .......................................................................................... 39

Second Object – Making False Statements in Filings with the SEC .......................................... 40

Third Object – Misleading the Conduct of Audits.............................................................. 41

Count One: Conspiracy – Second Element – Membership in the Conspiracy ........................... 42

Conscious Avoidance.......................................................................................................... 45

Count One: Conspiracy – Third Element – Overt Acts ................................................ 47

Count One: Conspiracy – Time of Conspiracy ........................................................... 49

Count Ten: Conspiracy to Destroy, Alter, and Falsify Records in a Federal Investigation ........ 50

Venue ........................................................................................................................... 52

Cooperating Witness Testimony & Non-Prosecution Agreements ............................. 53

Law Enforcement and Government Employee Witnesses ........................................... 57

Expert Witnesses ......................................................................................................... 58

Character Testimony .................................................................................................... 59

Defendant's Testimony ................................................................................................ 60

Defendant's Right Not to Testify ................................................................................ 61

Statements of the Defendant ....................................................................................... 62

Uncalled Witnesses – Equally Available to Both Sides ............................................. 63

Particular Investigative Techniques Not Required ..................................................... 64

Persons Not on Trial .................................................................................................... 65

Preparation of Witnesses ............................................................................................. 66

Charts and Summaries – Not Admitted As Evidence .................................................. 67

Charts and Summaries – Admitted as Evidence .......................................................... 68

Use of Audio Recordings and Transcripts .................................................................. 69

Stipulations .................................................................................................................. 70

Conclusion ................................................................................................................... 71

**REQUEST NO. 1**

**General Requests**

The Government respectfully requests that the Court give its usual instructions to the jury on the following matters:

a.    Function of Court and Jury.

b.    Indictment Not Evidence.

c.    Statements of Court and Counsel Not Evidence.

d.    Burden of Proof and Presumption of Innocence.

e.    Reasonable Doubt.

f.    Government Treated Like Any Other Party.

g.    Definitions, Explanations, and Example of Direct and Circumstantial Evidence.

h.    Inferences.

i.    Credibility of Witnesses.

j.    Right to See Exhibits and Have Testimony Read During Deliberations.

k.    Sympathy: Oath of Jurors.

l.    Punishment is Not to Be Considered by the Jury.

m.    Verdict of Guilt Must Be Unanimous.

## REQUEST NO. 2

### The Indictment

The defendant, NEIL COLE, has been formally charged in what is called an Indictment. An Indictment is simply an accusation. It is no more than the means by which a criminal case is started. It is not evidence. It is not proof of the defendant's guilt. It creates no presumption, and it permits no inference that the defendant is guilty. You are to give no weight to the fact that an Indictment has been returned against the defendant.

[*Before you begin your deliberations, you will be provided with a copy of the Indictment.*] I will not read the entire Indictment to you at this time. Rather, I will first summarize the offenses charged in the Indictment and then explain in detail the elements of the charged offenses.

**REQUEST NO. 3**

**Summary of Indictment**

The Indictment contains ten counts or "charges." You should know that there is no significance to the order of these numbers or the specific number of counts charged, and indeed my instructions will follow a different order from the order in which the various counts appear in the Indictment.

Count One of the Indictment charges that, from at least in or about 2013 through at least in or about 2015, the defendant conspired or agreed with others to (1) commit securities fraud, (2) make false filings with the U.S. Securities and Exchange Commission (the "SEC"), regarding Iconix Brand Group, Inc. ("Iconix"), a publicly-traded company of which Cole was the chief executive officer; and (3) to make or cause others to make false statements to Iconix's auditors. As I will explain in more detail later, a conspiracy, such as the one charged in Count One, is a criminal agreement to violate the law. Counts Two through Nine allege what are called "substantive" violations. Unlike a conspiracy charge, which is a charge of agreeing to commit certain offenses, the substantive counts allege the actual commission of criminal offenses.

Count Two of the Indictment charges that, from in or about 2013 through in or about August 2015, the defendant committed the substantive offense of securities fraud. Later on, I will explain to you the differences between a conspiracy count and a substantive count. For now, just keep in mind that a conspiracy count is different from a substantive count. Count One charges the defendant with participating in a conspiracy to commit securities fraud. Count Two charges the defendant with substantive securities fraud.

Counts Three through Eight of the Indictment each charge that the defendant made false statements in documents that Iconix filed with the SEC. Count Three relates to Iconix's second quarter 2014 press release on Form 8-K. Count Four relates to Iconix's second quarter 2014

3

quarterly report on Form 10-Q. Count Five relates to Iconix's third quarter 2014 press release on Form 8-K. Count Six relates to Iconix's third quarter 2014 quarterly report on Form 10-Q. Count Seven relates to Iconix's 2014 year-end press release on Form 8-K. Count Eight relates to Iconix's 2014 annual report on Form 10-K.

Count Nine of the Indictment charges that, from at least in or about 2013 through at least in or about 2015, the defendant misled the conduct of audits.

Count Ten of the Indictment alleges that, from at least in or about 2014 through at least in or about 2015, the defendant conspired to destroy, alter, and falsify records in a federal inquiry conducted by the Securities and Exchange Commission Division of Corporate Finance.

The Indictment alleges that the conspiracy charged in Count One, the substantive securities fraud offense charged in Count Two, the false statements in SEC filings charged in Counts Three through Eight, misleading the conduct of audits charged in Count Nine, and the conspiracy charged in Count Ten relate to an alleged fraud scheme in which the defendant and others caused Iconix to report, in public filings with the SEC and to the investing public, falsely inflated revenue and earnings per share figures to the investing public.

That is a summary of all six counts in the Indictment. In a moment, I will instruct you on each of these charges in more detail. At the outset, however, let me instruct you that you must consider each individual charge separately and evaluate each on the proof or lack of proof that relates to that charge. Whether you find the defendant guilty or not guilty as to one offense should not affect your verdict as to any other offense charged.

Sand, et al., <u>Modern Federal Jury Instructions</u>, Instr. 3-6.

**REQUEST NO. 4**

**Count Two: Securities Fraud – The Indictment and the Statute**

Let us turn first to the five substantive charges, which are listed in the indictment as Counts Two through Nine but which are more convenient for me to explain before Count One. Count Two charges NEIL COLE, the defendant, with committing the substantive crime of securities fraud.

Count Two alleges as follows:

[The Court is respectfully requested to read Count Two of the Indictment.]

The relevant law here is Section 10(b) of the Securities Exchange Act of 1934, which is set forth in 15 U.S.C. § 78j(b). Section 10(b) provides, in pertinent part:

It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange . . .

(b) To use or employ, in connection with the purchase or sale of any security registered on a national securities exchange or any security not so registered, . . . any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the [SEC] may prescribe as necessary or appropriate in the public interest or for the protection of investors.

Based on its authority under this statute, the SEC has created a number of rules and regulations, one of which, known as Rule 10b-5 is relevant here. Rule 10b-5 reads as follows:

**Employment of manipulative and deceptive devices.** It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange,

(a) to employ any device, scheme, or artifice to defraud,

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security.

> Adapted from the charge of the Honorable Loretta A. Preska in <u>United States</u> v. <u>Collins</u>, 07 Cr. 1170 (LAP) (the "<u>Collins</u> Charge"); Sand, et al., <u>Modern Federal Jury Instructions</u>, Instr. 57-18.

## REQUEST NO. 5

### Count Two: Securities Fraud – Statutory Purpose

The 1934 Securities Exchange Act was the second of two laws passed by Congress to provide a comprehensive plan to protect the investing public in the purchase and sale of securities that are publicly distributed.

The stock market crash of 1929 led to much legislation in the area of federal regulation. Included in this legislation was the Securities Act of 1933, and the creation of the Securities and Exchange Commission ("SEC"). The Securities Act was enacted to protect the investing public in the purchase of stock that is publicly distributed. The Act provides a comprehensive plan requiring full and fair disclosure of all important facts in connection with a distribution of securities. Such disclosures are designed to enable the investing public to make realistic appraisals of the merits of securities so that investors can make informed investment decisions.

When it enacted the Securities Act, Congress recognized that the purchase of a stock is different from the purchase of a vegetable bought in a grocery store, in that the average investor is not in a position to make a personal investigation to determine the worth, quality, and value of securities.

Following enactment of the Securities Act of 1933, which requires full and fair disclosures relating to the offering of stock to the investing public, Congress enacted the Securities Exchange Act of 1934 to ensure fair dealing and outlaw deceptive and inequitable practices by those selling or buying securities on the securities exchanges, in over-the-counter markets, or in face-to-face transactions. Among the primary objectives of the Exchange Act are the maintenance of fair and honest security markets and the elimination of manipulative practices that tend to distort the fair and just price of stock. Congress recognized that any deceptive or

manipulative practice that influenced or related to trading activity undermined the function and

purpose of a free market.

>Adapted from the <u>Collins</u> Charge; Sand, et al., <u>Modern</u>
>Federal Jury Instructions</u>, Instr. 57-19.

## REQUEST NO. 6

### Count Two: Securities Fraud – Elements of the Offense

To establish a violation of Section 10(b), as charged in Count Two of the Indictment, the Government must prove each of the following elements beyond a reasonable doubt:

<u>First</u>, that in connection with the purchase or sale of stock, or shares in a company, the defendant did <u>any</u> <u>one</u> or more of the following:

(1) employed a device, scheme or artifice to defraud, or

(2) made an untrue statement of a material fact or omitted to state a material fact which made what was said, under the circumstances, misleading, or

(3) engaged in an act, practice or course of business that operated, or would operate, as a fraud or deceit upon a purchaser or seller;

<u>Second</u>, that the defendant acted knowingly, willfully, and with the intent to defraud; and

<u>Third</u>, that the defendant used or caused to be used, any means or instruments of transportation or communication in interstate commerce or the use of the mails in furtherance of the fraudulent conduct.

I will discuss each element in turn.

> Adapted the <u>Collins</u> Charge; Sand, et al., <u>Modern Federal Jury Instructions</u>, Instr. 57-20; <u>see</u> <u>United States</u> v. <u>Litvak</u>, 808 F.3d 160, 178 (2d Cir. 2015) (noting that scienter for securities fraud is "intent to deceive, manipulate or defraud" and does not require an intent to harm); <u>United States</u> v. <u>Gleason</u>, 616 F.2d 2 (2d Cir. 1979).

## REQUEST NO. 7

### Count Two: First Element – Fraudulent Act

The first element that the Government must prove beyond a reasonable doubt is that, in connection with the purchase or sale of securities, such as shares of Iconix, the defendant did any one of the following:

(1) employed a device, scheme or artifice to defraud, or

(2) made an untrue statement of a material fact or omitted to state a material fact which made what was said, under the circumstances, misleading, or

(3) engaged in an act, practice or course of business that operated, or would operate, as a fraud or deceit upon a purchaser or seller.

To prove this element, it is not necessary for the Government to prove all three types of unlawful conduct in connection with the purchase or sale of securities. Any one will suffice. You must, however, be unanimous as to which type of unlawful conduct, if any, the defendant committed.

Let me now explain some of these terms.

### "Device, Scheme, or Artifice to Defraud"

A device, scheme or artifice is merely a plan for the accomplishment of any objective. Fraud is a general term that embraces all ingenious efforts and means that individuals devise to take advantage of others. It includes all kinds of manipulative and deceptive acts. The fraud or deceit need not relate to the investment value of the securities involved in this case.

### False Statements and Omissions

A statement, representation, claim, or document is false if it is untrue when made and was then known to be untrue by the person making it or causing it to be made. A representation or statement is fraudulent if it was made with the intention to deceive. The concealment of material

10

facts in a manner that makes what is said or represented deliberately misleading may also constitute false or fraudulent statements under the statute.

The deception need not be based upon spoken or written words alone. The arrangement of the words, or the circumstances in which they are used, may convey the false and deceptive appearance. If there is deception, the manner in which it is accomplished does not matter.

### **"In Connection With"**

You cannot find that the Government has proven the first element unless you find that the defendant participated, or agreed to participate, in fraudulent conduct that was "in connection with" a purchase or sale of securities. The requirement that the fraudulent conduct be "in connection with" a purchase or sale of securities is satisfied so long as there was some nexus or relation between the allegedly fraudulent conduct and the sale or purchase of securities. Fraudulent conduct may be "in connection with" the purchase or sale of securities if you find that the alleged fraudulent conduct "touched upon" a securities transaction. You need not find that the defendant actually participated in any specific purchase or sale of a security if you find that the defendant participated, or agreed to participate, in fraudulent conduct that was "in connection with" a "purchase or sale" of securities.

It is no defense to an overall scheme to defraud that the defendant was not involved in the scheme from its inception or played only a minor role with no contact with the investors and purchasers of the securities in question. A person who comes in at a later point with knowledge of the scheme's general operation, although not necessarily all of its details, and intentionally acts in a way to further the unlawful goals, becomes a member of the scheme and is legally responsible for all that may have been done in the past, in furtherance of the criminal objective, and all that is done thereafter.

Even if the defendant participated in the scheme to a lesser degree than others, he is, nevertheless, equally guilty so long as the defendant became a member of the scheme to defraud with knowledge of its general scope and purpose.

Nor is it necessary for you to find that the defendant was or would be the actual seller of the securities. It is sufficient if the misrepresentation or omission of material fact involved the purchase or sale of stock. By the same token, the Government need not prove that the defendant personally made the misrepresentation or that he omitted the material fact. It is sufficient if the Government establishes that the defendant caused the statement to be made or the fact to be omitted. With regard to the alleged misrepresentations and omissions, you must determine whether the statements were true or false when made, and, in the case of alleged omissions, whether the omissions were misleading.

### **"Material Fact"**

If you find that the Government has established beyond a reasonable doubt that a statement was false or a statement was omitted rendering the statements that were made misleading, you must next determine whether the statement or omission was material under the circumstances. The word "material" here refers to the nature of the false or misleading statements. We use the word "material" to distinguish between the kinds of statements we care about and those that are of no real importance. Matters that are "material" may also include fraudulent half-truths or omissions of material fact. A material fact is one that a reasonable person would have considered important in making his or her investment decision. That means that if you find a particular statement of fact or omission to have been untruthful or misleading, before you can find that statement or omission to be material, you must also find that the

statement or omission was one that would have mattered to a reasonable person in making such an investment decision.

Any testimony that you may have heard from any witness with respect to whether a particular fact would or would not have been important to him or to investors in general reflect that witness's individual views. Although you may consider such testimony, it is not controlling. It is for you to determine whether a particular fact would have been significant to a reasonable investor in making an investment decision.

In considering whether a statement or omission was material, let me caution you that it is not a defense if the material misrepresentation or omission would not have deceived a person of ordinary intelligence. Once you find that the offense involved the making of material misrepresentations or omissions of material facts, it does not matter whether the intended victims were gullible buyers or sophisticated investors, because the securities laws protect the gullible and unsophisticated as well as the experienced investor.

Nor does it matter whether the alleged unlawful conduct was or would have been successful, or whether the defendant profited or would have profited as a result of the alleged scheme. Success is not an element of a violation of Section 10(b) or Rule 10b-5. If, however, you find that the defendant expected to or did profit from the alleged scheme, you may consider that in relation to the element of intent, which I will discuss in a moment.

In assessing whether a misstatement or omission is material, both quantitative and qualitative factors should be considered. In assessing whether a stated or omitted fact is quantitatively material, you should consider the financial magnitude of the misstatement or omission. Under this inquiry, an omission or misstatement of an item in a financial report is quantitatively material if, in light of surrounding circumstances, the magnitude of the item is

such that it is probable that the judgment of a reasonable person relying upon the report would have been changed or influenced by the inclusion or correction of the item. However, the magnitude of a misstatement is only the beginning of an analysis of materiality. You should also consider whether qualitative factors make a misstatement or omission material. With respect to financial statements, qualitative factors may cause misstatements of quantitatively small amounts to be material.

In assessing whether a misstatement or omission is qualitatively material, you may consider, among other factors:

- whether the misstatement masks a change in earnings or other trends;

- whether the misstatement hides a failure to meet analysts' consensus expectations for the enterprise;

- whether the misstatement changes a loss into income or vice versa;

- whether the misstatement affects the registrant's compliance with regulatory requirements;

- whether the misstatement has the effect of increasing management's compensation – for example, by satisfying requirements for the award of bonuses or other forms of incentive compensation;

- whether the misstatement involves concealment of an unlawful transaction.

This is not an exhaustive list of the circumstances that may render material a misstatement that is quantitatively small. Among other factors, the demonstrated volatility of the price of a registrant's securities in response to certain types of disclosures may provide guidance as to whether investors regard quantitatively small misstatements as material. When management expects (based, for example, on a pattern of market performance) that a known misstatement

may result in a significant positive or negative market reaction, that expected reaction should be taken into account when considering whether a misstatement is material.

You should not assume that even small intentional misstatements in financial statements, for example those pursuant to actions to "manage" earnings, are immaterial. While the intent of management does not render a misstatement material, it may provide significant evidence of materiality. The evidence may be particularly compelling where management has intentionally misstated items in the financial statements to "manage" reported earnings. In that instance, it presumably has done so believing that the resulting amounts and trends would be significant to users of the registrant's financial statements.

Remember, in assessing materiality, you should consider all the relevant facts and circumstances, both quantitative and qualitative. Furthermore, you should consider both the individual misstatements or omissions, and their aggregate effect, in determining materiality.

> Adapted from the Collins Charge; Sand, et al., Modern Federal Jury Instructions, Instr. 57-20, 57-21; SEC Staff Accounting Bulletin ("SAB") 99; see also United States v. Skelly, 442 F.3d 94, 98 (2d Cir. 2006); United States v. Santoro, 302 F.3d 76, 80-81 (2d Cir. 2002) ("Unlike customers who independently find their stocks and whose brokers merely execute trades at their command, customers who rely on investment recommendations reasonably trust their brokers to fully disclose all information pertinent to the recommendation and quality of the investment."); United States v. Szur, 289 F.3d 200, 210 (2d Cir. 2002); Ganino v. Citizens Utilities Co., 228 F.3d 154, 163 (2d Cir. 2000) ("SAB No. 99 is thoroughly reasoned and consistent with existing law – its non-exhaustive list of factors is simply an application of the well-established *Basic* analysis to misrepresentations of financial results – we find it persuasive guidance for evaluating the materiality of an alleged misrepresentation.").

## REQUEST NO. 8

### Count Two: Second Element – Knowledge, Intent and Willfulness

The second element of Count Two that the Government must establish is that the defendant acted knowingly, willfully and with intent to defraud.

"Knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently.

To act "willfully" means to act voluntarily and with a wrongful purpose.

"Intent to defraud" in the context of the securities laws means to act knowingly and with intent to manipulate or deceive.

The question of whether a person acted knowingly, willfully and with intent to defraud is a question of fact for you to determine, like any other fact question. This question involves one's state of mind.

Direct proof of knowledge and fraudulent intent is almost never available. It would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past he committed an act with fraudulent intent. Such direct proof is not required.

The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his words, his conduct, his acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom.

What is referred to as drawing inferences from circumstantial evidence is no different from what people normally mean when they say, "use your common sense." Using your common sense means that, when you come to decide whether a defendant possessed or lacked an intent to defraud, you do not limit yourself to what the defendant said, but you also look at what he did and what others did in relation to the defendant and, in general, everything that occurred.

As I have previously explained, circumstantial evidence, if believed, is of no less value than direct evidence. In either case, the essential elements of the crime charged must be established beyond a reasonable doubt.

In order for you to find the defendant guilty of securities fraud, the Government need only prove that the defendant acted with an intent to deceive, manipulate or defraud. The Government need not show that the defendant acted with an intent to cause harm.

Because an essential element of the crime charged is intent to deceive, good faith on the part of the defendant is a complete defense to the charge of securities fraud. That is, the law is not violated if the defendant held an honest belief that his actions were proper and not in furtherance of any unlawful scheme. An honest belief in the truth of the representations made by a defendant is a complete defense, however inaccurate the statements may turn out to be. A defendant, however, has no burden to establish a defense of good faith; it remains the Government's burden to prove, beyond a reasonable doubt, that the defendant acted knowingly, willfully, and with intent to deceive.

In considering whether or not a defendant acted in good faith, however, you are instructed that a belief by the defendant, if such belief existed, that ultimately everything would work out so that no investors would lose any money does <u>not</u> necessarily constitute good faith. No amount of honest belief on the part of a defendant that the scheme will ultimately make a profit for the investors will excuse fraudulent actions or false representations by him.

As a practical matter, then, to prove the charge against a defendant, the Government must establish beyond a reasonable doubt that the defendant knew that his conduct was calculated to deceive and that he nevertheless associated himself with the alleged fraudulent scheme.

> Adapted from the <u>Collins</u> Charge and the charge of the
> Honorable Jed S. Rakoff in <u>United States</u> v. <u>Petit & Taylor</u>,

17

19 Cr. 850 (JSR); Sand, et al., <u>Modern Federal Jury Instructions</u>, Instr. 57-16; <u>United States</u> v. <u>Litvak</u>, 808 F.3d 160, 178 (2d Cir. 2015) (intent element for securities fraud is "intent to deceive, manipulate or defraud" not "intent to harm").

## REQUEST NO. 9

### Count Two: Third Element – Instrumentality of Interstate Commerce

The third and final element of Count Two — the substantive securities fraud count — that the Government must prove beyond a reasonable doubt is that the defendant knowingly used, or caused to be used, the mails or the instrumentalities of interstate commerce in furtherance of the scheme to defraud.

Let me first note that it is unnecessary for the Government to prove both the mails and an instrumentality of interstate commerce were used in furtherance of the fraudulent scheme. Only one of the above – either the mails or an instrumentality of interstate commerce – is enough. But you must be unanimous as to at least one.

In considering this element, it is not necessary for you to find that the defendant was or would have been directly or personally involved in any mailing or the use of an instrumentality of interstate commerce. If the conduct alleged would naturally and probably result in the use of the mails or an instrumentality of interstate commerce, this element would be satisfied.

Nor is it necessary that the items sent through the mails or communicated through an instrumentality of interstate commerce did or would contain the fraudulent material, or anything criminal or objectionable. The matter mailed or communicated may be entirely innocent so long as it is in furtherance of the scheme to defraud or fraudulent conduct.

The use of the mails or instrumentality of interstate commerce need not be central to the execution of the scheme or even be incidental to it. All that is required is that the use of the mails or instrumentality of interstate commerce bear some relation to the object of the scheme or fraudulent conduct.

In fact, the actual purchase or sale of a security need not be accompanied by the use of the mails or instrumentality of interstate commerce, so long as the mails or instrumentality of

interstate commerce are used in furtherance of the scheme and the defendant is still engaged in actions that are part of a fraudulent scheme when the mails or the instrumentalities of interstate commerce are used.

The use of the term "mails" is self-explanatory, and includes the U.S. Mail and Federal Express. Examples of instrumentalities of interstate commerce include telephone calls, emails, or text messages, or use of a facility of a national securities exchange, such as a stock or options trade made on the NASDAQ.

> Adapted from the Collins Charge; Sand, et al., Modern Federal Jury Instructions, Instr. 57-20, 57-25; United States v. Giordano, 442 F.3d 30, 40 & n.11 (2d Cir. 2006) (defining "instrumentality of interstate commerce").

## REQUEST NO. 10

### Counts Three Through Eight: False Statements in Filings with the SEC – The Statute and the Indictment

Now, let's turn to Counts Three through Eight of the Indictment, which charge that the defendant made, or caused to be made, false statements in reports and documents required to be filed under the Securities Exchange Act of 1934. Counts Three through Eight charge different filings in which the defendant either made or caused to be made false statements. Count Three relates to Iconix's second quarter 2014 press release on Form 8-K. Count Four relates to Iconix's second quarter 2014 quarterly report on Form 10-Q. Count Five relates to Iconix's third quarter 2014 press release on Form 8-K. Count Six relates to Iconix's third quarter 2014 quarterly report on Form 10-Q. Count Seven relates to Iconix's 2014 year-end press release on Form 8-K. Count Eight relates to Iconix's 2014 annual report on Form 10-K.

Counts Three through Eight of the Indictment read in pertinent part as follows:

[The Court is respectfully requested to read Counts Three through Eight of the Indictment.]

These counts charge violations of Section 32 of the Securities Exchange Act of 1934, Title 15, United States Code, Section 78ff. Section 78ff provides in relevant part:

> [A]ny person who willfully and knowingly makes, or causes to be made, any statement in any application, report, or document required to be filed under this title or any rule or regulation thereunder . . . which statement was false or misleading with respect to any material fact [shall be guilty of a crime].

This section is the general provision of the federal securities laws that makes it unlawful to willfully violate any provision of the Securities Exchange Act of 1934, or any rule or regulation thereunder, by making materially false and misleading statements in applications, reports, and documents required to be filed with the SEC.

The SEC requires public companies to file quarterly reports, or Form 10-Qs, for each of the first three quarters of every fiscal year. The SEC also requires public companies to file a

21

current report on a form called a Form 8-K for, among other reasons, any public announcement

or release that discloses material non-public information regarding that company's results of

operations or financial condition for a completed quarterly or annual fiscal period.

> Title 15, United States Code, Sections 78m(a); and Title
> 17, Code of Federal Regulations, Section 240.13a-11 and
> 13a-13; Form 8-K, Section 2, Item 2.02.

## REQUEST NO. 11

**Counts Three Through Eight: False Statements in SEC Filings – Elements of the Offense**

For each of Counts Three through Eight, to establish a violation of Title 15, United States Code, Section 78ff, the Government must prove each of the following elements beyond a reasonable doubt:

First, that Iconix was required by the Securities Exchange Act of 1934 to file the document charged in that Count; and

Second, that the defendant knowingly and willfully made, or caused to be made, a materially false or misleading statement in that document.

Now I will explain these two elements in more detail.

> Adapted from the charge of the charge of the Honorable Paul A. Crotty in United States v. Tomasetta, 10 Cr. 1205 (PAC) (the "Tomasetta Charge"); Sand, et al., Modern Federal Jury Instructions, Instr. 36-9.

23

**REQUEST NO. 12**

**Counts Three Through Eight: False Statements in SEC Filings First Element – Required Filings**

With respect to each of Counts Three through Eight, the Government must show, first, that Iconix was required by the Securities Exchange Act of 1934 to file the document charged in the particular Count. I have already instructed you that public companies are required to file documents and reports as prescribed by the SEC. These include quarterly reports on Form 10-Q and current reports on Form 8-K for, among other reasons, any public announcement or release that discloses material non-public information regarding the company's results of operations or financial condition for a completed quarterly or annual fiscal period. As I explained previously, if you find that Iconix was a public company, it was required to file these reports.

> Adapted from the <u>Tomasetta</u> Charge; Title 15, United States Code, Sections 78m(a) and 78o(d); and Title 17, Code of Federal Regulations, Section 240.13a-11 and 13a-13; Form 8-K, Section 2, Item 2.02.

**REQUEST NO. 13**

**Counts Three Through Eight: False Statements in SEC Filings Second Element – Material Falsity**

The Government next must prove, with respect to each of Counts Three through Eight, that the defendant, NEIL COLE, made, or caused to be made, materially false and misleading statements in the filing you are considering.

As I have instructed you, a statement or representation is "false" if it was untrue when made, and known at the time to be untrue by the person making it or causing it to be made. A statement is misleading if it is either an untrue statement as to a material fact or if it omits to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

I have defined the term "material" for you previously and you should use that definition here.

I have also defined the terms and "knowingly" and "willfully." Those same definitions apply here.

To establish this element, the Government need not prove that the defendant himself physically made or otherwise personally prepared the statements in question. It is sufficient if the Government has proved the defendant caused materially false information to be filed by some person.

> Adapted from the <u>Tomasetta</u> Charge; Sand, et al., <u>Modern Federal Jury Instructions</u>, Instr. 36-10.
>
> s

25

## REQUEST NO. 14

### Count Nine: Misleading Conduct of Audits

Count Nine of the Indictment charges NEIL COLE, the defendant, with misleading the conduct of audits, from at least in or about 2013 through at least in or about 2015.

Count Nine alleges as follows:

[The Court is respectfully requested to read Count Nine of the Indictment.]

The relevant law here is Title 15, United States Code, Sections 7202, 7242, and 78ff, which provide, in pertinent part:

> It shall be unlawful . . . for any officer or director of an issuer, or any other person acting under the direction thereof, to take any action to fraudulently influence, coerce, manipulate, or mislead any independent public or certified accountant engaged in the performance of an audit of the financial statements of that issuer for the purpose of rendering such financial statements materially misleading.

The law prohibits directors or officers of a corporation that has publicly traded securities from making or causing to be made false or misleading statements to an accountant either in connection with an audit or examination of the company's financial statements or in connection with the preparation and filing of documents with the SEC.

To establish that the defendant committed the offense charged in Count Nine, the Government must prove each of the following elements beyond a reasonable doubt:

First, that the defendant was a director or officer of a public company;

Second, that the defendant, directly or indirectly, made, or caused to be made, a materially false or misleading statement or omitted to state, or caused another person to omit to state, a material fact necessary in order to make the statements made, in light of the circumstances under which such statements were made, not misleading;

Third, that the statements or omissions at issue were directed to an accountant in connection with (1) an audit or examination of the financial statements of the company, or (2) the preparation or filing of any document or report required to be filed with the SEC; and

Fourth, that the defendant acted willfully.

I have already described for you the concepts of willfulness, falsity and materiality, and have explained that a public company is required to file financial statements with the SEC. You should apply those same instructions here, except that you should consider whether the false or misleading statement would have been material to a reasonable auditor, instead of a reasonable investor.

Adapted from the charge of the Honorable Barbara S. Jones
in United States v. Weissman, 01 Cr. 529 (BSJ)

## REQUEST NO. 15

## Aiding and Abetting

With respect to these substantive counts – that is, Counts Two through Nine – each of these counts also charges the defendant with violating 18 U.S.C. § 2, the "aiding and abetting" statute. That is, the defendant is charged not only as a principal who committed the crime, but also as an aider and abettor and with having willfully caused the crime. As a result, under 18 U.S.C. § 2, there are two additional ways that the Government may establish a defendant's guilt on Count Two. One way is called "aiding and abetting," and the other is called "willfully causing a crime." Let me explain each of these.

"Aiding and abetting" is set forth in Section 2(a) of the statute. That section reads, in part, as follows:

> Whoever commits an offense against the United States or aids or abets or counsels, commands or induces, or procures its commission, is punishable as a principal.

Under the aiding and abetting statute, it is not necessary for the Government to show that a defendant himself physically committed the crime with which he is charged in order for you to find the defendant guilty. Thus, even if you do not find beyond a reasonable doubt that the defendant himself committed the crime charged, you may, under certain circumstances, still find the defendant guilty of that crime as an aider or abettor.

A person who aids or abets another to commit an offense is just as guilty of that offense as if he committed it himself. Accordingly, you may find a defendant guilty of the substantive crime if you find beyond a reasonable doubt that the Government has proved that another person actually committed the crime, and that the defendant aided and abetted that person in the commission of the offense.

28

As you can see, the first requirement is that another person has committed the crime charged. Obviously, no one can be convicted of aiding and abetting the criminal acts of another if no crime was committed by the other person in the first place. But if you do find that a crime was committed, then you must consider whether the defendant aided or abetted the commission of the crime.

In order to aid or abet another to commit a crime, it is necessary that a defendant willfully and knowingly associate himself in some way with the crime, and that he willfully and knowingly seek by some act to help make the crime succeed.

Participation in a crime is willful if action is taken voluntarily and intentionally.

The mere presence of a defendant where a crime is being committed, even coupled with knowledge by the defendant that a crime is being committed, or the mere acquiescence by a defendant in the criminal conduct of others, even with guilty knowledge, is not sufficient to establish aiding and abetting. An aider and abettor must have some interest in the criminal venture.

To determine whether a defendant aided or abetted the commission of the crime with which he is charged, ask yourself these questions:

-- Did he participate in the crime charged as something he wished to bring about?

-- Did he associate himself with the criminal venture knowingly and willfully?

-- Did he seek by his actions to make the criminal venture succeed?

If he did, then the defendant is an aider and abettor, and therefore guilty of the offense. If he did not, then the defendant is not an aider and abettor, and is not guilty as an aider and abettor of that offense.

> Adapted from Sand, et al., <u>Modern Federal Jury Instructions</u>, Instr. 11-1 and 11-2, and from the charge

approved in <u>United States</u> v. <u>Stanchich</u>, 550 F.2d 1294 (2d Cir. 1977); <u>see</u> <u>United States</u> v. <u>Labat</u>, 905 F.2d 18, 23 (2d Cir. 1990) (discussing requirements of aiding and abetting liability); <u>United States</u> v. <u>Clemente</u>, 640 F.2d 1069 (2d Cir.) (same).

## REQUEST NO. 16

### Willfully Causing a Crime

The second way in which the Government can prove a defendant's guilt under 18 U.S.C.
§ 2 on Counts Two through Nine is through a finding beyond a reasonable doubt that the
defendant willfully caused a crime. Section 2(b) of the aiding and abetting statute, which relates
to willfully causing a crime, reads as follows:

> Whoever willfully causes an act to be done which if
> directly performed by him or another would be an offense
> against the United States [shall be guilty of a federal
> crime].

What does the term "willfully caused" mean? It means that the defendant himself need
not have physically committed the crime or supervised or participated in the actual criminal
conduct charged in the Indictment.

The meaning of the term "willfully caused" can be found in the answers to the following
questions:

First, did the defendant did the defendant have the mental state necessary to commit the
offenses you are considering; and

Second, did the defendant intentionally cause another person to commit the action or
actions that constituted the crime?

If you are persuaded beyond a reasonable doubt that the answer to both of these questions
is "yes" then the defendant is guilty of the crime charged just as if the defendant himself had
actually committed it. To find the defendant liable under this provision of the statute, the
Government need not prove that he acted through a guilty intermediary.

> Adapted from Sand, et al., Modern Federal Jury
> Instructions, Instr. 11-3; see United States v. Gabriel, 125
> F.3d 89, 99 (2d Cir. 1997) ("Generally, to establish a
> conviction through the use of section 2(b), the government

must prove that the defendant had the mental state necessary to violate the underlying criminal statute and that the defendant 'willfully caused' another to commit the necessary act."); <u>United States</u> v. <u>Margiotta</u>, 688 F.2d 108, 131 (2d Cir. 1982) (defendant may be found guilty even if he acts through "innocent intermediaries" to "cause[] the commission of an indispensable element of the offense"); <u>United States</u> v. <u>Ordner</u>, 554 F.2d 24, 29 (2d Cir. 1977), cert. denied, 434 U.S. 824 (1978) (under the "willfully causes an act to be done" provision "the guilt or innocence of the intermediary is irrelevant").

## REQUEST NO. 17

### Count One: The Indictment and the Statute

Now, turning back to Count One, the first conspiracy charge. As I have said, Count One of the Indictment charges NEIL COLE, the defendant, with participating in a securities fraud "conspiracy," in violation of Title 18, United States Code, Section 371. That section provides in relevant part: "If two or more persons conspire . . . to commit any offense against the United States . . . and one or more of such persons do any act to effect the object of the conspiracy, each. . ." is guilty of a crime.

The defendant is charged in this count with participating in a conspiracy to violate several federal statutes. Specifically, Count One charges that:

[The Court is respectfully requested to read Count One of the Indictment, including the overt acts.]

In summary, the Indictment charges the defendant with agreeing with others to (1) commit securities fraud, (2) make false statements in filings with the SEC, and (3) mislead the conduct of audits. The Indictment lists the overt acts – which I'll explain to you later – that are alleged to have been committed in furtherance of the conspiracy charged in Count One.

The essence of the crime of conspiracy is an agreement or understanding to violate other laws. Thus, if a conspiracy exists, even if it fails, it is still punishable as a crime. Consequently, in a conspiracy charge there is no need to prove that the crime that was the objective of the conspiracy was actually committed.

By contrast, the substantive counts require proof that the crime charged was actually committed, but do not require proof of an agreement. Of course, if a defendant both participates in a conspiracy to commit a crime and then actually commits that crime, that defendant may be guilty of both the conspiracy and the substantive crime, as I will instruct you shortly.

33

Adapted from Judge Oetken's charge in <u>United States v. Mittendorf</u>, 18 Cr. 336 (JPO); the <u>Collins</u> Charge; the <u>Tomasetta</u> Charge; Sand, et al., <u>Modern Federal Jury Instructions</u>, Instr. 19-2; <u>see also</u> <u>United States</u> v. <u>Labat</u>, 905 F.2d 18, 21 (2d Cir. 1990) ("Since the essence of conspiracy is the agreement and not the commission of the substantive offense that is its objective, the offense of conspiracy may be established even if the collaborators do not reach their goal.").

**REQUEST NO. 18**

**Count One: Conspiracy – Elements of the Conspiracy**

In order to sustain its burden of proof with respect to the charge of conspiracy, the Government must separately prove beyond a reasonable doubt each of the following three elements:

First, the existence of the conspiracy charged in the Indictment; in other words, that there was, in fact, an agreement or understanding to commit at least one of the object crimes charged in the Indictment;

Second, that the defendant intentionally joined and participated in the conspiracy during the applicable time period; and

Third, that any one of the conspirators – not necessarily the defendant, but any one of the parties involved in the conspiracy – knowingly committed at least one overt act in furtherance of the conspiracy.

Now let us separately consider the three elements.

> Adapted from the  Mittendorf charge; the Jury Charge of Hon. Lewis A. Kaplan, *United States v. Blaszczak*, 17 Cr. 357 (S.D.N.Y. 2018). the Collins Charge; Sand, et al., Modern Federal Jury Instructions, Instr. 19-3.

## REQUEST NO. 19

### Count One: Conspiracy – First Element – Existence of the Conspiracy

The first element is simply the existence of a conspiracy. A conspiracy is an agreement, or an understanding, by two or more persons to accomplish one or more unlawful objectives by working together.

In order for the Government to satisfy this element, you need not find that the alleged members of the conspiracy met together and entered into any express or formal agreement. Similarly, you need not find that the alleged conspirators stated, in words or writing, what the scheme was, its object or purpose, or every precise detail of the scheme or the means by which its object or purpose was to be accomplished. What the Government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people to cooperate with each other to accomplish one or more of the unlawful objectives alleged which, for purposes of this count, are (1) to commit securities fraud, (2) to make false filings with the SEC, and (3) to make or cause others to make false statements to Iconix's auditors.

You may, of course, find that the existence of an agreement to commit wire fraud has been established by direct proof. However, since conspiracy is, by its very nature, characterized by secrecy, you may also infer its existence from the circumstances of this case and the conduct of the parties involved.

In a very real sense, then, in the context of a conspiracy charge, actions often speak louder than words. In this regard you may, in determining whether an agreement existed here, consider the actions and statements of all of those whom you found or find to be participants as proof that a common design existed on the part of the persons involved in the conspiracy to act together to accomplish an unlawful purpose.

You will recall that I have admitted into evidence against the defendants the acts and statements of others because these acts and statements were committed by persons who, the Government charges, were also confederates or co-conspirators of the defendants at trial.

The reason for allowing this evidence to be received against the defendants has to do with the nature of the crime of conspiracy. A conspiracy is often referred to as a partnership in crime. Thus, as in other types of partnerships, when people enter into a conspiracy to accomplish an unlawful end, each and every member becomes an agent for the other conspirators in carrying out the conspiracy.

Accordingly, the reasonably foreseeable acts, declarations, statements, and omissions of any member of the conspiracy and in furtherance of the common purpose of the conspiracy, are deemed under the law to be the acts of all members, and all of the members are responsible for such acts, declarations, statements, and omissions.

If you find beyond a reasonable doubt that the defendant whose guilt you are considering was a member of the conspiracy.

> Adapted from Judge Oetken's charge in *United States v. Mittendorf*, 18 Cr. 336 (JPO); the Collins Charge; Sand, et al., Modern Federal Jury Instructions, Instr. 19-3.

## REQUEST NO. 20

### Count One: Conspiracy – Objects of the Conspiracy

The objects of a conspiracy are the illegal goal or goals the co-conspirators agree or hope to achieve. The Indictment charges three such unlawful purposes – also referred to as "objects" of the conspiracy. You should keep in mind that you need not find that the conspirators agreed to accomplish each one of these objects. An agreement to accomplish any one of these objects is sufficient.

Although the finding of one unlawful objective is sufficient to satisfy the illegal purpose element, I instruct you that you, the jury, must unanimously agree on which object, if any, was the specific object or objects of the alleged conspiracy. If the Government fails to prove beyond a reasonable doubt that at least one of the unlawful objectives alleged in Count One was in fact an objective of the conspiracy, or if you cannot unanimously agree as to which of the unlawful objects alleged in the Indictment have been proven beyond a reasonable doubt, then you must find the defendant not guilty as to the conspiracy charge.

Moreover, if you conclude that "an agreement""existed but that its purpose, even if unlawful, was not one of the specific unlawful objectives alleged in the Indictment, you must also find the defendant not guilty as to Count One.

Adapted from the Collins Charge and the Tomasetta Charge.

## REQUEST NO. 21

### First Object – Securities Fraud

The first object of the conspiracy charged in the Indictment is to commit securities fraud.

I have already instructed you on the elements of the substantive crime of securities fraud in connection with my instructions for Count Two, and you should apply those instructions here to determine whether the defendant conspired, or agreed, to commit that crime.

**REQUEST NO. 22**

**Second Object – Making False Statements in Filings with the SEC**

The second object of the conspiracy charged in the Indictment is making, or causing to be made, false statements in applications, reports, and documents required to be filed under the Securities Exchange Act of 1934.

I have already instructed you on the elements of the substantive crime of making false statements in SEC filings in connection with my instructions for Counts Three through Eight, and you should apply those instructions here to determine whether the defendant conspired, or agreed, to commit that crime.

**REQUEST NO. 23**

**Third Object – Misleading the Conduct of Audits**

The third object of the conspiracy charged in the Indictment is misleading the conduct of audits. I have already instructed you on the elements of the substantive crime of misleading the conduct of audits in connection with my instructions for Count Nine, and you should apply those instructions here to determine whether the defendant conspired, or agreed, to commit that crime.

## REQUEST NO. 24

### Count One: Conspiracy – Second Element – Membership in the Conspiracy

If you find that the Government has proven beyond a reasonable doubt that the conspiracy charged in Count One of the Indictment existed, then you must next consider the second element of the crime. The second element the Government must prove beyond a reasonable doubt to establish the offense of conspiracy is that the defendant knowingly and voluntarily became a member of the alleged conspiracy. I have already instructed you on the definition of knowingly and you should apply that definition here. In deciding whether the defendant you are considering was, in fact, a member of the conspiracy, you should consider whether that defendant knowingly joined the conspiracy. Did he participate in it with knowledge of its unlawful purpose and with the specific intention of furthering its objective?

It is important for you to note that each defendant's participation in the conspiracy must be established by independent evidence of his own acts or statements, as well as those of the other alleged co-conspirators, and the reasonable inferences that may be drawn from them. A defendant's knowledge is a matter of inference from the facts proved. In that connection, I instruct you that to become a member of the conspiracy, a defendant need not have known the identities of each and every other member, nor need he have been apprised of all of their activities. Moreover, the defendant need not have been fully informed as to all of the details, or the scope, of the conspiracy in order to justify an inference of knowledge on his part. Furthermore, the defendant need not have joined in all of the conspiracy's unlawful objectives. The extent of a defendant's participation has no bearing on the issue of a defendant's guilt. A conspirator's liability is not measured by the extent or duration of his participation. Indeed, each member may perform separate and distinct acts and may perform them at different times. Some conspirators play major roles, while others play minor roles in the scheme. An equal role is not

42

what the law requires. In fact, even a single act may be sufficient to draw a defendant within the ambit of the conspiracy.

I want to caution you, however, that a defendant's mere presence at the scene of the alleged crime does not, by itself, make him a member of the conspiracy. Similarly, mere association with one or more members of the conspiracy does not automatically make the defendant a member. A person may know, or be friendly with, a criminal, without being a criminal himself. Mere similarity of conduct or the fact that they may have assembled together and discussed common aims and interests does not necessarily establish membership in the conspiracy.

I also want to caution you that mere knowledge or acquiescence, without participation, in the unlawful plan is not sufficient. Moreover, the fact that the acts of a defendant, without knowledge, merely happen to further the purposes or objectives of the conspiracy, does not make the defendant a member. More is required under the law. What is necessary is that the defendant must have participated with knowledge of at least some of the purposes or objectives of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends.

The Government is not required to prove that the members of the alleged conspiracy were successful in achieving any or all of the objects of the conspiracy.

A conspiracy, once formed, is presumed to continue until either its objectives are accomplished or there is some affirmative act of termination by its members. So, too, once a person is found to be a member of a conspiracy, he is presumed to continue his membership in the venture until its termination, unless it is shown by some affirmative proof that he withdrew and disassociated himself from it.

> Adapted from the Jury Charge of Hon. J. Paul Oetken in United States v. Block, 16 Cr. 595 (2017); the Collins Charge; the

<u>Tomasetta</u> Charge; <u>Modern Federal Jury Instructions</u>, Instr. 19-6.

## REQUEST NO. 25

### Conscious Avoidance

As I have explained, each of the counts charged in the Indictment requires the Government to prove that the defendant acted knowingly, as I have already defined that term.

As you all know, if a person is actually aware of a fact, then he knows that fact. But the law also allows you to find that a defendant had knowledge of a fact when the evidence shows that he was aware of a high probability of that fact, but intentionally avoided confirming that fact. The law calls this "conscious avoidance" or "willful blindness."

In determining whether the Government has proven beyond a reasonable doubt that the defendant acted knowingly with respect to each of the ten counts charged in the Indictment, you may consider whether the defendant deliberately closed his eyes to what would otherwise have been obvious to him. One may not willfully and intentionally remain ignorant of a fact important to his conduct in order to escape the consequences of criminal law.

Thus, if you find beyond a reasonable doubt that the defendant acted with a conscious purpose to avoid learning some relevant fact – for example, that certain statements were false or misleading without additional information – then you may treat the defendant as though he knew that the fact existed. However, guilty knowledge may not be established by demonstrating that the defendant was merely negligent, foolish, or mistaken, and you may not rely on willful blindness as the basis for treating the defendant as though he was aware of the existence of a fact if you find that the defendant actually believed that the fact did not exist. It is entirely up to you whether you find that the defendant deliberately closed his eyes and any inferences to be drawn from the evidence on this issue.

Let me explain further what the concept of willful blindness or conscious avoidance means with respect to the conspiracy charge, Count One of the Indictment.

45

First, there is a difference between knowingly participating in a joint undertaking and knowing the object of that undertaking. "Conscious avoidance," as I have described it, cannot be used as a substitute for a finding that the defendant knowingly agreed to a joint undertaking. It is logically impossible for a defendant to agree to join another person unless he knows that he has made such an agreement.

However, if you find beyond a reasonable doubt that the defendant entered into such an agreement, in considering whether the defendant knew that the objective or goal of that agreement was to engage in securities fraud, to make false filings with the SEC and file false certifications with the SEC, or to mislead the conduct of audits, you may consider whether the defendant deliberately avoided confirming otherwise obvious facts about the purpose of the agreement, that is, whether he deliberately closed his eyes to what would otherwise have been obvious.

> Adapted from the Collins Charge; Sand, et al., Modern
> Federal Jury Instructions, Instr. 3A-2, 57-24.

**REQUEST NO. 26**

**Count One: Conspiracy – Third Element – Overt Acts**

The third element of Count One that the Government must prove is the commission of an overt act. In particular, the Government must show beyond a reasonable doubt that at least one overt act was committed in furtherance of the conspiracy charged in Count One by at least one of the co-conspirators – not necessarily the defendant.

The purpose of the overt act requirement is clear. There must have been something more than mere agreement; some overt step or action must have been taken by at least one of the conspirators in furtherance of the conspiracy.

Let me put it colloquially. The overt act element is a requirement that the agreement went beyond the mere talking stage, the mere agreement stage. The requirement of an overt act is a requirement that some action be taken during the life of the conspiracy by one of the co-conspirators to further the conspiracy.

For the Government to satisfy the overt act requirement, it is not necessary for the Government to prove all of the overt acts alleged in the Indictment or even <u>any</u> of the overt acts contained in the Indictment. Indeed, you may find that overt acts were committed that were <u>not</u> alleged at all in the Indictment. In short, it is sufficient for the Government to show that the defendant <u>or</u> one of his alleged co-conspirators knowingly committed an overt act – whether specifically charged in the Indictment or not – in furtherance of the conspiracy. You must be unanimous on at least one such overt act.

You are further instructed that the overt act need not have been committed at precisely the time alleged in the Indictment. It is sufficient if you are convinced beyond a reasonable doubt that an overt act occurred while the conspiracy was in existence.

47

In considering this element, you should bear in mind that an overt act, standing alone, may be an innocent, lawful act. Frequently, however, an apparently innocent act sheds its harmless character if it is a step in carrying out, promoting, aiding or assisting the conspiratorial scheme. You are therefore instructed that the overt act does not have to be an act that in and of itself is criminal or constitutes an object of the conspiracy.

> Adapted from the Collins Charge; the Tomasetta Charge;
> and Sand, et al., Modern Federal Jury Instructions, Instr.
> 19-7.

## REQUEST NO. 27

### Count One: Conspiracy – Time of Conspiracy

The Indictment charges that the conspiracy set forth in Count One existed from in or about 2013 through in or about 2015. It is not essential that the Government prove that the conspiracy started and ended on those specific dates. Indeed, it is sufficient if you find that in fact the charged conspiracy was formed and that it existed for some time within the period set forth in the Indictment, and that at least one overt act was committed in furtherance of the charged conspiracy within that period.

More generally with respect to the timing of events and the amounts of particular transactions, it does not matter if a specific transaction is alleged to have occurred on or about a certain date or that it involved a specific number of shares or amount of money but the testimony indicates that in fact it was a different date or amount. The law only requires a substantial similarity between the dates and amounts alleged in the Indictment and the dates and amounts established by the testimony or other evidence. The same goes for most of the other factual contentions in the Indictment.

> Adapted from the Tomasetta Charge; Sand et al., Modern Federal Jury Instructions, Instr. 3-12.

**REQUEST NO. 28**

**Count Ten: Conspiracy to Destroy, Alter, and Falsify Records in a Federal Investigation**

Count Ten of the Indictment charges NEIL COLE, the defendant, from at least in or about 2014 through at least in or about 2015, with conspiracy to destroy, alter, and falsify records in a federal inquiry conducted by the Securities and Exchange Commission Division of Corporate Finance.

Count Ten alleges as follows:

[The Court is respectfully requested to read Count Ten of the Indictment.]

The elements of conspiracy are the same as the elements that I instructed you as to Count One, and you should apply them here. The object of the conspiracy charged in Count Ten is to alter, destroy, mutilate, conceal, cover up, falsify, or makes a false entry in any record, document, or tangible object with the intent to impede, obstruct, or influence the investigation or proper administration of any matter within the jurisdiction of any department or agency of the United States. The elements of that offense are as follows:

First, that the defendant or a co-conspirator knowingly made or caused to be made a false entry in a document or caused a document to include a false entry; and

Second, that the conspirators acted with the intent to impede, obstruct, or influence an investigation of a matter within the jurisdiction of an agency of the United States, or in relation to or contemplation of any such matter or case.

I will now discuss each of these elements.

The first element is that the defendant or a co-conspirator would or did knowingly falsify or cause the falsification of a document. Falsifying a document means knowingly including within the document any untrue statement of fact or knowingly omitting from the document any

fact that is necessary to make the facts that are included not misleading. I have previously instructed you on the meaning of "knowingly" and you should apply that definition here.

The second element is that the conspirators intended to impede, obstruct, or influence an investigation or matter that falls within the jurisdiction of a department or agency of the federal government. I instruct you that the Securities and Exchange Commission Division of Corporate Finance is an agency of the federal government.

Although the Government must prove that the conspirators intended to impede, obstruct, or influence an investigation, it need not prove that a federal investigation was ongoing or imminent at the time the conspirators acted or that they were aware that their conduct would impede, obstruct, or influence an investigation that was federal in nature. The Government is required to prove only that the conspirators would or did act in contemplation of a potential investigation. If you find that the conspirators would or did act with the intent to impede, obstruct, or influence an ongoing or potential investigation of a matter, and if you find that the matter was in fact within the jurisdiction of a federal agency, including the Securities and Exchange Commission Division of Corporate Finance, then this element has been proven.

> Adapted from the charges of the Hon. Valerie E. Caproni in *United States v. Calypso*, 17 Cr. 224 (VEC), and from Sand, Modern Federal Jury Instructions, Instr. 46-82.

## REQUEST NO. 29

### Venue

Now, in addition to dealing with the elements of each of the offenses, you must also consider the issue of venue as to each offense, namely, whether any act in furtherance of the unlawful activity occurred within the Southern District of New York. The Southern District of New York includes Manhattan, the Bronx, as well as several other counties, so anything that occurs in Manhattan occurs in the Southern District of New York.

It is sufficient to satisfy the venue requirement if any act by anyone in furtherance of the crime charged occurred within the Southern District of New York. To satisfy this venue requirement only, the Government need not meet the burden of proof beyond a reasonable doubt. The Government meets its burden of proof for venue if it establishes by a preponderance of the evidence that an act in furtherance of the crime occurred within the Southern District of New York. A preponderance of the evidence means that something is more likely than not.

> Adapted from Sand, et al., Modern Federal Jury Instructions, Instr. 3-11.; the Collins Charge; the Tomasetta Charge; see also United States v. Gonzalez, 922 F.2d 1044, 1054-55 (2d Cir.) (affirming that venue is governed by a preponderance standard).

## REQUEST NO. 30

### Cooperating Witness Testimony & Non-Prosecution Agreements

You have heard from a witness – Seth Horowitz – who testified that he was actually involved in carrying out aspects of the crimes charged in the Indictment and who testified pursuant to a cooperation agreement with the Government.

With respect to that witness, you have heard testimony that he pled guilty to charges arising out of some of the same facts as this case. You are instructed that you are to draw no conclusions or inferences of any kind about the guilt of the defendant on trial from the fact that a prosecution witness pled guilty to similar charges. A witness's decision to plead guilty is a personal decision about his or her own guilt. It may not be used by you in any way as evidence against or unfavorable to the defendant on trial here.

You may consider the guilty plea only in determining the witness's believability. In that connection, let me remind you that Mr. Horowitz pled guilty after entering into an agreement with the Government to testify. There is evidence that, in exchange for the promise to testify truthfully, completely, and fully, the Government promised to bring that cooperation to the attention of the sentencing court. The Government is permitted to enter into this kind of plea agreement. You, in turn, may accept the testimony of such a witness and convict a defendant on the basis of such testimony alone, if it convinces you of that defendant's guilt beyond a reasonable doubt.

However, you should bear in mind that a witness who has entered into such an agreement has an interest in this case different from an ordinary witness. A witness who realizes that he or he may be able to obtain his or her own freedom, or receive a lighter sentence by giving testimony favorable to the prosecution, has a motive to testify falsely. Therefore, you must

examine such testimony with caution and weigh it with great care. If, after scrutinizing such testimony, you decide to accept it, you may give it whatever weight, if any, you find it deserves.

Mr. Horowitz has admitted involvement in planning or carrying out aspects of the crimes charged in the Indictment. There has been much said about him in the summations of counsel and whether or not you should believe him. The Government argues, as it is permitted to do, that it must take the witnesses as it finds them. It argues that only people who themselves take part in criminal activity have the knowledge required to show criminal behavior by others. For these very reasons, the law allows the use of such testimony.

However, it is also the case that the testimony of each such witness must be scrutinized with great care and viewed with particular caution when you decide how much of that testimony to believe.

I have given you some general considerations on credibility and I will not repeat them all here. Nor will I repeat all of the arguments made on both sides. However, let me say a few things that you may want to consider during your deliberations on the subject of such a witness.

You should ask yourselves whether the witness would benefit more by lying or by telling the truth. Was his testimony made up in any way because she believed or hoped that she would somehow receive favorable treatment by testifying falsely? Or did he believe that her interests would be best served by testifying truthfully? If you believe that the witness was motivated by hopes of personal gain, was this motivation one which would cause him to lie, or was it one which would cause him to tell the truth? Did this motivation color him testimony? In sum, you should look at all of the evidence in deciding what credence and what weight, if any, you will want to give to the witness's testimony.

Keep in mind that it does not follow that, simply because a person has admitted to participating in one or more crimes, he is incapable of giving a truthful version of what happened. Like the testimony of any other witness, the testimony of someone who has participated in a crime should be given such weight as it deserves in light of the facts and circumstances before you, taking into account the witness's demeanor, candor, the strength and accuracy of a witness's recollection, her background, and the extent to which her testimony is or is not corroborated by other evidence in the case.

One final note in this regard. It is no concern of yours why the Government made agreements with Mr. Horowitz. Your sole concern is to decide whether the witness was giving truthful testimony in this case before you. In sum, you should look to all the evidence in deciding what credence and what weight, if any, you will give to a witness's testimony.

You have also heard testimony from Government witnesses who testified pursuant to compulsion and immunity orders entered by the Court. The Government is entitled to call such witnesses. The fact that a witness's testimony cannot be used against him in a prosecution does not disqualify him from testifying and does not preclude you from accepting that testimony as true.

As with the cooperating witness testimony, you may want to consider whether such witnesses would benefit more by lying or by telling the truth. If you believe the witness was motivated by personal gain, was the motivation one that would cause him to lie or was it one that would cause him to tell the truth? Again, if you find the testimony is false, you should reject it. If you are satisfied that the witness told the truth, you should accept it.

As I have previously instructed you, the issue of credibility need not be decided in an all or nothing fashion. Even if you find that a witness testified falsely in one part, you still may

accept his testimony in other parts, or may disregard all of it. Credibility is a determination

entirely for you, the jury.

> Adapted from the <u>Collins</u> Charge; the <u>Tomasetta</u> Charge;
> Sand, et al., <u>Modern Federal Jury Instructions</u>, Instr. 7-5;
> the charge in <u>United States</u> v. <u>Projansky</u>, 465 F.2d 123,
> 136-37 fn. 25 (2d Cir.) (specifically approving charge set
> forth in footnote); <u>see</u> <u>United States</u> v. <u>Gleason</u>, 616 F.2d
> 2, 15 (2d Cir. 1979) ("Where the court points out that
> testimony of certain types of witnesses may be suspect and
> should therefore be scrutinized and weighed with care,
> such as that of accomplices or coconspirators . . . it must
> also direct the jury's attention to the fact that it may well
> find these witnesses to be truthful, in whole or in part.")
> (citations omitted); <u>see also</u> <u>United States</u> v. <u>Swiderski</u>, 539
> F.2d 854, 860 (2d Cir. 1976) (can be reversible error not to
> give accomplice witness charge if requested by defense).

**REQUEST NO. 31**

**Law Enforcement and Government Employee Witnesses**

**[If Applicable]**

You have heard testimony from law enforcement officials and employees of the Government. The fact that a witness may be employed by the Federal Government as a law enforcement official or employee does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

In this context, defense counsel is allowed to try to attack the credibility of such a witness on the ground that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement or Government employee witness and to give to that testimony the weight you find it deserves.

> Adapted from Sand et al., <u>Modern Federal Jury Instructions</u>, Instr. 7-16.

## REQUEST NO. 32

### Expert Witnesses

### [If Applicable]

You have heard testimony from what we call an expert witness [or witnesses]. An expert is a witness who by education or experience has acquired learning or experience in a specialized area of knowledge. Such witnesses are permitted to give their opinions as to relevant matters in which they profess to be an expert and give their reasons for their opinions. Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

Now, your role in judging credibility applies to experts as well as to other witnesses. You should consider the expert opinions that were received in evidence in this case and give them as much or as little weight as you think they deserve. If you should decide that the opinion of an expert was not based on sufficient education or experience or on sufficient data, or if you should conclude that the trustworthiness or credibility of an expert is questionable for any reason, of if the opinion of the expert was outweighed, in your judgment, by other evidence in the case, then you might disregard the opinion of the expert entirely or in part.

On the other hand, if you find the opinion of an expert is based on sufficient data, education and experience, and the other evidence does not give you reason to doubt his conclusions, you would be justified in placing reliance on his testimony.

Adapted from Sand, et al., <u>Modern Federal Jury Instructions</u>, Instr. 7-21.

**REQUEST NO. 33**

**Character Testimony**

**[If Applicable]**

You have heard testimony that the defendant has a good reputation for [to be completed as appropriate].

Along with all the other evidence you have heard, you may take into consideration what you believe about a defendant's reputation for [to be completed as appropriate] when you decide whether the Government has proven, beyond a reasonable doubt, that the defendant committed the crime.

## REQUEST NO. 34

### Defendant's Testimony

### [Requested only if the defendant testifies]

[The Government respectfully requests that the Court include the following instruction in its general instruction on witness credibility, rather than as a separate instruction:]

The defendant testified at trial and was subject to cross-examination. You should examine and evaluate this testimony just as you would the testimony of any witness with an interest in the outcome of the case.

## REQUEST NO. 35

### Defendant's Right Not to Testify

### [If requested by defense]

The defendant did not testify in this case. Under our Constitution, a defendant has no

obligation to testify or to present any evidence, because it is the Government's burden to prove a

defendant guilty beyond a reasonable doubt. That burden remains with the Government

throughout the entire trial and never shifts to a defendant. A defendant is never required to prove

that he or she is innocent.

You may not attach any significance to the fact that the defendant did not testify.

No adverse inference against him may be drawn by you because he did not take the witness

stand. You may not consider this against the defendant in any way in your deliberations in the

jury room.

> Adapted from Sand, et al., <u>Modern Federal Jury
> Instructions</u>, Instr. 5-21.

**REQUEST NO. 36**

**Statements of the Defendant**

**[If applicable]**

There has been evidence that the defendant made certain statements in which the Government claims he made admissions or denials relevant to the charges in the Indictment.

Evidence of these statements was properly admitted in this case, and may be properly considered by you. You are to give the statements such weight as you feel they deserve in light of all the evidence.

Whether you approve or disapprove of the use of these statements may not enter your deliberations. I instruct you that no one's rights were violated, and the Government's use of this evidence is entirely lawful.

> Adapted from Sand, et al., <u>Modern Federal Jury Instructions</u>, Instr. 5-19.

**REQUEST NO. 37**

**Uncalled Witnesses – Equally Available to Both Sides**

There are people whose names you heard during the course of the trial but did not appear to testify. [If applicable: One or more of the attorneys has referred to their absence from the trial.] I instruct you that each party had an equal opportunity or lack of opportunity to call any of these witnesses. Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called. Their absence should not affect your judgment in any way.

You should remember my instruction, however, that the law does not impose on the defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

Adapted from Sand, et al., <u>Modern Federal Jury Instructions</u>, Instr. 6-7.

**REQUEST NO. 38**

**Particular Investigative Techniques Not Required**

**[If Applicable]**

You have heard reference, in the arguments of defense counsel in this case, to the fact that certain investigative techniques were not used by the Government. There is no legal requirement, however, that the Government prove its case through any particular means. While you are to carefully consider the evidence adduced by the Government, you are not to speculate as to why they used the techniques they did or why they did not use other techniques. The Government is not on trial. Law enforcement techniques are not your concern.

Your concern is to determine whether or not, on the evidence or lack of evidence, the defendant's guilt has been proved beyond a reasonable doubt.

Adapted from Sand, et al., <u>Modern Federal Jury Instructions</u>, Instr. 4-4.

64

## REQUEST NO. 39

### Persons Not on Trial

You may not draw any inference, favorable or unfavorable, towards the Government or the defendant on trial from the fact that any person in addition to the defendant is not on trial here. You also may not speculate as to the reasons why other persons are not on trial. Those matters are wholly outside your concern and have no bearing on your function as jurors.

**REQUEST NO. 40**

**Preparation of Witnesses**

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he or she will be questioned about, focus on those subjects and have the opportunity to review relevant exhibits before being questioned about them. Such consultation helps conserve your time and the Court's time. In fact, it would be unusual for a lawyer to call a witness without such consultation.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

**REQUEST NO. 41**

**Charts and Summaries – Not Admitted As Evidence**

**[If Applicable]**

There have been a number of summary charts and exhibits that were shown to you but not admitted into evidence. At the time they were shown to you, I have noted this fact to you. For these charts and exhibits that were not admitted into evidence, they serve merely as summaries and analyses of testimony and documents in the case and are here to act as visual aids for you. It is the underlying evidence and the weight which you attribute to it that gives value and significance to these charts. To the extent that the charts conform to what you determine the underlying facts to be, you should accept them. To the extent that the charts differ from what you determine the underlying evidence to be, you may reject them.

> Adapted from Sand, et al., <u>Modern Federal Jury Instructions</u>, Instr. 5-13.

**REQUEST NO. 42**

**Charts and Summaries – Admitted as Evidence**

**[If Applicable]**

Now, some of the exhibits that were admitted into evidence were in the form of charts and summaries. For these charts and summaries that were admitted into evidence, you should consider them as you would any other evidence.

Sand, et al., <u>Modern Federal Jury Instructions</u>, Instr. 5-12;
<u>see also</u> Fed. R. Evid. 1006.

## REQUEST NO. 43

### Use of Audio Recordings and Transcripts

Audio recordings have been admitted into evidence in this case. This evidence was lawfully obtained, and properly admitted in this case. Whether you approve or disapprove of the recording of these conversations may not enter your deliberations. I instruct you that these recordings were made in a lawful manner and that no one's rights were violated, and that the Government's use of this evidence is entirely lawful.

You must, therefore, regardless of any personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proved beyond a reasonable doubt the guilt of the defendant.

To help your listening, transcripts have also been prepared. However, the transcripts were not admitted into evidence; only the audio recordings were. You are not to regard the transcripts as anything more than as an aid to you. It is what you hear on the recordings that controls. Nonetheless, if you wish to view the transcripts, they will be made available to you during your deliberations.

> Adapted from the charge of the Honorable Pierre N. Leval in <u>United States</u> v. <u>Mucciante</u>, 91 Cr. 403 (PNL) (S.D.N.Y. 1992); <u>see also</u> Sand, et al., <u>Modern Federal Jury Instructions</u>, Instr. 5-9, 5-10.

**REQUEST NO. 44**

**Stipulations**

In this case you have heard evidence in the form of stipulations.

A stipulation of testimony is an agreement among the parties that, if called, a witness would have given certain testimony. You must accept as true the fact that the witness would have given the testimony. However, it is for you to determine the effect to be given that testimony.

You also heard evidence in the form of stipulations that contain facts that were agreed to be true. In such cases, you must accept those facts as true.

> Adapted from Sand, et al., <u>Modern Federal Jury Instructions</u>, Instr. 5-6 and 5-7.

**Conclusion**

Members of the jury, that about concludes my instructions to you. You are about to go into the jury room to begin your deliberations. If during those deliberations you want to see any of the exhibits, you may request to see them and we will either send them into the jury room or we will bring you back out to the courtroom to see them. If you want any of the testimony read or any of the recordings played again, you may also request that. Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting exhibits or portions of the testimony. If you want any further explanation of the law as I have explained it to you, you may also request that from the Court. If there is any doubt or question about the meaning of any part of this charge, you should send me a note asking for clarification or for a further explanation. Your requests for exhibits or testimony – in fact any communications with the Court – should be made to me in writing, signed by your foreperson, and given to one of the marshals. In any event, do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached.

Many of you have taken notes periodically throughout this trial. I want to emphasize to you, as you are about to begin your deliberations, that notes are simply an aid to memory. Notes that any of you may have made may not be given any greater weight or influence in determination of the case than the recollections or impressions of other jurors, whether from notes or memory, with respect to the evidence presented or what conclusions, if any, should be drawn from such evidence. Any difference between a juror's recollections and another juror's notes should be settled by asking to have the court reporter read back the transcript, for it is the court record rather than any juror's notes upon which the jury must base its determination of the facts and its verdict.

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence. It would be improper for you to consider, in reaching your decision as to whether the Government sustained its burden of proof, any personal feelings you may have about any defendant's race, religion, national origin, sex, or age. The parties in this case are entitled to a trial free from prejudice and our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

Your function now is to weigh the evidence in this case and to determine the guilt or innocence of the defendant with respect to each count of the Indictment.

You must base your verdict solely on the basis of the evidence and these instructions as to the law, and you are obliged on your oath as jurors to follow the law as I instruct you, whether you agree or disagree with the particular law in question.

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree thereto. Your verdict must be unanimous. It is your duty, as jurors, however, to consult with one another, and to deliberate with a view to reaching an agreement, if you can possibly do so without violence to individual judgment. Each of you must decide the case for him or herself, but do so only after an impartial discussion and consideration of all the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views, and change an opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors.

Remember at all times, you are not partisans. You are judges – judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

You should by your own vote select one of you to sit as your foreperson. The foreperson will send out any notes, and when the jury has reached a verdict, he or she will notify the marshal that the jury has reached a verdict, and when you come into open court, the foreperson will be asked to state what the verdict is.

We have prepared a verdict form for you to use in recording your decisions. After you have reached a verdict, the foreperson should fill in the verdict sheet, sign and date it, and then give a note to the marshal outside your door stating that you have reached a verdict. Do not specify what the verdict is in your note. Instead, the foreperson should retain the verdict sheet, and hand it to us in open court when you are all called in. If you are divided, do not report how the vote stands.

I will stress again that each of you must be in agreement with the verdict that is announced in court. Once your verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.

In conclusion, Ladies and Gentlemen, I am sure that if you listen to the views of your fellow jurors and if you apply your own common sense you will reach a fair verdict here. Remember that your verdict must be rendered without fear, without favor, and without prejudice or sympathy.

Dated: September 10, 2021
       New York, New York

                            Respectfully submitted,

                            AUDREY STRAUSS
                            United States Attorney

By:           /s/                          
                            Scott Hartman
                            Noah Solowiejczyk
                            Andrew Thomas
                            Assistant United States Attorneys
                            Tel: (212) 637-2357/2473/2106