# Exhibit D



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 10, 2020

BY E-MAIL

Lorin L. Reisner, Esq.
Richard C. Tarlowe, Esq.
Andrew D. Reich, Esq.
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, New York  10019

Re:   United States v. Neil Cole, 19 Cr. 869 (ER)

Dear Counsel:

We write in response to your December 17, 2019 letter.  The Government does not believe a bill of particulars is required or necessary in this case.  That said, with regard to your specific requests for information, we voluntarily respond as follows.  The Government reserves the right to supplement or amend this information as needed and these responses are not intended to limit the Government's proof at trial.

Request 1: The "representative of Company-1" referenced in paragraph 18 is ▇▇▇▇▇▇▇.  The "representatives of Company-1" referenced in paragraphs 17, 21, 22, 29, 30, and 37 include ▇▇ ▇▇ ▇▇ ▇▇▇ ▇▇ ▇▇ ▇▇.  The "representative of Company-1" who sent an email on or about September 26, 2014 to Iconix attaching invoices is ▇▇▇▇▇. See ICON-SEC-001685.

Request 2: The information you have requested is contained in the Government's discovery production.  *See, e.g.,* ICON-059-00023136; ICON-059-00023136; ICON-SEC-001683.

Request 3: This request seeks evidentiary detail beyond what the Government is required to provide under the law.  *See*, *e.g.*, *United States* v. *Leonelli*, 428 F. Supp. 880, 881 (S.D.N.Y. 1977) ("the law does not impose upon the Government an obligation to preview its case or expose its legal theories"); *United States* v. *Rittweger*, 259 F. Supp. 2d 275, 292-93 (S.D.N.Y. 2003) (denying bill of particulars request as "an impermissible attempt to compel the Government to provide the evidentiary details of its case") (internal quotation marks

omitted); *United States* v. *Bellomo*, 263 F. Supp. 2d 561, 580 (E.D.N.Y. 2003) ("A bill of particulars is not designed to: obtain the government's evidence; restrict the government's evidence prior to trial; assist the defendant's investigation; obtain the precise way in which the government intends to prove its case; interpret its evidence for the defendant, or disclose its legal theory.").

The indictment in this matter is well-detailed and itself provides thorough information about the specifics of the charges against the defendant, including about the issue that is the subject of your request. Additionally, the Government has already produced ample, well-organized, well-indexed, and easily-searchable discovery, including information relevant to this request. These disclosures are sufficient to satisfy the Government's obligations. *See*, *e.g.*, *United States* v. *Mandell*, 710 F. Supp. 2d 368, 385 (S.D.N.Y. 2010) (denying request for particularization of alleged misrepresentations where the indictment was 34 pages long and Government had provided voluminous, organized discovery); *United States* v. *Kazarian*, 10 Cr. 8795 (PGG), 2012 WL 1810214, at *25 (S.D.N.Y. 2012) ("The Court is satisfied that the Government has met its discovery obligations and that Mirzoyan has sufficient notice of the charges against him in order to adequately prepare for trial. Therefore, the Court declines to order a bill of particulars.").

| | |
|---|---|
| Request 4: | The information you have requested is contained in the Government's discovery production. *See, e.g.*, ICON-147-00000004; ICON-151-00000004. |

Request 5: Although the Government is not required to disclose the identity of other co-conspirators of the defendant, *see*, *e.g.*, *United States* v. *Nachamie*, 91 F. Supp. 2d 565, 572-73 (S.D.N.Y. 2000) (setting forth six factors for a court to consider when determining whether to order disclosure of the identity of unindicted co-conspirators), the Government voluntarily discloses that co-conspirators include ███ ████████████████████████████████████ ████████ As noted above, the Government reserves the right to amend or supplement this disclosure as it continues to evaluate the evidence.

Very truly yours,

GEOFFREY S. BERMAN,
United States Attorney

By: ___/s/_____

Edward Imperatore/Scott Hartman/Jared Lenow
Assistant United States Attorneys
(212) 637-2327/2527/1068