

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

September 27, 2021

BY ECF AND EMAIL

The Honorable Edgardo Ramos
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re: United States v. Neil Cole, 19 Cr. 869 (ER)

Dear Judge Ramos:

The Government writes to oppose the defendant's request to submit portions of his response to the Government's motion in limine *ex parte*. The defendant's eleventh hour request seeks to preclude the Government from learning the basis upon which he urges the Court to admit evidence—evidence the Government has challenged as irrelevant. While the Government recognizes that the defendant is under no general obligation to reveal his strategy prior to trial, where the admissibility of evidence is challenged, fair operation of the adversary process requires that the defendant at least provide the Government with sufficient information to test his assertions and legal arguments. As Judge Forrest herself observed, "A defense preference for trial by ambush is legally unsupportable." *United States v. Ulbricht*, No. 14 R. 68 (KBF), 2015 WL 413318, at *3 (S.D.N.Y. Feb. 1, 2015), aff'd, 858 F.3d 71 (2d Cir. 2017). Moreover, documents filed in support of motion are paradigmatic judicial documents for which there is a presumptive right of public access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 126 (2d Cir. 2006).

The defendant's reluctance to share additional details at this stage of the litigation is particularly curious, because, under the pretrial schedule set by Court (ECF Doc. 101), the defendant should already have produced to the Government any exhibits he has identified for use at trial, any documents or materials that, under Rule 16, he may use at trial, and any prior witness statements under Rule 26.2. Moreover, the trial of this matter is only a week away. That distinguishes this case from *United States v. Levin*, No. 15 Cr. 101 (KBF), the only precedent that

the defendant cites. Although in *Levin*, the District Court allowed the defense to submit certain information ex parte, it did so in the context of litigating motions to be decided weeks before trial.

Respectfully submitted,

AUDREY STRAUSS
United States Attorney

By: /s/
Scott Hartman/Andrew Thomas/Noah Solowiejczyk
Assistant United States Attorneys
(212) 637-2357 / 2106 / 2473

cc: Counsel for Neil Cole (by ECF)