# Exhibit A

# MICHAEL HUESTON
### ATTORNEY AT LAW

16 COURT STREET  
SUITE 1800  
BROOKLYN, NEW YORK 11241

Tel: (718) 246-2900  
Fax: (718) 246-2903  
Email: mhueston@nyc.rr.com

ADMITTED NY

September 2, 2021

**BY ECF**  
The Honorable William F. Kuntz II  
United States District Court  
Eastern District of New York  
225 Cadman Plaza East  
Brooklyn, New York 11201

      Re: *United States v. Elder, et al.,* 18 Cr. 092 (WFK)

Your Honor:

    At the parties' August 26, 2021 pretrial conference, the Court decided it would exclude individuals who are not vaccinated against COVID-19 from the impaneled jury. After researching the issue, we object to the decision and respectfully request that the Court impanel jurors who are both inoculated and non-inoculated from contracting COVID-19. Notwithstanding the exceptional and unprecedented nature of the worst pandemic our country has seen in over a hundred years, excluding non-inoculated individuals would have a discriminatory impact on the defendants in violation of the Jury Selection and Service Act of 1968, 28 U.S.C. §1861 ("JSSA"), and their Sixth Amendment right to a jury drawn from a fair cross-section of the community, and their rights under the Equal Protection Clause of the Fifth Amendment.

    The JSSA mandates that each federal district court "devise and place in operation a written plan for random selection of grand and petit jurors." 28 U.S.C. § 1863(a). In 2006, the Eastern District of New York set forth its plan to determine the selection of petit and grand jurors in The Jury Selection Plan for Random Selection from Voter Lists.[1] The Sixth Amendment guarantees a criminal defendant a petit jury selected from a fair cross-section of the community. *Taylor v. Louisiana*, 419 U.S. 522, 530, (1975). "[A] jury selection system yielding a significant underrepresentation of a minority group in jury venires can violate the "fair cross-section" requirement of the Sixth Amendment, even if proof of discriminatory intent necessary for a Fifth Amendment violation is absent. *United States v. Biaggi,* 909 F.2d 662, 677 (2d Cir. 1990), *citing Duren v. Missouri*, 439 U.S. 357, 368 n.26 (1979). The Equal Protection Clause of the Fifth Amendment similarly prohibits underrepresentation of minorities in petit juries, but requires animus, while the Sixth Amendment claim does not. *See United States v. Gelb*, 881 F.2d 1155, 1161 (2d Cir. 1989).

---

[1] https://img.nyed.uscourts.gov/files/local_rules/juryplan.pdf.

It is well-known that COVID-19 is disproportionately affecting racial/ethnic minority groups and those who are economically and socially disadvantaged.[2] Between December 14, 2020 and March 1, 2021, the first 2.5 months of the U.S. vaccination program, 51,873,700 residents of 49 U.S. states and D.C. received at least one dose of COVID-19 vaccine, representing 15.1% of the U.S. adult population.[3] During this time, high social vulnerability counties including racial/ethnic minority groups had lower COVID-19 vaccination coverage than low social vulnerability counties. *Id*. By August 18, 2021, 72% of the adult population in the United States received at least one dose of a COVID-19 vaccine.[4] However, "Black and Hispanic people remain less likely than their White counterparts to have received a vaccine." *Id*. The Center for Disease Control ("CDC") provides demographic characteristics of people receiving COVID-19 vaccinations in the United States.[5] White people represent 61.2% of the U.S. population and 58.9% of persons who are fully vaccinated. *Id*. Black people represent 12.4% of the U.S. population but only 9.3% of persons who are fully vaccinated. *Id*. In New York, 54% of the White population is vaccinated, but only 41% of the total Black population is vaccinated.[6] This constitutes a White to Black ratio of 1.32 and -13 percentage point difference between the White and Black rates. *Id*. As of August 16, 2021, 53% of the New York's Hispanic population was vaccinated and 84% of the Asian population was vaccinated. *Id.*

These statistics demonstrate minority groups continue to be disproportionally affected by COVID-19. Excluding non-inoculated jurors will lead to a further underrepresentation of minorities in our impaneled jury and deprive the defendants of their right to a jury drawn from a fair cross-section of the community, violative of the defendants' rights under the Fifth and Sixth Amendments. Though non-inoculated jurors must always be masked, in compliance with the EDNY Plan for Resumption of Jury Trials,[7] inclusion of such individuals will ensure the defendants' constitutional rights are not violated.

---

[2] Lopez L 3rd, Hart LH 3rd, Katz MH. Racial and ethnic health disparities related to COVID-19. JAMA 2021;325:719–20, https://doi.org/10.1001/jama.2020.26443.

[3] *CENTERS FOR DISEASE CONTROL*, County-Level COVID-19 Vaccination Coverage and Social Vulnerability — United States, December 14, 2020–March 1, 2021, https://www.cdc.gov/mmwr/volumes/70/wr/mm7012e1.htm?s_cid=mm7012e1_w.

[4] *Latest Data on COVID-19 Vaccinations by Race/Ethnicity*, Kaiser Family Foundation (Published: Aug 18, 2021), https://www.kff.org/coronavirus-covid-19/issue-brief/latest-data-on-covid-19-vaccinations-race-ethnicity/ (last visited Sept. 2, 2021).

[5] *CENTERS FOR DISEASE CONTROL,* Demographic Characteristics of People Receiving COVID-19 Vaccinations in the United States, https://covid.cdc.gov/covid-data-tracker/#vaccination-demographic (updating regularly).

[6] *Percent of Total Population that has Received a COVID-19 Vaccine by Race/Ethnicity* Kaiser Family Foundation (Timeframe: as of August 16, 2021), https://www.kff.org/other/state-indicator/percent-of-total-population-that-has-received-a-covid-19-vaccine-by-race-ethnicity/ (last visited Sept. 2, 2021).

[7] https://img.nyed.uscourts.gov/files/pub-news/Plan%20for%20Resumption%20of%20Jury%20Trials.pdf.

We thank the Court for considering this request and respectfully asks the Court to reconsider its decision.

Defendant Ppassim Elder joins in this application.

Respectfully,

s/Michael Hueston
Eylan Schulman
*Counsel for Wilbert Bryant*

cc: Counsel of Record

3

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
UNITED STATES OF AMERICA,                      :
                                               :
        v.                                     :
                                               :           ORDER
PPASSIM ELDER and WILBERT BRYANT,              :           18-CR-92 (WFK)
                                               :
                Defendants.                    :
------------------------------------------------------------------------X
```

**WILLIAM F. KUNTZ, II, United States District Judge:**

The Court has reviewed defense counsel's letter, ECF No. 324, objecting to the Court's decision to exclude individuals who are not vaccinated against COVID-19 from the impaneled jury and requesting the Court impanel jurors who are both inoculated and non-inoculated from contracting COVID-19. The Court hereby DENIES the request.

**SO ORDERED.**

s/ WFK

_____
HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: September 2, 2021
       Brooklyn, New York



U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

KDE/GN/ALK
F.#2017R02045

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

September 3, 2021

By E-mail and ECF

The Honorable William F. Kuntz, II
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: United States v. Ppassim Elder, et al.
     Criminal Docket No. 18-92 (S-5) (WFK)

Dear Judge Kuntz:

   The government respectfully submits this letter in response to the defendants Wilbert Bryant's and Ppassim Elder's motion to prevent the Court from seating only jurors who are vaccinated against COVID-19. See ECF Dkt. No. 324. Although the Court recently denied this motion, the government respectfully submits this letter in an abundance of caution and to provide additional factual bases supporting the Court's ruling, which the government respectfully requests the Court adopt by "so-ordering" this letter.

   As the Court is aware, district courts have "broad discretion" to select a jury. See generally United States v. Torres, 128 F.3d 38, 43 (2d Cir. 1997). As explained below, a person's COVID-19 vaccination status affects his or her risk of contracting, and transmitting, the disease. Accordingly, asking a juror about his/her vaccination status is no different than asking about other medical information that could affect jury service, and therefore this falls firmly within the district court's discretion.

   In addition to partiality, the Court may excuse prospective jurors for other reasons. For instance, pursuant to 28 U.S.C. § 1866(c)(1), the Court may excuse a person summoned for jury service "upon a showing of undue hardship." The statute defines "undue hardship" to include "any . . . factor which the court determines to constitute an undue hardship or to create an extreme inconvenience to the juror." Id. § 1869(j). As the Court is aware, all COVID-19 vaccines currently available in the United States "are effective at

keeping people from getting COVID-19, getting very sick, and dying." See Centers for Disease Control and Prevention ("CDC"), "COVID-19 Vaccines Work," available at https://www.cdc.gov/coronavirus/2019-ncov/vaccines/ effectiveness/work.html (last visited Sept. 2, 2021). Here, the Court is within its discretion in finding that seating a non-vaccinated (versus a vaccinated) juror would constitute an "undue hardship" for that person because this trial (1) will be conducted in the New York City metropolitan area, which has a high incidence of COVID-19[1]; (2) will be held in a single room for approximately three weeks, five days a week; and (3) will involve at least 12 jurors (plus alternates), three prosecutors, a federal agent, a paralegal specialist, the defendants, defense counsel, a court reporter, United States Marshals, the Court and its staff all in the same room, all of which increases the risk of transmission. Therefore, the Court's decision to excuse all non-vaccinated jurors is appropriate because forcing them to sit would increase their risk of contracting COVID-19 and thereby constitute an "undue hardship" on them.

Alternatively, the Court may exclude a prospective juror on the ground that "service as a juror would be likely to disrupt the proceedings." 28 U.S.C. § 1866(c)(2). The Court's decision to exclude unvaccinated jurors is also appropriate under this statutory provision because not doing so would create a substantial risk that such jurors could contract COVID-19 and transmit it to others in the courtroom, which would "disrupt the proceedings" by forcing delays, causing them to quarantine, and also possibly infect or at least force the quarantining of other jurors and other persons involved in the trial. As set forth above, this trial is scheduled to proceed indoors with many participants for multiple weeks. According to the CDC, "[a]ccumulating evidence indicates that fully vaccinated people without immunocompromising conditions are able to engage in most activities with low risk of acquiring or transmitting SARS-CoV-2." CDC, "Science Brief: COVID-19 Vaccines and Vaccination," available at https://www.cdc.gov/coronavirus/2019-ncov/science/science-briefs/fully-vaccinated-people.html (last visited Sept. 2, 2021); see also id. (stating that a "growing body of evidence indicates that people fully vaccinated with an mRNA vaccine (Pfizer-BioNTech or Moderna) are less likely than unvaccinated persons to acquire SARS-CoV-2 or to transmit it to others"[2]). Therefore, for the same reasons set forth above, if an unvaccinated person were to be a juror, there is a substantial likelihood that they could contract and transmit COVID-19 to others, thereby "disrupt[ing] the proceedings."

---

[1] See N.Y. Times, "Tracking Coronavirus in New York City, N.Y.," available at https://www.nytimes.com/interactive/2021/us/new-york-city-new-york-covid-cases.html (lasted visited Sept. 2, 2021) (reporting a "very high risk [of contracting COVID-19] for unvaccinated people," including an average of over 1,800 new cases per day).

[2] The CDC reports that "[s]tudies are underway to learn more about the effectiveness of Johnson & Johnson/Janssen vaccine." CDC, "Science Brief: COVID-19 Vaccines and Vaccination," available at https://www.cdc.gov/coronavirus/2019-ncov/science/science-briefs/fully-vaccinated-people.html (last visited Sept. 2, 2021).

For all of these reasons, the government respectfully submits that the Court has appropriately determined that only vaccinated people should be eligible to sit at trial, and therefore the government respectfully requests the Court "so order" this letter.

Respectfully submitted,

JACQUELYN M. KASULIS
Acting United States Attorney

By: _____/s/_____
Keith D. Edelman
Genny Ngai
Anna L. Karamigios
Assistant U.S. Attorneys
(718) 254-7000

cc: Clerk of Court (WFK) (by ECF)
Defense Counsel (by ECF)

SO ORDERED:

_____
HONORABLE WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
UNITED STATES OF AMERICA,                             :
                                                      :
                                                      :
        v.                                            :
                                                      :       ORDER
PPASSIM ELDER and WILBERT BRYANT,                     :       18-CR-92 (WFK)
                                                      :
             Defendants.                              :
------------------------------------------------------------------------X
```

**WILLIAM F. KUNTZ, II, United States District Judge:**

The Constitution accords defendants many a right: the right to infect 16 innocent jurors with COVID-19, however, is not among them.

**SO ORDERED.**

s/ WFK

_____
HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: September 3, 2021
      Brooklyn, New York



KDE/GN/ALK
F.#2017R02045

U.S. Department of Justice

*United States Attorney
Eastern District of New York*
*271 Cadman Plaza East*
*Brooklyn, New York 11201*

September 3, 2021

By E-mail and ECF

The Honorable William F. Kuntz, II
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Ppassim Elder, et al.
                Criminal Docket No. 18-92 (S-5) (WFK)

Dear Judge Kuntz:

      The government respectfully submits this letter in response to the defendants Wilbert Bryant's and Ppassim Elder's motion to prevent the Court from seating only jurors who are vaccinated against COVID-19. See ECF Dkt. No. 324. Although the Court recently denied this motion, the government respectfully submits this letter in an abundance of caution and to provide additional factual bases supporting the Court's ruling, which the government respectfully requests the Court adopt by "so-ordering" this letter.

      As the Court is aware, district courts have "broad discretion" to select a jury. See generally United States v. Torres, 128 F.3d 38, 43 (2d Cir. 1997). As explained below, a person's COVID-19 vaccination status affects his or her risk of contracting, and transmitting, the disease. Accordingly, asking a juror about his/her vaccination status is no different than asking about other medical information that could affect jury service, and therefore this falls firmly within the district court's discretion.

      In addition to partiality, the Court may excuse prospective jurors for other reasons. For instance, pursuant to 28 U.S.C. § 1866(c)(1), the Court may excuse a person summoned for jury service "upon a showing of undue hardship." The statute defines "undue hardship" to include "any . . . factor which the court determines to constitute an undue hardship or to create an extreme inconvenience to the juror." Id. § 1869(j). As the Court is aware, all COVID-19 vaccines currently available in the United States "are effective at

keeping people from getting COVID-19, getting very sick, and dying." See Centers for Disease Control and Prevention ("CDC"), "COVID-19 Vaccines Work," available at https://www.cdc.gov/coronavirus/2019-ncov/vaccines/ effectiveness/work.html (last visited Sept. 2, 2021). Here, the Court is within its discretion in finding that seating a non-vaccinated (versus a vaccinated) juror would constitute an "undue hardship" for that person because this trial (1) will be conducted in the New York City metropolitan area, which has a high incidence of COVID-19[1]; (2) will be held in a single room for approximately three weeks, five days a week; and (3) will involve at least 12 jurors (plus alternates), three prosecutors, a federal agent, a paralegal specialist, the defendants, defense counsel, a court reporter, United States Marshals, the Court and its staff all in the same room, all of which increases the risk of transmission. Therefore, the Court's decision to excuse all non-vaccinated jurors is appropriate because forcing them to sit would increase their risk of contracting COVID-19 and thereby constitute an "undue hardship" on them.

Alternatively, the Court may exclude a prospective juror on the ground that "service as a juror would be likely to disrupt the proceedings." 28 U.S.C. § 1866(c)(2). The Court's decision to exclude unvaccinated jurors is also appropriate under this statutory provision because not doing so would create a substantial risk that such jurors could contract COVID-19 and transmit it to others in the courtroom, which would "disrupt the proceedings" by forcing delays, causing them to quarantine, and also possibly infect or at least force the quarantining of other jurors and other persons involved in the trial. As set forth above, this trial is scheduled to proceed indoors with many participants for multiple weeks. According to the CDC, "[a]ccumulating evidence indicates that fully vaccinated people without immunocompromising conditions are able to engage in most activities with low risk of acquiring or transmitting SARS-CoV-2." CDC, "Science Brief: COVID-19 Vaccines and Vaccination," available at https://www.cdc.gov/coronavirus/2019-ncov/science/science-briefs/fully-vaccinated-people.html (last visited Sept. 2, 2021); see also id. (stating that a "growing body of evidence indicates that people fully vaccinated with an mRNA vaccine (Pfizer-BioNTech or Moderna) are less likely than unvaccinated persons to acquire SARS-CoV-2 or to transmit it to others"[2]). Therefore, for the same reasons set forth above, if an unvaccinated person were to be a juror, there is a substantial likelihood that they could contract and transmit COVID-19 to others, thereby "disrupt[ing] the proceedings."

---

[1] See N.Y. Times, "Tracking Coronavirus in New York City, N.Y.," available at https://www.nytimes.com/interactive/2021/us/new-york-city-new-york-covid-cases.html (lasted visited Sept. 2, 2021) (reporting a "very high risk [of contracting COVID-19] for unvaccinated people," including an average of over 1,800 new cases per day).

[2] The CDC reports that "[s]tudies are underway to learn more about the effectiveness of Johnson & Johnson/Janssen vaccine." CDC, "Science Brief: COVID-19 Vaccines and Vaccination," available at https://www.cdc.gov/coronavirus/2019-ncov/science/science-briefs/fully-vaccinated-people.html (last visited Sept. 2, 2021).

For all of these reasons, the government respectfully submits that the Court has appropriately determined that only vaccinated people should be eligible to sit at trial, and therefore the government respectfully requests the Court "so order" this letter.

Respectfully submitted,

JACQUELYN M. KASULIS
Acting United States Attorney

By: _____/s/_____
Keith D. Edelman
Genny Ngai
Anna L. Karamigios
Assistant U.S. Attorneys
(718) 254-7000

cc: Clerk of Court (WFK) (by ECF)
Defense Counsel (by ECF)

**SO ORDERED.**

s/ WFK
_____
HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK

Dated: September 3, 2021,
Brooklyn, New York

3