

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

October 3, 2021

BY ECF

The Honorable Edgardo Ramos
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    *United States v. Neil Cole*, 19 Cr. 869 (ER)

Dear Judge Ramos:

    The Government writes to oppose the defendant Neil Cole's request that the Court reconsider its *in limine* ruling permitting the Government to introduce evidence of his mid-scheme stock sale. (ECF Doc. 126 ("Def. Letter")). Cole concedes that "evidence of Mr. Cole's compensation, the fact that he was a large shareholder of Iconix, [and] that he exercised stock options and sold the resulting shares of Iconix stock" is admissible evidence. Def. Letter 1. Cole, however, renews his argument that proof of the amount of the sale subjects him to prejudice and should be sanitized from the record.

    Cole's motion for reconsideration fails for the reasons articulated by the Court during the final pretrial conference and detailed by the Government in its brief on the subject. *See* Pretrial Conference Tr. at 18-19; ECF Doc. 120 at 2-13. The stock sale episode—including the magnitude of what Cole sold—represents highly probative motive, intent, and knowledge evidence from which the jury could assess Cole's intent to deceive the market. The probative value greatly exceeds whatever minimal prejudice may exist.

    Cole's theory otherwise remains grounded in the view that proof of the dollar amount of the sale will unfairly expose him to class bias and that the dollar amount "bears no logical connection to the alleged misstatement." Def. Letter 2. This argument fares no better simply because Cole repeats it once more.

    First, the Government has disclaimed making any argument that attacks Cole simply because he is wealthy, so there is no realistic possibility the stock proceeds evidence will be used "play into a bias against people of wealth," as Cole fears. Def. Letter 3 (quoting *United States v. Cassese*, 290 F. Supp. 2d 443, 457 (S.D.N.Y. 2003)).

    Second, the mere fact that the magnitude of the stock sale may be prejudicial to Cole is not sufficient to exclude it. For Rule 403, "[t]he unfairness contemplated involves some adverse effect beyond tending to prove a fact or issue that justifies admission." *Costantino v. David M. Herzog,*

*M.D., P.C.*, 203 F.3d 164, 174–75 (2d Cir. 2000). Here the dollar amount speaks to the significance of what Cole did: he sold a giant block of stock days after lying to the market about the company's performance. The "prejudice" here is no more than the ordinary prejudice that attends to any unfavorable fact, and Cole may not hide unfavorable facts from the jury simply because he dislikes the natural inference they support about his motives. *Cf. United States v. Petit*, No. 19 Cr. 850 (JSR), Trial Tr. at 2031, ECF Doc. 185; *United States v. Block*, No. 16 Cr. 595 (JPO), 6/5/2017 Hr'g Tr. at 9:05-10:01, ECF Doc. 107, *aff'd* 797 F. App'x 668 (2d Cir. 2020). Cole's extended focus on the history of the stock price underscores this point: having invested considerable time into Iconix, and having waited through years of opportunity to cash out his holdings before commencing the fraud, Cole chose to sell a substantial amount of his stock shortly after causing the company to misstate its financials for the third time in four quarters.

Third, Cole's continuing efforts to impose some special rule of evidence about the admissibility of stock sale proceeds is both unsupported and unsupportable. None of the cases Cole cites impose such a blanket rule, and most do not relate to the sale of stock at all. *See* ECF Doc. 120 at 9, 11 (distinguishing cases). In *United States v. Singer*, the principal decision Cole cites where mid-scheme stock sales evidence was excluded in a criminal case, the district court noted the absence of any evidence to support the government's theory that "over the course of several year the stock price rose as a result of the thirty-five allegedly fraudulent acquisitions rather than as a result of other factors." 2010 WL 146165 (D.S.C. Jan. 8, 2010). This case, by contrast, involves a single stock sale and direct evidence that Cole himself believed that his fraud would impact Iconix stock price by preventing a significant drop in the price if Iconix missed analyst consensus.[1] The size of Cole's stock sale corroborates Cole's statements by showing that Cole put his money where his fraud was. No further "link" between the stock sale proceeds and Cole's stock fraud is required, and the evidence is highly relevant regardless of any particular movement in the stock price. *See United States v. Reyes*, 660 F.3d 454, 463-64 (9th Cir. 2011) (affirming district court's admission of "evidence that between 2000 and 2004 [the defendant] received eleven million backdated options . . . worth approximately $130 million, and that he exercised 40,000 of his backdated options in September 2000, for a gain of approximately $2 million" as relevant to motive, knowledge, and intent in a stock-options backdating case); Fed. R. Evid. 401 (evidence is

---

[1] While the defense argues that it is an "unreasonable" assumption that the modest increase in the share price after the third quarter announcement was attributable to the misstatement because Iconix "would have met third quarter consensus EPS estimates *even without the alleged inflation of revenue*" (Def. Letter, at n.1) (emphasis original), it bears noting that absent the misstatement Iconix would have missed analyst revenue consensus. In addition, by the Government's calculations, the third quarter 2014 earnings announcement overstated Iconix's revenue by approximately 5.5 percent and overstated EPS by approximately 13 percent.

relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence; and [] the fact is of consequence in determining the action.").

      The Court should deny the defendant's motion for reconsideration and affirm its ruling to admit evidence of Cole's stock sale, including evidence of its magnitude.

      Respectfully submitted,

      AUDREY STRAUSS
      United States Attorney

By:   /s/
      Scott Hartman
      Noah Solowiejczyk
      Andrew Thomas
      Assistant United States Attorneys
      (212) 637-2357 / 2473 /2106

cc: Counsel for Neil Cole (by ECF)