PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064

TELEPHONE (212) 373-3000

LLOYD K. GARRISON (1946-1991)
RANDOLPH E. PAUL (1946-1956)
SIMON H. RIFKIND (1950-1995)
LOUIS S. WEISS (1927-1950)
JOHN F. WHARTON (1927-1977)

WRITER'S DIRECT DIAL NUMBER

(212) 373-3250

WRITER'S DIRECT FACSIMILE

(212) 492-0250

WRITER'S DIRECT E-MAIL ADDRESS

lreisner@paulweiss.com

UNIT 5201, FORTUNE FINANCIAL CENTER
5 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT, BEIJING 100020, CHINA
TELEPHONE (86-10) 5828-6300

SUITES 3601 – 3606 & 3610
36/F, GLOUCESTER TOWER
THE LANDMARK
15 QUEEN'S ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, UNITED KINGDOM
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

MATTHEW W. ABBOTT
EDWARD T. ACKERMAN
JACOB A. ADLERSTEIN
JUSTIN ANDERSON
ALLAN J. ARFFA
JONATHAN H. ASHTOR
ROBERT A. ATKINS
SCOTT A. BARSHAY
PAUL M. BASTA
J. STEVEN BAUGHMAN
LYNN B. BAYARD
CRAIG A. BENSON
JOSEPH J. BIAL
BRUCE BIRENBOIM
H. CHRISTOPHER BOEHNING
BRIAN BOLIN
ANGELO BONVINO
ROBERT A. BRITTON
DAVID W. BROWN
WALTER BROWN*+
SUSANNA M. BUERGEL
JESSICA S. CAREY
DAVID CARMONA
GEOFFREY R. CHEPIGA
ELLEN N. CHING
WILLIAM A. CLAREMAN
LEWIS R. CLAYTON
YAHONNES CLEARY
JAY COHEN
KELLEY A. CORNISH
CHRISTOPHER J. CUMMINGS
THOMAS V. DE LA BASTIDE III
MEREDITH DEARBORN*+
ARIEL J. DECKELBAUM
KAREN L. DUNN
ALICE BELISLE EATON
ANDREW J. EHRLICH
GREGORY A. EZRING
ROSS A. FIELDSTON
ANDREW C. FINCH
BRAD J. FINKELSTEIN
BRIAN P. FINNEGAN
ROBERTO FINZI
PETER E. FISCH
HARRIS FISCHMAN
ANDREW J. FOLEY
VICTORIA S. FORRESTER
HARRIS B. FREIDUS
CHRISTOPHER D. FREY
MANUEL S. FREY
ANDREW L. GAINES
KENNETH A. GALLO
MICHAEL E. GERTZMAN
ADAM M. GIVERTZ
SALVATORE GOGLIORMELLA
NEIL GOLDMAN
MATTHEW B. GOLDSTEIN
ROBERTO J. GONZALEZ*
CATHERINE L. GOODALL
CHARLES H. GOOGE, JR.
ANDREW G. GORDON
BRIAN S. GRIEVE
UDI GROFMAN
NICHOLAS GROOMBRIDGE
BRUCE A. GUTENPLAN
MELINDA HAAG*
ALAN S. HALPERIN
CLAUDIA HAMMERMAN
BRIAN S. HERMANN
JOSHUA HILL
MICHELE HIRSHMAN
JARRETT R. HOFFMAN
ROBERT E. HOLO
DAVID S. HUNTINGTON
AMRAN HUSSEIN
LORETTA A. IPPOLITO
WILLIAM A. ISAACSON*
JAREN JANGHORBANI
BRIAN M. JANSON
JEH C. JOHNSON
BRAD S. KARP
PATRICK N. KARSNITZ
JOHN C. KENNEDY
BRIAN KIM
KYLE J. KIMPLER
ALEXIA D. KORBERG
ALAN W. KORNBERG
DANIEL J. KRAMER
BRIAN KRAUSE
CAITH KUSHNER
DAVID K. LAKHDHIR
GREGORY F. LAUFER
BRIAN C. LAVIN
XIAOYU GREG LIU
RANDY LUSKEY*+
LORETTA E. LYNCH
JEFFREY D. MARELL
MARCO V. MASOTTI
DAVID W. MAYO
ELIZABETH R. MCCOLM
JEAN M. MCLOUGHLIN
ALVARO MEMBRILLERA
MARK F. MENDELSOHN
CLAUDINE MEREDITH-GOUJON
WILLIAM B. MICHAEL
JUDIE NG SHORTELL*
CATHERINE NYARADY
JANE B. O'BRIEN
BRAD R. OKUN
LINDSAY B. PARKS
ANDREW M. PARLEN
DANIELLE C. PENHALL
CHARLES J. PESANT
JESSICA E. PHILLIPS*
AUSTIN POLLET*+
VALERIE E. RADWANER
JEFFREY J. RECHER
CARL L. REISNER
LORIN L. REISNER
JEANNIE S. RHEE*
WALTER G. RICCIARDI
RICHARD A. ROSEN
ANDREW N. ROSENBERG
JUSTIN ROSENBERG
JACQUELINE P. RUBIN
CHARLES F. "RICK" RULE*
RAPHAEL M. RUSSO
ELIZABETH M. SACKSTEDER
JEFFREY D. SAFERSTEIN
JEFFREY B. SAMUELS
KENNETH M. SCHNEIDER
ROBERT B. SCHUMER
JOHN M. SCOTT
BRIAN SCRIVANI
KYLE T. SEIFRIED
KANNON K. SHANMUGAM*
CULLEN L. SINCLAIR
AUDRA J. SOLOWAY
SCOTT M. SONTAG
SARAH STASNY
TARUN M. STEWART
ERIC ALAN STONE
AIDAN SYNNOTT
BRETTE TANNENBAUM
RICHARD C. TARLOWE
DAVID TARR
MONICA K. THURMOND
DANIEL J. TOAL
LAURA C. TURANO
CONRAD VAN LOGGERENBERG
KRISHNA VEERARAGHAVAN
JEREMY M. VEIT
LIZA M. VELAZQUEZ
MICHAEL VOGEL
RAMY J. WAHBEH
JOHN WEBER
LAWRENCE G. WEE
THEODORE V. WELLS, JR.
LINDSEY L. WIERSMA
STEVEN J. WILLIAMS
LAWRENCE I. WITDORCHIC
AUSTIN WITT
MARK B. WLAZLO
ADAM WOLLSTEIN
JULIA TARVER MASON WOOD
JENNIFER H. WU
BETTY YAP*
JORDAN E. YARETT
KAYE N. YOSHINO
TONG YU
TRACEY A. ZACCONE
TAURIE M. ZEITZER
T. ROBERT ZOCHOWSKI, JR.

*NOT ADMITTED TO THE NEW YORK BAR
+ADMITTED ONLY TO THE CALIFORNIA BAR

October 24, 2021

**Via ECF**

Honorable Edgardo Ramos
United States District Judge
United States Courthouse
40 Foley Square
New York, NY 10007

    Re:  *United States* v. *Neil Cole,*
       19 Cr. 869 (ER)

Dear Judge Ramos:

    We write respectfully on behalf of Mr. Cole to request that the Court quash an improper and blatantly overbroad "if, as, and when" subpoena served earlier today by the government upon Mr. Cole on the eve of his anticipated testimony at trial. The subpoena is attached as Exhibit A.

    The subpoena on its face is an obviously improper fishing expedition that does not even come close to satisfying the requirements for issuing a Rule 17 subpoena. The subpoena sets forth 21 separate categories of requests, mostly for "all documents" in each category, and many of which have no subject matter or time period limitation. Moreover, to the extent that the subpoena may cover relevant materials, those materials already are in the government's possession as a result of voluminous productions that Mr. Cole, Iconix and other third parties made to the SEC (and that we understand were provided to the U.S. Attorney's Office) or directly to the government.

    The Court should quash the subpoena because (1) it fails to meet the relevancy, admissibility, and specificity requirements of *United States* v. *Nixon*, 418 U.S.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Honorable Edgardo Ramos     2

683 (1974); (2) it calls for documents that are otherwise procurable; and (3) complying with the subpoena would be "unreasonable or oppressive," Fed. R. Crim. P. 17(c)(2).

*First,* the subpoena fails to satisfy each of the *Nixon* requirements of relevancy, admissibility and specificity. *See* Order Granting Gov't Mot. to Quash Rule 17 Subpoena to Baked By Melissa ("BBM Subpoena Order") at 5, ECF No. 68 (quoting *United States* v. *Blakstad*, No. 19 Cr. 486 (ER), 2020 WL 5992347, at *11 (S.D.N.Y. Oct. 9, 2020) (in turn quoting *Nixon*, 418 U.S. at 700). The subpoena is precisely the type of "general 'fishing expedition'" that *Nixon* prohibits. *Id.* (quoting *Nixon*, 418 U.S. at 699–700). It includes 21 broad categories, 20 of which call for "all documents" within that category. Request 1, for example, calls for "[a]ll documents reflecting [Mr. Cole's] communications with" a list of eight individuals (only one of whom has testified in this case), regardless of subject matter or time period, and thus calls for communications that obviously are irrelevant. Another request seeks "[a]ll documents relating to any witness at the trial of *United States v. Cole*, 19 Cr. 869 (ER)," again without any subject matter or time period restriction. Many of the subpoena's other requests are similarly overbroad and plainly improper under *Nixon*.

Indeed, other courts in this District have rejected subpoena requests to defendants that are identical or substantially similar to ones in the government's subpoena to Mr. Cole. In *United States* v. *Block*, for example, Judge Oetken struck the request for "[a]ny and all documents relating to any witness at the trial," which is the same as Request 21 of the government's subpoena. *See* Order at 2, *United States* v. *Block*, No. 16 Cr. 595 (JPO) (S.D.N.Y. June 20, 2017), ECF No. 100 (subpoena reproduced at ECF No. 82-1). Judge Oetken explained that this and other requests similar to those in the subpoena here "d[id] not comport with the 'limited purpose' of a subpoena issued pursuant to Rule 17 as described in *Nixon*." *Id.* (quoting *United States* v. *Rajaratnam*, No. 09 Cr. 1184 (RJH), 2011 WL 335170, at *3 (S.D.N.Y. Feb. 2, 2011)); *see also United States* v. *Nguyen*, 507 F. App'x 64, 66 (2d Cir. 2013) (noting that Judge Rakoff had narrowed a fifteen-item "if, as, and when" subpoena to a single request for "any and all appointment books, calendars, and diaries from 2006 through 2010") (original subpoena described in Appellee's Br., 2012 WL 2884077 at *14–15).

*Second*, even if the subpoena satisfied these requirements, which it does not, it still should be quashed because the government cannot establish that "the[] documents 'are not otherwise procurable.'" BBM Subpoena Order at 10 (quoting *Blakstad*, 2020 WL 5992347, at *12). To the extent the subpoena encompasses relevant documents, they are otherwise procurable *from the government's own files*. Iconix and other companies and individuals have produced hundreds of thousands of documents to the government in connection with the government's investigation. Iconix alone has produced over 490,000 pages of materials, including over 300,000 pages of communications to or from Mr. Cole. In addition, we understand that the government obtained the SEC's complete investigative file, which would include, among other things, approximately 35,000 pages of documents Mr. Cole produced in response to an SEC subpoena dated

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Honorable Edgardo Ramos                                                                                                           3

March 4, 2016 that overlaps with the government's subpoena.  The SEC subpoena, for example, called for "[a]ll documents relating to Global Brands Group," as well as documents relating to Mr. Cole's resignation from Iconix, and Mr. Cole's production included calendars, Iconix emails in his possession, responsive emails from his personal email account, and responsive text messages.[1]

Further, in addition to the documents Mr. Cole produced to the SEC, Iconix certainly has produced to the government all documents associated with Mr. Cole that relate to LF/GBG.  Therefore, at a minimum, the government already has all or nearly all of the documents it seeks under Requests 2, 5, and 10–20, if not also the remaining requests, from the timeframe relevant to this case.

*Third*, the last-minute timing of the subpoena makes compliance plainly "unreasonable or oppressive" and is reason alone to quash it.  Fed. R. Crim. P. 17(c)(2).  The government served this subpoena on Mr. Cole *the day before* his planned testimony.  In previous cases in this District, the government has served "if, as, and when" subpoenas on defendants sufficiently in advance of their testimony and generally before the start of trial.  *See, e.g.*, Def.'s Mot. to Quash, Ex. A at 2, *Block*, No. 16 Cr. 595 (JPO) (S.D.N.Y. June 11, 2017), ECF No. 82-1 (subpoena dated four days before the start of trial); Gov't's Mem. in Opp'n to Mot. for J. of Acquittal and New Trial, Ex. A at 3, *United States* v. *Fleishman*, No. 11 Cr. 32 (JSR) (S.D.N.Y. Nov. 9, 2011), ECF No. 48-1 (subpoena dated sixteen days before the start of trial).

The subpoena's last-minute timing, along with the breadth of its request, appears to be an attempt to distract Mr. Cole and his counsel from trial preparation.  Mr. Cole should not be forced to spend this time frantically searching for documents the government is not entitled to or that he already has produced.  The government may not use a Rule 17 subpoena to interfere with Mr. Cole's fundamental right to testify in his own defense.  *See, e.g., Rock* v. *Arkansas*, 483 U.S. 44, 52 (1987 ("[A]n accused's right to present his own version of events in his own words" is "[e]ven more fundamental to a personal defense than the right of self-representation . . . .").

For these reasons, the subpoena to Mr. Cole should be quashed.

Respectfully submitted,

/s/ Lorin L. Reisner
Lorin L. Reisner
Richard C. Tarlowe

---

[1]   Although we understand that the government previously received from the SEC all documents produced to the SEC by Mr. Cole, we will make those documents available to the government.