**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064
TELEPHONE (212) 373-3000

LLOYD K. GARRISON (1946-1991)
RANDOLPH E. PAUL (1946-1956)
SIMON H. RIFKIND (1950-1995)
LOUIS S. WEISS (1927-1950)
JOHN F. WHARTON (1927-1977)

WRITER'S DIRECT DIAL NUMBER
(212) 373-3250

WRITER'S DIRECT FACSIMILE
(212) 492-0250

WRITER'S DIRECT E-MAIL ADDRESS
lreisner@paulweiss.com

UNIT 5201, FORTUNE FINANCIAL CENTER
5 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT, BEIJING 100020, CHINA
TELEPHONE (86-10) 5828-6300

SUITES 3601 – 3606 & 3610
36/F, GLOUCESTER TOWER
THE LANDMARK
15 QUEEN'S ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, UNITED KINGDOM
TELEPHONE (44 20) 7367 1600

535 MISSION STREET, 24TH FLOOR
SAN FRANCISCO, CA 94105
TELEPHONE (628) 432-5100

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

MATTHEW W. ABBOTT
EDWARD T. ACKERMAN
JACOB A. ADLERSTEIN
JUSTIN ANDERSON
ALLAN J. ARFFA
JONATHAN H. ASHTOR
ROBERT A. ATKINS
SCOTT A. BARSHAY
PAUL M. BASTA
J. STEVEN BAUGHMAN
LYNN B. BAYARD
CRAIG A. BENSON
JOSEPH J. BIAL
BRUCE BIRENBOIM
H. CHRISTOPHER BOEHNING
BRIAN BOLIN
ANGELO BONVINO
ANDRE G. BOUCHARD*
ROBERT A. BRITTON
DAVID W. BROWN
WALTER F. BROWN*
SUSANNA M. BUERGEL
JESSICA S. CAREY
DAVID CARMONA
GEOFFREY R. CHEPIGA
ELLEN N. CHING
WILLIAM A. CLAREMAN
LEWIS R. CLAYTON
YAHONNES CLEARY
JAY COHEN
KELLEY A. CORNISH
CHRISTOPHER J. CUMMINGS
THOMAS V. DE LA BASTIDE III
MEREDITH R. DEARBORN*
ARIEL J. DECKELBAUM
KAREN L. DUNN
ALICE BELISLE EATON
ANDREW J. EHRLICH
GREGORY A. EZRING
ROSS A. FIELDSTON
ANDREW C. FINCH
BRAD J. FINKELSTEIN
BRIAN P. FINNEGAN
ROBERTO FINZI
PETER E. FISCH
HARRIS FISCHMAN
ANDREW J. FOLEY
VICTORIA S. FORRESTER
HARRIS B. FREIDUS
CHRISTOPHER D. FREY
MANUEL S. FREY
ANDREW L. GAINES
KENNETH A. GALLO
MICHAEL E. GERTZMAN
ADAM M. GIVERTZ
SALVATORE GOGLIORMELLA
NEIL GOLDMAN
MATTHEW B. GOLDSTEIN
ROBERTO J. GONZALEZ*
CATHERINE L. GOODALL
CHARLES H. GOOGE, JR.
ANDREW G. GORDON
BRIAN S. GRIEVE
UDI GROFMAN
NICHOLAS P. GROOMBRIDGE
BRUCE A. GUTENPLAN
MELINDA HAAG*
ALAN S. HALPERIN
CLAUDIA HAMMERMAN
BRIAN S. HERMANN
JOSHUA HILL JR.
MICHELE HIRSHMAN
JARRETT R. HOFFMAN
ROBERT HOLO
DAVID S. HUNTINGTON
AMRAN HUSSEIN
LORETTA A. IPPOLITO
WILLIAM A. ISAACSON*
JAREN JANGHORBANI
BRIAN M. JANSON
JEH C. JOHNSON
BRAD S. KARP
PATRICK N. KARSNITZ
JOHN C. KENNEDY
BRIAN KIM
KYLE J. KIMPLER
ALEXIA D. KORBERG

ALAN W. KORNBERG
DANIEL J. KRAMER
BRIAN KRAUSE
CAITH KUSHNER
DAVID K. LAKHDHIR
GREGORY F. LAUFER
BRIAN C. LAVIN
XIAOYU GREG LIU
RANDY LUSKEY*
LORETTA E. LYNCH
JEFFREY D. MARELL
MARCO V. MASOTTI
DAVID W. MAYO
ELIZABETH R. MCCOLM
JEAN M. MCLOUGHLIN
ALVARO MEMBRILLERA
MARK F. MENDELSOHN
CLAUDINE MEREDITH-GOUJON
WILLIAM B. MICHAEL
JUDIE NG SHORTELL*
CATHERINE NYARADY
JANE B. O'BRIEN
BRAD R. OKUN
LINDSAY B. PARKS
ANDREW M. PARLEN
DANIELLE C. PENHALL
CHARLES J. PESANT
JESSICA E. PHILLIPS*
AUSTIN S. POLLET*
VALERIE E. RADWANER
JEFFREY J. RECHER
CARL L. REISNER
LORIN L. REISNER
JEANNIE S. RHEE*
WALTER G. RICCIARDI
RICHARD A. ROSEN
ANDREW N. ROSENBERG
JUSTIN ROSENBERG
JACQUELINE P. RUBIN
CHARLES F. "RICK" RULE*
RAPHAEL M. RUSSO
ELIZABETH M. SACKSTEDER
JEFFREY D. SAFERSTEIN
JEFFREY B. SAMUELS
KENNETH M. SCHNEIDER
ROBERT B. SCHUMER
JOHN M. SCOTT
BRIAN SCRIVANI
KYLE T. SEIFRIED
KANNON K. SHANMUGAM*
CULLEN L. SINCLAIR
AUDRA J. SOLOWAY
SCOTT M. SONTAG
SARAH STASNY
TARUN M. STEWART
ERIC ALAN STONE
AIDAN SYNNOTT
BRETTE TANNENBAUM
RICHARD C. TARLOWE
DAVID TARR
MONICA K. THURMOND
DANIEL J. TOAL
LAURA C. TURANO
CONRAD VAN LOGGERENBERG
KRISHNA VEERARAGHAVAN
JEREMY M. VEIT
LIZA M. VELAZQUEZ
MICHAEL VOGEL
RAMY J. WAHBEH
JOHN WEBER
LAWRENCE G. WEE
THEODORE V. WELLS, JR.
LINDSEY L. WIERSMA
STEVEN J. WILLIAMS
LAWRENCE I. WITDORCHIC
AUSTIN WITT
MARK B. WLAZLO
ADAM WOLLSTEIN
JULIA TARVER MASON WOOD
JENNIFER H. WU
BETTY YAP*
JORDAN E. YARETT
KAYE N. YOSHINO
TONG YU
TRACEY A. ZACCONE
TAURIE M. ZEITZER
T. ROBERT ZOCHOWSKI, JR.

*NOT ADMITTED TO THE NEW YORK BAR

October 25, 2021

**Via ECF**

Honorable Edgardo Ramos
United States District Judge
United States Courthouse
40 Foley Square
New York, NY 10007

    Re:    *United States* v. *Neil Cole,*
           19 Cr. 869 (ER)

Dear Judge Ramos:

    We write on behalf of Mr. Cole respectfully to request that the Court deny the government's motion to preclude testimony from the defense accounting expert Dr. Paul Wertheim. Dr. Wertheim's testimony on applicable accounting rules and standards is relevant and will assist the jury. The government has charged an accounting fraud case and the indictment alleges a scheme to falsely inflate revenue and EPS. It is essential that the jury understand the accounting rules applicable to the recognition of revenue (and earnings) and the application of those rules and other relevant accounting standards to the issues presented in this case. Indeed, the government already has called its own quasi-

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Honorable Edgardo Ramos    2

expert, Lawrence Shapiro, and the defense should be able to call its own accounting expert to address the matters put at issue by the government.[1]

Under Federal Rule of Evidence 702, expert testimony is admissible when it "will help the trier of fact to understand evidence or to determine a fact in issue." Fed. R. Evid. 702(a). Expert testimony can be helpful to the trier of fact where "[a]n intelligent evaluation of facts is often difficult or impossible without the application of some scientific, technical, or other specialized knowledge." Fed. R. Evid. 702 advisory committee's note to 1972 proposed rules. Experts "are often uniquely qualified in guiding the trier of fact through a complicated morass of obscure terms and concepts. Because of their specialized knowledge, their testimony can be extremely valuable and probative." *United States* v. *Duncan*, 42 F.3d 97, 101 (2d Cir. 1994). Accordingly, courts "generally permit[] the elicitation of testimony from expert witnesses that shed light on activities not within the common knowledge of the average juror." *Id.* at 101 n.3.

### I. Professor Wertheim's Proposed Expert Testimony Is Relevant and Admissible.

The government has made revenue recognition and the application of GAAP central to its theory of the case. *See, e.g.*, Indictment ¶ 13 ("NEIL COLE, the defendant, Seth Horowitz, and others engaged in <u>a scheme to falsely inflate Iconix's reported revenue and EPS</u> . . . . COLE and Horowitz executed the scheme for the purpose of enabling Iconix to report fraudulently <u>inflated revenue and EPS figures</u> . . . .") (emphasis added); *id.* ¶ 15 ("Through the scheme, NEIL COLE, the defendant, and Seth Horowitz caused Iconix to report, among other things, <u>fraudulently inflated revenue and EPS figures</u> to the investing public.") (emphasis added).

The defense is entitled to present evidence to inform the jury of the applicable accounting standards and assist the jury in understanding the proper determination of revenue applying those accounting standards to the matters at issue in this case. *See S.E.C.* v. *Johnson*, 525 F. Supp. 2d 70, 78 (D.D.C. 2007) ("How and when to record and report revenue is a technical determination requiring knowledge of accounting principles and practices; that is, not a simple and straightforward determination that can easily be made by the average juror"); *S.E.C.* v. *Retail Pro, Inc.*, No. 08-cv-1620, 2011 WL 589828, at *4 (S.D. Cal. Feb. 10, 2011) ("Evidence regarding GAAP and revenue recognition is a proper basis of expert testimony"). That is particularly so in light of the government's reliance on its own witness, Lawrence Shapiro, on various accounting issues applicable here. (Tr. 1741:10-19-1743:3 (SEA 1); Tr. 1766:4-1769:10, 1770:8-1771:20, 1776:13-1777:21 (SEA 2); Tr. 1784:17-1789:12, 1793:20-1797:14 (SEA 3)). Although the government argues that testimony from Dr. Wertheim about revenue recognition and the application of GAAP is "unnecessary and cumulative," (Gov. Ltr. at 2), Mr. Cole is

---

[1]   As the defense no longer intends to call Mr. Jassin as a witness, the issues raised by the government as to Mr. Jassin are now moot.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Honorable Edgardo Ramos     3

not required to rely on Mr. Shapiro's biased perspective. (Tr. 1846:11.) To the contrary, Mr. Cole is entitled to present his own expert on these issues to give the jury the full picture. Indeed, the Court decided as much already before trial and the government's case has only further supported its determination. (9/30/2021 Tr. at 51:6-9).

## II. Professor's Wertheim's Proposed Testimony Regarding GAAP Materiality Is Relevant and Admissible.

At the final pretrial conference, the court observed that "experts can talk about" "[m]ateriality under GAAP." (9/30/2021 Tr. at 45:4-6.) Yet the government continues to insist, with no additional support, that "the Court should preclude this testimony because it would usurp the jury's factfinding role and usurp this Court's role in instructing the jury as to the applicable law." (Gov. Ltr. at 3.) That position is unsupportable for the reasons described in Mr. Cole's opposition to the government's motion on this issue. (Dkt. 121 at 47-50); *United States* v. *Block*, No. 16 Cr. 00595 (JPO) (S.D.N.Y. May 30, 2017), Transcript of Hearing at 14, 16 Cr. 595 (JPO) (S.D.N.Y. June 5, 2017), ECF No. 107 (stating accounting expert's testimony on materiality of misstatements related to non-GAAP financial metrics will "help the jury assess the legal materiality of the alleged misstatements here and Block's state of mind") (citing *United States* v. *Litvak*, 808 F.3d 160, 182 (2d Cir. 2015)). The defense seeks only to elicit limited testimony from Professor Wertheim concerning the GAAP materiality of the issues presented by SEA 1, 2 and 3, to assist the jury in assessing overall materiality and the significance of the information at issue. The defense will not elicit testimony regarding whether particular facts would have been material to a reasonable investor.

## III. Professor Wertheim's Remaining Proposed Opinions Are Relevant and Admissible.

Professor Wertheim's proposed opinion regarding the accounting consequences, or lack of consequences, of monitoring analyst consensus is relevant and admissible for the same reasons outlined in Mr. Cole's opposition. (Dkt. 121 at 51-52.) Professor Wertheim will not, as the government alleges, offer an opinion on Mr. Cole's intent. (Gov. Ltr. at 4.) Instead, he will provide important context that jurors would otherwise lack so that they do not draw a false conclusion that there is something inherently improper about monitoring consensus estimates.

Professor Wertheim's anticipated testimony that "[r]evenue recognition criteria under GAAP are the same, and are not impacted by, whether the revenue being considered helped meet analyst estimates, or whether that revenue occurred at or near the close of a particular quarter" is similarly appropriate. (Supplemental Disclosure at 4.)[2]

---

[2] The defense did not, as the government alleges, disclose this opinion for the first time in its Supplemental Disclosure. (Gov. Ltr. at 5.) Instead, the defense simply

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Honorable Edgardo Ramos                                                                                        4

Once again, the government does not dispute this opinion (Gov. Ltr. at 5), but instead seeks to prevent the defense from offering the jurors important context. While this proposition may seem like "basic commonsense" to the government (Gov. Ltr. at 5), it is not so for the average layperson who may not have exposure to the practices of public companies and the accounting implications of those practices.

Finally, the government seeks to preclude Dr. Wertheim from offering two opinions that are similar to answers that Mr. Shapiro provided in response to cross-examination on the basis that such testimony would be cumulative. The government offers no case law in support of its apparent conclusion that two witnesses cannot testify on similar issues; it is proper and commonplace. The Court should reject this request as well.

For the foregoing reasons, Mr. Cole respectfully requests that the Court deny the government's motion to exclude preclude Professor Wertheim's testimony.

Respectfully submitted,

/s/ Lorin L. Reisner
Lorin L. Reisner
Richard C. Tarlowe

---

provided more detailed disclosures as requested by the government. The defense's initial disclosure plainly stated that Dr. Wertheim would opine on "GAAP and other accounting guidance, including with respect to revenue recognition" and "Wall Street consensus estimates." (Dkt. 115-3 at 2.)