UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

– against –

NEIL COLE,

                Defendant.

**ORDER ON MOTION TO WITHDRAW AS COUNSEL**

19 Cr. 869 (ER)

---

Ramos, D.J.:

      Pending before the Court is the motion of Paul, Weiss, Rifkind, Wharton, & Garrison LLP ("Paul, Weiss") to withdraw as counsel for Neil Cole pursuant to Criminal Rule 1.2 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York.  For the reasons set forth below, the motion is granted.

### I.    BACKGROUND

      Mr. Cole was indicted in December 2019 and charged with ten counts relating to alleged securities fraud at his former company, Iconix.  19 Cr. 869 (ER), Doc. 1.  Three Paul, Weiss attorneys—partners Lorin Reisner and Richard Tarlowe, and associate Andrew Reich—entered their appearances for Mr. Cole in December 2019.  Docs. 4–6.  On November 1, 2021, following an approximately four-week jury trial, the jury acquitted Mr. Cole on two of the counts but could not reach a verdict on the other eight, resulting in a mistrial as to those counts.  Doc. 141.  Paul, Weiss represented Mr. Cole before and throughout the trial.

      On January 21, 2022, the government informed the Court that it intended to seek a retrial with respect to the eight open counts and requested that the Court hold a status conference.  Doc. 187.  On January 26, 2022, Paul, Weiss submitted a motion to withdraw as counsel *ex parte*.  At the status conference held on January 28, 2022, the Court set a trial date of July 18, 2022.  At the same conference, Paul, Weiss made an oral

motion to withdraw *ex parte*. The Court set a briefing schedule on the motion. Paul, Weiss submitted its memorandum of law, together with a declaration signed by Mr. Reisner and Mr. Tarlowe, on February 11, 2022, and Mr. Cole responded with an emailed written statement on February 23, 2022. Mr. Reisner and Mr. Tarlowe submitted reply declarations on February 24, 2022.

Paul, Weiss states that there has been an irretrievable breakdown in the attorney-client relationship ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Paul, Weiss Mem. at 4; Paul, Weiss Decl. ¶¶ 10–11. Mr. Reisner and Mr. Tarlowe's declaration further attests that certain payments have been made late or have not been paid in full. Paul, Weiss Decl. ¶¶ 12–24. Finally, Paul, Weiss argues that Mr. Cole will not be prejudiced by their withdrawal given the posture of the case. Paul, Weiss Mem. at 5–6. Mr. Cole opposes the motion, as he states that he will have difficulty retaining new counsel, and it will be very costly for a new firm to prepare for a July 2022 trial date given the volume of discovery and the number of potential witnesses. Cole Decl. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *Id*. Furthermore, he believes that Paul, Weiss was paid timely by Iconix, with the exception of a time when the company was being sold to a new owner, causing payment to be approximately three months late. *Id.* Finally, Mr. Cole proposes that Mr. Tarlowe continue as lead counsel, even if Mr. Reisner withdraws. *Id.*

## II.   DISCUSSION

The standard for deciding a motion to withdraw as counsel under Local Criminal Rule 1.2 is identical to that under Local Civil Rule 1.4. Local Civil Rule 1.4 provides that:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit of otherwise of satisfactory reasons for withdrawal or displacement . . .

The Court has "considerable discretion in deciding a motion for withdrawal of counsel." *Bruce Lee Enterprises, LLC v. A.V.E.L.A., Inc.*, 10 Civ. 2333 (MEA), 2014 WL 1087934, at *1 (S.D.N.Y. Mar. 19, 2014) (internal quotation marks and citations omitted). "In determining the motion, the Court considers both the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding." *Farmer v. Hyde Your Eyes Optical, Inc.*, 60 F. Supp. 3d 441, 444–45 (S.D.N.Y. 2014) (internal quotation marks and citations omitted); *see also Whiting v. Lacara*, 187 F.3d 317, 320–21 (2d Cir. 1999). Sufficient reasons for withdrawal include failure to pay legal fees, *Bruce Lee*, 2014 WL 1087934, at *2, or a breakdown in the attorney-client relationship, including lack of cooperation between attorney and client, lack of communication, or "the existence of irreconcilable conflict between attorney and client," *Farmer*, 60 F. Supp. 3d at 445 (internal quotation marks and citations omitted and collecting cases). "[T]he existence of an irreconcilable conflict between attorney and client is a proper basis for the attorney to cease representing his client." *Karimian v. Time Equities, Inc.*, No. 10 Civ. 3773 AKH JCF, 2011 WL 1900092, at *2 (S.D.N.Y. May 11, 2011) (internal quotation marks omitted and collecting cases). Here, while Paul, Weiss and Mr. Cole disagree that there has been an irretrievable breakdown in their relationship, there is "strong evidence of a strained attorney-client relationship regardless of the source of the strain[.]" *Karimian*, 2011 WL 1900092, at *2. Finally, as explained in the declarations submitted by Mr. Reisner and Mr. Tarlowe, counsel have represented him on behalf of the firm rather than as sole practitioners, and therefore the breakdown in the relationship is between Mr. Cole and the firm, rather than just one attorney at the firm. Paul, Weiss Decl. ¶ 26; Reisner

Reply Decl.; Tarlowe Reply Decl. Paul, Weiss has shown sufficient reasons to withdraw as counsel.

Courts must also consider whether the withdrawal of counsel will disrupt or delay the prosecution of the case. *Whiting*, 187 F.3d at 320–21 (citation omitted). As such, when a case is "on the verge of trial," courts tend to deny motions to withdraw. *Bruce Lee*, 2014 WL 1087934, at *2 (citations omitted). Here, the posture of the case is not a reason to deny the motion. While allowing Paul, Weiss to withdraw may be disruptive to Mr. Cole, given counsel's knowledge of this case, trial is several months away, and the Court is certainly amenable to granting an adjournment if required for Mr. Cole to retain counsel and to allow counsel to become familiar with the case. Furthermore, the Court has no doubt that Paul, Weiss will do everything possible to assist new counsel in adequately preparing for trial.

### III. CONCLUSION

For the foregoing reasons, Paul, Weiss' motion to withdraw as counsel is granted. Mr. Cole may contact Chambers should he require additional time to retain counsel in advance of trial.

SO ORDERED.

Dated:   February 25, 2022
         New York, New York

                                                    _____
                                                    Edgardo Ramos, U.S.D.J.