# EXHIBIT A



U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 23, 2020

**BY ELECTRONIC MAIL**

Lorin L. Reisner, Esq.
Richard C. Tarlowe, Esq.
Andrew D. Reich, Esq.
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, New York  10019

   Re:  United States v. Neil Cole, 19 Cr. 869 (ER)

Dear Counsel:

  Out of an abundance of caution, the Government writes to give the defendant notice that it may offer the evidence described below at the trial in this matter.  The Government intends to offer this evidence as direct proof of conduct charged in the Indictment.  The Government will also offer this evidence in the alternative pursuant to Rule 404(b) of the Federal Rules of Evidence.

  First, the Government may offer evidence regarding an inquiry into potential accounting improprieties at Iconix's predecessor company, Candie's, in or about 1999, and the subsequent settlement that Candie's and Cole entered with the SEC.  In April 1999, Candie's auditors at Ernst & Young ("EY") questioned, among other things, certain transactions while auditing Candie's January 31, 1999 financial statements.  Specifically, EY raised concerns that approximately $1.65 million in expense credits that Candie's received from a sourcing agent, Redwood, at the end of the 1998 fiscal year, were improperly offset by a $1.6 million capital contribution that Candie's made to Redwood at the same time.  The expense credits had the effect of moving the company from loss to profitability, while the capital expenditures did not reduce earnings for the quarter.

  In response to the concerns raised by EY, Cole and the company's assistant general counsel, Deborah Sorell, prepared a memorandum that summarized EY's concerns.  Candie's board of directors also conducted an internal investigation during which they interviewed Cole, among others.  The SEC also investigated the allegations and took Cole's testimony on two occasions.  During his interviews with the board of directors and in his testimony with the SEC, Cole admitted that he had backdated documents related to the Redwood transactions.  In 2003, Cole entered into settlements with the SEC personally and on behalf of Iconix in which he did not contest that Candie's earnings were improperly inflated due to the credits.

      The Government may offer this evidence as direct proof of the offenses charged in the Indictment, including to establish Cole's understanding of the relevant accounting rules and issues and of scrutiny of revenue recognition rules and practices, and to provide context for (1) references made to the Candie's investigation during the course of the charged conspiracy and (2) Cole's and Horowitz's destruction of documents during the inquiry by the SEC's Division of Corporate Finance.  In the alternative, the Government plans to introduce this evidence pursuant to Rule 404(b) to prove the defendant's motive, opportunity, intent, preparation, plan, knowledge, absence of mistake and/or lack of accident as to the offenses charged in the Indictment.

      Second, the Government may offer evidence regarding the joint venture agreement between Iconix and GBG in December 2014 related to the exploitation of Iconix's brands in the Middle East and North Africa ("MENA"), including the negotiations of that transaction.

      The Government may offer the MENA evidence as direct proof of the offenses charged in the Indictment, including to establish the means and methods of the securities fraud conspiracy charged in the Indictment, to provide context to the defendant's negotiations with GBG and his discussions and relationship with co-conspirators, and to complete the story of the charged offenses and the relationship between Iconix and GBG. In the alternative, the Government plans to introduce this evidence pursuant to Rule 404(b) to prove the defendant's motive, opportunity, intent, preparation, plan, knowledge, absence of mistake and/or lack of accident as to the offenses charged in the Indictment.

      This letter constitutes notice within the meaning of Rule 404(b) and is submitted without prejudice to the Government's ability to adduce additional evidence pursuant to Rule 404(b).

      Very truly yours,

      GEOFFREY S. BERMAN
      United States Attorney

By:    /S/_____
      Edward Imperatore
      Scott Hartman
      Jared Lenow
      Assistant United States Attorneys
      (212) 637-2327/2527/1068