# EXHIBIT F

# KAPLAN HECKER & FINK LLP

350 FIFTH AVENUE | 63ᴿᴰ FLOOR
NEW YORK, NEW YORK 10118

1050 K STREET NW | SUITE 1040
WASHINGTON, DC 20001

TEL (212) 763-0883 | FAX (212) 564-0883

WWW.KAPLANHECKER.COM

DIRECT DIAL   212.763.0889
DIRECT EMAIL shecker@kaplanhecker.com

September 7, 2022

**BY E-MAIL**

Scott Hartman
Noah Solowiejczyk
Andrew Thomas
Jared Lenow
Assistant United States Attorneys
United States Attorney's Office
1 St. Andrew's Plaza
New York, New York 10007

   Re: ***United States v. Neil Cole*, No. 19 Cr. 869**

Dear Messrs. Hartman, Solowiejczyk, Thomas, and Lenow:

   On behalf of Mr. Cole, we write to request that the government comply with its disclosure obligations.

   Pursuant to the Federal Rules of Criminal Procedure, applicable case law including *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, the government has a continuing obligation to disclose discovery as it comes into its possession, custody, or control. *See* Fed. R. Crim. P. 16(c); *see also United States v. Lewis*, No. 11 CR 753, 2012 WL 1142305, at *4 (S.D.N.Y. Apr. 4, 2012) ("The [g]overnment further represents that it 'recognizes the continuing nature of its discovery obligations and will produce any additional discoverable materials on a timely basis as they become available.'"). The government is required to make disclosures "in sufficient time that the defendant will have a reasonable opportunity to act upon the information efficaciously." *United States v. Rodriguez*, 496 F.3d 221, 226 (2d Cir. 2007).

   As you know, Mr. Cole's retrial is scheduled to commence in less than two months. Yet, the government has not produced *any* additional discovery to Mr. Cole since his first trial, in October 2021. We suspect that in the year since the last trial, the government has spoken to witnesses in preparation for the retrial. Pursuant to the Federal Rules of Criminal Procedure, applicable case law including *Brady,* and consistent with due process requirements, Mr. Cole requests the production of all discovery not previously produced to him, including but not limited to the materials described below:

KAPLAN HECKER & FINK LLP

1. <u>Disclosure of Cooperating Witnesses</u>: Pursuant to Federal Rules of Criminal Procedure 12 and 16, *Brady*, and other applicable case law, Mr. Cole requests information regarding the witnesses who provided information in this case. This information should include, at a minimum, the identity and location of any informants or cooperating witnesses.

2. <u>Promises and Plea Bargains of Government Witnesses</u>: Pursuant to Rules 12 and 16, *Brady*, and *Giglio v. United States*, 405 U.S. 150, 154 (1972), Mr. Cole requests disclosure of any promises, whether express or implied, direct or indirect, of any benefit to be conferred, including a monetary benefit, and/or assurance not to prosecute or leniency made in writing or orally to such persons and the substance of any statements or discussions regarding leniency, compensation, or assurance not to prosecute. Any record of such should be disclosed.

3. <u>Disclosure of Information Regarding Government Witnesses</u>: Pursuant to *Brady*, *Giglio*, and related authority, and without limiting the requisite disclosures in any way, Mr. Cole requests the following information regarding government witnesses:

   a. Witness names and addresses;

   b. Evidence of bias or motive to lie;

   c. Impeachment evidence;

   d. Evidence the government may offer pursuant to Federal Rules of Evidence 403 and 404(b);

   e. Evidence of any charges, indictments, criminal investigation, probation, parole, or offenses known to the government for which any witness or potential witness has not been charged; and

   f. Evidence tending to show that any prospective witness's perception, recollection, ability to communicate, or tell the truth is impaired.

4. <u>Exculpatory and Impeaching Evidence</u>: Pursuant to *Brady*, *Giglio*, and related authority, Mr. Cole requests any and all materials known to the government, or which may become known to the government, or which through due diligence may be learned from the investigating officers of the government or the witnesses or persons having knowledge of this case that is exculpatory in nature or favorable to Mr. Cole or that may serve to mitigate punishment.

5. <u>*Jencks* Act Material</u>: Mr. Cole requests pretrial production of material to which he is entitled pursuant to Rule 26.2 and the *Jencks* Act, 18 U.S.C. § 3500.

KAPLAN HECKER & FINK LLP

Additionally, counsel for Mr. Cole understands that the government has at times requested and received downloads from Richards Kibbe & Orbe LLP ("RKO"),[1] counsel for a special committee of the Iconix board of directors, of interviews the special committee conducted of witnesses, or of attorney proffers made to the special committee. *See* ECF No. 71; *see also* Sep. 30, 2021 Final Pretrial Conf. Tr. at 67. We understand that lawyers for Mr. Horowitz, the government's key cooperating witness, made attorney proffers to RKO that contradict his testimony from Mr. Cole's first trial and are exculpatory as to Mr. Cole. It is our understanding that as of the time of Mr. Cole's first trial, the government had declined to request that RKO provide a download of the attorney proffers made to the special committee on behalf of Mr. Horowitz, even though it had requested similar downloads of other proffers or witness interviews. *See* ECF No. 71*; see also* Sep. 30, 2021 Final Pretrial Conf. Tr. at 67, 76. At the September 30 final pretrial conference before Mr. Cole's first trial, the government represented that it could not recall whether it did in fact request that RKO provide a download of the attorney-proffers made on behalf of Mr. Horowitz or whether RKO provided the government with "witness-by-witness" downloads. Sep. 30, 2021 Final Pretrial Conf. Tr. at 76.[2]

Accordingly, Mr. Cole requests that the government now provide clarity on what information the government has and has not requested and received from RKO, including:

1. Whether the government has or has not requested a download from RKO of the two attorney proffers made to RKO by Mr. Horowitz's attorneys and if a request has been made, RKO's response to the request;

2. Whether the government did or did not receive witness-by-witness downloads from RKO, or if the government requested downloads on an ad hoc basis;

3. A list of all individuals the government understands RKO interviewed as part of its investigation on behalf of the special committee;

4. A list of all attorney proffers the government understands RKO received as part of its investigation on behalf of the special committee; and

5. A list of all individuals for which the government requested a witness interview or attorney proffer download, and whether the government received the requested download or whether the special committee declined to provide the requested download.

---

[1] The lawyers from RKO representing the special committee now are partners of Perkins Coie LLP.

[2] Sep. 30, 2021 Final Pretrial Conf. Tr. at 76 ("Court: Let me ask Mr. Hartman, this issue that the defen[se] keep bringing up, this selective request for downloads, is that so? Mr. Hartman: Your Honor, I would have to look back. I don't remember whether they [] gave us witness-by-witness downloads in this case…. The Court: The question is if you asked for certain witnesses and refused to ask for others. Mr. Hartman: I don't recall if we asked for Mr. Horowitz. I believe we asked for Mr. Cole and they told us no, but I don't remember for sure.").

KAPLAN HECKER & FINK LLP

Mr. Cole requests production of all discovery, and responses to his specific questions above, as soon as possible, and at a minimum, by **September 16, 2022**.  To the extent that certain of the requests apply to information or disclosures that concern trial testimony or other information that the government does not now have in its possession, custody, or control, we request that such information or disclosures be produced as soon as the government does come into possession, custody, or control of such information or disclosures.  Each of the preceding requests is of a continuing nature and calls for supplementation as soon as the government discovers additional responsive evidence, information, or material.

Thank you for your prompt attention to these requests.  We are available to meet and confer to further discuss these requests.

Very truly yours,

KAPLAN HECKER & FINK LLP
Sean Hecker
Jenna M. Dabbs

MARKUS/MOSS PLLC
David Oscar Markus
Margot Moss