# EXHIBIT G



U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

September 16, 2022

**BY E-MAIL**

Sean Hecker, Esq.
Jenna M. Dabbs, Esq.
Kaplan Hecker & Fink LLP

Davis Oscar Markus, Esq.
Margot Moss, Esq.
Markus/Moss PLLC

      Re:    *United States v. Neil Cole*,
               19 Cr. 869 (ER)

Dear Counsel:

      The Government writes in response to your September 7, 2022 letter requesting that "the government comply with its disclosure obligations" by producing, among other things, information about cooperating witnesses, impeachment material, and Jencks Act material.

      The Government has complied and will continue to comply with its discovery and *Brady* obligations. As you are aware, the Government produced substantially all the material requested by the September 7, 2022 letter weeks in advance of the 2021 trial in this matter, and thus more than a year ago. The Government has not identified any additional *Brady* material to produce but will promptly produce any that it does later identify. And the Government renews its offer to produce early additional Jencks Act material based on a mutually agreeable pretrial filing and disclosure schedule. In the absence of such an agreement, the Government will make its disclosures no later than required by law.

      The September 7 letter's additional request for information about interactions between Richards Kibbe & Orbe LLP and Government counsel similarly revisits the substance of prior productions and related Rule 17(c) litigation. The Government produced on December 13, 2019 a document summarizing the informational sources used by the Special Committee, including a list of persons interviewed and a list of document custodians. *See* ICON-SEC-000134 et seq. Further, the Government's pretrial disclosures in 2021 included the folder "3585-Special Committee of the Board," which collected presentations from the Special Committee obtained by, or provided to, the U.S. Attorney's Office. We note that the Special Committee's presentations included a general description of the scope of work, with references to interviews conducted, interviews requested but denied, and documents obtained. *See, e.g.*, 3585-001 at 7. Finally, the Government's productions have included notes by the U.S. Attorney's Office or by the SEC of what either investigative team was told by the Special Committee relating to the substance of witness

Page 2

statements obtained by the Special Committee. *See, e.g.*, 3554-001; 3542-002. As is apparent from a comparison of the Special Committee's interview list and the Government's Jencks Act productions, the Government did not receive read-outs of all, or even most, of the interviews conducted by the Special Committee. The Government did not request a read-out of the attorney proffer made to the Special Committee by lawyers for Seth Horowitz. The Government did request a read-out of the interview of your client, Neil Cole, but that request was denied.

Very truly yours,

DAMIAN WILLIAMS
United States Attorney

By: _____
Jared Lenow
Justin Rodriguez
Andrew Thomas
Assistant United States Attorneys
(212) 637-1068/2591/2106