UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
UNITED STATES OF AMERICA                    :
                                            :
            - v.-                           :        19 Cr. 869 (ER)
                                            :
NEIL COLE,                                  :
                                            :
                  Defendant.                :
-------------------------------------------------------------x


**GOVERNMENT'S REQUESTS TO CHARGE**



DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
Attorney for the United States of America


Jared Lenow
Justin V. Rodriguez
Andrew Thomas
Assistant United States Attorneys
          - Of Counsel -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

UNITED STATES OF AMERICA      :

     :

           - v.–           :      19 Cr. 859 (ER)

     :

NEIL COLE,           :

     :

          Defendant.       :

------------------------------------------------------------------x

## <u>GOVERNMENT'S REQUESTS TO CHARGE</u>

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the Government

respectfully requests the Court to include the following in its charge to the jury.

# <u>TABLE OF CONTENTS</u>

<u>**Page**</u>

General Requests ............................................................................................................... 1

The Indictment .................................................................................................................. 2

Summary of Indictment .................................................................................................... 3

Count One: Securities Fraud – The Indictment and the Statute.......................................... 5

Count One: Securities Fraud – Statutory Purpose ............................................................ 7

Count One: Securities Fraud – Elements of the Offense .................................................. 9

Count One: First Element – Fraudulent Act .................................................................... 10

Count One: Second Element – Knowledge, Intent and Willfulness ............................... 16

Count One: Third Element – Instrumentality of Interstate Commerce........................... 19

Counts Two Through Seven: False Statements in Filings with the SEC – The Statute and the Indictment .................................................................................................................... 21

Counts Two Through Seven: False Statements in SEC Filings – Elements of the Offense ......... 23

Counts Two Through Seven: False Statements in SEC Filings First Element – Required Filings .................................................................................................................................... 24

Counts Two Through Seven: False Statements in SEC Filings Second Element – Material Falsity .................................................................................................................................... 25

Count Eight: Misleading Conduct of Audits .................................................................. 26

Aiding and Abetting........................................................................................................ 28

Willfully Causing a Crime .............................................................................................. 31

Conscious Avoidance...................................................................................................... 33

Venue .............................................................................................................................. 35

Cooperating Witness Testimony & Non-Prosecution Agreements ............................... 36

Law Enforcement and Government Employee Witnesses............................................... 40

Expert Witnesses ............................................................................................................ 41

Character Testimony ....................................................................................................... 42

Defendant's Testimony ................................................................................................... 43

Defendant's Right Not to Testify.................................................................................... 44

Statements of the Defendant ........................................................................................... 45

Uncalled Witnesses – Equally Available to Both Sides ................................................................. 46

Particular Investigative Techniques Not Required ...................................................................... 47

Persons Not on Trial ..................................................................................................................... 48

Preparation of Witnesses............................................................................................................. 49

Charts and Summaries .................................................................................................................. 50

Use of Audio Recordings and Transcripts [If applicable] .......................................................... 51

Stipulations ................................................................................................................................... 52

Conclusion .................................................................................................................................... 53

**REQUEST NO. 1**

**General Requests**

The Government respectfully requests that the Court give its usual instructions to the jury on the following matters:

a.   Function of Court and Jury.

b.   Indictment Not Evidence.

c.   Statements of Court and Counsel Not Evidence.

d.   Burden of Proof and Presumption of Innocence.

e.   Reasonable Doubt.

f.   Government Treated Like Any Other Party.

g.   Definitions, Explanations, and Example of Direct and Circumstantial Evidence.

h.   Inferences.

i.   Credibility of Witnesses.

j.   Right to See Exhibits and Have Testimony Read During Deliberations.

k.   Sympathy: Oath of Jurors.

l.   Punishment is Not to Be Considered by the Jury.

m.   Verdict of Guilt Must Be Unanimous.

## REQUEST NO. 2

### The Indictment

The defendant, NEIL COLE, has been formally charged in what is called an Indictment. An Indictment is simply an accusation. It is no more than the means by which a criminal case is started. It is not evidence. It is not proof of the defendant's guilt. It creates no presumption, and it permits no inference that the defendant is guilty. You are to give no weight to the fact that an Indictment has been returned against the defendant.

[*Before you begin your deliberations, you will be provided with a copy of the Indictment.*] I will not read the entire Indictment to you at this time. Rather, I will first summarize the offenses charged in the Indictment and then explain in detail the elements of the charged offenses.

## REQUEST NO. 3

### Summary of Indictment

The Indictment contains eight counts or "charges." You should know that there is no significance to the order of these numbers or the specific number of counts charged, and indeed my instructions will follow a different order from the order in which the various counts appear in the Indictment.

Count One of the Indictment charges that, from in or about 2013 through in or about August 2015, the defendant committed the substantive offense of securities fraud.

Counts Two through Seven of the Indictment each charge that the defendant made false statements in documents that Iconix filed with the SEC. Count Two relates to Iconix's second quarter 2014 press release on Form 8-K. Count Three relates to Iconix's second quarter 2014 quarterly report on Form 10-Q. Count Four relates to Iconix's third quarter 2014 press release on Form 8-K. Count Five relates to Iconix's third quarter 2014 quarterly report on Form 10-Q. Count Six relates to Iconix's 2014 year-end press release on Form 8-K. Count Seven relates to Iconix's 2014 annual report on Form 10-K.

Count Eight of the Indictment charges that, from at least in or about 2013 through at least in or about 2015, the defendant misled the conduct of audits.

The Indictment alleges that the substantive securities fraud offense charged in Count One, the false statements in SEC filings charged in Counts Two through Seven, and the misleading the conduct of audits charged in Count Eight relate to an alleged fraud scheme in which the defendant and others caused Iconix to report, in public filings with the SEC and to the investing public, falsely inflated revenue and earnings per share figures to the investing public.

That is a summary of all eight counts in the Indictment. In a moment, I will instruct you on each of these charges in more detail. At the outset, however, let me instruct you that you must

consider each individual charge separately and evaluate each on the proof or lack of proof that

relates to that charge. Whether you find the defendant guilty or not guilty as to one offense

should not affect your verdict as to any other offense charged.

> Adapted from the original jury charge in this case, Trial Tr.
> 2525-2582 ("Cole I"), Sand, et al., Modern Federal Jury
> Instructions, Instr. 3-6.

**REQUEST NO. 4**

**Count One: Securities Fraud – The Indictment and the Statute**

Let us turn first to Count One, which charges NEIL COLE, the defendant, with committing the substantive crime of securities fraud.

Count One alleges as follows:

[The Court is respectfully requested to read Count One of the Indictment.]

The relevant law here is Section 10(b) of the Securities Exchange Act of 1934, which is set forth in 15 U.S.C. § 78j(b). Section 10(b) provides, in pertinent part:

> It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange . . .
>
> (b) To use or employ, in connection with the purchase or sale of any security registered on a national securities exchange or any security not so registered, . . . any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the [SEC] may prescribe as necessary or appropriate in the public interest or for the protection of investors.

Based on its authority under this statute, the SEC has created a number of rules and regulations, one of which, known as Rule 10b-5 is relevant here. Rule 10b-5 reads as follows:

> **Employment of manipulative and deceptive devices.** It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange,
>
> (a) to employ any device, scheme, or artifice to defraud,
>
> (b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, or
>
> (c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security.

Adapted from the charge of the Honorable Loretta A. Preska in <u>United States</u> v. <u>Collins</u>, 07 Cr. 1170 (LAP) (the

"<u>Collins</u> Charge"); Sand, et al., <u>Modern Federal Jury Instructions</u>, Instr. 57-18.

**REQUEST NO. 5**

**Count One: Securities Fraud – Statutory Purpose**

The 1934 Securities Exchange Act was the second of two laws passed by Congress to provide a comprehensive plan to protect the investing public in the purchase and sale of securities that are publicly distributed.

The stock market crash of 1929 led to much legislation in the area of federal regulation. Included in this legislation was the Securities Act of 1933, and the creation of the Securities and Exchange Commission ("SEC"). The Securities Act was enacted to protect the investing public in the purchase of stock that is publicly distributed. The Act provides a comprehensive plan requiring full and fair disclosure of all important facts in connection with a distribution of securities. Such disclosures are designed to enable the investing public to make realistic appraisals of the merits of securities so that investors can make informed investment decisions.

When it enacted the Securities Act, Congress recognized that the purchase of a stock is different from the purchase of a vegetable bought in a grocery store, in that the average investor is not in a position to make a personal investigation to determine the worth, quality, and value of securities.

Following enactment of the Securities Act of 1933, which requires full and fair disclosures relating to the offering of stock to the investing public, Congress enacted the Securities Exchange Act of 1934 to ensure fair dealing and outlaw deceptive and inequitable practices by those selling or buying securities on the securities exchanges, in over-the-counter markets, or in face-to-face transactions. Among the primary objectives of the Exchange Act are the maintenance of fair and honest security markets and the elimination of manipulative practices that tend to distort the fair and just price of stock. Congress recognized that any deceptive or

manipulative practice that influenced or related to trading activity undermined the function and

purpose of a free market.

> Adapted from the <u>Collins</u> Charge; Sand, et al., <u>Modern
> Federal Jury Instructions</u>, Instr. 57-19.

**REQUEST NO. 6**

**Count One: Securities Fraud – Elements of the Offense**

To establish a violation of Section 10(b), as charged in Count One of the Indictment, the Government must prove each of the following three elements beyond a reasonable doubt:

*First*, that in connection with the purchase or sale of stock, or shares in a company, the defendant did **any one** or more of the following:

(1) employed a device, scheme or artifice to defraud, or

(2) made an untrue statement of a material fact or omitted to state a material fact which made what was said, under the circumstances, misleading, or

(3) engaged in an act, practice or course of business that operated, or would operate, as a fraud or deceit upon a purchaser or seller;

*Second*, that the defendant acted knowingly, willfully, and with the intent to defraud; and

*Third*, that, in furtherance of the fraudulent conduct, the defendant used or caused to be used, any means or instruments of transportation or communication in interstate commerce or the use of the mails or the use of any facility of any national securities exchange.

I will discuss each element in turn.

> Adapted from <u>Cole</u> I at Trial Tr. 2525-2582; the charge in <u>United States v. Milton</u>, 21 Cr. 478 (ER) (the "<u>Milton</u> Charge"); Sand, et al., <u>Modern Federal Jury Instructions</u>, Instr. 57-20; <u>see</u> <u>United States</u> v. <u>Litvak</u>, 808 F.3d 160, 178 (2d Cir. 2015) (noting that scienter for securities fraud is "intent to deceive, manipulate or defraud" and does not require an intent to harm); <u>United States</u> v. <u>Gleason</u>, 616 F.2d 2 (2d Cir. 1979).

## REQUEST NO. 7

## Count One: First Element – Fraudulent Act

The first element that the Government must prove beyond a reasonable doubt is that, in connection with the purchase or sale of securities, such as shares of Iconix, the defendant did any one or more of the following:

(1) employed a device, scheme or artifice to defraud, or

(2) made an untrue statement of a material fact or omitted to state a material fact which made what was said, under the circumstances, misleading, or

(3) engaged in an act, practice or course of business that operated, or would operate, as a fraud or deceit upon a purchaser or seller.

To prove this element, it is not necessary for the Government to prove all three types of unlawful conduct in connection with the purchase or sale of securities. Any one will suffice. You must, however, be unanimous as to which type of unlawful conduct, if any, the defendant committed.

Let me now explain some of these terms.

**"Device, Scheme, or Artifice to Defraud"**

A device, scheme or artifice is merely a plan for the accomplishment of any objective. Fraud is a general term that embraces all ingenious efforts and means that individuals devise to take advantage of others. It includes all kinds of manipulative and deceptive acts. The fraud or deceit need not relate to the investment value of the securities involved in this case.

**False Statements and Omissions**

A statement, representation, claim, or document is false if it is untrue when made and was then known to be untrue by the person making it or causing it to be made. A representation or statement is fraudulent if it was made with the intention to deceive. The concealment of material

facts in a manner that makes what is said or represented deliberately misleading may also constitute false or fraudulent statements under the statute.

The failure to disclose information may also constitute a fraudulent representation if the defendant was under a legal, professional or contractual duty to make such a disclosure, the defendant actually knew such disclosure was required to be made, and the defendant failed to make such disclosure with the intent to defraud.

The deception need not be based upon spoken or written words alone. The arrangement of the words, or the circumstances in which they are used, may convey the false and deceptive appearance. If there is deception, the manner in which it is accomplished does not matter.

**"In Connection With"**

You cannot find that the Government has proven the first element unless you find that the defendant participated, or agreed to participate, in fraudulent conduct that was "in connection with" a purchase or sale of securities. The requirement that the fraudulent conduct be "in connection with" a purchase or sale of securities is satisfied so long as there was some nexus or relation between the allegedly fraudulent conduct and the sale or purchase of securities. Fraudulent conduct may be "in connection with" the purchase or sale of securities if you find that the alleged fraudulent conduct "touched upon" a securities transaction. You need not find that the defendant actually participated in any specific purchase or sale of a security if you find that the defendant participated, or agreed to participate, in fraudulent conduct that was "in connection with" a "purchase or sale" of securities.

It is no defense to an overall scheme to defraud that the defendant was not involved in the scheme from its inception or played only a minor role with no contact with the investors and purchasers of the securities in question. A person who comes in at a later point with knowledge of the scheme's general operation, although not necessarily all of its details, and intentionally

acts in a way to further the unlawful goals, becomes a member of the scheme and is legally responsible for all that may have been done in the past, in furtherance of the criminal objective, and all that is done thereafter.

Even if the defendant participated in the scheme to a lesser degree than others, he is, nevertheless, equally guilty so long as the defendant became a member of the scheme to defraud with knowledge of its general scope and purpose.

Nor is it necessary for you to find that the defendant was or would be the actual seller of the securities. It is sufficient if the misrepresentation or omission of material fact involved the purchase or sale of stock. By the same token, the Government need not prove that the defendant personally made the misrepresentation or that he omitted the material fact. It is sufficient if the Government establishes that the defendant caused the statement to be made or the fact to be omitted. With regard to the alleged misrepresentations and omissions, you must determine whether the statements were true or false when made, and, in the case of alleged omissions, whether the omissions were misleading.

### **"Material Fact"**

If you find that the Government has established beyond a reasonable doubt that a statement was false or a statement was omitted rendering the statements that were made misleading, you must next determine whether the statement or omission was material under the circumstances. The word "material" here refers to the nature of the false or misleading statements. We use the word "material" to distinguish between the kinds of statements we care about and those that are of no real importance. Matters that are "material" may also include fraudulent half-truths or omissions of material fact. A material fact is one that a reasonable person would have considered important in making his or her investment decision. That means

that if you find a particular statement of fact or omission to have been untruthful or misleading, before you can find that statement or omission to be material, you must also find that the statement or omission was one that would have mattered to a reasonable person in making such an investment decision.

Any testimony that you may have heard from any witness with respect to whether a particular fact would or would not have been important to him or to investors in general reflect that witness's individual views. Although you may consider such testimony, it is not controlling. It is for you to determine whether a particular fact would have been significant to a reasonable investor in making an investment decision.

In considering whether a statement or omission was material, let me caution you that it is not a defense if the material misrepresentation or omission would not have deceived a person of ordinary intelligence. Once you find that the offense involved the making of material misrepresentations or omissions of material facts, it does not matter whether the intended victims were gullible buyers or sophisticated investors, because the securities laws protect the gullible and unsophisticated as well as the experienced investor.

Nor does it matter whether the alleged unlawful conduct was or would have been successful, or whether the defendant profited or would have profited as a result of the alleged scheme. Success is not an element of a violation of Section 10(b) or Rule 10b-5. If, however, you find that the defendant expected to or did profit from the alleged scheme, you may consider that in relation to the element of intent, which I will discuss in a moment.

In assessing whether a misstatement or omission is material, both quantitative and qualitative factors should be considered. In assessing whether a stated or omitted fact is quantitatively material, you should consider the financial magnitude of the misstatement or

omission. Under this inquiry, an omission or misstatement of an item in a financial report is

quantitatively material if, in light of surrounding circumstances, the magnitude of the item is

such that it is probable that the judgment of a reasonable person relying upon the report would

have been changed or influenced by the inclusion or correction of the item. However, the

magnitude of a misstatement is only the beginning of an analysis of materiality. You should also

consider whether qualitative factors make a misstatement or omission material. With respect to

financial statements, qualitative factors may cause misstatements of quantitatively small amounts

to be material.

    In assessing whether a misstatement or omission is qualitatively material, you may

consider, among other factors:

> • whether the misstatement masks a change in earnings or other trends;

> • whether the misstatement hides a failure to meet analysts' consensus expectations

for the enterprise;

> • whether the misstatement changes a loss into income or vice versa;

> • whether the misstatement affects the registrant's compliance with regulatory

requirements;

> • whether the misstatement has the effect of increasing management's

compensation – for example, by satisfying requirements for the award of bonuses or other forms

of incentive compensation;

> • whether the misstatement involves concealment of an unlawful transaction.

    This is not an exhaustive list of the circumstances that may render material a

misstatement that is quantitatively small. Among other factors, the demonstrated volatility of the

price of a registrant's securities in response to certain types of disclosures may provide guidance

as to whether investors regard quantitatively small misstatements as material. When management expects (based, for example, on a pattern of market performance) that a known misstatement may result in a significant positive or negative market reaction, that expected reaction should be taken into account when considering whether a misstatement is material.

You should not assume that even small intentional misstatements in financial statements, for example those pursuant to actions to "manage" earnings, are immaterial. While the intent of management does not render a misstatement material, it may provide significant evidence of materiality. The evidence may be particularly compelling where management has intentionally misstated items in the financial statements to "manage" reported earnings. In that instance, it presumably has done so believing that the resulting amounts and trends would be significant to users of the registrant's financial statements.

Remember, in assessing materiality, you should consider all the relevant facts and circumstances, both quantitative and qualitative. Furthermore, you should consider both the individual misstatements or omissions, and their aggregate effect, in determining materiality.

> Adapted from the Collins Charge; Sand, et al., Modern Federal Jury Instructions, Instr. 57-20, 57-21; SEC Staff Accounting Bulletin ("SAB") 99; see also United States v. Skelly, 442 F.3d 94, 98 (2d Cir. 2006); United States v. Santoro, 302 F.3d 76, 80-81 (2d Cir. 2002) ("Unlike customers who independently find their stocks and whose brokers merely execute trades at their command, customers who rely on investment recommendations reasonably trust their brokers to fully disclose all information pertinent to the recommendation and quality of the investment."); United States v. Szur, 289 F.3d 200, 210 (2d Cir. 2002); Ganino v. Citizens Utilities Co., 228 F.3d 154, 163 (2d Cir. 2000) ("SAB No. 99 is thoroughly reasoned and consistent with existing law – its non-exhaustive list of factors is simply an application of the well-established *Basic* analysis to misrepresentations of financial results – we find it persuasive guidance for evaluating the materiality of an alleged misrepresentation.").

**REQUEST NO. 8**

**Count One: Second Element – Knowledge, Intent and Willfulness**

The second element of Count One that the Government must establish is that the defendant acted knowingly, willfully and with intent to defraud.

"Knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently.

To act "willfully" means to act voluntarily and with a wrongful purpose.

"Intent to defraud" in the context of the securities laws means to act knowingly and with intent to manipulate or deceive.

The question of whether a person acted knowingly, willfully and with intent to defraud is a question of fact for you to determine, like any other fact question. This question involves one's state of mind.

Direct proof of knowledge and fraudulent intent is almost never available. It would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past he committed an act with fraudulent intent. Such direct proof is not required.

The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his words, his conduct, his acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom.

What is referred to as drawing inferences from circumstantial evidence is no different from what people normally mean when they say, "use your common sense." Using your common sense means that, when you come to decide whether a defendant possessed or lacked an intent to defraud, you do not limit yourself to what the defendant said, but you also look at what he did and what others did in relation to the defendant and, in general, everything that occurred.

As I have previously explained, circumstantial evidence, if believed, is of no less value than direct evidence. In either case, the essential elements of the crime charged must be established beyond a reasonable doubt.

In order for you to find the defendant guilty of securities fraud, the Government need only prove that the defendant acted with an intent to deceive, manipulate or defraud. The Government need not show that the defendant acted with an intent to cause harm.

Because an essential element of the crime charged is intent to deceive, good faith on the part of the defendant is a complete defense to the charge of securities fraud. That is, the law is not violated if the defendant held an honest belief that his actions were proper and not in furtherance of any unlawful scheme. An honest belief in the truth of the representations made by a defendant is a complete defense, however inaccurate the statements may turn out to be. A defendant, however, has no burden to establish a defense of good faith; it remains the Government's burden to prove, beyond a reasonable doubt, that the defendant acted knowingly, willfully, and with intent to deceive.

In considering whether or not a defendant acted in good faith, however, you are instructed that a belief by the defendant, if such belief existed, that ultimately everything would work out so that no investors would lose any money does <u>not</u> necessarily constitute good faith. No amount of honest belief on the part of a defendant that the scheme will ultimately make a profit for the investors will excuse fraudulent actions or false representations by him.

As a practical matter, then, to prove the charge against a defendant, the Government must establish beyond a reasonable doubt that the defendant knew that his conduct was calculated to deceive and that he nevertheless associated himself with the alleged fraudulent scheme.

Adapted from <u>Cole</u> I at Trial Tr. 2538-2540, 2557-2558,
the <u>Collins</u> Charge, the <u>Milton</u> Charge, and the charge of

the Honorable Jed S. Rakoff in <u>United States</u> v. <u>Petit &
Taylor</u>, 19 Cr. 850 (JSR); Sand, et al., <u>Modern Federal Jury
Instructions</u>, Instr. 57-16; <u>United States</u> v. <u>Litvak</u>, 808 F.3d
160, 178 (2d Cir. 2015) (intent element for securities fraud
is "intent to deceive, manipulate or defraud" not "intent to
harm").

**REQUEST NO. 9**

**Count One: Third Element – Instrumentality of Interstate Commerce**

The third and final element of Count One — the substantive securities fraud count — that the Government must prove beyond a reasonable doubt is that the defendant knowingly used, or caused to be used, the mails or the instrumentalities of interstate commerce in furtherance of the scheme to defraud.

Let me first note that it is unnecessary for the Government to prove both the mails and an instrumentality of interstate commerce were used in furtherance of the fraudulent scheme. Only one of the above – either the mails or an instrumentality of interstate commerce – is enough. But you must be unanimous as to at least one.

In considering this element, it is not necessary for you to find that the defendant was or would have been directly or personally involved in any mailing or the use of an instrumentality of interstate commerce. If the conduct alleged would naturally and probably result in the use of the mails or an instrumentality of interstate commerce, this element would be satisfied.

Nor is it necessary that the items sent through the mails or communicated through an instrumentality of interstate commerce did or would contain the fraudulent material, or anything criminal or objectionable. The matter mailed or communicated may be entirely innocent so long as it is in furtherance of the scheme to defraud or fraudulent conduct.

The use of the mails or instrumentality of interstate commerce need not be central to the execution of the scheme or even be incidental to it. All that is required is that the use of the mails or instrumentality of interstate commerce bear some relation to the object of the scheme or fraudulent conduct.

In fact, the actual purchase or sale of a security need not be accompanied by the use of the mails or instrumentality of interstate commerce, so long as the mails or instrumentality of

interstate commerce are used in furtherance of the scheme and the defendant is still engaged in actions that are part of a fraudulent scheme when the mails or the instrumentalities of interstate commerce are used.

The use of the term "mails" is self-explanatory, and includes the U.S. Mail and Federal Express. Examples of instrumentalities of interstate commerce include telephone calls, emails, or text messages, or use of a facility of a national securities exchange, such as a stock or options trade made on the NASDAQ.

> Adapted from Cole I, 2540-2542, the Collins Charge;
> Sand, et al., Modern Federal Jury Instructions, Instr. 57-20,
> 57-25; United States v. Giordano, 442 F.3d 30, 40 & n.11
> (2d Cir. 2006) (defining "instrumentality of interstate
> commerce").

**REQUEST NO. 10**

**Counts Two Through Seven: False Statements in Filings with the SEC – The Statute and the Indictment**

Now, let's turn to Counts Two through Seven of the Indictment, which charge that the defendant made, or caused to be made, false statements in reports and documents required to be filed under the Securities Exchange Act of 1934. Counts Two through Seven charge different filings in which the defendant either made or caused to be made false statements. Count Two relates to Iconix's second quarter 2014 press release on Form 8-K. Count Three relates to Iconix's second quarter 2014 quarterly report on Form 10-Q. Count Four relates to Iconix's third quarter 2014 press release on Form 8-K. Count Five relates to Iconix's third quarter 2014 quarterly report on Form 10-Q. Count Six relates to Iconix's 2014 year-end press release on Form 8-K. Count Seven relates to Iconix's 2014 annual report on Form 10-K.

Counts Two through Seven of the Indictment read in pertinent part as follows:

[The Court is respectfully requested to read Counts Two through Seven of the Indictment.]

These counts charge violations of Section 32 of the Securities Exchange Act of 1934, Title 15, United States Code, Section 78ff. Section 78ff provides in relevant part:

> [A]ny person who willfully and knowingly makes, or causes to be made, any statement in any application, report, or document required to be filed under this title or any rule or regulation thereunder . . . which statement was false or misleading with respect to any material fact [shall be guilty of a crime].

This section is the general provision of the federal securities laws that makes it unlawful to willfully violate any provision of the Securities Exchange Act of 1934, or any rule or regulation thereunder, by making materially false and misleading statements in applications, reports, and documents required to be filed with the SEC.

The SEC requires public companies to file quarterly reports, or Form 10-Qs, for each of the first three quarters of every fiscal year. The SEC also requires public companies to file a

current report on a form called a Form 8-K for, among other reasons, any public announcement

or release that discloses material non-public information regarding that company's results of

operations or financial condition for a completed quarterly or annual fiscal period.

> <u>Cole</u> I, Trial Tr. 2542-2544; Title 15, United States Code,
> Sections 78m(a); and Title 17, Code of Federal
> Regulations, Section 240.13a-11 and 13a-13; Form 8-K,
> Section 2, Item 2.02.

**REQUEST NO. 11**

**Counts Two Through Seven: False Statements in SEC Filings – Elements of the Offense**

For each of Counts Two through Seven, to establish a violation of Title 15, United States Code, Section 78ff, the Government must prove each of the following elements beyond a reasonable doubt:

_First_, that Iconix was required by the Securities Exchange Act of 1934 to file the document charged in that Count; and

_Second_, that the defendant knowingly and willfully made, or caused to be made, a materially false or misleading statement in that document.

Now I will explain these two elements in more detail.

> Adapted from Cole I, at Trial Tr. 2543-44, and the charge of the charge of the Honorable Paul A. Crotty in United States v. Tomasetta, 10 Cr. 1205 (PAC) (the "Tomasetta Charge"); Sand, et al., Modern Federal Jury Instructions, Instr. 36-9.

## REQUEST NO. 12

### Counts Two Through Seven: False Statements in SEC Filings First Element – Required Filings

With respect to each of Counts Two through Seven, the Government must show, first, that Iconix was required by the Securities Exchange Act of 1934 to file the document charged in the particular Count. I have already instructed you that public companies are required to file documents and reports as prescribed by the SEC. These include quarterly reports on Form 10-Q and current reports on Form 8-K for, among other reasons, any public announcement or release that discloses material non-public information regarding the company's results of operations or financial condition for a completed quarterly or annual fiscal period. As I explained previously, if you find that Iconix was a public company, it was required to file these reports.

> Adapted from <u>Cole</u> I, the <u>Tomasetta</u> Charge; Title 15, United States Code, Sections 78m(a) and 78o(d); and Title 17, Code of Federal Regulations, Section 240.13a-11 and 13a-13; Form 8-K, Section 2, Item 2.02.

## REQUEST NO. 13

**Counts Two Through Seven: False Statements in SEC Filings Second Element – Material Falsity**

The Government next must prove, with respect to each of Counts Two through Seven, that the defendant, NEIL COLE, made, or caused to be made, materially false and misleading statements in the filing you are considering.

As I have instructed you, a statement or representation is "false" if it was untrue when made, and known at the time to be untrue by the person making it or causing it to be made. A statement is misleading if it is either an untrue statement as to a material fact or if it omits to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

I have defined the term "material" for you previously and you should use that definition here.

I have also defined the terms and "knowingly" and "willfully." Those same definitions apply here.

To establish this element, the Government need not prove that the defendant himself physically made or otherwise personally prepared the statements in question. It is sufficient if the Government has proved the defendant caused materially false information to be filed by some person.

Adapted from <u>Cole</u> I; the <u>Tomasetta</u> Charge; Sand, et al.,
<u>Modern Federal Jury Instructions</u>, Instr. 36-10.
s

**REQUEST NO. 14**

**Count Eight: Misleading Conduct of Audits**

Count Eight of the Indictment charges NEIL COLE, the defendant, with misleading the conduct of audits, from at least in or about 2013 through at least in or about 2015.

Count Nine alleges as follows:

[The Court is respectfully requested to read Count Nine of the Indictment.]

The relevant law here is Title 15, United States Code, Sections 7202, 7242, and 78ff, which provide, in pertinent part:

> It shall be unlawful . . . for any officer or director of an issuer, or any other person acting under the direction thereof, to take any action to fraudulently influence, coerce, manipulate, or mislead any independent public or certified accountant engaged in the performance of an audit of the financial statements of that issuer for the purpose of rendering such financial statements materially misleading.

The law prohibits directors or officers of a corporation that has publicly traded securities from making or causing to be made false or misleading statements to an accountant either in connection with an audit or examination of the company's financial statements or in connection with the preparation and filing of documents with the SEC.

To establish that the defendant committed the offense charged in Count Eight, the Government must prove each of the following elements beyond a reasonable doubt:

First, that the defendant was a director or officer of a public company;

Second, that the defendant, directly or indirectly, made, or caused to be made, a materially false or misleading statement or omitted to state, or caused another person to omit to state, a material fact necessary in order to make the statements made, in light of the circumstances under which such statements were made, not misleading;

Third, that the statements or omissions at issue were directed to an accountant in connection with (a) an audit or examination of the financial statements of the company, or (b) the preparation or filing of any document or report required to be filed with the SEC; and

Fourth, that the defendant acted willfully.

I have already described for you the concepts of willfulness, falsity and materiality, and have explained that a public company is required to file financial statements with the SEC. You should apply those same instructions here, except that you should consider whether the false or misleading statement would have been material to a reasonable auditor, instead of a reasonable investor.

Adapted from Cole I at Trial Tr. 2545-2546, the charge of the Honorable Barbara S. Jones in United States v. Weissman, 01 Cr. 529 (BSJ)

**REQUEST NO. 15**

**Aiding and Abetting**

Each of the counts of the Indictment also charge the defendant with violating 18 U.S.C. § 2, the "aiding and abetting" statute. That is, the defendant is charged not only as a principal who committed the crime, but also as an aider and abettor and with having willfully caused the crime. As a result, under 18 U.S.C. § 2, there are two additional ways that the Government may establish a defendant's guilt on Counts One through Eight. One way is called "aiding and abetting," and the other is called "willfully causing a crime." Let me explain each of these.

"Aiding and abetting" is set forth in Section 2(a) of the statute. That section reads, in part, as follows:

> Whoever commits an offense against the United States or aids or abets or counsels, commands or induces, or procures its commission, is punishable as a principal.

Under the aiding and abetting statute, it is not necessary for the Government to show that a defendant himself physically committed the crime with which he is charged in order for you to find the defendant guilty. Thus, even if you do not find beyond a reasonable doubt that the defendant himself committed the crime charged, you may, under certain circumstances, still find the defendant guilty of that crime as an aider or abettor.

A person who aids or abets another to commit an offense is just as guilty of that offense as if he committed it himself. Accordingly, you may find a defendant guilty of the substantive crime if you find beyond a reasonable doubt that the Government has proved that another person actually committed the crime, and that the defendant aided and abetted that person in the commission of the offense.

As you can see, the first requirement is that another person has committed the crime charged. Obviously, no one can be convicted of aiding and abetting the criminal acts of another

if no crime was committed by the other person in the first place. But if you do find that a crime was committed, then you must consider whether the defendant aided or abetted the commission of the crime.

In order to aid or abet another to commit a crime, it is necessary that a defendant willfully and knowingly associate himself in some way with the crime, and that he willfully and knowingly seek by some act to help make the crime succeed.

Participation in a crime is willful if action is taken voluntarily and intentionally.

The mere presence of a defendant where a crime is being committed, even coupled with knowledge by the defendant that a crime is being committed, or the mere acquiescence by a defendant in the criminal conduct of others, even with guilty knowledge, is not sufficient to establish aiding and abetting. An aider and abettor must have some interest in the criminal venture.

To determine whether a defendant aided or abetted the commission of the crime with which he is charged, ask yourself these questions:

-- Did he participate in the crime charged as something he wished to bring about?

-- Did he associate himself with the criminal venture knowingly and willfully?

-- Did he seek by his actions to make the criminal venture succeed?

If he did, then the defendant is an aider and abettor, and therefore guilty of the offense. If he did not, then the defendant is not an aider and abettor, and is not guilty as an aider and abettor of that offense.

> Adapted from Sand, et al., <u>Modern Federal Jury Instructions</u>, Instr. 11-1 and 11-2, and from the charge approved in <u>United States</u> v. <u>Stanchich</u>, 550 F.2d 1294 (2d Cir. 1977); <u>see</u> <u>United States</u> v. <u>Labat</u>, 905 F.2d 18, 23 (2d Cir. 1990) (discussing requirements of aiding and abetting

liability); <u>United States</u> v. <u>Clemente</u>, 640 F.2d 1069 (2d Cir.) (same).

**REQUEST NO. 16**

**Willfully Causing a Crime**

The second way in which the Government can prove a defendant's guilt under 18 U.S.C.

§ 2 is through a finding beyond a reasonable doubt that the defendant willfully caused a crime.

Section 2(b) of the aiding and abetting statute, which relates to willfully causing a crime, reads as

follows:

> Whoever willfully causes an act to be done which if
> directly performed by him or another would be an offense
> against the United States [shall be guilty of a federal
> crime].

What does the term "willfully caused" mean? It means that the defendant himself need

not have physically committed the crime or supervised or participated in the actual criminal

conduct charged in the Indictment.

The meaning of the term "willfully caused" can be found in the answers to the following

questions:

First, did the defendant did the defendant have the mental state necessary to commit the

offenses you are considering; and

Second, did the defendant intentionally cause another person to commit the action or

actions that constituted the crime?

If you are persuaded beyond a reasonable doubt that the answer to both of these questions

is "yes" then the defendant is guilty of the crime charged just as if the defendant himself had

actually committed it. To find the defendant liable under this provision of the statute, the

Government need not prove that he acted through a guilty intermediary.

> Adapted from Sand, et al., Modern Federal Jury
> Instructions, Instr. 11-3; see United States v. Gabriel, 125
> F.3d 89, 99 (2d Cir. 1997) ("Generally, to establish a
> conviction through the use of section 2(b), the government

must prove that the defendant had the mental state necessary to violate the underlying criminal statute and that the defendant 'willfully caused' another to commit the necessary act."); United States v. Margiotta, 688 F.2d 108, 131 (2d Cir. 1982) (defendant may be found guilty even if he acts through "innocent intermediaries" to "cause[] the commission of an indispensable element of the offense"); United States v. Ordner, 554 F.2d 24, 29 (2d Cir. 1977), cert. denied, 434 U.S. 824 (1978) (under the "willfully causes an act to be done" provision "the guilt or innocence of the intermediary is irrelevant").

**REQUEST NO. 17**

**Conscious Avoidance**

**[If Applicable]**

As I have explained, each of the counts charged in the Indictment requires the Government to prove that the defendant acted knowingly, as I have already defined that term.

As you all know, if a person is actually aware of a fact, then he knows that fact. But the law also allows you to find that a defendant had knowledge of a fact when the evidence shows that he was aware of a high probability of that fact, but intentionally avoided confirming that fact. The law calls this "conscious avoidance" or "willful blindness."

In determining whether the Government has proven beyond a reasonable doubt that the defendant acted knowingly with respect to each of the ten counts charged in the Indictment, you may consider whether the defendant deliberately closed his eyes to what would otherwise have been obvious to him. One may not willfully and intentionally remain ignorant of a fact important to his conduct in order to escape the consequences of criminal law.

Thus, if you find beyond a reasonable doubt that the defendant acted with a conscious purpose to avoid learning some relevant fact – for example, that certain statements were false or misleading without additional information – then you may treat the defendant as though he knew that the fact existed. However, guilty knowledge may not be established by demonstrating that the defendant was merely negligent, foolish, or mistaken, and you may not rely on willful blindness as the basis for treating the defendant as though he was aware of the existence of a fact

if you find that the defendant actually believed that the fact did not exist. It is entirely up to you

whether you find that the defendant deliberately closed his eyes and any inferences to be drawn

from the evidence on this issue.

> Adapted from the <u>Collins</u> Charge; Sand, et al., <u>Modern</u>
> <u>Federal Jury Instructions</u>, Instr. 3A-2, 57-24.

**REQUEST NO. 18**

**Venue**

Now, in addition to dealing with the elements of each of the offenses, you must also consider the issue of venue as to each offense, namely, whether any act in furtherance of the unlawful activity occurred within the Southern District of New York. The Southern District of New York includes Manhattan, the Bronx, as well as several other counties, so anything that occurs in Manhattan occurs in the Southern District of New York.

It is sufficient to satisfy the venue requirement if any act by anyone in furtherance of the crime charged occurred within the Southern District of New York. To satisfy this venue requirement <u>only</u>, the Government need not meet the burden of proof beyond a reasonable doubt. The Government meets its burden of proof for venue if it establishes by a preponderance of the evidence that an act in furtherance of the crime occurred within the Southern District of New York. A preponderance of the evidence means that something is more likely than not.

> Adapted from Sand, et al., <u>Modern Federal Jury Instructions</u>, Instr. 3-11.; the <u>Collins</u> Charge; the <u>Tomasetta</u> Charge; <u>see also</u> <u>United States</u> v. <u>Gonzalez</u>, 922 F.2d 1044, 1054-55 (2d Cir.) (affirming that venue is governed by a preponderance standard).

## REQUEST NO. 19

### Cooperating Witness Testimony & Non-Prosecution Agreements

You have heard from a witness – Seth Horowitz – who testified that he was actually involved in carrying out aspects of the crimes charged in the Indictment and who testified pursuant to a cooperation agreement with the Government.

With respect to that witness, you have heard testimony that he pled guilty to charges arising out of some of the same facts as this case. You are instructed that you are to draw no conclusions or inferences of any kind about the guilt of the defendant on trial from the fact that a prosecution witness pled guilty to similar charges. A witness's decision to plead guilty is a personal decision about his or her own guilt. It may not be used by you in any way as evidence against or unfavorable to the defendant on trial here.

 You may consider the guilty plea only in determining the witness's believability. In that connection, let me remind you that Mr. Horowitz pled guilty after entering into an agreement with the Government to testify. There is evidence that, in exchange for the promise to testify truthfully, completely, and fully, the Government promised to bring that cooperation to the attention of the sentencing court. The Government is permitted to enter into this kind of plea agreement. You, in turn, may accept the testimony of such a witness and convict a defendant on the basis of such testimony alone, if it convinces you of that defendant's guilt beyond a reasonable doubt.

However, you should bear in mind that a witness who has entered into such an agreement has an interest in this case different from an ordinary witness. A witness who realizes that he or he may be able to obtain his or her own freedom, or receive a lighter sentence by giving testimony favorable to the prosecution, has a motive to testify falsely. Therefore, you must

examine such testimony with caution and weigh it with great care. If, after scrutinizing such testimony, you decide to accept it, you may give it whatever weight, if any, you find it deserves.

Mr. Horowitz has admitted involvement in planning or carrying out aspects of the crimes charged in the Indictment. There has been much said about him in the summations of counsel and whether or not you should believe him. The Government argues, as it is permitted to do, that it must take the witnesses as it finds them. It argues that only people who themselves take part in criminal activity have the knowledge required to show criminal behavior by others. For these very reasons, the law allows the use of such testimony.

However, it is also the case that the testimony of each such witness must be scrutinized with great care and viewed with particular caution when you decide how much of that testimony to believe.

I have given you some general considerations on credibility and I will not repeat them all here. Nor will I repeat all of the arguments made on both sides. However, let me say a few things that you may want to consider during your deliberations on the subject of such a witness.

You should ask yourselves whether the witness would benefit more by lying or by telling the truth. Was his testimony made up in any way because she believed or hoped that she would somehow receive favorable treatment by testifying falsely? Or did he believe that her interests would be best served by testifying truthfully? If you believe that the witness was motivated by hopes of personal gain, was this motivation one which would cause him to lie, or was it one which would cause him to tell the truth? Did this motivation color him testimony? In sum, you should look at all of the evidence in deciding what credence and what weight, if any, you will want to give to the witness's testimony.

Keep in mind that it does not follow that, simply because a person has admitted to participating in one or more crimes, he is incapable of giving a truthful version of what happened. Like the testimony of any other witness, the testimony of someone who has participated in a crime should be given such weight as it deserves in light of the facts and circumstances before you, taking into account the witness's demeanor, candor, the strength and accuracy of a witness's recollection, her background, and the extent to which her testimony is or is not corroborated by other evidence in the case.

One final note in this regard. It is no concern of yours why the Government made agreements with Mr. Horowitz. Your sole concern is to decide whether the witness was giving truthful testimony in this case before you. In sum, you should look to all the evidence in deciding what credence and what weight, if any, you will give to a witness's testimony.

You have also heard testimony from Government witnesses who testified pursuant to compulsion and immunity orders entered by the Court. The Government is entitled to call such witnesses. The fact that a witness's testimony cannot be used against him in a prosecution does not disqualify him from testifying and does not preclude you from accepting that testimony as true.

As with the cooperating witness testimony, you may want to consider whether such witnesses would benefit more by lying or by telling the truth. If you believe the witness was motivated by personal gain, was the motivation one that would cause him to lie or was it one that would cause him to tell the truth? Again, if you find the testimony is false, you should reject it. If you are satisfied that the witness told the truth, you should accept it.

As I have previously instructed you, the issue of credibility need not be decided in an all or nothing fashion. Even if you find that a witness testified falsely in one part, you still may

accept his testimony in other parts, or may disregard all of it. Credibility is a determination

entirely for you, the jury.

> Adapted from the <u>Collins</u> Charge; the <u>Tomasetta</u> Charge;
> Sand, et al., <u>Modern Federal Jury Instructions</u>, Instr. 7-5;
> the charge in <u>United States</u> v. <u>Projansky</u>, 465 F.2d 123,
> 136-37 fn. 25 (2d Cir.) (specifically approving charge set
> forth in footnote); <u>see</u> <u>United States</u> v. <u>Gleason</u>, 616 F.2d
> 2, 15 (2d Cir. 1979) ("Where the court points out that
> testimony of certain types of witnesses may be suspect and
> should therefore be scrutinized and weighed with care,
> such as that of accomplices or coconspirators . . . it must
> also direct the jury's attention to the fact that it may well
> find these witnesses to be truthful, in whole or in part.")
> (citations omitted); <u>see also</u> <u>United States</u> v. <u>Swiderski</u>, 539
> F.2d 854, 860 (2d Cir. 1976) (can be reversible error not to
> give accomplice witness charge if requested by defense).

**REQUEST NO. 20**

**Law Enforcement and Government Employee Witnesses**

**[If Applicable]**

You have heard testimony from law enforcement officials and employees of the Government. The fact that a witness may be employed by the Federal Government as a law enforcement official or employee does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

In this context, defense counsel is allowed to try to attack the credibility of such a witness on the ground that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement or Government employee witness and to give to that testimony the weight you find it deserves.

> Adapted from Sand et al., <u>Modern Federal Jury Instructions</u>, Instr. 7-16.

## REQUEST NO. 21

### Expert Witnesses

### [If Applicable]

You have heard testimony from what we call an expert witness [or witnesses]. An expert is a witness who by education or experience has acquired learning or experience in a specialized area of knowledge. Such witnesses are permitted to give their opinions as to relevant matters in which they profess to be an expert and give their reasons for their opinions. Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

Now, your role in judging credibility applies to experts as well as to other witnesses. You should consider the expert opinions that were received in evidence in this case and give them as much or as little weight as you think they deserve. If you should decide that the opinion of an expert was not based on sufficient education or experience or on sufficient data, or if you should conclude that the trustworthiness or credibility of an expert is questionable for any reason, of if the opinion of the expert was outweighed, in your judgment, by other evidence in the case, then you might disregard the opinion of the expert entirely or in part.

On the other hand, if you find the opinion of an expert is based on sufficient data, education and experience, and the other evidence does not give you reason to doubt his conclusions, you would be justified in placing reliance on his testimony.

Adapted from Sand, et al., Modern Federal Jury Instructions, Instr. 7-21.

**REQUEST NO. 22**

**Character Testimony**

**[If Applicable]**

You have heard testimony that the defendant has a good reputation for [to be completed as appropriate].

Along with all the other evidence you have heard, you may take into consideration what you believe about a defendant's reputation for [to be completed as appropriate] when you decide whether the Government has proven, beyond a reasonable doubt, that the defendant committed the crime.

**REQUEST NO. 23**

**Defendant's Testimony**

**[Requested only if the defendant testifies]**

[The Government respectfully requests that the Court include the following instruction in its general instruction on witness credibility, rather than as a separate instruction:]

The defendant testified at trial and was subject to cross-examination. You should examine and evaluate this testimony just as you would the testimony of any witness with an interest in the outcome of the case.

**REQUEST NO. 24**

**Defendant's Right Not to Testify**

**[If requested by defense]**

The defendant did not testify in this case. Under our Constitution, a defendant has no

obligation to testify or to present any evidence, because it is the Government's burden to prove a

defendant guilty beyond a reasonable doubt. That burden remains with the Government

throughout the entire trial and never shifts to a defendant. A defendant is never required to prove

that he or she is innocent.

You may not attach any significance to the fact that the defendant did not testify.

No adverse inference against him may be drawn by you because he did not take the witness

stand. You may not consider this against the defendant in any way in your deliberations in the

jury room.

Adapted from Sand, et al., <u>Modern Federal Jury
Instructions</u>, Instr. 5-21.

**REQUEST NO. 25**

**Statements of the Defendant**

**[If applicable]**

There has been evidence that the defendant made certain statements in which the Government claims he made admissions or denials relevant to the charges in the Indictment.

Evidence of these statements was properly admitted in this case, and may be properly considered by you. You are to give the statements such weight as you feel they deserve in light of all the evidence.

Whether you approve or disapprove of the use of these statements may not enter your deliberations. I instruct you that no one's rights were violated, and the Government's use of this evidence is entirely lawful.

Adapted from Sand, et al., <u>Modern Federal Jury Instructions</u>, Instr. 5-19.

**REQUEST NO. 26**

**Uncalled Witnesses – Equally Available to Both Sides**

There are people whose names you heard during the course of the trial but did not appear to testify. [If applicable: One or more of the attorneys has referred to their absence from the trial.] I instruct you that each party had an equal opportunity or lack of opportunity to call any of these witnesses. Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called. Their absence should not affect your judgment in any way.

You should remember my instruction, however, that the law does not impose on the defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

Adapted from Sand, et al., <u>Modern Federal Jury Instructions</u>, Instr. 6-7.

**REQUEST NO. 27**

**Particular Investigative Techniques Not Required**

**[If Applicable]**

You have heard reference, in the arguments of defense counsel in this case, to the fact that certain investigative techniques were not used by the Government. There is no legal requirement, however, that the Government prove its case through any particular means. While you are to carefully consider the evidence adduced by the Government, you are not to speculate as to why they used the techniques they did or why they did not use other techniques. The Government is not on trial. Law enforcement techniques are not your concern.

Your concern is to determine whether or not, on the evidence or lack of evidence, the defendant's guilt has been proved beyond a reasonable doubt.

Adapted from Sand, et al., <u>Modern Federal Jury Instructions</u>, Instr. 4-4.

**REQUEST NO. 28**

**Persons Not on Trial**

You may not draw any inference, favorable or unfavorable, towards the Government or the defendant on trial from the fact that any person in addition to the defendant is not on trial here. You also may not speculate as to the reasons why other persons are not on trial. Those matters are wholly outside your concern and have no bearing on your function as jurors.

## REQUEST NO. 29

### Preparation of Witnesses

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he or she will be questioned about, focus on those subjects and have the opportunity to review relevant exhibits before being questioned about them. Such consultation helps conserve your time and the Court's time. In fact, it would be unusual for a lawyer to call a witness without such consultation.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

**REQUEST NO. 30**

**Charts and Summaries**

**[If Applicable]**

The parties presented exhibits in the form of charts and summaries. As you will recall, some of the charts and summaries were not admitted into evidence, but were shown to you as aids to make the other evidence more meaningful and to help you in considering the evidence. Others were admitted into evidence as exhibits. I admitted these charts and summaries in place of or in addition to the underlying documents that they represent in order to save time and avoid unnecessary inconvenience. They are no better than the testimony or the documents upon which they are based. Therefore, you are to give no greater consideration to these charts or summaries than you would give to the evidence upon which they are based. It is for you to decide whether they correctly present the information contained in the testimony and in the exhibits upon which they were based.

Adapted from the Milton charge, Sand, et al., Modern Federal Jury Instructions, Instr. 5-13.

## REQUEST NO. 31

### Use of Audio Recordings and Transcripts [If applicable]

Audio recordings have been admitted into evidence in this case. This evidence was lawfully obtained, and properly admitted in this case. Whether you approve or disapprove of the recording of these conversations may not enter your deliberations. I instruct you that these recordings were made in a lawful manner and that no one's rights were violated, and that the Government's use of this evidence is entirely lawful.

You must, therefore, regardless of any personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proved beyond a reasonable doubt the guilt of the defendant.

To help your listening, transcripts have also been prepared. However, the transcripts were not admitted into evidence; only the audio recordings were. You are not to regard the transcripts as anything more than as an aid to you. It is what you hear on the recordings that controls. Nonetheless, if you wish to view the transcripts, they will be made available to you during your deliberations.

> Adapted from the charge of the Honorable Pierre N. Leval in United States v. Mucciante, 91 Cr. 403 (PNL) (S.D.N.Y. 1992); see also Sand, et al., Modern Federal Jury Instructions, Instr. 5-9, 5-10.

## REQUEST NO. 32

### Stipulations

In this case you have heard evidence in the form of stipulations.

A stipulation of testimony is an agreement among the parties that, if called, a witness would have given certain testimony. You must accept as true the fact that the witness would have given the testimony. However, it is for you to determine the effect to be given that testimony.

You also heard evidence in the form of stipulations that contain facts that were agreed to be true. In such cases, you must accept those facts as true.

> Adapted from Sand, et al., <u>Modern Federal Jury Instructions</u>, Instr. 5-6 and 5-7.

**Conclusion**

Members of the jury, that about concludes my instructions to you. You are about to go into the jury room to begin your deliberations. If during those deliberations you want to see any of the exhibits, you may request to see them and we will either send them into the jury room or we will bring you back out to the courtroom to see them. If you want any of the testimony read or any of the recordings played again, you may also request that. Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting exhibits or portions of the testimony. If you want any further explanation of the law as I have explained it to you, you may also request that from the Court. If there is any doubt or question about the meaning of any part of this charge, you should send me a note asking for clarification or for a further explanation. Your requests for exhibits or testimony – in fact any communications with the Court – should be made to me in writing, signed by your foreperson, and given to one of the marshals. In any event, do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached.

Many of you have taken notes periodically throughout this trial. I want to emphasize to you, as you are about to begin your deliberations, that notes are simply an aid to memory. Notes that any of you may have made may not be given any greater weight or influence in determination of the case than the recollections or impressions of other jurors, whether from notes or memory, with respect to the evidence presented or what conclusions, if any, should be drawn from such evidence. Any difference between a juror's recollections and another juror's notes should be settled by asking to have the court reporter read back the transcript, for it is the court record rather than any juror's notes upon which the jury must base its determination of the facts and its verdict.

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence. It would be improper for you to consider, in reaching your decision as to whether the Government sustained its burden of proof, any personal feelings you may have about any defendant's race, religion, national origin, sex, or age. The parties in this case are entitled to a trial free from prejudice and our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

Your function now is to weigh the evidence in this case and to determine the guilt or innocence of the defendant with respect to each count of the Indictment.

You must base your verdict solely on the basis of the evidence and these instructions as to the law, and you are obliged on your oath as jurors to follow the law as I instruct you, whether you agree or disagree with the particular law in question.

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree thereto. Your verdict must be unanimous. It is your duty, as jurors, however, to consult with one another, and to deliberate with a view to reaching an agreement, if you can possibly do so without violence to individual judgment. Each of you must decide the case for him or herself, but do so only after an impartial discussion and consideration of all the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views, and change an opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors.

Remember at all times, you are not partisans. You are judges – judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

You should by your own vote select one of you to sit as your foreperson. The foreperson will send out any notes, and when the jury has reached a verdict, he or she will notify the marshal that the jury has reached a verdict, and when you come into open court, the foreperson will be asked to state what the verdict is.

We have prepared a verdict form for you to use in recording your decisions. After you have reached a verdict, the foreperson should fill in the verdict sheet, sign and date it, and then give a note to the marshal outside your door stating that you have reached a verdict. Do not specify what the verdict is in your note. Instead, the foreperson should retain the verdict sheet, and hand it to us in open court when you are all called in. If you are divided, do not report how the vote stands.

I will stress again that each of you must be in agreement with the verdict that is announced in court. Once your verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.

In conclusion, Ladies and Gentlemen, I am sure that if you listen to the views of your

fellow jurors and if you apply your own common sense you will reach a fair verdict here.

Remember that your verdict must be rendered without fear, without favor, and without prejudice

or sympathy.


Dated: October 20, 2022
        New York, New York


                                    Respectfully submitted,

                                    DAMIAN WILLIAMS
                                    United States Attorney

                        By:     _____/s/_____
                                    Jared Lenow
                                    Justin V. Rodriguez
                                    Andrew Thomas
                                    Assistant United States Attorneys
                                    Tel: (212) 637-1068/2591/2106