UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           v.<br><br>NEIL COLE,<br><br>                    Defendant. | No. 19-cr-00869 (ER) |

**PROPOSED *VOIR DIRE* ON BEHALF OF NEIL COLE**

Dated: October 20, 2022

**KAPLAN HECKER & FINK LLP**
Sean Hecker
Jenna M. Dabbs
Rebecca Sussman
Jeffrey Then
350 Fifth Avenue, 63rd Floor
New York, New York 10118
Telephone: (212) 763-0883

**MARKUS/MOSS PLLC**
David Oscar Markus
A. Margot Moss
40 NW 3rd Street, PH 1
Miami, Florida 33128
Telephone: (305) 379-6667

*Attorneys for Neil Cole*

Neil Cole respectfully submits this proposed voir dire pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure and requests that the Court include the following questions in its examination of prospective jurors. In the event a prospective juror's answers reveal that further questioning is appropriate, Mr. Cole respectfully requests that the Court pursue more detailed questioning to determine if the prospective juror is able to be fair and impartial in this particular case. In addition, if a prospective juror has heard of or otherwise is familiar with any aspect of this case, Mr. Cole respectfully asks that the Court question the prospective juror outside the presence of the broader jury pool.

**Introduction**

We would like to thank all of you for your time and service. You have been selected to potentially serve as a juror in the United States District Court for the Southern District of New York. Together with the lawyers, it is my responsibility to determine whether you should serve as a juror in this specific case. The questionnaire you received will help the Court make that decision. We ask that you answer the questions before you accurately and truthfully.

**Description of the Case**

This is a criminal case. The defendant, Neil Cole, is the founder and former Chief Executive Officer, or CEO, of a public company called Iconix Brand Group, Inc. Iconix is a brand management company that, generally speaking, owns consumer brands and licenses those brands to companies that manufacture, design and distribute products, such as apparel, shoes, accessories and home goods that are sold under those brand names.

Mr. Cole denies all of the charges against him and asserts his innocence. Under the law, the jury must presume Mr. Cole innocent of all the charges. It is the government's burden to prove each charge, if it can, beyond a reasonable doubt, and that burden never shifts to the defense. Mr.

Cole has no obligation to present any defense, call any witnesses, offer any evidence, or testify. And if he does not testify, you cannot view his choice not to testify as evidence of guilt.

The charges against Mr. Cole are listed in an indictment. The indictment notifies Mr. Cole what the charges are and contains only allegations. The indictment is not evidence of guilt and you may not consider it as evidence of anything. In this case, the charges identified in the indictment are: (i) securities fraud; (ii) making false filings with the SEC; and (iii) improperly influencing the conduct of audits. You may not draw any conclusions about the guilt of the defendant just because he has been indicted. The indictment does not change in any way the presumption of innocence.

Mr. Cole maintains his innocence and has pled Not Guilty to each and every allegation. Mr. Cole contends that he acted in good faith at all times. It is the government's burden, as to each count, to prove guilt, if it can, beyond a reasonable doubt. If the government fails to do so, the jury must find Mr. Cole not guilty.

I will now ask each juror several questions about the case, your background, important constitutional principles, and any experiences you may have had that might affect your ability to serve as a juror on this case.  We are not trying to find out if you are a good juror or a bad juror, but whether you are the right juror for this particular case.  Because just as we have an obligation to serve jury duty, we also have that same obligation not to serve on certain juries – and that could be because of your feelings, opinions, or even biases on different issues.  We all have life experiences, we all have biases – and it may be that this is not the right case for you, but you'd be perfect on one hundred other juries.  Those are the types of things we're going to explore.  All that we ask from you is your honest answers.  No one is going to be mad at you or judge you for having certain opinions.

**Background Information**

1. What is your name? How old are you?

2. Where do you live? How long have you lived there?

3. Have you lived in any other city in the last ten years? If yes, where?

4. How far did you go in school?

5. Are you currently employed? If yes:

    (a) Where do you work?

    (b) How long have you had that job?

    (c) Briefly describe your duties in your job.

    (d) If you are retired, what work did you do before retirement?

    (e) Have you worked anywhere else in the past ten years? If yes, what was the nature of your employment and where did you work? If you previously had a different career, what was it?

6. Do you have legal training or have you worked in the legal profession?

7. Have you, or any member of your immediate family served in the armed forces? If so, what branch and when?

8. In your current or any former job, have you supervised other people? If yes, what is the largest number of employees you have supervised at one time?

9. In your current or any former job, have you ever been responsible for managing, negotiating, or arranging business contracts or transactions between two or more companies? If yes, what type of contracts or business transactions?

10. What is your marital status? What does your spouse or partner do for a living?

11. Do you have children? How many? How old are they? Do they work? What do they do?

12. What is your main source of news—newspaper, television, websites, or other sources?

13. What publications, including online media do you regularly read? How many times a week do you read those sources?

14. What television shows do you watch?

15. What radio programs and/or podcasts do you listen to?

16. What social media do you use most frequently (e.g., Facebook, Twitter, Instagram, etc.)?

17. What are your hobbies or special interests, or how do you like to spend your free time?

18. In the past ten years, what civic, religious, or community groups, social clubs, organizations, or volunteer efforts have you and your spouse or partner belonged to or supported? Have you or your spouse or partner held any leadership positions in these organizations?

**Experience with the Legal System**

19. Are any of your family of close friends attorneys?

20. Have you ever served on any jury or grand jury before? If yes:

    (a) What type of case was it?

    (b) Did the jury return a verdict?

    (c) Have you ever served as the foreperson on any jury or grand jury?

21. Do you understand that the standard of proof in a criminal trial (such as this one) is much, much higher than the standard of proof in a civil trial?

22. Have you, or any member of your family or close friends, ever testified as a witness in a criminal or civil case? If yes, what was the case about?

23. Have you, or any member of your family or close friends, ever been investigated by law enforcement or a government agency, including by the SEC, FBI, or any other federal, state, or local agency?

24. Have you, or any member of your family or close friends, ever been the victim of a crime, whether it was reported or not? If yes, what was the crime? Was anyone arrested? If so, what happened to the case? Is there anything about that experience that would affect your ability to be fair and impartial in *this* case?

25. Have you, or any member of your family or close friends, ever been arrested, charged with, or convicted of a crime? If yes, do you believe that you, or your family member or close friend, were treated fairly? Why or why not?

26. Have you had any experience with law enforcement that would affect the way you

5

would consider the evidence presented in this case – either positively or negatively?

27. Do you believe that the testimony of a law enforcement officer or official should be given either greater or lesser weight than other types of witnesses? If you were selected as a juror in this trial, would you be inclined to view testimony given by a law enforcement officer or government official as being more credible than other witnesses just because of their position/employment?

28. Do you believe that if a lawyer for the government or a law enforcement officer says that something is true or a fact, it must be true, or at least likely true?

29. Have you, or any member of your family or close friends, ever been a member of any group that lobbies or takes positions on law enforcement issues?

30. Do you have any family or friends who work for any federal, state or local law enforcement agency?

31. Have you, or any member of your family or close friends, ever been employed by any prosecutor's office, whether local, state or federal?

32. Do you have any family or friends who work for the United States Attorney's Office for the Southern District of New York?

33. Have you, or any member of your family or close friends, ever worked for the United States government or by any of its offices, departments, or agencies, such as the SEC or the FBI?

34. Do you have any family or friends who are judges, law clerks, court attendants, court clerks, or any other type of court personnel?

35. Do you think the fact that the federal government is a party here might affect the way you would think about this case and your ability to be fair and impartial?

36. Have you, or any member of your family or close friends, ever been involved in a lawsuit or dispute with the federal government or any federal agency?

37. Have you, or any member of your family or close friends, been involved in a lawsuit of any kind before? If yes, please tell us briefly about the lawsuit.

**Experience with the Subject Matter of the Case**

38. Have you, or any member of your family or close friends, worked in the brand management field? If yes, please describe the nature of the work.

39. Have you, or any member of your family or close friends, worked in the fashion or apparel industry in any capacity, such as design, marketing, advertising, or sales? If

yes, please describe the nature of the work.

40. Have you, or any member of your family or close friends, been involved directly or indirectly with the licensing of brands or of other intellectual property? If yes, please explain.

41. Have you, or any member of your family or close friends, ever worked as an officer or executive at a public company -  a company that issues publicly traded stock or other securities? If yes, please describe the nature of the work.

42. Have you, or any member of your family or close friends, ever worked in the finance, securities, or accounting industries? If yes, did that role include any responsibilities with respect to financial reporting?

43. Have you, or any member of your family or close friends, ever worked at an accounting firm or in an accounting, auditing or bookkeeping position?

44. Have you, or any member of your family or close friends, taken any courses or had any training in business, finance, accounting, or auditing?

45. Have you ever been involved in any type of audit at work, where you or your department was audited? What was the result of the audit?

46. Have you, or any member of your family or close friends, invested in the stock market, whether through individual stocks, mutual funds, hedge funds, or otherwise?  Have you had any particularly negative or positive experiences investing?

47. Have you, or any member of your family or close friends, ever worked as a stockbroker or for an investment firm, such as a hedge fund, mutual fund or other asset management firm, that invested in stocks or other publicly traded securities?

48. Have you, or any member of your family or close friends, ever lost a significant amount of money in the stock market?

49. Do you receive annual reports or financial statements from corporations or mutual funds? If yes, do you read them?

50. Is there anything about your own investment experience, or views on the securities industry more broadly that will affect you ability to be fair and impartial in this case?

51. Have you, or any member of your family or close friends, ever worked for, or invested in, a company where questions were raised about the accuracy of the company's accounting or financial reporting?

52. Have you, or any member of your family or close friends, been the subject of a tax audit?

53. Have you, or any member of your family or close friends, ever worked for, or invested in, a company where a senior executive was accused of wrongdoing? Did you or they have an opinion as to the executive's guilt or innocence?

54. How do you feel about senior-level corporate executives who receive large compensation? Do you feel that senior-level corporate executives deserve or are worth the amount that they earn?

55. Do you think that there may be some relationship between how wealthy an individual is and how likely they are to break the law?

56. Do you believe that regardless of a person's personal wealth or lack of personal wealth that they are entitled to a fair trial, including the presumption of innocence?

57. Accounting decisions may involve the application of opinion or judgment as opposed to bright line rules. Would you have any difficulty applying this principle?

58. Do you have any significant feelings one way or the other about a case in which a CEO is charged with a crime?

59. Have you or any member of your family or close friends, lost money from investments due to alleged fraud by someone entrusted with those funds? Will these past experiences affect your ability to be fair and impartial in this case? Is there anything about the nature of the charges that will affect your ability to be fair and impartial in this trial?

60. The government regulates and supervises the financial industry and the selling and trading of stocks. Do you have any opinions, positive or negative, about the government's regulation of the financial industry and securities that may impact your ability to be a fair and impartial juror?

**Knowledge of the Case, the Parties or Witnesses**

61. Have you read or heard anything about this case other than what I have told you? If yes:

    (a) From what source did you read/hear it?

    (b) Based on what you heard or read, have you formed any opinions or views one way or the other about Mr. Cole's innocence or guilt in this case?

62. Are you familiar with the public company Iconix? If yes, what do you know about Iconix and what is the source of that information?

63. Have you had any dealings, directly or indirectly, with Mr. Cole, or with any relative,

friend or associate of Mr. Cole? To your knowledge, do any of your family members, friends, associates, or employers know Mr. Cole?

64. Mr. Cole is represented by Sean Hecker, Jenna Dabbs, Rebecca Sussman, Jeffrey Then, David Markus, and Margot Moss. They will be assisted by Clinton Lam. If I could have the members of the defense team please stand and face the venire.

    (a) Do you know any of these attorneys?

    (b) Have you, or any relative or friend, had any dealings, either directly or indirectly, with any of these individuals?

65. Do you know or have you had any dealings with any of the people identified in Schedule A, who may be mentioned or who may be witnesses in this case?

66. Have you had any dealings with any of the companies or entities identified in Schedule B that may be mentioned in the case?

**Presumption of Innocence**

67. The indictment in this case is not evidence or proof of anything. It simply notifies Neil Cole what he is charged with. Even knowing that, do you feel that because Mr. Cole has been indicted and accused of a criminal offense that means he is guilty?

68. When it comes to a criminal case, a bedrock principle is the presumption of innocence. Is there anything about the nature of the charges or Mr. Cole himself that makes it difficult for you to presume him to be innocent in this case? What is your thought about the fact that you must presume him innocent as he sits here today? Can you do that?

69. Do you think that because Mr. Cole has been charged by the government and is here on trial, he must have done *something* wrong or illegal? Do you think that just because a person sits here today, accused of something, he's automatically guilty or probably guilty?

70. Is it possible that the Government could charge someone with a serious offense and that person is Not Guilty? Do you believe completely innocent people can be wrongly accused?

71. Do you think that the number of charges in the indictment means Mr. Cole must have done something wrong?

**Judging the Credibility of Witnesses – Types of Witnesses**

72. If someone comes to court and takes an oath, will you automatically believe that what a witness testifies to is true/fact?

9

73. Is it possible that a witness could come into court and lie?

74. Do you feel comfortable judging whether a witness is telling the truth or a lie, is mistaken or confused, or remembers things incorrectly?

75. You may hear testimony in this case by expert witnesses. I will instruct you that the use of expert testimony is proper. Have any of you had any experiences with experts or do you have any general feelings about the use of experts that would make it difficult for you to render a fair and impartial verdict?

76. You will hear evidence in this trial of criminal activity committed by people other than Mr. Cole. Those other individuals are not on trial here. You may not draw any inference, favorable or unfavorable, towards the government or Mr. Cole from that fact. You also may not speculate as to the reason why other persons are not on trial. Is there any juror who cannot follow this instruction or who for this reason would have difficulty rendering a fair and impartial verdict?

77. You will hear from a witness in this case who is cooperating with the government. The law states that you should take into account any evidence that a witness may benefit in some way from the outcome of a case. Such interest in the outcome may create a motive to testify falsely and may sway a witness to testify in a way that advances his own interests. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his testimony, and accept it with great care and caution. Can you follow this instruction and view the credibility of a cooperating witness with great care knowing that he may have a motive to testify falsely to advance his own interests?

78. You will also hear testimony in this case from witnesses who are testifying pursuant to a grant of immunity. At the end of the case, I will give you more detailed instructions on this matter. For now, it is enough for you to know that an immunity order compels a witness's testimony and prevents the Government from using the witness's statements to prosecute the witness, but an immunity order does not protect the witness from a prosecution for perjury, making false statements, and obstruction of justice if the witness lies on the stand. Do you have any feelings about the use of evidence obtained from these types of witnesses, which would make it difficult for you to render a fair and impartial verdict? Would you have any bias for or against the Government because of evidence obtained in this manner?

**Burden of Proof**

79. Mr. Cole is not required to disprove the case or present any evidence or witnesses at all. The law states that it is only the government's job to prove the case, if it can, beyond a reasonable doubt. This is called the burden of proof. Knowing this, will you still expect Mr. Cole to put on a case or call witnesses to testify?

80. Do you think someone accused of a crime should have to prove they are innocent?

81. Will you hold the government to its burden?

82. Under the law, if the defense chooses to put on a case, it does not alter the government's burden of proof in any way. The burden to prove this case beyond a reasonable doubt never shifts to Mr. Cole. He does not assume a burden to prove his lack of guilt by choosing to put on a case. Would you have any problem accepting and applying this rule of law?

**Beyond a Reasonable Doubt**

83. Before you could ever convict Mr. Cole, not only must the government prove its case, but it must prove it beyond and to the exclusion of every reasonable doubt. This is the highest level of proof in the law. Do you understand that proof "beyond a reasonable doubt" is the highest burden that we have under the law – higher than "clear and convincing" and higher than the civil level of "preponderance of the evidence?"

84. Even though the law states that the Government must prove its case against Mr. Cole beyond a reasonable doubt before you ever can find him guilty, at the end of the day, if you think he probably did it, what will your verdict be?

85. If at the end of this case, you have a gut feeling that the defendant may have committed the crimes with which he is charged, but the government did not meet its burden of proving the defendant's guilt beyond a reasonable doubt, would you hesitate to find the defendant Not Guilty? How many of you would follow your "gut" feeling as opposed to the law?

86. Will you require the government to prove its case to the high level of beyond a reasonable doubt before you can ever find Mr. Cole guilty?

**Right to Remain Silent**

87. Under the law, Mr. Cole does not have to testify and you will be instructed that you cannot hold his choice not to testify against him as evidence of guilt. If Mr. Cole does not testify, that fact may not be considered at all when you deliberate. Would you have any difficulty following this law? Will you still need to hear Mr. Cole testify in order to reach a verdict?

88. If you don't hear from Mr. Cole, does that suggest to you that he may be hiding something or that he is guilty? If Mr. Cole does not testify, will you hold it against him?

**Other Questions Regarding Duty as Jurors**

89. Do you know of any reason why you would be prejudiced for or against the United States or Mr. Cole that you have not been asked about?

11

90. Do you have any religious, philosophical, moral or other belief that might make you unable to render a verdict for reasons unrelated to the law and the evidence?

91. Apart from any prior questions, do you have the slightest doubt in your mind, for any reason whatsoever, that you will be able to serve conscientiously, fairly, and impartially in this case and to render a true and just verdict without fear, favor, sympathy, or prejudice and according to the law as it will be explained?

**Jury Service**

92. Do you have any difficulty with listening, paying attention, reading printed materials, deliberating or otherwise participating as a juror? Do you have any medical condition that would make it difficult or uncomfortable to sit for long periods of time without breaks or that might interfere with your service in this case?

93. Are you taking any medication, or do you have any medical condition, that could affect your ability to serve or to give your full attention to all of the evidence at this trial? Does it affect your ability to think or to reason or to remember? Do you take it regularly? How long have you been taking it? Have you ever had any adverse reaction to it?

94. Do you have any difficulty reading, speaking, or understanding English?

95. Do you have an unusual financial hardship that would prevent you from serving as a juror in this case?

96. If selected to participate as a juror, would you be able to reach a verdict based solely on the facts and documents in evidence and the law as the Court will instruct you, disregarding other ideas, notions, or beliefs about the law that you may have encountered elsewhere?

## SCHEDULE A

Do you know or have any connection (personal, business or social) with any of the following individuals who may either be called as witnesses at trial or mentioned during trial?

[Names to be provided prior to the start of jury selection]

SCHEDULE B

Do you know or have any connection (personal, business or social) with any of the following entities that may be mentioned during trial?

[Names to be provided prior to the start of jury selection]

Dated: October 20, 2022

Respectfully submitted,

/s/ Sean Hecker

Sean Hecker
Jenna M. Dabbs
Rebecca Sussman
Jeffrey Then
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, 63rd Floor
New York, New York 10118
Telephone: (212) 763-0883
shecker@kaplanhecker.com
jdabbs@kaplanhecker.com
rsussman@kaplanhecker.com
jthen@kaplanhecker.com

David Oscar Markus*
A. Margot Moss*
MARKUS/MOSS PLLC
40 NW 3rd Street, PH 1
Miami, Florida 33128
Telephone: (305) 379-6667
dmarkus@markuslaw.com
mmoss@markuslaw.com

*Attorneys for Neil Cole*

*Admitted pro hac vice