**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA,

v.

NEIL COLE,

                    Defendant.

No. 19-cr-00869 (ER)

<u>**PROPOSED REQUESTS TO CHARGE ON BEHALF OF NEIL COLE**</u>

Dated: October 20, 2022

**KAPLAN HECKER & FINK LLP**
Sean Hecker
Jenna M. Dabbs
Rebecca Sussman
Jeffrey Then
350 Fifth Avenue, 63rd Floor
New York, New York 10118
Telephone: (212) 763-0883

**MARKUS/MOSS PLLC**
David Oscar Markus
A. Margot Moss
40 NW 3rd Street, PH 1
Miami, Florida 33128
Telephone: (305) 379-6667

*Attorneys for Neil Cole*

# TABLE OF CONTENTS

Request No. 1 – Introductory Instructions ............................................................................. 1

Request No. 2 – Role of the Court and the Jury .................................................................... 2

Request No. 3 – The Parties ................................................................................................... 3

Request No. 4 – Presumption of Innocence and Burden of Proof ......................................... 4

Request No. 5 – Reasonable Doubt ........................................................................................ 5

Request No. 6 – Summary of the Indictment ......................................................................... 6

Request No. 7 – Count One—Securities Fraud:  The Nature and Elements of the Offense ......... 8

Request No. 8 – First Element:  Securities Fraud—Scheme or Artifice to Defraud .................... 9

Request No. 9 – "In Connection With" ................................................................................. 11

Request No. 10 – Material Fact ............................................................................................ 12

Request No. 11 – Second Element:  State of Mind ............................................................... 14

Request No. 12 – Third Element:  Interstate Commerce ...................................................... 16

Request No. 13 – Counts Two Through Seven:  False Statements in Filings with the SEC ........ 18

Request No. 14 – First Element: Required Filings ............................................................... 20

Request No. 15 – Second Element: Material Falsity ............................................................ 21

Request No. 16 – Count Eight:  Misleading Conduct of Audits ........................................... 23

Request No. 17 – Aiding and Abetting ................................................................................. 25

Request No. 18 – Good Faith ............................................................................................... 28

Request No. 19 – Venue ....................................................................................................... 29

Request No. 20 – Variance in Dates and Amounts .............................................................. 30

Request No. 21 – Guilty Plea by Government Witness ........................................................ 31

Request No. 22 – Persons Not On Trial ............................................................................... 32

Request No. 23 – Defendant's Decision Not to Testify [If Applicable] ............................... 33

Request No. 24 – Defendant's Testimony [If Applicable] ................................................ 34

Request No. 25 – Evaluation of Evidence:  What Is and Is Not Evidence ................................... 35

Request No. 26 – Direct and Circumstantial Evidence .................................................... 37

Request No. 27 – Rulings On Evidence And Objections .................................................... 39

Request No. 28 – Inferences ........................................................................... 40

Request No. 29 – Credibility of Witnesses ............................................................. 41

Request No. 30 – Bias of Witnesses .................................................................... 43

Request No. 31 – Law Enforcement Testimony [If Applicable] ............................................. 44

Request No. 32 – Accomplice or Cooperating Witness Testimony;  Testimony Pursuant to
          Immunity Orders ............................................................................ 45

Request No. 33 – Expert Testimony [If Applicable] ..................................................... 48

Request No. 34 – Character Evidence [If Applicable] ................................................... 49

Request No. 35 – Uncalled Witnesses ................................................................... 50

Request No. 36 – Number of Witnesses .................................................................. 51

Request No. 37 – Particular Investigative Techniques .................................................. 52

Request No. 38 – Preparation of Witnesses ............................................................. 53

Request No. 39 – Charts and Summaries [If Applicable] ................................................. 54

Request No. 40 – Stipulations ......................................................................... 55

Request No. 41 – Sympathy or Bias ..................................................................... 56

Request No. 42 – Punishment ........................................................................... 57

Request No. 43 – Theories of the Defense .............................................................. 58

Request No. 44 – Duty to Deliberate–Unanimous Verdict ................................................. 59

Request No. 45 – All Jurors Required For Deliberation ................................................. 60

Request No. 46 – Juror Note-Taking .................................................................... 61

Request No. 47 – Right to See Exhibits and Hear Testimony; Communications With the
   Court ......................................................................................................................... 62

Request No. 48 – Duties of the Foreperson .................................................................. 63

Request No. 49 – Verdict Form .................................................................................... 64

Request No. 50 – Conclusion........................................................................................ 65

Request No. 51 – Alternate Jurors ............................................................................... 66

## REQUEST NO. 1 – INTRODUCTORY INSTRUCTIONS

Members of the Jury, we have almost reached that point where you will begin your final function as jurors.  As you all appreciate, this is one of the most important duties of citizenship in this country.

My instructions to you will be in four parts.  First, I will give some introductory instructions about the role of the Court and of the Jury, and about the presumption of innocence and the Government's burden of proof.  Second, I will describe the charges and the law governing those charges, which you will apply to the facts as you find them to be established by the proof.  Third, I will give you instructions concerning the evaluation of evidence.  The fourth and final section of these instructions will relate to your deliberations.

Authority:  As given in the jury charges of Hon. Edgardo Ramos in *United States v. Cole*, 19 Cr. 869 (ER) (October 27, 2021) ("*Cole*").

1

## **REQUEST NO. 2 – ROLE OF THE COURT AND THE JURY**

I will first describe the role of the Court and of the Jury.

It is my duty to instruct you as to the law, and it is your duty to accept these instructions of law and apply them to the facts as you determine them.  If an attorney stated a legal principle different from any that I state to you in my instructions, it is my instructions you must follow.  You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate. You should not be concerned about the wisdom of any rule that I state.  Regardless of any opinion you may have about what the law may be or ought to be, it would be a violation of your oath to base your verdict on any view of the law other than that which I give you.

You, the members of the Jury, are the sole and exclusive judges of the facts.  You pass on the evidence, determine the credibility of witnesses, resolve such conflicts as there may be in the testimony, draw whatever reasonable inferences you decide to draw from the facts as you determine them, and determine the weight of the evidence.  In doing so, remember that you took an oath to render judgment impartially and fairly, without prejudice or sympathy or fear, based solely on the evidence and the applicable law.

Authority:  As given in *Cole*.

2

## **REQUEST NO. 3 - THE PARTIES**

The fact that the prosecution is brought in the name of the United States of America entitles the Government to no greater consideration than that given to any other party to this litigation.  By the same token, the Government is entitled to no less consideration.

Authority:  As given in *Cole*.

## REQUEST NO. 4 – PRESUMPTION OF INNOCENCE AND BURDEN OF PROOF

The defendant, Neil Cole, has pleaded not guilty and has denied every charge against him.  That means the Government has the burden to prove him guilty beyond a reasonable doubt.  That burden of proof never shifts to Mr. Cole.  A defendant in a criminal case never has the burden to call any witnesses or produce any evidence.  [Even though Mr. Cole has presented evidence in his defense, it is not his burden to prove himself not guilty.]  It is always the Government's burden to prove each of the elements of the crimes charged beyond a reasonable doubt.

In other words, Mr. Cole starts with a clean slate.  He is presumed innocent of all charges against him, and he must be presumed to be innocent by you throughout your deliberations, until such time, if ever, that you as a jury, unanimously find that the Government has proven him guilty beyond a reasonable doubt.  The presumption of innocence alone requires you to acquit Mr. Cole if the Government fails to prove him guilty beyond a reasonable doubt.


Authority:  As given in *Cole*.

## <u>REQUEST NO. 5 - REASONABLE DOUBT</u>

Since, in order to convict Mr. Cole of a given charge, the Government is required to prove that charge beyond a reasonable doubt, the question then is:  What is a reasonable doubt?  The words almost define themselves.  It is a doubt based upon reason. It is doubt that a reasonable person has after carefully weighing all of the evidence.  It is a doubt that would cause a reasonable person to hesitate to act in a matter of importance in his or her personal life.  Proof beyond a reasonable doubt must, therefore, be proof of a convincing character that a reasonable person would not hesitate to rely upon in making an important decision.

A reasonable doubt is not caprice or whim.  It is not speculation or suspicion.  It is not an excuse to avoid the performance of an unpleasant duty.  The law does not require that the Government prove guilt beyond all possible doubt:  proof beyond a reasonable doubt is sufficient to convict.

If, after fair and impartial consideration of the evidence, you have a reasonable doubt as to Mr. Cole's guilt with respect to a particular charge against him, you must find him not guilty of that charge.  On the other hand, if after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of Mr. Cole's guilt with respect to a particular charge against him, you should find him guilty of that charge.


Authority:  As given in *Cole*.

## REQUEST NO. 6 – SUMMARY OF THE INDICTMENT

Let us now turn to the specific charges in the Indictment.  The Indictment contains eight counts, or charges.  I will, at times, refer to each count by the number assigned to it in the Indictment.  You should know that there is no significance to the order of these numbers or the specific number of counts charged, and indeed my instructions will follow a different order than the order in which the various counts appear in the Indictment.  In your deliberations and in reaching your verdict, you must consider each count separately.  You must return a separate verdict as to each count.

The Indictment in this case is not evidence.  It merely describes the charges made against Mr. Cole.  It is a set of accusations.  It may not be considered by you as evidence of Mr. Cole's guilt.  Only the evidence or lack of evidence introduced at the trial in this case decides that issue.

Count One charges that from 2013 through 2015, Mr. Cole committed securities fraud by engaging in a scheme to fraudulently inflate Iconix's publicly reported revenue and earnings per share, or "EPS."

Counts Two through Seven charge that Mr. Cole caused to be filed with the United States Securities and Exchange Commission, or "SEC," certain reports that allegedly omitted material facts and contained materially misleading statements.

Count Eight charges that from 2013 through 2015, Mr. Cole improperly influenced the conduct of audits by making affirmative misrepresentations to, and intentionally withholding information from, Iconix's auditor (BDO) relating to the Southeast Asia joint ventures, or "SEA JVs."

In a few moments, I will instruct you on each of these charges in more detail.

6

You must consider each individual charge separately and evaluate each on the proof or lack of proof that relates to that charge.  You must consider whether the Government has carried its burden of proof with respect to each count.  Your verdict on any single count should not control your decision on any other count.  I will provide you with a verdict form, and you will need to report the results of your deliberations on the verdict form.

Authority:  Adapted from *Cole*.

## REQUEST NO. 7 – COUNT ONE—SECURITIES FRAUD:  THE NATURE AND ELEMENTS OF THE OFFENSE

Let us turn first to the securities fraud charge, which is listed in Count One of the Indictment.  Count One alleges that Mr. Cole committed the substantive offense of securities fraud.  Specifically, Count One alleges that from 2013 through 2015, in connection with the purchase or sale of Iconix stock, Mr. Cole knowingly and willfully engaged in a scheme to fraudulently inflate Iconix's publicly reported revenue and EPS.

In order to meet its burden of proof, the Government must prove each of the following three elements beyond a reasonable doubt:

First, that in connection with the purchase or sale of Iconix securities, Mr. Cole did any one or more of the following:

(1) employed a device, scheme or artifice to defraud, or

(2) made an untrue statement of a material fact or omitted to state a material fact which made what was said, under the circumstances, misleading, or

(3) engaged in an act, practice, or course of business that operated, or would operate, as a fraud or deceit upon a purchaser or seller;

Second, that Mr. Cole acted knowingly, willfully, and with an intent to defraud; and

Third, that in furtherance of the fraudulent conduct, there occurred at least one use of any means or instrument of transportation or communication in interstate commerce, or the use of the mails, or the use of any facility of any national securities exchange.


Authority:  As given in *Cole*.

## REQUEST NO. 8 - FIRST ELEMENT:  SECURITIES FRAUD—SCHEME OR ARTIFICE TO DEFRAUD

The first element that the Government must prove beyond a reasonable doubt is that, in connection with the purchase or sale of Iconix securities, Mr. Cole did one or more of the following:  (1) employed a device, scheme, or artifice to defraud; (2) made an untrue statement of material fact, or omitted to state a material fact which made what was said, under the circumstances, misleading; or (3) engaged in an act, practice, or course of business that operated, or would operate, as a fraud or deceit upon a purchaser or seller of Iconix securities.

A "device, scheme, or artifice to defraud" is merely a plan to accomplish a fraudulent objective.  "Fraud" is a general term that embraces all efforts and means that individuals devise to deceive and take advantage of others.

A statement, representation, claim, or document is false if it is untrue when made and was then known to be untrue by the person making it or causing it to be made.  A representation or statement is fraudulent if it was made with the intention to deceive.  The concealment of material facts in a manner that makes what is said or represented deliberately misleading may also constitute false or fraudulent statements under the statute.  The failure to disclose information may also constitute a fraudulent representation if the defendant was under a legal, professional or contractual duty to make such a disclosure, the defendant actually knew such disclosure was required to be made, and the defendant failed to make such disclosure with the intent to defraud.

It is not necessary for the Government to establish all three types of fraudulent conduct.  But to find the Government has proven the first element, you must be

unanimous as to at least one type of conduct you find to have been proven beyond a reasonable doubt.

Authority:  As given in *Cole*.

## REQUEST NO. 9 - "IN CONNECTION WITH"

You cannot find that the Government has proven the first element of securities fraud unless you find that Mr. Cole participated in fraudulent conduct that was "in connection with" a purchase or sale of securities.  The requirement that the fraudulent conduct be "in connection with" a purchase or sale of securities is satisfied so long as there was some nexus or relation between the allegedly fraudulent conduct and the sale or purchase of securities.  Fraudulent conduct may be "in connection with" the purchase or sale of securities if you find that the alleged fraudulent conduct "touched upon" a securities transaction.  You need not find that Mr. Cole actually participated in any specific purchase or sale of a security if you find that he participated in fraudulent conduct that was "in connection with" a "purchase or sale" of securities.

It is not necessary for you to find that Mr. Cole was or would be the actual seller of the securities.  It is sufficient if the misrepresentation or omission of material fact involved the purchase or sale of securities.  By the same token, the Government need not prove that he personally made the misrepresentation or that he omitted the material fact.  It is sufficient if the Government establishes that Mr. Cole caused the statement to be made or the fact to be omitted.  With regard to the alleged misrepresentations and omissions, you must determine whether the statements were true or false when made, and, in the case of alleged omissions, whether the omissions were misleading.

Authority:  Adapted from *Cole*; adapted from Sand, Instr. 57.03.

## REQUEST NO. 10 – MATERIAL FACT

If you find that the Government has established beyond a reasonable doubt that a statement was false or a statement was omitted rendering the statements that were made misleading, you must next determine whether the statement or omission was material under the circumstances.  The word "material" here refers to the nature of the false or misleading statements.  We use the word "material" to distinguish between the kinds of statements we care about and those that are of no real importance.  Matters that are "material" may also include fraudulent half-truths or omissions of material fact.  A material fact is one that a reasonable person would have considered important in making his or her investment decision.  That means that if you find a particular statement of fact or omission to have been untruthful or misleading, before you can find that statement or omission to be material, you must also find that the statement or omission was one that would have mattered to a reasonable person in making their decision.

In considering whether a statement or omission was material, let me caution you that it is not a defense if the material misrepresentation or omission would not have deceived a person of ordinary intelligence.  In addition, a written disclaimer cannot render any misrepresentation, including any oral misrepresentation, immaterial as a matter of law.  Once you find that the offense involved the making of material misrepresentations or omissions of material facts, it does not matter whether any of the victims involved were careless, gullible, or even negligent, or that they might have uncovered the scheme on their own had they probed more deeply, because the law protects the gullible and unsophisticated as well as the experienced investor.

Nor does it matter whether the alleged unlawful conduct was or would have been successful, or whether the defendant profited or would have profited as a result of the

alleged scheme.  Success is not an element of the offense.  If, however, you find that the defendant expected to or did profit from the alleged scheme, you may consider that in relation to the element of intent, which I will discuss in a moment.

Authority:  As given in *Cole*.

## REQUEST NO. 11 – SECOND ELEMENT:  STATE OF MIND

The second element of the substantive securities fraud charges in Count One relates to Mr. Cole's state of mind.  If you find that the Government has met its burden of proving that Mr. Cole engaged in the charged scheme — that is, the factor I just explained — the Government must then prove beyond a reasonable doubt that Mr. Cole engaged in the scheme knowingly, willfully, and with an intent to defraud.  To act knowingly means to act intentionally, deliberately, and voluntarily, rather than by mistake, accident, ignorance, or carelessness.  To act willfully means to act voluntarily and with a wrongful purpose.

Whether Mr. Cole acted knowingly, willfully, and with intent to defraud is a question of fact for you to determine, like any other fact question.  Direct proof of knowledge and intent to deceive is not required.  Knowledge and criminal intent may, like any other fact, be established by circumstantial evidence.  What is referred to as drawing inferences from circumstantial evidence is no different from what people normally mean when they say, "use your common sense."  Science has not yet devised a manner of looking into a person's mind and knowing what that person is thinking.  However, you do have before you evidence of certain actions and statements by Mr. Cole.  The Government contends that these actions and statements show beyond a reasonable doubt Mr. Cole's knowledge of the unlawful purposes of his actions.  On the other hand, Mr. Cole denies either that these acts and statements occurred or that they show that he had such knowledge and intent.  It is for you to determine whether the Government has established beyond a reasonable doubt that Mr. Cole had such knowledge and intent.

Please note that if Mr. Cole honestly believed that his actions were proper and not in furtherance of any unlawful scheme, then such good faith would be a complete defense to all of the charges here.  An honest belief in the truth of the representations made by a defendant is a complete defense, however inaccurate the statements may turn out to be. Thus, by way of example, if Mr. Cole honestly believed that Iconix's statements to investors were accurate and not misleading, that would be a complete defense to the charge of securities fraud, even if that belief ultimately proved to be inaccurate. However, the defendant does not bear the burden of proving his good faith; it remains at all times the Government's burden to prove, beyond a reasonable doubt, that the defendant acted knowingly, willfully, and with intent to defraud.

Authority:  As given in *Cole*.

**REQUEST NO. 12 – THIRD ELEMENT:  INTERSTATE COMMERCE**

With respect to Count One of the Indictment, the third and final element that the Government must prove beyond a reasonable doubt is that Mr. Cole used, or caused to be used, the mails or the instrumentalities of interstate commerce in furtherance of the scheme to defraud.

Let me first note that it is not necessary for the Government to prove that both the mails and an instrumentality of interstate commerce were used in furtherance of the fraudulent scheme.  Only one of the above—either the mails or an instrumentality of interstate commerce—is enough.  But you must be unanimous as to at least one.

In considering this element, it is not necessary for you to find that the defendant was or would have been directly or personally involved in any mailing or the use of any instrumentality of interstate commerce.  If the conduct alleged would naturally and probably result in the use of the mails or an instrumentality of interstate commerce, this element would be satisfied.

Nor is it necessary that the items sent through the mails or communicated through an instrumentality of interstate commerce did or would contain the fraudulent material, or anything criminal or objectionable.  The matter mailed or communicated may be entirely innocent so long as it is in furtherance of the scheme to defraud or fraudulent conduct.

The use of the mails or an instrumentality of interstate commerce need not be central to the execution of the scheme or even be incidental to it.  All that is required is that the use of the mails or an instrumentality of interstate commerce bear some relation to the object of the scheme or fraudulent conduct.

In fact, the actual purchase or sale of a security need not be accompanied by the use of the mails or an instrumentality of interstate commerce, so long as the mails or

16

instrumentality of interstate commerce are used in furtherance of the scheme and the defendant was still engaged in actions that are part of a fraudulent scheme when the mails or the instrumentalities of interstate commerce were used.

The use of the term "mails" is self-explanatory and includes the United States Mail and Federal Express and other commercial mail couriers. The term instrumentality of interstate commerce means instruments, devices and means of conducting trade, commerce, transportation, or communication among any two states, or between this country and a foreign country. Examples of instrumentalities of interstate commerce include telephone calls, e-mails or text messages, or use of a facility of a national securities exchange, such as a stock or options trade made on the NASDAQ.

Authority:  As given in *Cole*.

## REQUEST NO. 13 – COUNTS TWO THROUGH SEVEN:  FALSE STATEMENTS IN FILINGS WITH THE SEC

Counts Two through Seven of the Indictment charge Mr. Cole with making false statements in reports and documents required to be filed with the SEC under the Securities Exchange Act of 1934.  Each count charges different filings in which Mr. Cole either made false statements or caused them to be made.  Count Two relates to Iconix's second quarter 2014 press release on Form 8-K, filed on approximately July 30, 2014. Count Three relates to Iconix's second quarter 2014 quarterly report on Form 10-Q, filed on approximately August 6, 2014.  Count Four relates to Iconix's third quarter 2014 press release on Form 8-K, filed on approximately October 29, 2014.  Count Five relates to Iconix's third quarter 2014 quarterly report on Form 10-Q, filed on approximately November 7, 2014.  Count Six relates to Iconix's 2014 year-end press release on Form 8-K, filed on approximately February 27, 2015.  Count Seven relates to Iconix's 2014 annual report on Form 10-K, filed on approximately March 2, 2015.

The SEC requires public companies to file quarterly reports, or Form 10-Qs, for each of the first three quarters of every fiscal year, and annual reports, or Form 10-Ks. The SEC also requires public companies to file current reports on Form 8-K for, among other reasons, any public announcement or release that discloses material non-public information regarding that company's results of operations or financial condition for a completed quarterly or annual fiscal period.

In order to meet its burden its proof on Counts Two through Seven, the Government must prove each of the following elements beyond a reasonable doubt:

First, that Iconix was required by the Securities Exchange Act of 1934 to file the document charged in that Count; and

<u>Second</u>, that Mr. Cole knowingly and willfully made, or caused to be made, a materially false or misleading statement in that document.

Authority:  Adapted from *Cole*.

**REQUEST NO. 14 – FIRST ELEMENT: REQUIRED FILINGS**

With respect to each of Counts Two through Seven, the Government must show, first, that Iconix was required by the Securities Exchange Act of 1934 to file the document charged in the particular count.  I instruct you that public companies are required to file documents and reports as prescribed by the SEC.  These include quarterly reports on Form 10-Q and current reports on Form 8-K for, among other reasons, any public announcement or release that discloses material non-public information regarding the company's results of operations or financial condition for a completed quarterly or annual fiscal period.  If you find that Iconix was a public company, then it was required to file these reports.

Authority:  As given in *Cole*.

## REQUEST NO. 15 – SECOND ELEMENT: MATERIAL FALSITY

The Government next must prove, with respect to each of Counts Two through Seven, that Mr. Cole made, or caused to be made, materially false and misleading statements in each filing.

As I have instructed you, a statement or representation is "false" if it is untrue when made and known at the time to be untrue by the person making it or causing it to be made. A statement is misleading if it is either an untrue statement as to a material fact or if it omits to state a material fact, which makes the statements made misleading in light of the circumstances under which they were made.

I have defined the term "material" for you previously and you should use that definition here. I have also defined the terms "knowingly" and "willfully." Those same definitions apply here.

To establish this element, the Government must prove beyond a reasonable doubt that Mr. Cole made or caused to be made the alleged false or misleading statement or statements of material fact in the SEC report at issue. The Government need not prove that Mr. Cole himself physically made or otherwise personally prepared the statements in question. It is sufficient if the Government has proved that he caused materially false information to be filed by some person.

Finally, the Government must prove beyond a reasonable doubt that Mr. Cole acted knowingly, willfully, and with an intent to defraud. I have already defined those terms, and the same definitions apply here.

Authority:  As given in *Cole*.

### REQUEST NO. 16 – COUNT EIGHT:  MISLEADING CONDUCT OF AUDITS

Count Eight of the Indictment charges Mr. Cole with misleading the conduct of audits from 2013 through 2015.  Specifically, Count Eight charges that Mr. Cole made affirmative misrepresentations to, and intentionally withheld information from, Iconix's outside auditor, BDO, relating to the SEA JVs.

The law prohibits directors or officers of a corporation that has publicly traded securities from making or causing to be made false or misleading statements to an accountant either in connection with an audit or examination of the company's financial statements or in connection with the preparation and filing of documents with the SEC.

To establish that Mr. Cole committed the offense charged in Count Eight, the Government must prove each of the following elements beyond a reasonable doubt:

First, that at the time of the alleged offense, Mr. Cole was a director or officer of a public company;

Second, that Mr. Cole, directly or indirectly, made, or caused to be made, a materially false or misleading statement to an auditor in connection with (a) an audit or examination of the financial statements of the issuer required to be made or (b) the preparation or filing of any document required to be filed with the SEC; and

Third, that Mr. Cole acted knowingly, willfully and with a specific intent to defraud the auditors.

The first element of the offense that the Government must establish beyond a reasonable doubt is that, at the time of the alleged offense, Mr. Cole was an officer or director of an issuer.  The term "issuer" as used in the statute means any person or entity that issues or proposes to issue any security.  If you find that Iconix was a public company, then it was an issuer.  The term "officer" includes a chief executive officer,

president, vice president, secretary, treasury or principal financial officer, comptroller or

principal accounting officer, and any person routinely performing corresponding

functions with respect to any organization whether incorporated or unincorporated.  The

term "director" means any director of a corporation or any person performing similar

functions with respect to any organization, whether incorporated or unincorporated.

      I have already described for you the concepts of willfulness, falsity and

materiality, and have explained that a public company is required to file financial

statements with the SEC.  You should apply those same instructions here, except that you

should consider whether the false or misleading statement would have been material to a

reasonable auditor, instead of a reasonable investor.


Authority:  As given in *Cole*.

## REQUEST NO. 17 – AIDING AND ABETTING

Now, in addition to charging Mr. Cole with substantive offenses, Counts One through Eight each also charge Mr. Cole with what is called aiding and abetting.  As a result, there is an additional way that the Government may establish Mr. Cole's guilt on the substantive counts charged in the Indictment, and that is through aiding and abetting.

Aiding and abetting a crime is one manner of committing that crime.  A defendant can be convicted of committing a crime if he helps someone else to commit the crime.  For example, if the Government proves beyond a reasonable doubt that Mr. Cole committed the substantive securities fraud alleged in Count One, then you need not consider aiding and abetting with respect to that count.  If, however, you find that the Government did not prove beyond a reasonable doubt that Mr. Cole engaged in the securities fraud charged in Count One, to continue using that count as an example, you should consider whether the Government has nonetheless proved beyond a reasonable doubt that he aided and abetted someone else in the commission of that offense.  And again, while I have used Count One as an example, this concept of aiding and abetting is alleged in all of the substantive counts charged in the Indictment, that is, in Counts One through Eight.

Under the federal aiding and abetting statute, whoever "aids, abets, counsels, commands, induces or procures" the commission of an offense is punishable as a principal.  In other words, a person who aids and abets another to commit a substantive crime is just as guilty of that crime as if he had personally committed it.  You may thus find Mr. Cole guilty if you find beyond a reasonable doubt that the Government has

proven that someone committed the substantive offense, and that he helped or assisted that person in the commission of the offense.

The first requirement of aiding and abetting liability is that somebody else has committed the crime at issue.  Mr. Cole cannot be convicted of aiding and abetting if nobody committed the underlying crime.  But if you do find that the underlying crime at issue was committed by someone other than him, you should consider whether he aided or abetted the person who actually committed the securities fraud, made false statements in filings with the SEC, or misled the conduct of audits.

To aid and abet another to commit a crime, the defendant must have willfully and knowingly associated himself in some way with the crime, and he must have willfully and knowingly sought by some act to help make the crime succeed.  In the aiding and abetting context, participation in a crime is willful if action is taken voluntarily and intentionally.

The mere presence of the defendant in a place where a crime is being committed, even coupled with knowledge that a crime is being committed, is not enough to make him an aider and abettor.  A defendant's acquiescence in the criminal conduct of others, even with guilty knowledge, is not enough to establish aiding and abetting.  An aider and abettor must have his own affirmative interest in the criminal venture.

To determine whether Mr. Cole aided and abetted the commission of the crime, ask yourself these questions:

Did someone other than Mr. Cole commit the crime at issue?

Did Mr. Cole participate in the crime charged as something that he wished to bring about?

26

Did he associate himself with the attempt to commit the crime by other people knowingly and willfully?

Did he seek by his actions to make their criminal venture succeed?

If so, Mr. Cole is an aider and abettor, and therefore he is guilty of the offense under consideration.  If not, then he is not an aider and abettor, and he is not guilty as an aider and abettor of that offense.

Authority:  As given in *Cole*.

## REQUEST NO. 18 – GOOD FAITH

Good faith on the part of Mr. Cole is a complete defense to each and every one of the charges in this case.  If Mr. Cole believed in good faith that he was acting properly, even if he was mistaken in that belief, and even if other were injured by his conduct, he cannot be found guilty.  An honest mistake in judgment or an honest error in management or even carelessness does not rise to the level of criminal conduct.  By way of example, if Mr. Cole honestly believed that Iconix's statements to investors were accurate and not misleading, that would be a complete defense to the securities fraud charges, even if that belief ultimately proved to be inaccurate.  Similarly, if Mr. Cole honestly believed the SEC filings referenced in Counts Two through Seven were accurate, that would be a complete defense to those charges, even if that belief ultimately proved to be inaccurate. Let me remind you that Mr. Cole has no burden to prove his good faith.  Rather, the Government must prove bad faith and intent to defraud beyond a reasonable doubt.  If the evidence in this case leaves you with a reasonable doubt as to whether Mr. Cole acted in bad faith, or with an intent to defraud, then you must find him not guilty.

In considering whether or not a defendant acted in good faith, however, you are instructed that a belief by the defendant, if such belief existed, that ultimately everything would work out so that no investors would lose any money does not necessarily constitute good faith. No amount of honest belief on the part of a defendant that the scheme will ultimately make a profit for the investors will excuse fraudulent actions or false representations by him.

Authority:  As given in *Cole*.

## <u>REQUEST NO. 19 - VENUE</u>

With respect any given count you are considering, the Government, in addition to proving the essential elements of that charge, must also prove that at least one act in furtherance of the charge occurred in the Southern District of New York.  This requirement is called venue.  The Southern District of New York is the judicial district that includes Manhattan and the Bronx, as well as several other counties not relevant to this case.

The Government does not have to prove that a completed crime was committed within the Southern District of New York, or that Mr. Cole was ever in the Southern District of New York.  It is sufficient to satisfy the venue requirement if any act in furtherance of the crime charged occurred in this District.  The act itself need not be a criminal act.  It could include, for example, processing or executing a securities trade within this District.  And the act need not have been taken by Mr. Cole, so long as the act was part of the crime that you find he committed.

Unlike the elements of the offenses which must be proven beyond a reasonable doubt, the Government is only required to prove venue by a preponderance of the evidence.  A preponderance of the evidence means that it is more probable than not that some act in furtherance of the crime you are considering occurred in this District.


Authority:  As given in *Cole*.

## REQUEST NO. 20 – VARIANCE IN DATES AND AMOUNTS

The Indictment refers to various dates and amounts.  I instruct you that it does not matter if a specific event is alleged to have occurred on or about a certain date or month, but the testimony indicates that in fact it was a different date or month.  Nor does it matter if the Indictment alleges that a transaction involved a specific number of shares or amount of money, but the testimony indicates that it was a different amount.  The law requires only a substantial similarity between the dates, months, and amounts alleged in the Indictment and the dates, months, and amounts established by the evidence.


Authority:  As given in *Cole*.

## REQUEST NO. 21 – GUILTY PLEA BY GOVERNMENT WITNESS

You have heard testimony from a government witness, Mr. Horowitz, who pled guilty to charges arising out of the same facts as this case.  You are instructed that you are to draw no conclusions or inferences of any kind about Mr. Cole's guilt or innocence from the fact that a prosecution witness pled guilty to similar charges.  That witness's decision to plead guilty was a personal decision about his own guilt.  It may not be used by you in any way as evidence against or unfavorable to Mr. Cole.

Authority:  As given in *Cole*.

## REQUEST NO. 22 – PERSONS NOT ON TRIAL

You may not draw any inference, favorable or unfavorable, towards the

Government or Mr. Cole, from the fact that any person other than Mr. Cole is not on trial

here.  You also may not speculate as to the reasons why other persons are not on trial.

Those matters are wholly outside your concern and have no bearing on your function as

jurors.


Authority:  As given in *Cole*.

## REQUEST NO. 23 – DEFENDANT'S DECISION NOT TO TESTIFY [IF APPLICABLE]

A defendant in a criminal case never has any duty to testify or come forward with any evidence. This is because, as I have told you, the burden of proof beyond a reasonable doubt remains on the Government at all times, and Mr. Cole is presumed innocent. In this case, Mr. Cole did not testify. Under our constitution, a defendant has no obligation to testify or to present any evidence, because it is the government's burden to prove Mr. Cole guilty beyond a reasonable doubt. That burden remains with the government throughout the entire trial and never shifts to Mr. Cole. A defendant is never required to prove that he is innocent. You may not attach any significance to the fact that Mr. Cole did not testify. No adverse inference against him may be drawn by you because he did not take the witness stand. You may not consider this against Mr. Cole in any way in your deliberations in the jury room.


Authority: Adapted from the jury charges of the Hon. Edgardo Ramos in *United States* v. *Dawkins*, 17 Cr. 684 (ER) (S.D.N.Y. May 3, 2019) ("*Dawkins*") and *United States* v. *Scott*, 17 Cr. 630 (ER) (S.D.N.Y. Nov. 20, 2019) ("*Scott*").

## REQUEST NO. 24 – DEFENDANT'S TESTIMONY [IF APPLICABLE]

A defendant in a criminal case never has any duty to testify or come forward with any evidence.  This is because, as I have told you, the burden of proof beyond a reasonable doubt remains on the Government at all times, and Mr. Cole is presumed innocent.  In this case, Mr. Cole did testify, and he was subject to cross-examination like any other witness.  You should examine and evaluate his testimony just as you would the testimony of any witness with an interest in the outcome of the case.  You should not disregard this testimony simply because he is charged as the defendant in this case.

The fact that Mr. Cole decided to testify does not shift the burden of proof to him. The burden remains at all times on the Government to prove the elements of each offense beyond a reasonable doubt.

Authority:  As given in *Cole*.

## REQUEST NO. 25 - EVALUATION OF EVIDENCE:  WHAT IS AND IS NOT EVIDENCE

You are to consider only the evidence in the case.  The evidence in this case is the sworn testimony of the witnesses, the exhibits received in evidence, and the stipulations to which the parties have agreed.  Anything you may have seen or heard about this case outside the courtroom is not evidence and must be entirely disregarded.

Exhibits which may have been marked for identification but not received into evidence may not be considered by you as evidence.  Only those exhibits received into evidence may be considered as evidence.

It is for you alone to decide the weight, if any, to be given to the testimony and stipulations you have heard and the exhibits you have seen.  Testimony that I have excluded or stricken is not evidence and may not be considered by you in rendering your verdict.

You are not to consider as evidence questions asked by the lawyers.  It is the witnesses' answers that are evidence, not the questions.  Arguments or objections by the attorneys are not evidence because the attorneys are not witnesses.  What they have said to you in their opening statements and their summations is intended to help you understand the evidence to reach your verdict.  If, however, your recollection of the evidence differs from the statements made by the advocates in their opening statements or summations, go with your recollection of the evidence.

Finally, any statements or rulings that I may have made do not constitute evidence.  Because you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to what the facts are or what the verdict should be.  The rulings I have made during the trial are not any indication of my views.  Also, you should not draw

any inference from the fact that I may on occasion have asked certain questions of witnesses.  Those questions were intended only to clarify or expedite and are not an indication of my view of the evidence.  In short, if anything I have said or done seemed to you to indicate an opinion on any matter you need to consider, you must disregard it.

Authority:  As given in *Cole*.

### Request No. 26 – DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two types of evidence that you may properly use in reaching your verdict. One type of evidence is called direct evidence. One kind of direct evidence is a witness's testimony about something they know by virtue of their own senses— something the witness has seen, felt, touched, or heard. Direct evidence may also be in the form of an exhibit.

The other type of evidence is circumstantial evidence. Circumstantial evidence is evidence that tends to prove one fact, indirectly, by proof of other facts. Here is a simple example of circumstantial evidence:

Assume that when you came into the courthouse this morning the sun was shining, and it was a nice day. Assume that the courtroom blinds are drawn, and you cannot look outside. As you are sitting here, someone walks in with an umbrella that is dripping wet. Somebody else then walks in with a raincoat that is also dripping wet. You cannot look outside the courtroom and you cannot see whether or not it is raining. So, you have no direct evidence of that fact. But on the combination of the facts that I have asked you to assume, it would be reasonable and logical for you to conclude that between the time you arrived at the courthouse and the time these people walked in, it had started to rain.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from an established fact the existence or the nonexistence of some other fact.

Many facts, such as a person's state of mind, can only rarely be proved by direct evidence. Circumstantial evidence is of no less value than direct evidence. You are to consider both types of evidence. The law makes no distinction between the two, but

37

simply requires that before convicting a defendant you, the Jury, must be satisfied of the Defendant's guilt beyond a reasonable doubt from all the evidence in the case.

Authority:  As given in *Cole*.

## REQUEST NO. 27 – RULINGS ON EVIDENCE AND OBJECTIONS

It is the duty of the attorney for each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not admissible.  Counsel also have the right and duty to ask the Court to make rulings of law.  All those questions of law must be decided by me.  You should not show any prejudice against an attorney, or his client, because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the Jury, or asked the Court for a ruling on the law. As I already indicated, my rulings on the admissibility of evidence do not indicate any opinion about the weight or effect of such evidence.  You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.  If, however, I sustained an objection to any evidence, or if I ordered evidence stricken, that evidence must be entirely ignored.

Authority:  As given in *Cole*.

## REQUEST NO. 28 – INFERENCES

I have used the term "infer," and the lawyers in their arguments have asked you to draw inferences. When you draw an inference, you conclude, from one or more established facts, that another fact exists, and you do so on the basis of your reason, experience, and common sense. The process of drawing inferences from facts in evidence is not a matter of guesswork, suspicion, or speculation. An inference is a reasoned, logical deduction or conclusion that you, the Jury, may draw—but are not required to draw—from the facts which have been established by either direct or circumstantial evidence. In considering inferences, you should use your common sense and draw from the facts which you find to be proven whatever reasonable inferences you find to be justified in light of your experience.

Authority:  As given in *Cole*.

## REQUEST NO. 29 – CREDIBILITY OF WITNESSES

Now, for the important subject of evaluating testimony. How do you evaluate the credibility or believability of the witnesses? The answer is that you use your plain common sense. There is no magic formula by which you can evaluate testimony. You should use the same tests for truthfulness that you would use in determining matters of importance in your everyday lives. You should ask yourselves: Did the witness impress you as honest, open, and candid, or was the witness evasive and edgy as if hiding something? How did he or she appear—that is, his or her bearing, behavior, manner, and appearance while testifying? How responsive was the witness to the questions asked on direct examination and on cross-examination? You should consider the opportunity the witness had to see, hear, and know about the things about which he or she testified; the accuracy of his or her memory; his or her candor or lack of candor; his or her intelligence; the reasonableness and probability of his or her testimony; its consistency or lack of consistency with other credible evidence; and its corroboration or lack of corroboration by other credible evidence.

In short, in deciding credibility you should size the witness up in light of his or her demeanor, the explanations given, his or her interest in the case, and all of the other evidence in the case. Always remember to use your common sense, good judgment, and life experience.

Few people recall every detail of every event precisely the same way. A witness may be inaccurate, contradictory, or even untruthful in some respects and yet entirely believable and truthful in other respects. It is for you to determine whether such inconsistencies are significant or inconsequential.

If you find that a witness is intentionally telling a falsehood, that is always a matter of importance you should weigh carefully.  If you find that any witness has willfully testified falsely as to any material fact—that is, as to an important matter—the law permits you to disregard completely the entire testimony of that witness upon the principle that one who testifies falsely about one material fact is likely to testify falsely about everything.  However, the law does not require you to consider such a witness totally unbelievable.  You may accept so much of his or her testimony as you deem true and disregard what you feel is false.

You are not required to accept testimony even though the testimony is uncontradicted and the witness's testimony is not challenged.  You may decide because of the witness's bearing or demeanor, or because of the inherent improbability of the testimony, or for other reasons that the testimony is not worthy of belief.  On the other hand, you may find, because of a witness's bearing and demeanor and based upon your consideration of all the other evidence in the case, that the witness is truthful.

By the processes which I have just described, you, as the sole judges of the facts, decide which of the witnesses you will believe, what portion of their testimony you accept, and what weight you will give to it.

Authority:  As given in *Cole*.

## REQUEST NO. 30 – BIAS OF WITNESSES

In deciding whether to believe a witness, you should also specifically note any evidence of bias, hostility, or affection that the witness may have towards one of the parties.  Likewise, you should consider evidence of any other interest or motive that the witness may have in cooperating or not cooperating with a particular party.  If you find any such bias, hostility, affection, interest, or motive, you must then consider whether or not it affected or colored the witness's testimony.

You should also take into account any evidence that a witness may benefit or suffer in some way from the outcome of the case.  Such interest in the outcome may create a motive to testify falsely and may sway a witness to testify in a way that advances his or her own interests.  Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony and accept it with great care.

Keep in mind, though, that it does not automatically follow that testimony given by an interested witness is to be disbelieved.  There are many people who, no matter what their interest in the outcome of the case may be, would not testify falsely.  It is for you to decide, based on your own perceptions and common sense, to what extent, if at all, the witness's bias or interest has affected his or her testimony.  You are not required to disbelieve an interested witness; you may accept as much of his or her testimony as you deem reliable and reject as much as you deem unworthy of acceptance.

Authority:  As given in *Cole.*

## REQUEST NO. 31 – LAW ENFORCEMENT TESTIMONY [IF APPLICABLE]

You've heard the witness testimony of (a) law enforcement official(s). The fact that a witness is or was employed by the government does not mean that his or her testimony is deserving of more or less consideration or greater or lesser weight than that of any other witness. At the same time, it is quite legitimate for defense counsel to try to attack the credibility of law enforcement witnesses on the grounds that their testimony may be colored by a personal or professional interest in the outcome of the case. It is your decision, after reviewing all the evidence, whether to accept or reject the testimony of the witness and to give that testimony whatever weight you find it deserves.

Authority:  Adapted from the jury charges of the Hon. Edgardo Ramos in *United States* v. *Moseley*, 16 Cr. 79 (ER) (S.D.N.Y. Dec. 4, 2017) ("*Moseley*"); adapted from *Scott*.

**REQUEST NO. 32 – ACCOMPLICE OR COOPERATING WITNESS TESTIMONY;  TESTIMONY PURSUANT TO IMMUNITY ORDERS**

You have heard from one witness—Mr. Horowitz—who testified that he was involved in criminal conduct and who subsequently pled guilty to his criminal conduct pursuant to what is called a "cooperation agreement" with the Government. You may consider the guilty plea only in determining the witness's believability.  In that connection, let me remind you that Mr. Horowitz pled guilty after entering into agreement with the Government to testify.  There is evidence that, in exchange for Mr. Horowitz's promise to testify truthfully and completely, the Government promised to bring that cooperation to the attention to the sentencing court.  Experience will tell you that the Government frequently must rely on the testimony of cooperating witnesses, and other witnesses who have admitted to participating in crimes.  You may properly consider the testimony of such cooperating witnesses and convict a defendant on the basis of such testimony alone, if it convinces you of that defendant's guilt beyond a reasonable doubt.

However, because of the possible interest a cooperating witness may have in testifying, the cooperating witness's testimony should be scrutinized with special care and caution.  A witness who realizes that he may be able to obtain his own freedom, or receive a lighter sentence by giving testimony favorable to the prosecution, has a motive to testify falsely.  Therefore, you must examine such testimony with caution and weigh it with great care.  If, after scrutinizing such testimony, you decide to accept it, you may give it whatever weight, if any, you find it deserves.

In evaluating the testimony of a cooperating witness, you should ask yourselves whether this witness would benefit more by lying, or by telling the truth.  Was his testimony made up in any way because he believed or hoped to somehow receive

favorable treatment by testifying falsely?  Or did he believe that his interests would be best served by testifying truthfully?  If you believe that the witness was motivated by hopes of personal gain, was the motivation one that would cause him or to lie, or to tell the truth?  Did this motivation color his testimony?

If you find that the testimony was false, you should reject it.  If, however, after a cautious and careful examination of the cooperating witness's testimony and demeanor on the witness stand, you are satisfied that the witness told the truth, you should accept it as credible and act upon it accordingly.

As with any witness, let me emphasize that the issue of credibility need not be decided in an all-or-nothing fashion.  Even if you find that a witness testified falsely in one part, you still may accept his or her testimony in other parts, or you may disregard all of it.  That is a determination entirely for you, the jury.

One final note in this regard.  It is no concern of yours why the Government made an agreement with Mr. Horowitz.  Your sole concern is to decide whether the witness was giving truthful testimony in this case before you.  In sum, you should look to all the evidence in deciding what credence and what weight, if any, you will give to a witness's testimony.

You have also heard testimony from Government witnesses who testified pursuant to compulsion and immunity orders entered by the Court.  The Government is entitled to call such witnesses.  The fact that a witness's testimony cannot be used against him in a prosecution does not disqualify him from testifying and does not preclude you from accepting that testimony as true.

As with the cooperating witness testimony, you may want to consider whether such witnesses would benefit more by lying or by telling the truth.  If you believe the witness was motivated by personal gain, was the motivation one that would cause him to lie or was it one that would cause him to tell the truth?  Again, if you find the testimony is false, you should reject it.  If you are satisfied that the witness told the truth, you should accept it.

As I have previously instructed you, the issue of credibility need not be decided in an all or nothing fashion.  Even if you find that a witness testified falsely in one part, you still may accept his testimony in other parts, or may disregard all of it.  Credibility is a determination entirely for you, the jury.

Authority:  As given in *Cole*.

### REQUEST NO. 33 – EXPERT TESTIMONY [IF APPLICABLE]

In this case, I permitted a witness to express opinions about certain matters that are at issue. Such testimony, which we refer to as "expert testimony," was presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding evidence or in reaching an independent decision on the facts.

In weighing expert testimony, you may consider that witness's qualifications, his opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony. You may give the opinion testimony whatever weight, if any, you find it deserves in light of all of the evidence in the case.

You should not, however, credit the opinion testimony just because I allowed the witness to testify as an expert, nor should you substitute the expert's opinion for your own reason, judgment and common sense. The determination of the facts in this case rests solely with you.

Authority:  Adapted from *Scott*.

## REQUEST NO. 34 – CHARACTER EVIDENCE [IF APPLICABLE]

During the course of this trial there has been testimony that Mr. Cole has a reputation for honesty and truthfulness in his community. This testimony bears on Mr. Cole's character. Character testimony should be considered together with all the other evidence in the case in determining the guilt or innocence of Mr. Cole.

Evidence of good character may in itself create a reasonable doubt where, without such evidence, no reasonable doubt would have existed. But if, on all the evidence, including the character evidence, you are satisfied beyond a reasonable doubt that Mr. Cole is guilty, a showing that he previously enjoyed a reputation of good character does not justify or excuse the offense and you should not acquit Mr. Cole merely because you believe he is a person of good repute.

The testimony of a character witness is not to be taken by you as the witness's opinion as to the guilt or innocence of Mr. Cole. The guilt or innocence of Mr. Cole is for you alone to determine, and that should be based on all of the evidence that you have heard in this case.

Authority:  Adapted from *Moseley*; adapted from *Scott*; adapted from Sand, Instr. 5.06.

## <u>REQUEST NO. 35 – UNCALLED WITNESSES</u>

There are people whose names you heard during the course of the trial that did not appear in court to testify.  I instruct you that each party had an equal opportunity or lack of opportunity to call any of these witnesses.  Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called.  Their absence should not affect your judgment in any way.  You should remember my instruction, however, that the law does not impose on the defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence, and that the burden always rests with the Government to prove the defendant's guilt beyond a reasonable doubt.

Authority:  As given in *Cole*.

## REQUEST NO. 36 – NUMBER OF WITNESSES

The fact that one party called more witnesses and introduced more evidence than the other, does not mean that you should find the facts in favor of the side offering the most witnesses.  The burden of proof is always on the Government.  Mr. Cole is not required to call any witnesses or offer any evidence, since he is presumed to be innocent.

Authority:  As given in *Cole*.

## REQUEST NO. 37 – PARTICULAR INVESTIGATIVE TECHNIQUES

You have heard reference to the fact that certain investigative techniques were used or not used by law enforcement authorities.  There is no legal requirement, however, that the Government prove its case through any particular means.  The Government is not on trial, and law enforcement techniques are not your concern.  Your concern is to determine whether or not the Government has proven the guilt of the defendant beyond a reasonable doubt.

Authority:  As given in *Cole*.

## REQUEST NO. 38 – PREPARATION OF WITNESSES

You have heard evidence that, prior to appearing in court, witnesses have discussed the facts of the case and their testimony with attorneys.  Although you may consider this fact when you are evaluating a witness's credibility, I should tell you that there is nothing improper or unusual about a witness meeting with lawyers before testifying, so that the witness can be aware of the subjects he or she will be questioned about and can focus on those subjects and have the opportunity to prepare or review relevant exhibits before being questioned about them.  Such consultation helps conserve your time and the Court's time.  In fact, it would be unusual for a lawyer to call a witness without such consultation.

Authority:  As given in *Cole*.

### REQUEST NO. 39 – CHARTS AND SUMMARIES [IF APPLICABLE]

Some of the exhibits that were admitted into evidence were in the form of charts and summaries.  I decided to admit these charts and summaries in place of, or in addition to, the underlying documents that they represent, in order to save time and avoid unnecessary inconvenience.  You should consider these charts and summaries admitted into evidence as you would any other evidence.

As I stated during the trial, other charts and summaries were accepted as demonstrative exhibits.  These charts and summaries were shown to you in order to make the other evidence more meaningful and to aid you in considering the evidence.  They were admitted not as evidence, but as demonstrative aids for the testimony of a witness.  They are no better than the testimony and the documents upon which they are based, and therefore you are to give them no greater consideration than you would give to the evidence upon which they are based.  Exhibits [NUMBERS] are demonstrative aids, and you should consider them only for that purpose.

Authority:  As given in *Cole*.

## REQUEST NO. 40 – STIPULATIONS

In this case you have heard evidence in the form of stipulations of testimony.  A stipulation of testimony is an agreement between the parties that, if called as a witness, a person would have given certain testimony.  You must accept as true that the witness would have given that testimony.  However, it is for you to determine the effect to be given that testimony.

You have also heard evidence in the form of stipulations of fact.  A stipulation of fact is an agreement between the parties that a certain fact is true.  You must regard such agreed-upon facts as true.

Authority:  As given in *Cole*.

## REQUEST NO. 41 – SYMPATHY OR BIAS

Under your oath as jurors, you are to evaluate the evidence calmly and objectively, without sympathy or prejudice.  You are to be completely fair and impartial.  You are to be guided solely by the evidence in this case, and the crucial, bottom-line question that you must ask yourselves as you sift through the evidence is:  Has the Government proven the elements of the crimes charged beyond a reasonable doubt?

It would be improper for you to consider, in deciding the facts of the case, any personal feelings you may have about the race, religion, national origin, sex, disability, or age, of any party or witness, or any other such irrelevant factor.  It would be equally improper for you to allow any feelings you might have about the nature of the crimes charged to interfere with your decision-making process.  All parties are entitled to the same fair trial at your hands.  They stand equal before the law and are to be dealt with as equals in this Court.  If you let fear or prejudice or bias or sympathy interfere with your thinking, there is a risk that you will not arrive at a true and just verdict.

If you have a reasonable doubt as to Mr. Cole's guilt with respect to a particular count, you should not hesitate to render a verdict of acquittal on that charge.  But, on the other hand, if you should find that the Government has met its burden of proving Mr. Cole's guilt beyond a reasonable doubt with respect to a particular count, you should not hesitate because of sympathy or any other reason to render a verdict of guilty on that charge.

Authority:  As given in *Cole*.

## REQUEST NO. 42 – PUNISHMENT

In determining whether the Government has proven the charges beyond a reasonable doubt, you should not consider the question of possible punishment, in the event you are to find Mr. Cole guilty as charged.  The duty of imposing a sentence rests exclusively upon the Court.  Your function is to weigh the evidence in the case and to determine whether or not Mr. Cole is guilty beyond a reasonable doubt, solely upon the basis of such evidence.

Therefore, I instruct you that you cannot allow a consideration of the punishment which may be imposed upon Mr. Cole, if he is convicted, to influence your verdict in any way, or in any sense enter into your deliberations.


Authority:  As given in *Cole*.

## REQUEST NO. 43 – THEORIES OF THE DEFENSE

[To be submitted at close of evidence.]

## REQUEST NO. 44 – DUTY TO DELIBERATE–UNANIMOUS VERDICT

You will now retire to decide the case.  It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement.  Each of you must decide the case for yourself, but you should do so only after consideration of the case with your fellow jurors.  Your verdict, and the answers to each question on the verdict form, must be unanimous.  Discuss and weigh your respective opinions dispassionately, without sympathy, prejudice, or favor toward either party, and adopt that conclusion which in your good conscience appears to be in accordance with the truth.

As you deliberate, please listen to the opinions of your fellow jurors, and ask for an opportunity to express your own views.  Every juror should be heard.  No one juror should hold center stage in the jury room and no one juror should control or monopolize the deliberations.  You should all listen to one another with courtesy and respect.  If, after stating your own view, and if after listening to your fellow jurors, you become convinced that your view is wrong, do not hesitate because of stubbornness or pride to change your view.  On the other hand, do not surrender your honest convictions and beliefs concerning the weight or effect of the evidence solely because of the opinions of your fellow jurors or because you are outnumbered or for the mere purpose of returning a verdict.  Your final vote must reflect your conscientious belief as to how the issues should be decided.  Your verdict must be unanimous.

Authority:  As given in *Cole*.

## **REQUEST NO. 45 – ALL JURORS REQUIRED FOR DELIBERATION**

You are not to discuss the case until all jurors are present.  Nine or ten or even eleven jurors together is only a gathering of individuals.  Only when all jurors are present do you constitute a jury, and only then may you deliberate.

Authority:  As given in *Cole*.

## REQUEST NO. 46 – JUROR NOTE-TAKING

If any of you took notes during the course of the trial, you should not show your notes to or discuss your notes with any other juror during your deliberations.  Any notes you have taken are to be used solely to assist you and are not a substitute for the transcript of the testimony, which has been taken down verbatim by the court reporter. The fact that a particular juror has taken notes entitles that juror's views to no greater weight than those of any other juror.  And please remember that if notes were taken during the lawyers' arguments, the lawyers' arguments are not evidence.

Authority:  As given in *Cole*.

## REQUEST NO. 47 – RIGHT TO SEE EXHIBITS AND HEAR TESTIMONY; COMMUNICATIONS WITH THE COURT

The exhibits will be sent to you in the jury room.  If you want any of the testimony read back to you, that can be arranged.  Please appreciate that it is not always easy to locate the testimony that you might want, so be as specific as you possibly can as to what witness and what portion of that witness's testimony you would like to hear.

Any communication with the Court should be made in writing, signed by your foreperson, and given to the Court Security Officer, who will be outside the jury room door while you deliberate.  I will respond to any questions or requests you have as promptly as possible, either in writing or by having you return to the courtroom so I can speak with you in person.  In any event, do not tell me or anyone else how the Jury stands on any issue until after a unanimous verdict is reached.  So do not ever indicate, in a note or otherwise, what the vote is or which way the majority is leaning or anything like that.

Authority:  As given in *Cole*.

## REQUEST NO. 48 – DUTIES OF THE FOREPERSON

Your first task when you retire to deliberate is to select, by your own vote, one of you to sit as your foreperson.  The foreperson does not have any more power or authority than any other juror, and his or her vote or opinion does not count for any more than any other juror's vote or opinion.  The foreperson is merely your spokesperson to the court. He or she will send out any notes.  When you have reached a unanimous verdict, you should send a note, signed by the foreperson.  The note should only say, "The jury has reached a unanimous verdict."  You should not indicate how you decided the case.  You will then return to open court where the foreperson will announce the verdict on behalf of the jury.

Authority:  As given in *Cole*.

## REQUEST NO. 49 – VERDICT FORM

The foreperson will receive a verdict form on which to record your verdict.  It lists the questions that you must resolve based on the evidence and the instructions that I have given you.  When the foreperson has completed the form, he or she must sign his or her name, and the form will be marked as a Court Exhibit.

Authority:  As given in *Cole*.

## REQUEST NO. 50 – CONCLUSION

The most important part of this case, members of the Jury, is the part that you as jurors are about to play as you deliberate on the issues of fact.  It is for you, and you alone, to decide whether the Government has proved beyond a reasonable doubt each of the essential elements of the crimes with which Mr. Cole is charged.  If the Government has succeeded on a particular count, your verdict should be guilty as to that count; if it has failed, your verdict should be not guilty.  I know you will try the issues that have been presented to you according to the oath that you have taken as jurors.  In that oath you promised that you would well and truly try the issues in this case and render a true verdict according to the law and the evidence, impartially and fairly, without prejudice or sympathy.  Your function is to weigh the evidence in the case and determine whether the Government has proved beyond a reasonable doubt Mr. Cole's guilt of the crimes charged in the Indictment.

As I previously stated, your verdict must be unanimous.  Again, if at any time you are not in agreement, you are not to reveal the standing of the jurors—that is, the split of the vote—to anyone, including me, at any time during your deliberations.


Authority:  As given in *Cole*.

### REQUEST NO. 51 – ALTERNATE JURORS

At this time, the regular jurors will begin their deliberations in the case. Nevertheless, the alternate jurors are not quite excused.  While the Jury conducts its deliberations, you do not have to be in court, but you should give Ms. Rivera phone numbers where you can be reached, because it is possible that one or more of you could be needed to deliberate if a regular juror is unable to continue.

Ms. Rivera will call you if deliberations are completed without our needing you, so that you will know you are completely finished.  Between now and then, you must continue to observe all the restrictions I have instructed you on throughout the trial.  That is, you must not discuss this case with anyone, including your fellow alternate jurors, the regular jurors, other people involved in the trial, members of your family, friends, co-workers, or anyone else.  You may not communicate with anyone about the case on your cell phone, through e-mail, text messaging, or by way of any other social networking websites, including Facebook and LinkedIn.  Do not speak at all with any of the parties, the witnesses, or the attorneys.  Do not permit anyone to discuss the case with you.  Do not "friend" or "follow" one another, or any participant in this trial, on Facebook, Twitter, LinkedIn, or any other social networking website.  Do not even remain in the presence of anyone discussing the case.  If anyone approaches you and tries to talk to you about the case, please report that to me, through Ms. Rivera, immediately.

Do not listen to or watch or read any news reports concerning this trial if there were to be any; do not do any research on the Internet or otherwise; and do not visit any places mentioned during the trial or conduct any kind of investigation of your own, including on social media.  Should you be asked to participate in reaching a verdict in

this case, the only information you will be allowed to consider in deciding this case is what you learned in this courtroom during the trial.

I'm sorry that you will probably miss the experience of deliberating with the Jury, but the law provides for a jury of twelve persons in this case.  So, before the rest of the Jury retires into the jury room, if you have any clothing or objects there you are asked to pick them up and to withdraw before any deliberations start.


Authority:  As given in *Cole*.

Dated: October 20, 2022

Respectfully submitted,

Sean Hecker
Jenna M. Dabbs
Rebecca Sussman
Jeffrey Then
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, 63rd Floor
New York, New York 10118
Telephone: (212) 763-0883
shecker@kaplanhecker.com
jdabbs@kaplanhecker.com
rsussman@kaplanhecker.com
jthen@kaplanhecker.com

David Oscar Markus*
A. Margot Moss*
MARKUS/MOSS PLLC
40 NW 3rd Street, PH 1
Miami, Florida 33128
Telephone: (305) 379-6667
dmarkus@markuslaw.com
mmoss@markuslaw.com

*Attorneys for Neil Cole*

*\*Admitted pro hac vice*