

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

October 26, 2022

**BY ECF**

The Honorable Edgardo Ramos
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

> Re:   *United States v. Neil Cole*,
>       19 Cr. 869 (ER)

Dear Judge Ramos:

The Government respectfully submits this letter in response to the defendant's October 26, 2022 letter motion that seeks (a) to authorize the defendant to tell the jury that certain of his prior factual admissions were made in voluntary testimony "at a criminal trial before a jury"; and (b) to dismiss the Indictment on the grounds that the first jury's findings would make a retrial a violation of Cole's right against double jeopardy. Cole Letter Motion dated October 26, 2022, ECF Doc. 237 ("Cole October 26, 2022 Letter Motion").

*Cole's Admissions and References to the Prior Trial*

Little more than a week ago, Cole assured the Court "it need not waste judicial resources" on the Government's motion for an order directing the parties to refer to the prior trial as a prior proceeding, as the "defense plans to do just that." *See* ECF Doc. 225 at 6, 8. Cole now requests permission to tell the jury that he gave testimony to a jury in a prior criminal trial. Cole attributes his about-face to surprise that the Government may seek to admit as evidence at this trial Cole's factual admissions during the last trial.

Cole admitted during his prior testimony to, among others, the following facts:

- Iconix established a joint venture relationship with Li & Fung. (Trial Tr. 2141).
- Seth Horowitz was not involved in any way in the SEA-1 transaction. (Trial Tr. 2152).
- Cole personally authorized payment on marketing invoices from GBG totaling approximately $5.4 million. (Trial Tr. 2161).
- Revenue was one of the categories of financial information that was important for Iconix. (Trial Tr. 2191).
- Iconix highlighted revenue in its press releases. (Trial Tr. 2191).
- One of the things Cole was focused on was beating revenue and EPS for the prior year's quarter. (Trial Tr. 2192).
- Cole was also focused on beating consensus for revenue and EPS. (Trial Tr. 2192).

- Cole understood that beating consensus estimates for revenue and EPS was important for the company's stock price. (Trial Tr. 2193).

Cole's factual statements are classic party admissions, admissible as non-hearsay statements pursuant to Rule 801. *See* Fed. R. Evid. 801(d)(2)(A). These statements are therefore admissible whether Cole testifies again or not. Further, because the statements are reflected in a transcript of a court proceedings certified by a court reporter, transcript excerpts reflecting these statements would be self-authenticating exhibits pursuant to Rule 902(4). *See Ball v. A.O. Smith Corp*., 451 F.3d 66, 71 (2d Cir. 2006) ("The original transcript, which includes a certification by the court reporter, is self-authenticating."); *see also United States v. Lumumba*, 794 F.2d 806, 815 (2d Cir. 1986) (describing trial transcript as certified copy of a public record admissible under Rule 902(4)).

The Rules of Evidence do not afford Cole special protections against the admission of his own voluntary statements. The United States Supreme Court has long observed "the general evidentiary rule that a defendant's testimony at a former trial is admissible in evidence against him in later proceedings." *Harrison v. United States*, 392 U.S. 219, 222 (1968). Cole points to no authority that holds he is entitled to tell the jury when and how he came to make the statements, especially when doing so would prejudicially and needlessly reveal the fact of a prior trial. *See* Gov't Memorandum, ECF Doc. 220, at 12-14 (collecting cases regarding references to a prior trial). *Blackson v. Rapelje*, which Cole offers as support, addresses the unrelated issue of a defendant's Confrontation Clause rights against an uncalled witness whose gave prior testimony. There, before a retrial of a murder case, "two of the state's key witnesses recanted their testimony" and "were later determined to be unavailable at the new trial." 780 F.3d 340, 345 (6th Cir. 2015). The trial court ordered their prior testimony read to the jury but denied the defendant the right to impeach that testimony through proof of the subsequent recantations. The U.S. District Court, in considering habeas relief, found a Confrontation Clause violation and the Sixth Circuit affirmed. *Id.* at 348-353. The introduction of Cole's own statements raises no similar issues whatsoever.

Ultimately, the primary evidentiary consideration for the Court will be whether additional portions of the trial transcript ought in fairness be considered along with whatever sections the Government seeks to admit, in accordance with Rule 106 of the Federal Rules of Evidence. As the Second Circuit has explained, Rule 106—which codifies the Rule of Completeness—only requires consideration of the remainder of the statement:

> The rule of completeness provides that even though a statement may be hearsay, an omitted portion of the statement must be placed in evidence if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion. The rule does not, however, require the admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages.

*United States v. Kopp*, 562 F.3d 141, 144 (2d Cir. 2009) (quotation marks and citations omitted). Here, if the Government offers certain of Cole's admissions—such as his admission on direct examination that he personally authorized marketing invoices form GBG totaling approximately

$5.4 million—the defense is free to argue that other related portions of the transcript must be admitted to explain the selected portion and the Court can rule on that application as the exhibit is offered. But Rule 106 does not entitle a defendant to explain how a statement came to be before it is admitted, let alone to obtain an instruction that Cole made the prior statements "in the presence of counsel, a presiding judge and jury of his peers, during a criminal trial at which he enjoyed but chose to waive his fifth amendment right to remain silent and to subject himself to cross examination." *Cf.* Cole October 26, 2022 Letter Motion at 2. Indeed, the party opponent rule does not require the offering party to supply the circumstances of the opponent's statement and it is not obvious that conveying such information to the jury here would do anything other than to improperly bolster Cole's credibility and reveal the existence of a prior trial.

*Cole's Motion to Dismiss*

A year after his prior trial and five days before his retrial, Cole moves to bar the Government from retrying the remaining substantive counts, or in the alternative, to dismiss those counts. This belated motion should be denied.

As an initial matter, Cole's motion is untimely. Cole seems to suggest that he is only now coming to appreciate that the Government, as it explained in its opposition to his motion *in limine*, cannot remove from the equation the other people Cole committed wrongdoing or illegal acts with and preserve fidelity to the evidence. The suggestion is fanciful. The Government's core theory of the case—that Cole agreed and worked with others to commit the crimes charged in the Indictment—has been known to the defense for years. Indeed, the essence of each of the counts is that Cole and Jason Rabin agreed to an overpay-for-giveback arrangement and then worked with their subordinates to accomplish that plan. It is the theory reflected in the Indictment, each count of which incorporates by reference the same factual allegations; it is the theory reflected in the discovery and Section 3500 material produced in advance of the last trial; it is the theory that the Government presented to the jury at the last trial; it is the theory articulated in the Government's motions *in limine*; and it is the theory that the Government will present at the retrial. In any event, and whatever the Government's theory, Cole could have made his motion to dismiss at any time after the prior trial, but he failed to do so.

In any case, the defendant's motion to dismiss is wholly without merit. The Double Jeopardy Clause does not prevent retrial on offenses to which a jury has been unable to reach a verdict. *See, e.g.*, *Richardson v. United States*, 468 U.S. 317, 324 (1984) ("we have constantly adhered to the rule that a retrial following a 'hung jury' does not violate the Double Jeopardy Clause"). And, as explained in the Government's opposition, the defendant cannot meet his particularly onerous burden of precluding retrial on the substantive counts to which the jury did not reach a verdict merely because the jury acquitted on a separate conspiracy count. Gov't Memorandum in Opposition, ECF Doc. 226, at 5-11.

Cole also mischaracterizes how the Government intends to present its proof at the retrial. In its original motion, the defense sought to bar the Government from presenting any evidence and argument that Cole entered, joined, or participated in an agreement, scheme, joint plot or plan, or committed wrongdoing and illegal acts with others. Doc. No. 212 at 8. The Government's response noted that, if there were such a bar, it will be impossible for the Government to prove a case that

had at its core collective efforts by Cole, Rabin, and their respective subordinates to implement an overpay-for-giveback arrangement. But Cole is incorrect to claim that this point reveals the Government intends "to rely *solely* on Mr. Cole's participation in a conspiracy or agreement to prove the remaining substantive charges." Cole October 26, 2022 Letter Motion at 4 (emphasis added). First, there are certain aspects of the crimes that the Government will prove Cole did by himself, such as certifying the false SEC filings. Second, the Government does not intend to argue to the jury that Cole was in a conspiracy or was a co-conspirator and, of course, the Government does not seek to have the Court instruct the jury on principles of conspiracy liability. The Government will, however, present evidence and argue that Cole was part of a scheme to commit wrongdoing and illegal acts with others, as Count Two charges him with participating in such a scheme. While the prior jury may have acquitted Cole of conspiracy, Cole has not met his "particularly onerous" burden, *United States v. Clark*, 613 F.2d 391, 400 (2d Cir. 1979), of showing that the prior jury made the much more expansive finding that he did not enter, join, or participate in "any sort of . . . agreement, scheme joint plot or plan," or commit "wrongdoing or illegal acts with others." ECF Doc. No. 212 at 8.

Finally, the Supreme Court's 1948 decision in *Sealfon v. United States*, 332 U.S. 575 (1948), is of no help to Cole. The Supreme Court was clear that its decision in that case was based "on the particular facts [t]here involved." *Id.* at 576. That case, unlike this one, involved a sole object conspiracy. As the Government argued in its opposition brief, consistent with the Court's instructions, each one of the jurors at the prior trial in this case may have found that the Government had proven all the necessary elements of Count One beyond a reasonable doubt, but simply could not unanimously agree on the same object of the conspiracy. *See* ECF Doc. 226 at 5. Thus, without a special verdict form, "there is no way of telling," which, if any, of the objects of Count One the jury necessarily and unanimously found the Government did not prove beyond a reasonable doubt. *Id.* Cole does not address this argument at all in his letter brief. This point distinguishes this case from *Sealfon* and defeats Cole's motion.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By: _____
     Jared Lenow
     Justin V. Rodriguez
     Andrew Thomas
     Assistant United States Attorneys
     (212) 637-1068/ 2591/2106

cc:     Defense counsel (by ECF)