

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

October 30, 2022

**BY ECF**

The Honorable Edgardo Ramos
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:   *United States v. Neil Cole*,
                19 Cr. 869 (ER)

Dear Judge Ramos:

      The Government respectfully submits this letter in further opposition to defendant Neil Cole's request for the issuance of Rule 17(c) subpoenas. Specifically, the Government writes to address whether the materials sought by Cole will be admissible, as the Court requested, *see* Transcript of Final Pretrial Conference ("PTC Tr.") at 88, and in opposition to the defendant's October 28, 2022 letter, ECF Doc. 240.

*Cole's Subpoenas Must Seek Admissible Evidence to Be Valid*

      As a threshold matter, Cole appears to accept that he must show the material he seeks will be admissible to obtain his proposed subpoenas. *See* ECF Doc. 240 at 2. After all, admissibility is one of the prongs of the analysis set forth in *United States v. Nixon*, 418 U.S. 683, 699-700 (1974), to determine the viability of a trial subpoena. Judges in this Circuit and District have consistently applied the *Nixon* standard, including the admissibility prong, to subpoenas issued by defendants to third-parties. *See United States v. Avenatti*, 2020 WL 508682, *3-4 (S.D.N.Y. Jan. 31, 2020) (collecting cases); *United States v. Shah*, 19 Cr. 833 (SHS), 2022 WL 1422252, at *3-4 (S.D.N.Y. May 5, 2022). Indeed, this Court has recited admissibility as a part of the *Nixon* standard in this very case and in others. *See, e.g.*, March 10, 2021 Opinion & Order, ECF Doc. 68 at 5; *United States v. Blakstad*, 2020 WL 5992347, at *11 (S.D.N.Y. 2020).

      Cole claims, however, that this Court already held that impeachment materials are "admissible" within the meaning of *Nixon* simply because the materials are for impeachment. ECF Doc. 240 at 2. This argument is both strained, given the Court's directive a few days ago that "the next step should be admissibility, because if it's not admissible then it doesn't meet *Nixon*," *see* PTC Tr. 88, and because it inverts the Court's earlier order on a prior Rule 17(c) application. Last year, this Court ruled that trial subpoenas (as distinct from pre-trial subpoenas) seeking impeachment material did not fail the admissibility standard merely because the subpoena sought materials to be used for impeachment. ECF Doc. 68 at 6-7 (addressing preliminary question of "whether a Rule 17(c) subpoena may *ever* be used to obtain material that can be used only for

impeachment." (emphasis added)). The Court's prior opinion in this case did not, however, hold that all impeachment materials sought by trial subpoenas were necessarily "admissible" within the meaning of *Nixon*, as Cole now argues. Indeed, this Court's prior opinion cited *United States v. Skelos*, 15 Cr. 317 (KMW), 2018 WL 2254538 (S.D.N.Y. May 17, 2018), *United States v. Avenatti*, 19 Cr. 373 (PGG), 2020 WL 508682 (S.D.N.Y. Jan. 31, 20220), and *United States v. Percoco*, 2018 WL 9539131 (S.D.N.Y. June 14, 2018) to support its decision. *See* ECF Doc. 68 at 7. In each of those cases the court acknowledged and applied the admissibility prong of the *Nixon* analysis to subpoenas that called for impeachment material. *Skelos*, 2018 WL 2254538, at *2 (Judge Wood affirmed that materials sought under Rule 17 "must themselves be admissible at trial," and "cannot be used to obtain documents that would be excluded on hearsay grounds or would otherwise be inadmissible as evidence at trial.") (quotation marks omitted); *Avenatti*, 2020 WL 508682, at *3, *6; *Percoco*, 2018 WL 9539131, at *2 (observing that trial subpoenas for impeachment material were not categorically improper but "nothing in Nixon suggests that Rule 17(c)(2) should be read as carte blanche to serve a subpoena that does not seek specific, admissible evidence."). Based on the Court's prior ruling, Cole's trial subpoenas are not infirm merely because they call for impeachment materials, but they still must satisfy the admissibility prong of the *Nixon* standard.

*The Subpoenaed Materials Are Not Admissible*

The subpoenaed materials will not be admissible because Cole may not introduce another person's characterization of Horowitz's statements to impeach Horowitz unless Horowitz has reviewed and adopted the characterization.[1] The Second Circuit has held:

> [A] third party's characterization of a witness's statement does not constitute a prior statement of that witness unless the witness has subscribed to that characterization. Thus, in the absence of endorsement by the witness, a third party's notes of a witness's statement may not be admitted as a prior inconsistent statement unless they are a verbatim transcript of the witness's own words. The problem, in essence, is one of relevancy. If a third party's notes reflect only that note-taker's summary characterization of a witness's prior statement, then the notes are irrelevant as an impeaching prior inconsistent statement, and thus inadmissible.

*United States v. Almonte*, 956 F.2d 27, 29 (2d Cir. 1992) (citations and alterations omitted).

Cole now contends that there is an exception to this rule if the statements are made by an attorney acting on behalf of a client. To this end, Cole cites *United States v. Ferguson*, No. 06 Cr.

---

[1] The Government is not arguing that these subpoenas may not be issued because they seek to obtain material that would only impeach a failure of recollection. The Government agrees that, under certain circumstances, a witness's failure of recollection on a subject may be impeached by the witness's prior statement on the subject. As elaborated herein, however, the point is that the statements sought here are not "prior statements" of the witness as the Second Circuit has defined that concept.

137 (CFD), 2007 WL 4577303 (D. Conn. Dec. 26, 2007), for the assertion that "courts have held that attorneys' notes and interview memos containing prior inconsistent statements of a witness can satisfy the admissibility prong" of *Nixon*. ECF Doc. 240 at 4. But this ignores that the court in *Ferguson* specifically directed the entity that possessed attorney notes of witness interviews only to turn over materials, after the witness testified, that conformed with the Second Circuit's description of a witness's prior statement: specifically, those statements that are "either . . . a verbatim recording of the prior statement or a third party's characterization of the statement to which the witness has expressly subscribed or otherwise adopted." *See Ferguson*, 2007 WL 4577303, at *2 and *3 n. 6. Cole has not made any showing that the material he seeks fit within this description—nor, with respect to any notes taken by the Special Committee's counsel, could he possibly do so, as Horowitz has not (to the Government's awareness) ever reviewed those notes. Cole inadvertently underscores this point by emphasizing that the Government has argued that the Candie's memo prepared by Deborah Sorell would be admissible against Cole as Cole's statement. *See* ECF Doc. 240 at 5 (referring to the Government's brief on the Candie's evidence). Cole, however, acknowledged that he helped prepare a memorandum by Deborah Sorell[2]—that is, he expressly subscribed to the statements—and, of course, Cole received the statements himself, which distinguishes that document from the statements Cole seeks here.

It is telling that Cole's latest letter ignores the opinions of judges in this District that reject the types of subpoenas that Cole seeks here. In *United States v. Seabrook*, for example, Judge Carter quashed a subpoena seeking law firm internal records on admissibility grounds. Echoing the Second Circuit, Judge Carter observed that impeachment under Rule 613(b) "requires that the statement is the witness's own; a third party's characterization of a witness's statement, on its own is insufficient." 2017 WL 4838311, at *3 (S.D.N.Y. Oct. 23, 2017). As a result, "notes, documents, and memoranda cannot be admissible as they consist of a characterization of [the cooperator's] statements and thus do not constitute impeachment material." *Id.* Similarly, in *United States v. Weissman*, Judge Jones quashed a subpoena directed to a law firm representing potential trial witnesses. No. 01 CR. 529 (BSJ), 2002 WL 31875410, at *1 (S.D.N.Y. Dec. 26, 2002). Among other things, Judge Jones observed that the subpoena sought the attorneys' notes of witness interviews and not statements by the witnesses themselves, stating "it is important to note that while a prior inconsistent statement of a witness may be admitted to impeach a witness's testimony, Kramer Levin—not the witnesses—prepared the interview notes." *Id.* at *2. Cole's requests—for materials prepared by attorneys in advance of a presentation to the Special Committee and the Special Committee's notes of that meeting—are even further removed from Horowitz's actual statements, and are equally inadmissible.

In the end, Cole's insistence that he all he seeks are statements of Horowitz made through an agent misses the distinction that makes the difference. In other contexts, the acts of a lawyer, empowered as an agent of the client, may be imputed to the client. *See* ECF Doc. 240 at 4 (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 634 (1962) ("Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent.") and *Lopez v. Ramos*, No. 11 Civ. 07790 (NSR), 2013 WL 6912692, at

---

[2] *See* Transcript of October 14, 2003 Deposition of Neil Cole, USAO-005-0000525 at 75-76. When questioned about the Sorell memo, Cole was asked "Did you play a role in creating this document?" and answered "Yes."

\*3 (S.D.N.Y. Dec. 30, 2013) ("Plaintiffs, as initiators of lawsuits, must be held accountable for their actions just as litigants can be held to the actions of their counsel."). The Federal Rules of Evidence even contemplate the introduction of statements by the agents of a party opponent. Fed. R. Evid. 801(d)(2)(C) & (D). But with respect to prior statements admissible to impeach a non-party witness, the Second Circuit has defined admissible prior statements of a witness to be verbatim transcripts or recording or characterizations that the witness has adopted. Because Cole seeks to obtain third-party characterizations of Horowitz's statements (and, indeed, another party's characterization of a third-party's statements), the burden is on Cole to show that Horowitz adopted the characterization. *See Almonte*, 956 F.2d at 29 ("The burden of proving that notes reflect the witness's own words rather than the note-taker's characterization falls on the party seeking to introduce the notes."). He has not met that burden here.

## *Conclusion*

Though Cole has made clear he thinks this Court should disregard *Nixon* in anticipation that "[t]his law is going to change," PTC Tr. 88, *Nixon* is the law now. Accordingly, and as the Court acknowledged at the final pretrial conference, Cole's desired evidence must be admissible to be obtainable through the proposed subpoenas.

Cole seeks attorney materials reflecting Horowitz's statements for the purpose of impeaching Horowitz. But, under clear Second Circuit law, those characterizations are not admissible at trial as Horowitz's prior statements, so a subpoena that seeks them will fail the *Nixon* standard and should not be issued.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By: _____
Jared Lenow
Justin V. Rodriguez
Andrew Thomas
Assistant United States Attorneys
(212) 637-1068/ 2591/2106

cc:    Defense counsel (by ECF)