

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

November 13, 2022

**BY ECF**

The Honorable Edgardo Ramos
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

   Re: *United States v. Neil Cole*,
     19 Cr. 869 (ER)

Dear Judge Ramos:

  The Government respectfully submits this letter regarding three exhibits it expects to introduce tomorrow through the testimony of Daisy Laramy Binks. The defense has indicated that it intends to object to the exhibits on relevance and hearsay grounds. As explained further below, the exhibits— Government Exhibits 409, 1145, and 1147—are plainly admissible.[1]

  The first exhibit, Government Exhibit 409, is a presentation Ms. Laramy Binks created around 2014 while working as Director of Brand Licensing and Marketing for Iconix Europe. Ms. Laramy Binks used the presentation to showcase her work to more senior executives at the company at a time when she was still relatively junior. When Jared Margolis and Ethan Cole were searching for "back up" to support and attach to the fraudulent invoices they submitted to Iconix for the SEA-2 overpayment, they misappropriated pages from Ms. Laramy Binks's presentation.

  For example, as reflected on page 37 of Government Exhibit 241, GBG invoiced Iconix $196,660 relating to Joe Boxer, specifically for costs related to the "Creation of Boxer dog concept complete with new style guide, ambassador concept guide and related assets."  Attached to the invoice, on pages 38 to 41, are four slides as depicted below:

---

[1] Ms. Laramy Binks has been on the Government's witness list since October 21, 2022. With respect to the three exhibits, Exhibit 409 was added to the Government's exhibit list on October 25, 2022. Exhibits 1145 and 1147 were admitted into evidence at the first trial and have remained on the Government's exhibit list ever since.

Hon. Edgardo Ramos                                                                                                         Page 2
November 13, 2022



It is clear that these four slides were lifted directly from Ms. Laramy Binks's presentation, pages 51 through 54 of Government Exhibit 409:



   Ms. Laramy Binks will testify that her work reflected in these slides does not come close to justifying a $196,660 invoice. She will testify that the work was done in-house, at no cost to Iconix Europe. Among other things, she will say that the "Creation of Boxer dog concept" referenced in the invoice, Government Exhibit 241, page 37, was the product of a very short internal meeting, not some long and expensive marketing campaign.

   Ms. Laramy Binks will offer similar testimony about other invoices that GBG submitted to Iconix for the SEA-2 overpayment: the invoices attach pages taken from her presentation, Government Exhibit 409, as "back up" (unbeknownst to her) and the invoice amounts far exceed any costs that her work actually incurred. Accordingly, Government Exhibit 409 is relevant and admissible to demonstrate the fraudulent nature of the invoices GBG submitted, Neil Cole signed, and Iconix paid as part of the giveback for the SEA-2 overpayment.

   The other disputed exhibits, Government Exhibits 1145 and 1147, are emails in which Ethan Cole is requesting the materials from Ms. Laramy Binks. In Government Exhibit 1145, Ethan Cole tells Ms. Laramy Binks that he is making the request because "Iconix will be engaging us to perform some consulting work for a number of their brands," which was a lie. In truth, Ethan Cole was requesting the material to attach as backup to the fraudulent invoices, which he ultimately did, as described above. In Government Exhibit 1147, Ethan Cole later makes clear the purpose of his request to Jared Margolis: "I can't send invoices to Iconix without the backup info."

   In light of Ms. Laramy Binks' expected testimony, all three disputed exhibits are certainly relevant. They prove that the invoices were fraudulent, showing that there is no relation between the invoice amounts and the work that was purportedly being paid for. Indeed, these exhibits demonstrate that the work being paid for was actually done by Iconix Europe (not GBG). The exhibits are also not hearsay. Ms. Laramy Binks' presentation is not being offered for its truth, but rather to show that it was ripped apart and used as "back up" for fraudulent invoices. The lies that Ethan Cole tells Ms. Laramy Binks in Government Exhibits 1145 and 1147 are, by definition, not being offered for their truth. And Ethan Cole's admission to Jared Margolis in Government Exhibit 1147, which was admitted at the last trial, is made in furtherance of the conspiracy, which the Court already found during *in limine* practice existed. Thus, the exhibits should be admitted.

   Ms. Laramy Binks has flown in from the United Kingdom for her testimony and the Government expects that her testimony will begin and conclude tomorrow.

              Respectfully submitted,

              DAMIAN WILLIAMS
              United States Attorney

          By: _____
              Jared Lenow
              Justin V. Rodriguez
              Andrew Thomas
              Assistant United States Attorneys
              (212) 637-1068/ 2591/2106