# KAPLAN HECKER & FINK LLP

350 FIFTH AVENUE | 63RD FLOOR
NEW YORK, NEW YORK 10118

1050 K STREET NW | SUITE 1040
WASHINGTON, DC 20001

TEL (212) 763-0883 | FAX (212) 564-0883

WWW.KAPLANHECKER.COM

DIRECT DIAL    212.763.0889
DIRECT EMAIL    shecker@kaplanhecker.com

November 9, 2023

**BY ECF**

Hon. Edgardo Ramos
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

        Re:    *United States v. Neil Cole*, 19 Cr. 869 (ER)

Dear Judge Ramos:

    We represent Neil Cole in the above-captioned matter. We write to request a modification to Mr. Cole's bail conditions to allow a portion of the money currently posted as bail to be used to pay his forfeiture judgment.

    <u>Procedural History</u>

    Mr. Cole was arrested in connection with this matter on December 5, 2019. On the day of his arrest, in compliance with the conditions of release set by the Court, Mr. Cole executed a $1 million personal recognizance bond secured by cash. ECF No. 17. On November 28, 2022, after Mr. Cole's second trial, Mr. Cole was found guilty of securities fraud, making false statements to the SEC, and misleading the conduct of an audit. ECF No. 252. On October 10, 2023, this Court sentenced Mr. Cole to 18 months' imprisonment, three years' supervised release, and forfeiture of $790,200. ECF No. 315 (imprisonment and supervised release), 318 (forfeiture order). Mr. Cole remains on bail pending appeal, subject to the conditions first put in place in December of 2019. *See* Sentencing Transcript at 42-43, ECF No. 316.

    <u>Request for Modification of Bail Conditions</u>

    We respectfully request that the Court modify Mr. Cole's bail conditions to allow the personal recognizance bond to be secured by $209,800 in cash, instead of the current amount of $1 million. The amount to be released—$790,200—would be used by Mr. Cole to immediately pay the forfeiture order of the same amount. As this Court is aware, Mr. Cole has fully complied with the conditions of his supervision since his arrest in 2019. ECF No. 308 (Pre-Sentence

KAPLAN HECKER & FINK LLP

2

Report) ¶ 15. He has appeared in not one but two trials, at his sentencing, and at all required appearances before the Court and with Pretrial Services. In short, he has been a model participant in pre- and post-trial release over nearly four years of supervision.

Additionally, since his arrest, Mr. Cole's finances have changed dramatically. His legal expenses in this case, his civil judgements and settlement offers associated with Iconix, and his divorce proceedings have depleted his net worth and diminished his access to liquid assets. *See id.* ¶ 98 (calculating Mr. Cole's negative net worth). The $1 million securing Mr. Cole's bond now constitutes a much more significant portion of Mr. Cole's assets than it did at the time of his arrest four years ago, suggesting that a bond secured by $1 million in cash is no longer among the "least restrictive" conditions "reasonably necessary to assure [his] appearance" at future proceedings or to serve his sentence. 18 U.S.C. §§ 3143(a), 3142(c)(1)(B).

"[C]onditions of bail should properly be modified if a substantial change in circumstances as they existed at the time bail was fixed is clearly shown." *United States v. Dzhamgarova*, No. 21 Cr. 58, 2021 WL 3113036, at *1 (S.D.N.Y. July 21, 2021). In light of the significant change in Mr. Cole's finances, a modification would align with the practices of other courts in this district and the Eastern District of New York. To give one example, in *United States v. Numisgroup International Corp.*, the court held that releasing bond assets to fund the defendant's legal representation was "an acceptable basis for modifying the bail conditions." 128 F. Supp. 2d 136, 151 (E.D.N.Y. 2000). In Mr. Cole's case, the assets would go not toward Mr. Cole's own legal expenses but instead to paying the forfeiture amount he owes to the federal government. Thus, we respectfully ask this Court to lower Mr. Cole's bond amount, allowing the balance of the bond to fulfill the forfeiture he owes under the sentence imposed by this Court.

<u>Positions of the Government and Pretrial Services</u>

We notified both the government and Pretrial Services of our intention to request this modification. The government has indicated that it intends to object to any modification at this time. Pretrial Services has indicated that it takes no position on the matter but notes that throughout supervision, Mr. Cole has been compliant.

We appreciate the Court's consideration and are available to discuss, should the Court have any questions.

Respectfully submitted,

Sean Hecker