# KAPLAN HECKER & FINK LLP

350 FIFTH AVENUE | 63RD FLOOR
NEW YORK, NEW YORK 10118

1050 K STREET NW | SUITE 1040
WASHINGTON, DC 20001

TEL (212) 763-0883 | FAX (212) 564-0883

WWW.KAPLANHECKER.COM

DIRECT DIAL     212.763.0889
DIRECT EMAIL    shecker@kaplanhecker.com

November 20, 2023

**BY ECF**

Hon. Edgardo Ramos
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:  *United States v. Neil Cole*, 19 Cr. 869 (ER)

Dear Judge Ramos:

  We represent Neil Cole in the above-captioned matter. On Thursday, November 9, 2023, Mr. Cole requested that the Court modify his bail conditions to allow him to use $790,200 of the $1 million securing his bond to fulfill the forfeiture amount he owes under the sentence imposed by this Court. ECF No. 320. On Monday, November 13, the Court directed the government to respond by Friday, November 17, 2023. ECF No. 322. The government did not respond by the court-directed date, however, filing its opposition on Sunday, November 19, 2023, instead. ECF No. 325. In its opposition, the government argues that "the need for the existing bond conditions has only increased following sentencing" because Mr. Cole's conviction and sentence "have increased Cole's risk of flight." *Id.* We write briefly to respond to the government's conclusory and unfounded assertion.

  The government's claim that Mr. Cole is a flight risk is undermined by several factors. For the purposes of this letter, we will briefly highlight two. First, Mr. Cole is actively preparing his appeal of the judgment in this case. *See* ECF No. 319 (notice of appeal). [redacted]

  Separate and apart from Mr. Cole's bail conditions, the pursuit of his

KAPLAN HECKER & FINK LLP

2

appeal and his medical treatment will assure Mr. Cole's continued presence. 18 U.S.C. §§ 3143(b), 3142(c)(1)(B).

There is simply no basis for suggesting that Mr. Cole is a flight risk. Given the factors discussed above, as well as Mr. Cole's record of compliance during almost four years of supervision, his changing financial condition, *see* ECF No. 320, and that he was born, raised, and spent almost his entire life in New York with his family and extended family, a bond secured by $1 million in cash is not the "least restrictive" condition "reasonably necessary to assure [Mr. Cole's] appearance" at future proceedings or to serve his sentence. 18 U.S.C. §§ 3143(b), 3142(c)(1)(B). We therefore respectfully request that the Court grant Mr. Cole's motion, and lower the cash amount necessary to secure Mr. Cole's bond—cash that Mr. Cole will use for the sole purpose of fulfilling the forfeiture he owes under the sentence imposed by this Court.

We appreciate the Court's consideration and are available to discuss, should the Court have any questions.

Respectfully submitted,

Sean Hecker